FILED

DEC 0 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS, PRO SE
500 E. STASSNEY
APT 1023
AUSTIN TEXAS 78745
512-447-7031

CASE NUMBER  1:05CV02334

JUDGE: Royce C. Lamberth

DECK TYPE: Employment Discrimination

DATE STAMP: 12/5/2005

JURY ACTION

**PLAINTIFF**

**V.**

MARCIA H. COATES,
IN HER OFFICIAL CAPACITY AS
DIRECTOR OFFICE OF EQUAL
OPPORTUNITY PROGRAM
DEPARTMENT OF TREASURY
ROOM 5110 TREASURY ANNEX
1750 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20220

1

2

COLLEEN M. KELLEY
IN HER OFFICIAL CAPACITY AS
NATIONAL PRESIDENT,
NATIONAL TREASURY EMPLOYEE
(NTEU)
1750 H. STREET, N.W.
WASHINGTON, D.C. 20006


CARI M. DOMINGUEZ
IN HER OFFICIAL CAPACITY AS
CHAIR AND HEAD OF THE
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L. STREET, NW
WASHINGTON, D.C. 20507

KAY COLES JAMES
IN HER OFFICIAL CAPACITY AS
DIRECTOR, OFFICE OF PERSONNEL
MANAGEMENT (OPM)
1900 E STREET, NW
WASHINGTON, D.C. 20415


JOHN W. SNOW
IN HIS OFFICIAL CAPACITY AS
SECRETARY, DEPARTMENT OF
TREASURY
1500 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20220


J. RUSSELL GEORGE
IN HIS OFFICIAL CAPACITY AS
INSPECTOR GENERAL
TREASURY INSPECTER GENERAL FOR TAX
ADMINISTRATION
1125 15TH STREET, NW ROOM 700A
WASHINGTON, DC 20005

DEFENDANT'S

4

# DEFENDANT'S RESPONSIBILITIES

## 1 MARCIA H. COATES AND JOHN W. SNOW

EEO MD-110, CH 1
29 CFR SECTION 1614.102(b)(4)
EACH FEDERAL AGENCY (DEPARTMENT
OF TREASURY SHALL APPOINT A
DIRECTOR OF EQUAL EMPLOYMENT
OPPORTUNITY (MARCIA H. COATES)
WHO SHALL BE UNDER THE IMMEDIATE
SUPERVISION OF THE AGENCY HEAD
(JOHN W. SNOW).

THIS ENSURES THAT MARCIA H.
COATES IS ABLE TO ACT WITH
THE GREATEST DEGREE OF INDEPENDENCE

THE HEAD OF THE AGENCY DESIGNATES
EQUAL EMPLOYMENT OPPORTUNITY
OFFICERS (JAMES PARKER, ERIC
ABERNATHY, MELINDA ESTRADA)

5

# 2 COLLEEN M. KELLEY

NTEU PRESIDENT COLLEEN M. KELLEY
IS THE LEADER OF THE NATIONAL
TREASURY EMPLOYEES UNION, THE
NATION'S LARGEST INDEPENDENT FEDERAL
SECTOR UNION.

PRESIDENT KELLEY REPRESENTS 150,000
FEDERAL EMPLOYEES AND HER OFFICE
IS LOCATED IN WASHINGTON, DC.

PRESIDENT KELLEY IS THE EXCLUSIVE
REPRESENTATIVE OF DEPARTMENT OF
TREASURY, INTERNAL REVENUE
SERVICE EMPLOYEES

MICHAEL L. BUESGENS, PRO SE, NTEU
MEMBER NUMBER 0000225953

MY COMPLAINT AGAINST THE UNION IS
UNDER THE REHABILITATION ACT AND
TITLE VII RETALIATION.

# 3 CARi DOMINGUEZ

THE DIRECTOR (CARi DOMINGUEZ)
OFFICE OF FEDERAL OPERATIONS
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION IS RESPONSIBLE
FOR THE DEVELOPMENT AND THE
SUBJECT MATTER OF ALL EQUAL
EMPLOYMENT OPPORTUNITY MANAGEMENT
DIRECTIVES (EEO MD-110, CHI).


THE HEADS OF FEDERAL AGENCIES
MARCIA H. COATES    JOHN W.
SNOW AND CARi DOMINGUEZ, AND
OPM KAY COLES JAMES SHALL
BE RESPONSIBLE FOR PROMPT
AND EFFECTIVE COMPLIANCE WITH
EQUAL EMPLOYMENT OPPORTUNITY
MANAGEMENT DIRECTIVES, SUCH
AS CHAPTER 5 6 10 AND
EEO MD-715 AFFIRMATIVE ACTION

## 4/ KAY COLES JAMES

OPM (KAY COLES JAMES)
PROVIDES LEADERSHIP, DEVELOPMENT
AND COORDINATION FOR THE
EMPLOYMENT (REASONABLE
ACCOMMODATION AND VACANCY
ANNOUNCEMENTS) OF PEOPLE
WITH DISABILITIES (PRO SE)
INCLUDING VETERANS WITH
SERVICE CONNECTED DISABILITIES
(PRO SE).

OPM (KAY COLES JAMES) HAS
THE OBLIGATION TO OVERSEE AND
ENFORCE ITS OWN REGULATIONS
ON THE AGENCIES (DEPARTMENT
OF TREASURY, INTERNAL REVENUE
SERVICE.

8

# 5 J. RUSSELL GEORGE

IS THE INSPECTOR GENERAL
TREASURY INSPECTOR GENERAL FOR
TAX ADMINISTRATION (TIGTA)

TIGTA IS AN INDEPENDENT AGENCY
UNDER THE CONTROL OF J.
RUSSELL GEORGE.

J. RUSSELL GEORGE PERFORMS
INVESTIGATIONS FOR THE DEPARTMENT
OF TREASURY, INTERNAL REVENUE
SERVICE.

J. RUSSELL GEORGE SETS THE
POLICIES AS PATTERN AND PRACTICE.

J. RUSSELL GEORGE INVESTIGATES
EEO COMPLAINANTS.

MICHAEL L. BUESGENS 2005 CONTINUING
VIOLATIONS EEO COMPLAINT INCLUDES
A COMPLAINT AGAINST TIGTA.

FIELDER V. UAL CORP, 218
F. 3d 973, 983 (9TH CIR. 2000)

CONTINUING VIOLATION EXCEPTION


BULLINGTON V. UNITED AIR LINES, INC.,
186 F. 3d 1301, 1310 (10TH CIR. 1999)

SAME TYPE OF DISCRIMINATION


WIDEMAN V. WAL-MART STORES INC.
141 F. 3d 1456 (11TH CIR. 1998)


PERMITTING EMPLOYERS TO DISCRIMINATE
AGAINST AN EMPLOYEE WHO FILES A
CHARGE OF DISCRIMINATION SO LONG
AS THE RETALIATORY DISCRIMINATION
DOES NOT CONSTITUTE AN ULTIMATE
EMPLOYMENT ACTION COULD STIFLE
EMPLOYEES' WILLINGNESS TO FILE
CHARGES OF DISCRIMINATION

10

PASSER V. AMERICAN CHEMICAL
SOCIETY    935 F. 2d 322
(D.C. CIR. 1991)

THE STATUTE DOES NOT LIMIT ITS
REACH ONLY TO ACTS OF RETALIATION
THAT TAKE THE FORM OF COGNIZABLE
EMPLOYMENT ACTIONS SUCH AS DISCHARGE,
TRANSFER, OR DEMOTION.

11

# EXHIBITS

SOME OF THE CORRESPONDENCE
FOR MY 2005 CONTINUING
VIOLATIONS EEO COMPLAINT
BETWEEN MYSELF, DEPARTMENT
OF TREASY, EEOC, AND
EEOC SUPERVISORY
ADMINISTRATIVE JUDGE
KATY OUDERSTMOT.

1. MARCIA H. COATES LETTER
DATED NOVEMBER 4, 2005

12

2. MARCIA H. COATES LETTER DATED NOVEMBER 18, 2005

3 MICHAEL L. BUESGENS LETTER DATED OCTOBER 4, 2005

4 MICHAEL L. BUESGENS LETTER DATED NOVEMBER 9, 2005 TO EEOC

5 EEOC LETTER DATED NOVEMBER 1, 2005

6 MICHAEL L. BUESGENS LETTER DATED NOVEMBER 8, 2005.

7 MICHAEL L. BUESGENS LETTER DATED OCTOBER 26, 2005

8 MARCIA H. COATES LETTER DATED OCTOBER 14, 2005

AND.

13

MARCIA H. COATES LETTER
DATED AUGUST 11, 2005 TO
EEOC

AND

TERESA DICKERSON  EEO TREASURY
SUPERVISOR LETTER DATED JANUARY
28, 2005.

9  MICHAEL L. BUESGENS LETTER
DATED JULY 31, 2005 TO
CARi DOMINGUEZ, DIRECTOR
EEOC

10  KATYE DUDERSTADT  EEOC
SUPERVISORY ADMINISTRATIVE
JUDGE LETTERS VARIOUS DATES.

14

# COMPLAINT

## I    INTRODUCTION

PRO SE - PLAINTIFF WORKED FOR THE DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE AS A CUSTOMER SERVICE REPRESENTATIVE GRADE 8 STEP 5 FROM OCTOBER 20, 1990 TO MARCH 7, 2005.

I WAS A SEASONAL EMPLOYEE THE ENTIRE TIME.

I WAS USUALLY IN FURLOUGH STATUS FROM AUGUST TO THE BEGINNING OF JANUARY IN ANY GIVEN YEAR.

ON MARCH 7 2005 AT AGE 54 I RETIRED ON MEDICAL DISABILITY.

ON JANUARY 5 2005, I
CONTACTED DEPARTMENT OF TREASURY
"IN HOUSE" EEO SUPERVISOR
WITH AN EEO CONTINUING
VIOLATIONS COMPLAINT. (MELINDA ESTRADA)

FROM JANUARY 5 TO JANUARY
20, 2005, MY PRE-COMPLAINT WAS
NOT PROCESSED.

ON JANUARY 20 2005, EEO
COUNSELOR YVONNE JEFFERSON
JACKSONVILLE, FLORIDA CONTACTED
ME.

MY MENTAL DISABILITY (BIPOLAR) AND
THE FUTILITY OF MY PREVIOUS
EXPERIENCE WITH THE DEPARTMENT
OF TREASURY, INTERNAL REVENUE
SERVICE "IN HOUSE" EEO COMPLAINT
PROCESS UNDER THE LEADERSHIP
OF EEO SUPERVISOR MELINDA
ESTRADA AUSTIN, TEXAS, WAS
A CAUSE OF THE CONTINUING VIOLATIONS
TIMELINESS ISSUE.

16

I DISCUSSED MY CONTINUING
VIOLATIONS WITH EEO COUNSELOR
YVONNE JEFFERSON AND SHE
FAILED AND OMITTED TO TELL ME
THAT THIS EXTENDS THE 45 DAY
LIMITATION ON FILING A COMPLAINT.

MISS JEFFERSON GAVE ME A
DOCUMENT THAT OFFERS TWO
REASONS FOR EXTENDING THE
TIMELINESS ISSUE AND NONE
OF THESE REASONS WERE CONTINUING
VIOLATIONS.

ON JANUARY 20, 2005 I TOLD
MISS JEFFERSON I COULD NOT
CONTINUE AT THIS TIME WITH
THE EEO COUNSELING, BECAUSE
MY MEDICAL CONDITION AFFECTED
MY ABILITY TO COMMUNICATE.

I ALSO REQUESTED APPOINTMENT
OF COUNSEL.

17

TERESA DICKERSON  DEPARTMENT OF TREASURY EEO SUPERVISOR DENIED MY REQUEST FOR APPOINTMENT OF COUNSEL.

MISS JEFFERSON RELUCTANTLY GRANTED AN EXTENSION OF TIME FOR THE EEO PRE-COMPLAINT COUNSELING

ON FEBRUARY 22, 2005  I SIGNED A NOTICE OF RIGHTS AND RESPONSIBILITIES HOWEVER THIS HAS NO INFORMATION ON CONTINUING VIOLATIONS AND THE 45 DAY LIMITATION EXCEPTION.

ON FEBRUARY 17, 2005, MISS JEFFERSON INFORMED ME THAT MY ISSUES MAY NOT BE TIMELY HOWEVER SHE MADE NO MENTION OF CONTINUING VIOLATIONS AND THE 45 DAY LIMITATION EXCEPTION.

18

MISS JEFFERSON FRAGMENTED
MY COMPLAINT AND FAILED TO
ADVISE ME AS TO WHETHER I
HAD A MIXED CASE AND DID
NOT ADVISE ME THAT I WOULD
BE ELIGIBLE FOR OFFICIAL
TIME AFTER MY MARCH 7, 2005
MEDICAL DISABILITY RETIREMENT
TO RESPOND AND PREPARE THE
FORMAL COMPLAINT.

ON APRIL 7 2005 I FILED
A TIMELY FORMAL COMPLAINT
WITH JAMES PARKER DEPARTMENT
OF TREASURY "IN HOUSE" EEO
DALLAS, TEXAS.

FROM THAT POINT ON I WAS IN
A CONSTANT BATTLE WITH MARCIA
H. COATES DIRECTOR, DEPARTMENT
OF TREASURY EEO.

19

THE ISSUE IS CONTINUING
VIOLATIONS AND THE 45 DAY
LIMITATION EXCEPTION.


I HAVE SPENT ENDLESS HOURS
AND SENT VOLUMINOUS CORRESPONDENCE
TO MARCIA H. COATES AND
THE EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION OFFICE OF FEDERAL
OPERATIONS' WASHINGTON, D.C.
IN SUPPORT OF MY CONTINUING
VIOLATIONS CLAIM AND REQUESTING
ASSISTANCE.


MARCIA H. COATES AND CARI
M. DOMINGUEZ HAVE REFUSED
TO ASSIST ME, AND THERE
HAS BEEN NO INJUNCTIVE RELIEF.

20

## II    STATEMENT OF JURISDICTION

THIS COURT HAS JURISDICTION
OVER PRO SE - PLAINTIFF
MICHAEL L. BUESGENS COMPLAINT
BECAUSE OF THE REHABILITATION
ACT OF 1973, AS AMENDED
SECTIONS 501 AND 504
(29 U.S.C.A. SECTIONS 791
AND 794.)

TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964 FOR
RETALIATION
(42 U.S.C.A. SECTIONS 2000e
et seq.)

I REQUEST A JURY TRIAL.

21.

## III   STATEMENT OF VENUE

THE VENUE OF THIS PROCEEDING IS IN THE UNITED STATES DISTRICT COURT OF COLUMBIA BECAUSE THE DEFENDANTS PRINCIPAL PLACE OF BUSINESS IS WASHINGTON, D.C.

THE DEFENDANT'S HAVE THE PLAINTIFFS RECORDS AND COPIES OF CORRESPONDENCE.

THE DEFENDANTS ARE ULTIMATELY RESPONSIBLE FOR THE ACTIONS AND INACTIONS IN MY 2005 EEO COMPLAINT.

THE UNITED STATES DISTRICT COURT OF COLUMBIA HAS ORIGINAL JURISDICTION IN THIS CASE.

# IV   STATEMENT OF THE CASE

PRO SE IS MAKING THE FOLLOWING ALLEGATIONS AGAINST THE ABOVE NAMED DEFENDANTS

1. ABUSE OF PROCESS
2. ABUSE OF ACCESS
3. ABUSE OF KNOWLEDGE
4. ABUSE OF POWER
5. ABUSE OF RELATIONSHIPS

IN VIOLATION OF THE REHABILITATION ACT, TITLE VII, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION REGULATIONS, OFFICE OF PERSONNEL MANAGEMENT REGULATIONS, AND THE INTERNAL REVENUE MANUAL REGULATIONS FOR TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION (TIGTA) INVESTIGATIONS OF DEPARTMENT OF TREASURY AND INTERNAL REVENUE SERVICE EMPLOYEES (MICHAEL L. BUESGENS)

23

THE CENTRAL ISSUE IN THIS CASE IS CONTINUING VIOLATIONS AND THE ENDEMIC SYSTEMIC LEADERSHIP CONDONED (DEFENDANTS) THAT PUTS EEO COMPLAINANTS IN HARMS WAY, AND A SUBSTANTIAL LOSS IN DUE PROCESS RIGHTS.

THE DEFENDANT'S LACK OF DUE DILIGENCE LEAVES AN INDELIBLE PSYCHOLOGICAL INJURY ON THE EEO COMPLAINT.

THIS IS THE DEFENDANTS CUSTOMARY PROFESSIONAL CONDUCT

MALFEASANCE, NONFEASANCE BREACH OF DUTY - PRETEXTUAL DECISION MAKING, PATTERN AND PRACTICE.

DEFENDANTS ADVERSE ACTIONS ARE ULTIMATE EMPLOYMENT DECISIONS.

24

I DID NOT BECOME AWARE OF
THE EXTENT OF MY LEGAL RIGHTS
UNTIL JUNE 2005 AND IT HAS
BECOME A CONTINUING LEARNING
PROCESS SINCE THEN.


I RELIED ON THE NATIONAL TREASURY
EMPLOYEES UNION (NTEU) PRESIDENT
COLLEEN M. KELLEY TO INTERPRET
AND APPLY THE STATUTES AND
REGULATIONS.


I EXPECTED THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION (EEOC)
AND OFFICE OF PERSONNEL
MANAGEMENT (OPM) TO ENFORCE
AND OVERSEE THEIR OWN
REGULATIONS.

25

I THOUGHT THE DEPARTMENT OF
TREASURY, INTERNAL REVENUE
SERVICE, "IN HOUSE" EEO
COUNSELORS WERE REQUIRED
TO COMPLY WITH THE STATUTES
AND REGULATIONS.

I BELIEVED THE TREASURY
INSPECTOR GENERAL FOR TAX
ADMINISTRATION (TIGTA) WOULD
NOT BE USED IN THEIR
INVESTIGATORY CAPACITY AS
A MEANS TO RETALIATE AND
HARASS EEO COMPLAINANTS
SEEKING REASONABLE ACCOMMODATION
AND REASSIGNMENT.

IN 2003 AND CONTINUOUS THROUGH
2005 THE DEFENDANTS ADVERSE
ACTIONS AND INACTIONS DEMONSTRATED

TO ME THAT MY THOUGHTS,
BELIEFS AND EXPECTATIONS, AND
RELIANCE ON ANY DUE DILIGENCE
BY DEFENDANTS WAS FUTILE.


THE "EEO" COMPLAINT PROCESS
"IN HOUSE" INVESTIGATIONS, ADMINISTRATIVE
HEARINGS, O P M OVERSIGHT AND
TIGTA INVESTIGATIONS ARE A
FARCE AND A MOCKERY OF
CONGRESS INTENT IN CREATING
THE CIVIL RIGHTS ACT, AND
THE REHABILITATION ACT. VIOLATIONS
OF THE CONSTITUTION PERPETRATED
BY AGENCY OFFICIALS ON THEIR
OWN PERSONAL MISSION AND
AGENDA.


THE EEO COMPLAINANT IS ALONE,
A PEDESTRIAN IN HELL.

27

FOR THE EEO COMPLAINANT
THE SYSTEM IS A BEWILDERING
ARRAY OF COMPLEX PROCEDURES
THAT IS AN OBSTACLE FOR
LEGITIMATE CLAIMS, PROVIDING
REFUGE AND PROTECTION FOR
THE _INCOMPETENT AND BIASED_
_AGENCY OFFICIALS._

OVERLAPPING JURISDICTION INCONSISTENT
AND CONFUSING RULES AND
REGULATIONS INFECTS THE PROCESS.

THE DEFENDANT'S APPLICATION OF
THE SYSTEM IS NOT LEGAL,
FAIR, EFFICIENT OR USER
FRIENDLY.

28

DUE PROCESS REQUIRES AN OPPORTUNITY TO PERSUADE THE DECIDING OFFICIAL NOT TO IMPOSE THE DEPRIVATION IN THE FIRST PLACE.

I HAVE NOT HAD DUE PROCESS IN MY 2005 EEO COMPLAINT.

MARCIA H. COATES, DIRECTOR, OFFICE OF EQUAL OPPORTUNITY PROGRAM, DEPARTMENT OF TREASURY LETTER DATED NOVEMBER 4, 2005.

A FINAL AGENCY ACTION

SEE EXHIBIT 1

29

I RECEIVED A LETTER DATED
NOVEMBER 4, 2005 THAT
EFFECTIVELY DISMISSES MY
ENTIRE EEO COMPLAINT.


I REQUEST THE COURT DO
A HARD LOOK AT THE
CONTINUING PROCESS THAT
CREATED THIS FINAL AGENCY
ACTION.


TO BEGIN, LOOK AT THE BOILERPLATE
IN MARCIA H. COATES LETTER

LOOK AT ALL THE CITATIONS.
WHAT IS MARCIA H. COATES
AFRAID OF ?

HER LETTER IS BEYOND RIDICULOUS
IT IS UNLAWFUL, A VIOLATION
OF DUE PROCESS.

SEE EXHIBIT 1.

THE CITATIONS MARCIA H. COATES PROVIDES DO NOT EVEN RELATE TO THE CENTRAL ISSUE OF CONTINUING VIOLATIONS AND THE MISHANDLING, MISREPRESENTATIONS AND MISCHARACTERIZATIONS THAT MY EEO COMPLAINT HAS BEEN SUBJECT TO BY THE DEPARTMENT OF TREASURY "IN HOUSE" EEO COMPLAINT PROCESS.

MARCIA H. COATES LETTER DATED NOVEMBER 4, 2005 DOES NOT EVEN RELATE THE CONTINUING VIOLATIONS ISSUE TO THE TIMELINESS OF COMPLAINT, AND TOTALLY DISREGARDS THE FUTILITY OF FILING AN EEO COMPLAINT, AND THE RETALIATION THE EEO COMPLAINANT IS SUBJECT TO, THAT AFFECTS THE TIMELY FILING FILING OF AN EEO COMPLAINT.

31

MARCIA H. COATES DECLARES
THAT I HAVE 12 COMPLAINTS
AND THAT SHE IS DISMISSING
A **PORTION** OF THE COMPLAINT

MISS COATES IS DISMISSING
11 CONTINUING VIOLATION COMPLAINTS
AS ONTIMELY.

THIS IS A FINAL AGENCY ACTION
OF DISMISSAL OF MY ENTIRE
COMPLAINT. (CONTINUING VIOLATIONS)

MY COMPLAINT WAS FRAGMENTED
IN THE PRE-COMPLAINT, FORMAL
COMPLAINT AND NOW IN THE
FINAL AGENCY ACTION.

DEPARTMENT OF TREASURY COMPLAINT
NUMBER TO 2291.

32

ON MAY 9, 2005 I FILED
A COMPLAINT ABOUT THE
EEO COMPLAINT PROCESS.

THE DEPARTMENT OF TREASURY,
MARCIA H. COATES CALLS THIS
A SPIN-OFF COMPLAINT.

DEPARTMENT OF TREASURY COMPLAINT
NUMBER TO 22915

MARCIA H. COATES MADE THE
DECISION NOT TO INCLUDE THIS
WITH THE ORIGINAL COMPLAINT
IN VIOLATION OF EEOC REGULATIONS.

WEAHKEE V NORTON 621 F. 2d
1080 (10TH CIR, 1980)
THE COURT HELD THAT PRE COMPLAINT
COUNSELING IS NOT JURISDICTIONAL.
THE COURT HELD THAT THE COURTS
CAN HEAR THE CASE EVEN WHEN

33

AN EMPLOYEE DID NOT GO TO AN EEO COUNSELOR, IF THE REMAINDER OF THE PROCEDURE WAS FOLLOWED.

ALLEN V. SMITH    36 FEP CASES 1245 (D.D.C. 1985) (SUIT NOT BARRED DESPITE LACK OF COUNSELING WHERE AGENCY SHOULD HAVE REFERRED COMPLAINANT TO A COUNSELOR, BUT INSTEAD WAITED 10 MONTHS AND REJECTED IT).

ANTHONY V. HECKLER    38 FEP CASES 1132 (D.D.C. 1985) THE COURT PERMITTED THE EMPLOYEE TO SEEK A WRIT OF MANDAMUS DIRECTING THE AGENCY TO INCLUDE THE REJECTED ALLEGATIONS IN ITS INVESTIGATION.

34

I RECEIVED A LETTER DATED
NOVEMBER 18 2005 FROM
MARCIA H COATES DENYING
MY REQUEST FOR A 90 DAY
EXTENSION TO OBTAIN A
REPRESENTATIVE

SEE EXHIBIT 2

MISS COATES HAS SCHEDULED
AN INVESTIGATION TO BEGIN
ON DECEMBER 12, 2005.

MISS COATES IS GOING TO INVESTIGATE
1 (ONE) COMPLAINT UNDER CASE
NUMBER 05-2291.

DIRECTOR COATES LETTER IS
THREATENING ME WITH WHAT CAN
HAPPEN TO A COMPLAINT WHEN
A COMPLAINANT FAILS TO COOPERATE.

I DO NOT KNOW WHETHER
I SHOULD COOPERATE IN THIS
FARCE OR NOT, AND WHAT
EFFECT THIS WILL HAVE ON
THE CIVIL ACTION.

CAN I GET INJUNCTIVE RELIEF
FROM THE COURT?

SEE EXHIBIT 3

CARI M. DOMINGUEZ, CHAIR
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION (EEOC) DOES
NOT RESPOND TO MY REQUESTS
FOR INJUNCTIVE RELIEF THAT
BEGAN IN JULY, 2005. MY
CORRESPONDENCE TO OFFICE OF FEDERAL OPERATIONS.

COLLEEN M KELLEY PRESIDENT
OF THE NATIONAL TREASURY
EMPLOYEES UNION (NTEU) HAS
CONTINUALLY FAILED TO REPRESENT
ME FAIRLY UNDER TITLE VII
RETALIATION PROVISIONS.

MY COMPLAINT IS DISCRIMINATORY
REPRESENTATION.

NTEU IN VIOLATION OF TITLE VII
AND 'THE REHABILITATION) ACT
HAS FAILED TO REPRESENT ME
BY :

1. NEGOTIATING AND ENTERING INTO
COLLECTIVE BARGAINING AGREEMENTS
WHICH HAVE HAD AND HAVE THE
EFFECT OF DENYING ME EQUAL
OPPORTUNITY FOR EMPLOYMENT.

37

**2** FAILING TO ACT AFFIRMATIVELY TO CAUSE EMPLOYER (DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE JOHN W SNOW) TO REFRAIN FROM DISCRIMINATING AGAINST EEO COMPLAINANTS AND REASONABLE ACCOMMODATION REQUESTS.

**3** FAILING TO PROCESS EEO COMPLAINT GRIEVANCES IN THE SAME BASIS AS THEY PROCESS OTHER GRIEVANCES.

**4** FAILING TO EFFECTIVELY REPRESENT EEO COMPLAINANTS BY PASSIVELY PERMITTING TREASURY EEO DIRECTOR MARCIA H. COATES TO DISCRIMINATE AGAINST EEO COMPLAINANTS BECAUSE OF THEIR DISABILITY, AND THE FILING OF AN EEO COMPLAINT.

KAY COLES JAMES DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT (OPM)

MY 2005 EEO - CONTINUING VIOLATIONS COMPLAINT IS DIRECTLY RELATED TO DIRECTOR JAMES FAILURE TO OVERSEE AND ENFORCE OPM REGULATIONS FOR REASONABLE ACCOMMODATION AND REASSIGNMENT.

I WAS DENIED AN APPROPRIATE REASONABLE ACCOMMODATION AND REASSIGNMENT BY MARCIA H. COATES DIRECTOR DEPARTMENT OF TREASURY EQUAL EMPLOYMENT OPPORTUNITY PROGRAM, AND JOHN W. SNOW SECRETARY, DEPARTMENT OF TREASURY

39

AS DIRECTED BY OPM REGULATIONS
THERE WERE AND CONTINUED TO
BE VACANCY ANNOUNCEMENTS
AVAILABLE THAT I QUALIFIED
FOR WITH OR WITHOUT A
REASONABLE ACCOMMODATION.


MARCIA H. COATES OMITTED AND
IGNORED THESE VACANCY
ANNOUNCEMENTS, AND OPM
DIRECTOR JAMES FAILED
TO ACT AS REQUIRED.

J. RUSSELL GEORGE INSPECTOR
GENERAL, TREASURY INSPECTOR
GENERAL FOR TAX ADMINISTRATION
(TIGTA)

MY 2005 CONTINUING VIOLATION
EEO COMPLAINT HAS A
DIRECT RELATIONSHIP TO
RUSSELL GEORGE'S TIGTA
INVESTIGATION OF ME INITIATED
BY TIGTA EMPLOYEES DANIEL
PARFITT, DENNIS COLLINS AND
ROBERT LEEKE IN RETALIATION
FOR MY EEO COMPLAINT AND
REASONABLE ACCOMMODATION REQUEST
IN 2002 AND 2003.

THIS UNLAWFUL TIGTA INVESTIGATION WAS BASED ON A STATEMENT FROM MARCIA H. COATES, DIRECTOR, DEPARTMENT OF TREASURY OFFICE OF EQUAL OPPORTUNITY PROGRAM — EMPLOYEES FALSE ALLEGATION.

MARCIA H. COATES    EEO SUPERVISOR MELINDA ESTRADA AND EEO COUNSELOR ANGELIA GOODEN DOYLE MADE THE FOLLOWING FALSE STATEMENT AGAINST MICHAEL L. BUESGENS PRO SE. AND EEO COMPLAINANT:

"MICHAEL L. BUESGENS, HAD STATED OCTOBER, 18, 2002 THAT, THEY WON'T BE HAPPY WHEN I HAVE TO COME BACK IN JANUARY.

WHEN ASKED IF THAT WAS A THREAT BUESGENS STATED, "YES" "

42

J. RUSSELL GEORGE PROCEEDED
WITH THIS INVESTIGATION WITHOUT
QUESTIONING THE MOTIVES OF
MARCIA A. CORTES    MELINDA ESTRADA,
AND ANGELIA GOODEN DOYLE.


J. RUSSELL GEORGE DID NOT DO
A BACKGROUND INVESTIGATION
ON MELINDA ESTRADA AND
ANGELIA GOODEN DOYLE TO
VERIFY THEIR CREDIBILITY, HISTORY
AND MOTIVES FOR THEIR FALSE
ALLEGATION.


IN 2005 I DID A BACKGROUND
INVESTIGATION AND FOUND THAT
THEIR ARE CREDIBILITY ISSUES
(IMPEACHMENT CONCERNS).

43

## "GIGLIO POLICY"

## GIGLIO V. UNITED STATES
405 U.S. 105 (1972)

## UNITED STATES V. HENTHORN
931 F. 2d 29 (9TH CIR. 1991)

IMPEACHMENT OF WITNESS

PREPARED STATEMENT OF WITNESS BEFORE THE SENATE FINANCE COMMITTEE, OVERSIGHT OF THE I.R.'S., THURDAY SEPTEMBER 27, 1997.

## COLLUSION AMONGST IRS MANAGERS
THE CULTURE OF THE CULT.

44

## TIGTA MANUAL CHAPTER 400 INVESTIGATIONS

1. STANDARDS FOR ETHICAL CONDUCT AND BEHAVIOR

2. BASIS FOR INVESTIGATION

3. EVIDENCE

   ETC. . .

## IN J. RUSSELL GEORGE TIGTA INVESTIGATION OF ME, I WAS SUBJECT TO THE FOLLOWING

1. VERBAL ABUSE AND HARASSMENT

2. CONSPIRACY TO VIOLATE MY CIVIL RIGHTS

3. MALICIOUS PROSECUTION

**4.** INVASION OF PRIVACY.

**5.** FAILURE TO DISCLOSE OR ACT UPON EXCULPATORY EVIDENCE.

**6.** ULTIMATE ADVERSE EMPLOYMENT ACTIONS

FALSE ACCUSATIONS AND ADVERSE EMPLOYMENT ACTIONS OFTEN HAVE SIGNIFICANT PSYCHOLOGICAL CONSEQUENCES

THE TIGTA INVESTIGATION ADVERSELY AFFECTED MY LIFE ON AND OFF THE JOB TO THE POINT THAT I LOST FUNCTIONAL ABILITY IN MY I.R.S. CUSTOMER SERVICE JOB AND PERSONAL CARE NEEDS

46

THE TIGTA INVESTIGATION WAS
CONDUCTED IN 2002 AND 2003
WHILE I WAS IN PROTECTED
EEO ACTIVITY, AND A REQUEST
FOR REASONABLE ACCOMMODATION.


I, RUSSELL GEORGE UNLAWFUL
TIGTA INVESTIGATION AS
RETALIATION FOR MY PROTECTED
EEO ACTIVITY WORSENED THE
PROGRESSION OF MY BIPOLAR
DISEASE, AND IMPAIRED MY
ABILITY TO COMMUNICATE AND
FUNCTION ON AND OFF THE
JOB.

# V    REQUEST FOR RELIEF

MICHAEL L. BUESGENS   PRO SE
PLAINTIFF RESPECTFULLY REQUEST
THAT THIS COURT ENTER A
JUDGMENT FOR PLAINTIFF
AND AWARD THE FOLLOWING
RELIEF :

1. AN INJUNCTION PROHIBITING
DEFENDANT MARCIA H. COATES
AND JOHN W. SNOW AND
SERVANTS FROM PROCESSING
MY 2005 EEO COMPLAINT
WITHOUT THE CONTINUING
VIOLATIONS

2. AFFIRMATIVE RELIEF TO
PREVENT DEFENDANTS FROM
FUTURE DISCRIMINATION AND TO
OVERCOME THE EFFECTS OF
PAST DISCRIMINATION

48

3. COMPENSATORY DAMAGES
BACK PAY AND FRONT PAY.
LOST WAGES, FERS RIGHTS
AND BENEFITS

4. PECUNIARY AND NON PECUNIARY
COMPENSATION FOR PSYCHOLOGICAL
INJURY.

5. PUNITIVE DAMAGES

6. A DECLARATORY JUDGMENT
THAT THE DEFENDANTS
VIOLATED PLAINTIFFS RIGHTS
UNDER THE CONSTITUTION.

7. A PERMANENT INJUNCTION,
AGAINST THE DEFENDANTS
FROM ENCOURAGING AND
INDUCING THEIR SERVANTS

49

FROM ENGAGING IN ILLEGAL DISCRIMINATION AND RETALIATION BASED ON DISABILITY AND PROTECTED EEO ACTIVITY.

8. AN INJUNCTION REQUIRING DEFENDANTS TO INVESTIGATE AND EVALUATE MY CIVIL ACTION CASE AS A POTENTIAL CLASS ACTION.

9. AN AWARD TO PLAINTIFFS OF ATTORNEY'S FEES AND COSTS OF SUIT ; AND

10. AN AWARD OF SUCH OTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER.