

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

NOVEMBER 4, 2005

Michael Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

Complaint of Michael Buesgens and
John W. Snow, Secretary of the Treasury
TD Case Number: 05-2291

**CERTIFIED AND REGULAR MAIL**
**RETURN RECEIPT REQUESTED**

Dear Mr. Buesgen:

In accordance with the Equal Employment Opportunity Commission (EEOC) regulation at 29 CFR § 1614.107(a)(2), I am dismissing a portion of the complaint of discrimination filed on June 14, 2004, because it is untimely.

The record of evidence shows that on January 20, 2005, you contacted an agency EEO office and met with an EEO Counselor on the same date. Thereafter, on April 5, 2005, you received a Notice of Right to File a Discrimination Complaint and filed a formal complaint on April 7, 2005. You alleged you were discriminated against and harassed based on mental disability (depression, anxiety and bipolar) and reprisal for prior EEO activity, when:

1) From 2002 through 2004 your medical information was shared with employees who had no need to know;

2) On an unspecified date in 2003, your reasonable accommodation request to be off of the phones was denied;

3) On an unspecified date in April 2003, management threatened to change you to a lower grade if you did not accept the reasonable accommodation they offered to you;

4) On an unspecified date in January 2004, you lost annual leave because management refused to restore it;

5) On an unspecified date in September 2004 you applied for disability retirement and management and the EEO Officer delayed the process;

6) On an unspecified date in 2004, you received an unofficial reprimand due to sick

05 2334

FILED
DEC 0 5 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-2-

leave usage;

7) On an unspecified date in 2004, you received a disciplinary letter that threatened your removal;

8) On an unspecified date in May 2004, your manager said that you lied about being in the hospital and requesting sick leave when you were in jail;

9) On an unspecified date in May 2004, you received absent without leave (AWOL) for the time you were arrested;

10) On an unspecified date in August 2004, you received an unfavorable (all 1's) departure rating;

11) On an unspecified date in August 2004, your co-workers received a detail which resulted in a loss of income for you while you were furloughed; and

12) On an unspecified date in January 2005, you received a 3-day suspension.

There is a question about whether Claims 1 through 11 are timely. 29 CFR § 1614.105(a)(1) requires that an aggrieved person must contact an EEO counselor within 45 days of the date of the alleged discriminatory matter. The alleged discriminatory events described in Claims 1 through 11 occurred in 2003 and 2004. The Complainant contacted a counselor on January 20, 2005, more than 45 days after the alleged discriminatory actions occurred.

29 CFR § 1614.107(a)(2) provides that an agency shall dismiss a complaint that has not been brought to the attention of an EEO Counselor timely and is not like or related to a matter that has been brought to the attention of an EEO Counselor.

29 CFR §1614.105(a)(2) also provides that the agency shall extend the 45-day time limit when the individual shows that he or she was not otherwise aware of it, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence, he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency.

In a case involving a failure to contact a counselor within the 45-day time limit set out in 29 CFR § 1614.105, the EEOC stated:

> Appellant should have taken such steps that would have protected her rights much sooner after the agency made its selection and she failed to exhibit due diligence or prudent regard for her rights by waiting. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse lack of diligence."); Rys v. U. S. Postal Service, 886 F.2d. 443, 446 (1st Cir. 1989) ("To find succor in equity a Title VII plaintiff must have diligently pursued her claim."). Parks v. Dep't of Defense, EEOC Appeal No. 01945196 (December 19, 1994).

-3-

Since there was a question regarding the timeliness of the alleged discriminatory events described in *Claims 1 through 11*, by letter of May 4, 2005, this office notified you that *Claims 1-11*, appeared untimely in that you may not have sought EEO counseling within the 45day regulatory time frame. You were asked to provide an explanation for the untimely EEO counselor contact.

In your May 9, 2005, you did not state why you did not timely seek EEO counseling for the matters described in claims 1 through 11. *Although you were provided an opportunity to explain why you did not timely seek EEO counseling, you failed to respond.*

You have provided insufficient reasons for tolling the 45-day time frame within which you should have sought EEO counseling. Further, you had actual knowledge of the applicable time frame because of your prior EEO activity. The evidence of record establishes that you engaged in prior EEO activities in **TD Case #-2024** filed on October 18, 2002; TD **Case # 03-2339** filed on April 28, 2003; and **TD Case # 03-2446** filed on July 1, 2003. The EEOC has determined that a complainant has actual knowledge of the procedures for initiating a complaint including the applicable limitations periods, if that complaint, like you, has engaged in the EEO process on a previous occasion. Briley v. National Archives and Records Administration, EEOC Request No. 05950778 (December 2, 1996).

Based on the foregoing, I am dismissing *Claims 1- 11* pursuant to 29 CFR §1614.107(a)(2) because you did not seek EEO counseling within 45 days of the incident.

Next I will consider the Complainant's harassment allegation on the based of his mental disability (depression, anxiety and bipolar) and reprisal for prior EEO activity. Since *Claims 1 – 11* are untimely, the harassment analysis will apply solely to *Claim 12*.

The EEOC regulation at 29 CFR 29 § 1614.103 provides that an agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by the agency due to race, color, religion, sex, national origin, age, sex-based wage discrimination, disabling condition or retaliation. An aggrieved employee suffers a present harm or loss with respect to a term, condition or privilege of employment for which there is a remedy. Lisa K. Mullen v. R. L. Brownlee, Acting Secretary, Department of the Army, EEOC Appeal No. 01834044 (October 14, 2003), Reeve v. U.S. Postal Service, EEOC 05930925 (December 10, 1993). The Complainant must be able to show an injury in fact. If there is no conceivable impact on one's employment, then the allegation has not risen to the threshold level for acceptance. Naamon Owens v. Department of the Interior, EEOC Appeal No. 01964819 (March 24, 1997).

Harassment prohibited by Title VII consists of conduct that has the effect of interfering with an employee's work performance, or creating an intimidating, hostile or offensive work environment. The complained of conduct must be significant enough to alter the conditions of the Complainant's employment and/or affect a term condition or privilege of employment. Hicks v. Gates Rubber Company, 833 F.2d 1406 (10th Cir. 1987); Snell v. Suffolk Co. 782 F.2d 1094 (2nd Cir. 1986); Rogers v. EEOC, 454 F.2d 234 (5th Cir. 1974), cert. denied, 406 U.S. 957 (1972).

-4-

In determining whether or not a hostile environment is created sufficient to alter the conditions of employment, all the circumstances must be viewed, including frequency and severity of conduct, whether it is humiliating or threatening and whether it interferes with work performance. No single factor is required. Harris v. Forklift Systems, Inc. 510 U.S. 17 (1993).

A harassment complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the complainant cannot prove a set of facts in support of the claim which would entitle the complainant to relief. All of the alleged harassing incidents and remarks must be considered together, in the light most favorable to the complainant, to determine whether they are sufficient to state a claim. Cobb v. Department of the Treasury, EEOC Request No. 05970077 (March 13, 1997). I have determined that the instances of alleged harassment described in *Claim 12* does not rise to that level necessary to state a claim of harassment.

In conclusion, I am accepting *Claim 12* for investigation. However, I am dismissing *Claims 1-11* in accordance with 29 CFR § 1614.107(a)(2) as untimely. These claims will not be investigated. You will receive another letter accepting Claim 12 for investigation.

A copy of this letter and supporting documentation will be placed in the complaint file. An EEOC Administrative Judge may review this decision if a hearing is requested on the remainder of the complaint. If you request a final decision from the agency without a hearing, the agency will issue a decision addressing all claims in the complaint, including the rationale for dismissing claims, and its finding on the remainder of the

Sincerely,

James C. Parker
Operations Director
Treasury Complaint Mega-Center – Dallas
AWSS EEO and Diversity Field Services
4050 Alpha Road, MS-1010-MSRO
Dallas, TX  75244-4203

Enclosures:

cc:   Territory Manager
      EEO & Diversity, IRS
      Jacksonville, FL  32202



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

NOV 0 4 2005

Michael Buesgens
500 E. Strassney, Apt. 1023
Austin, Texas 78745

Complaint of Michael Buesgens and
John W. Snow, Secretary of the Treasury
Case Number: 05-2291

Dear Mr. Buesgens:

This letter refers to the above referenced complaint of discrimination filed on April 7, 2005.

Based on our review of the formal complaint and the EEO Counseling Report, the complaint is accepted for processing under the provisions of the Equal Employment Opportunity Commission (EEOC) regulations, 29 CFR Part 1614. The claim to be investigated is:

> Whether the Complainant was discriminated against, based on his mental disability (depression; anxiety and bipolar) and for reprisal for prior EEO activity, when on an unspecified date in January 2005, he received a three (3) day suspension?

If you disagree with the claim, please notify me in writing within 5 days of the date of this letter. Please be clear and concise in your response. If no response is received, I will assume that you agree with the claim and will proceed with the investigation of the complaint.

An EEO Investigator will be assigned to thoroughly investigate all aspects of the claim accepted for processing. The investigator has the authority to administer oaths and to require employees to furnish affidavits under oath or affirmation without a promise of confidentiality or, alternatively, by written statements under penalty of perjury. The complainant has a responsibility to cooperate with the investigator in timely scheduling an appointment, meeting with the investigator and providing necessary written statements. Failure to do so may result in the dismissal of the complaint for failure to cooperate.

Any affidavit, written statement, or documentary evidence submitted to the investigator is subject to prohibitions against improper disclosures. All parties who provide statements or documentary evidence bear the responsibility to ensure that the submissions are properly sanitized, and should consult with bureau disclosure officials if there are any questions concerning what material would constitute disclosure.

2

In accordance with 29 CFR §1614.603 of the regulations, the parties must make reasonable efforts to voluntarily settle the complaint throughout the process. The terms of any settlement agreement will be reduced to writing, and you will be given a copy.

Upon completion of the investigation, you will be furnished a copy of the Investigative File and an election form on which you may elect one of the following options: (1) a hearing and decision by an EEOC Administrative Judge; (2) a final decision by the Department of the Treasury without a hearing; or (3) withdrawal of the complaint.

You may also request a hearing from an Administrative Judge at any time after 180 days from the date of the original complaint. If you wish to amend the complaint after you have requested a hearing, you may file a motion with the Administrative Judge.

Should you request a hearing on your complaint, your request should be sent to:

District Director
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229

In accordance with 29 CFR §1614.108(g), you must send a copy of your request for a hearing to the Treasury Complaint Mega-Center.

You will have the right to appeal to the EEOC, Office of Federal Operations, the Department's final decision or final order, or file a civil action in federal district court.

If you have any further questions regarding the processing of your complaint, please contact EEO Specialist Cheryl Vuilleumier at (972) 308-1313 or Branch Manager Victor Reyes at (972) 308-1046.

Sincerely,

James C. Parker
Operations Director
Treasury Complaint Mega-Center
AWSS EEO & Diversity Field Services
4050 Alpha Road, MS 1010 MSRO
Dallas, TX 75244-4203