TD 05-2291S  *MARCIA H. COATES*
*OCTOBER 14, 2005*

Re: Department of the Treasury response in the
matter of a complaint of dissatisfaction with
processing of a discrimination complaint
Michael Buesgens v. John W. Snow, Secretary
of the Treasury

**Procedural Chronology**

| | |
|---|---|
| Formal Complaint (TD 05-2291) Filed: | April 7, 2005[1] |
| Formal Complaint Acknowledged: | April 19, 2005 |
| Clarification Letter Sent: | May 4, 2005 |
| Complainant's Phone Call to Specialist: | May 6, 2005 |
| Complainant's Letter to James Parker: | |
| Concerning Conduct of EEO Specialist: | May 9, 2005 |
| TCC Letter to Complainant: | May 23, 2005 |
| "Spin Off" Referral: | May 23, 2005 |
| Acknowledgement letter from OEOD: | June 15, 2005 |

The Complainant filed a formal complaint on April 7, 2005, which was acknowledged and given TD number 05-2291 by letter dated April 19, 2005. By letter dated May 4, 2005, Cheryl Vuilleumier, EEO Specialist, identified 13 claims and asked the Complainant to provide clarification on the timeliness of Claims 1-12. She also asked the Complainant to provide information concerning what he learned on January 5, 2005, that sent him to counseling. Ms. Vuilleumier requested a response within 15 days and notified the Complainant that failure to respond could result in partial dismissal of his complaint.

On May 6, 2005, the Complainant phoned Ms. Vuilleumier. He states she told him he needed to submit medical documentation. He claims that he requested he be sent a letter explaining the specific medical information required and where to send it. He states Ms. Vuilleumier became very angry and threatened to hang up the phone, refused to given him anything in writing, threatened that he had 15 days to comply or she would close the case and refused to give him her supervisor's name.

By letter dated May 9, 2005, the Complainant wrote to James Parker, Operations Director, Treasury Complaint Center, concerning the alleged unprofessional conduct of Ms. Vuilleumier.

---

[1] It appears that the Complainant attempted to file a formal complaint on January 9, 2005, with the Treasury Complaint Center. By letter dated January 21, 2005, the Complainant was advised of the requirement for pre-complaint counseling and provided information where to contact an EEO Counselor. The Complainant sought EEO counseling on January 20, 2005.

*FILED 05 2334*
*DEC 0 5 2005*
*NANCY MAYER WHITTINGTON, CLERK*
*U.S. DISTRICT COURT*

*DEPARTMENT OF TREASURY DID NOT GIVE MICHAEL L. BUESGENS THE EXHIBITS FOR THIS LETTER*

By letter dated May 9, 2005, Ms. Vuilleumier sent the Complainant a medical release form. In her letter, Ms. Vuilleumier reiterated the need for the Complainant to submit clarifying information concerning his claims.

By letter dated May 23, 2005, Victor Reyes, Branch Manager, Section IV, wrote the Complainant informing him that Ms. Vuilleumier would remain the specialist on his complaint. Mr. Reyes' letter also acknowledged Complainant's letter received May 18, 2005 in which the Complainant stated his prior responses should suffice in response to Ms. Vuilleumier's request for clarification. Mr. Reyes' letter informed the Complainant that the Complaint Center would utilize the responses already submitted to determine the timeliness of Claims 1-12.

By memorandum dated May 23, 2005, the TCC forwarded the Complainant's allegations of improprieties in the processing of his complaint to the Office of Equal Opportunity and Diversity (OEOD) for processing as a "spin off" complaint.

By letter dated June 15, 2005, OEOD acknowledged the "spin off" complaint, designated the "spin off" allegation TD 05-2291S and notified the Complainant that an inquiry would be conducted into his allegations and a determination made at the earliest practicable time.

By letter dated July 6, 2005, the Complainant wrote Mariam G. Harvey, Director, OEOD, in response to OEOD's May 9, 2005 letter. In his letter, the Complainant claimed he has been subject to continuing violations and "Despite due diligence, the Complainant was prevented by circumstances beyond his control, e.g., a debilitating illness, from contacting a counselor, or filing a complaint, or taking other action on the complaint within the time limit."

By letter dated July 6, 2005, a copy of which was received in OEOD on July 12, 2005, the Complainant requested the Justice Department investigate the Treasury Department and the Internal Revenue Service Offices of Equal Opportunity. The Complainant alleged he requested reasonable accommodation in 2002 and was subject to continuous violations which resulted in his medical retirement (constructive discharge) on March 7, 2005.

On August 5, 2005, OEOD received a copy of a package dated July 31, 2005, sent by the Complainant to the Equal Employment Opportunity Commission. The package contains copies of all correspondence between the Complainant and the Treasury Complaint Center and OEOD relative to his complaint and the "spin off" allegation. In his submission, the Complainant states he is dissatisfied with the processing of his complaint, the agency has improperly processed his complaint and he has been materially affected by the agency's actions.

On September 29, 2005, OEOD received another copy of the materials that had previously been sent by the Complainant.



## APPLICABLE LAW

The Equal Employment Opportunity Commission (EEOC) has provided guidance to agencies on the processing of "spin off" complaints involving allegations of dissatisfaction with the processing of a pending complaint. In such cases, the matter must be referred to the agency official responsible for the quality of complaint processing. The official must add to the underlying complaint file a record of the Complainant's concerns and the agency actions to resolve the concerns or the agency's reasons for not taking action. A complainant who is dissatisfied with the agency's action may raise his or her concerns with an EEOC Administrative Judge (AJ) at the time a hearing is scheduled or with the EEOC Office of Federal Operations (OFO) at the time of an appeal of a final decision. Federal Section Complaint processing Manual, EEOC Management Directive 110, at pages 5-25 & 5-26.

## ANALYSIS

This office is responsible for the quality of complaint processing in the Department of the Treasury. We have conducted a review of Complainant's concerns and have transmitted a copy of this decision to the Dallas Treasury Complaint Center for insertion in the Administrative File on the complaint.

Complainant filed a formal complaint. A Specialist reviewed the complaint, framed the claims and wrote the Complainant requesting information and clarification on his apparent failure to seek EEO counseling timely for 12 out of 13 claims.

The Specialist states she had processed a prior complaint filed by the Complainant with no problems. She states the Complainant called her and when she returned the call, he attempted to sarcastically complain about his distrust of the process and to let her know he had contacted James Parker, Operations Director. She states she informed the Complainant she would send him a letter seeking clarification regarding a number of claims that appeared to be untimely. She states she provided the Complainant her manager's name and phone number and went so far as to look in closed complaint files for a 12-14 page document the Complainant felt could shed light on the questions she was asking about the timeliness of his current complaint. The Specialist states she "went the extra mile" in attempting to secure his past statement from a closed file (which did not shed any light on the instant case). She states she informed him she would not tolerate his outbursts. (Exhibit 1)

While the Complainant is clearly convinced that the processing of his complaint has not been in accordance with EEOC's regulations, the Treasury Complaint Center has the responsibility for analyzing claims of discrimination to determine what should be accepted for further processing and what should be dismissed pursuant to 29 CFR § 1614.107(a). In the instant complaint, the Complainant

raised a number of issues beginning in 2002 and ending in 2005 with a 3 day suspension. As the Specialist assigned to the complaint, Ms. Vuilleumier appropriately requested clarification from the Complainant on those issues which were beyond the 45 day "look back" period for seeking EEO counseling. The fact that the Complainant had filed TD 03-2024, 03-2339 and 03-2446 complicated the analysis since it appeared to the Specialist that some of the claims raised in TD 05-2291 had been raised in the Complainant's prior complaints.

The Complainant also alleges that the EEO counselor assigned at the informal stage of complaint processing did not advise him of the "continuing violations rule and how it affected the 45 day rule."

EEO Counselor Yvonne Jefferson states she was assigned to provide counseling to the Complainant on February 1, 2005, and she treated the Complainant in the same professional manner as she treats all aggrieved parties. Ms. Jefferson states she explained line by line the information on the Notice of Rights and Responsibilities and the Complainant initialed each page and signed the document on February 22, 2005. Ms. Jefferson states one of the Complainant's issues was that his medical documentation had been disclosed by management and she discussed the alleged disclosure and got statements from the managers identified by the Complainant. Ms. Jefferson admits she told the Complainant that some of his issues appeared to be untimely and that some had been addressed in his previous complaints. (Exhibit 2)

With regard to the Complainant's claim that EEO officials and the counselor did not advise him of the continuing violation rules, as noted above, the Treasury Complaint Center has the responsibility for making determinations on the timeliness of claims of discrimination. Advising complainants on the timeliness of claims as part of a continuing violation is not part of an EEO counselor's role. The counselor made no determination on whether Complainant's claims were timely.

We find no basis for concluding that the Complainant was harmed or that any impropriety occurred in the informal counseling by the EEO counselor or intake processing by Complaint Center staff or the specialist assigned to the complaint.

As noted, this response and all correspondence from the Complainant related to the matter will be added to the Complainant's complaint file on his underlying complaint. If he is still dissatisfied, he may raise the matter with an Administrative Judge if a hearing is requested or in an appeal with the Equal Employment Opportunity Commission.

*[signature: Mariam G. Harvey]*
Mariam G. Harvey
Director
Office of Equal Opportunity Program

October 14, 2005
Date

## OFFICE OF EQUAL OPPORTUNITY AND DIVERSITY

## CERTIFICATE OF SERVICE

On this date, I mailed a copy of the agency decision in the complaint of dissatisfaction with the processing of a discrimination complaint filed by Michael Buesgens, TD 05-2291S, to the persons listed below by the methods specified. Including the certificate, there are 6 pages.

_____          October 14, 2005
Reginald Shelton, Office Assistant          Date
Department of the Treasury
Office of Equal Opportunity and Diversity
1750 Pennsylvania Avenue, NW, Room 8157
Washington, DC 20220
Telephone (202) 622-1160

**Complainant  Via First Class and Certified Mail**
Michael Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

**Treasury Complaint Center  Via e-mail**
James C. Parker, Operations Director, Dallas Treasury Complaint Center
Cheryl Vuilleumier, DTCC