UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL BUESGENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2334 (RCL) |
| ) | |
| **MARCIA H. COATES,** ) | |
| as Director, Office of Equal Opportunity ) | |
| Program, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on plaintiff's motion for appointment of counsel. The Court will deny plaintiff's motion for the following reasons.

Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the court is authorized to appoint counsel under 28 U.S.C. § 1915(e)(1), but is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." *Id*.

The Court has considered the potential merits of the claim, the complexity of the legal and factual issues involved, plaintiff's *pro se* representation to this early point in the proceedings, and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. *See*

Local Civil Rule 83.11(b)(3).  The Court has also taken into consideration the limited *pro bono* resources available to it.  After carefully reviewing and weighing these factors, the Court concludes that appointment of counsel is not warranted.  Accordingly, it is hereby

    ORDERED that plaintiff's Motion for Court Appointed Counsel [4] is DENIED.

    SO ORDERED.

    Signed by Royce C. Lamberth, United States District Judge, December 16, 2005.