IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                      )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      Case No. 1:05CV02334
                                         )      Judge: Royce C. Lamberth
MARCIA H. COATES, et al.                 )
DIRECTOR,                                )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY                   )
                                         )
      and                                )
                                         )
COLLEEN M. KELLEY,                       )
NATIONAL PRESIDENT,                      )
NATIONAL TREASURY EMPLOYEES UNION   )
                                         )
            Defendants.                  )
_____)

## DEFENDANT KELLEY'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant Colleen Kelley (Kelley) hereby moves this Court to dismiss the claims filed against her in this civil action.

As shown in the accompanying memorandum, this Court lacks subject matter jurisdiction over the complaint allegations against Kelley because the allegations are nothing more than a charge that Kelley and NTEU breached a duty of fair representation; the Federal Labor Relations Authority has exclusive jurisdiction over such claims.

The Court alternatively lacks subject matter jurisdiction over purported claims by Michael L. Buesgens (Buesgens) of discrimination against defendant Kelley because Kelley cannot be properly named as defendant under the Rehabilitation Act and because Buesgens has failed to exhaust the requisite administrative remedies for bringing a discrimination claim. Even if the Court had jurisdiction over Buesgens's purported Title VII retaliation claim, the complaint fails to allege the essential elements of such a claim.

Alternatively, pursuant to Rule 12(e), defendant Kelley moves this Court to require plaintiff Buesgens to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

WHEREFORE, defendant Kelley respectfully requests that this Court dismiss all of Buesgens's claims against her.

Respectfully submitted,

GREGORY O'DUDEN
General Counsel
Bar No. 254862

L. PAT WYNNS
Associate General Counsel for
   Appellate Litigation
Bar No. 257840


JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                  )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )   Case No. 1:05CV02334
                                     )   Judge: Royce C. Lamberth
MARCIA H. COATES, <u>et al</u>.      )
DIRECTOR,                            )
OFFICE OF EQUAL OPPORTUNITY PROGRAM) 
U.S. DEPT. OF TREASURY               )
                                     )
        and                          )
                                     )
COLLEEN M. KELLEY,                   )
NATIONAL PRESIDENT,                  )
NATIONAL TREASURY EMPLOYEES UNION    )
                                     )
        Defendants.                  )
                                     )
_____)

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT</u>**

<u>Summary</u>

The Court lacks subject matter jurisdiction over claims by Michael L. Buesgens (Buesgens) against defendant Colleen Kelley (Kelley). The allegations in Buesgens's complaint (Pl. Compl.) are nothing more than a charge that Kelley, as National President of the National Treasury Employees Union (NTEU), breached a duty of fair representation. Under the Civil Service Reform Act and Supreme Court precedent squarely on point, the Federal Labor Relations Authority has exclusive jurisdiction over such a charge and, therefore, this Court is precluded from exercising jurisdiction over Buesgens's claims.

Even if plaintiff's claims are not preempted by the Civil Service Reform Act, the purported discrimination claims against defendant Kelley must be dismissed for lack of subject matter jurisdiction.  Kelley is not covered by the Rehabilitation Act and plaintiff Buesgens has failed to exhaust the requisite administrative remedies for a claim under Title VII of the Civil Rights Act of 1964 or any other potentially applicable discrimination statutes.  Because Buesgens did not file his claims with the appropriate administrative body, this Court lacks subject matter jurisdiction to review his discrimination allegations.

Further, Buesgens has failed to state a Title VII retaliation claim upon which relief can be granted.  His allegations of retaliation based on disability are not covered by Title VII.  Buesgens's retaliation claims, accordingly, must be dismissed.

Alternatively, even if the Court has jurisdiction over any of Buesgens's claims, the complaint fails to set forth a definite statement of all such claims.

### Background

Plaintiff Buesgens has alleged that he was employed by the Internal Revenue Service (IRS) from October 1990 to March 2005 as a Seasonal Customer Services Representative.  Pl. Compl. 14. See also December 6, 2005 Dismissal of Buesgens's ULP Charge by

FLRA Regional Director James E. Petucci (attached hereto as Attachment 1).[1]  Buesgens has further alleged that on March 7, 2005, he retired from the IRS because of a medical disability. Id.  While employed at the agency, Buesgens was a member of NTEU.  Pl. Compl. 5.

On January 5, 2005, Buesgens filed an Equal Employment Opportunity (EEO) complaint against the IRS, alleging that the agency had improperly dismissed his previous EEO complaints as untimely filed.  Pl. Compl. 15.  He filed an additional EEO complaint against the IRS in April 2005.  Pl. Compl. 18.

On December 5, 2005, Buesgens filed a complaint in this Court, alleging that defendant Kelley and NTEU "failed to represent [him] fairly under Title VII retaliation provisions." Pl. Compl. 36.  Buesgens then asserts that NTEU engaged in "discriminatory representation" by purportedly 1) negotiating collective bargaining agreements that have the effect of denying him equal opportunities for employment; 2) failing to act affirmatively to prevent IRS from discriminating against EEO complainants generally; 3) failing to process EEO grievances like other grievances; and 4) failing to effectively represent

---

[1]    Courts routinely take judicial notice of prior proceedings in a pending matter.  Clay v. Equifax, Inc., 762 F.2d 952, 956 (11th Cir. 1985) (citing 6 Moore Federal Practice § 56.15[7]). Accordingly, defendant Kelley asks this Court to take judicial notice of the FLRA and EEOC documents that are cited and appended to this memorandum.

EEO complainants by permitting the EEO director to discriminate against them.   Pl. Compl. 36-37.

## Issues

1.    Whether the Court lacks subject matter jurisdiction over Buesgens's claims for breach of the duty of fair representation over which the Federal Labor Relations Authority has exclusive jurisdiction under the comprehensive labor relations scheme prescribed by the Civil Service Reform Act.

2.    Whether the Court lacks subject matter jurisdiction over Buesgens's discrimination claims under the Rehabilitation Act and Title VII of the Civil Rights Act of 1964 or any other discrimination statute because NTEU may not be sued under the Rehabilitation Act and Buesgens has failed to exhaust his administrative remedies under Title VII or any other discrimination statute.

3.    Whether Buesgens's purported retaliation claims must be dismissed because he has failed to state a claim upon which relief may be granted

4.    In the alternative, whether the Court should grant defendant Kelley's motion for a more definite statement and require Buesgens to file a clear and concise statement of his claims.

## Standard of Review

In reviewing a motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004); see also Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged"). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because the plaintiff in this action is proceeding pro se, the Court must liberally construe all arguments set forth in his complaint. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

The Court may, however, disregard conclusory allegations that are wholly unsupported or contradicted by the plaintiff's factual allegations. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). In construing a complaint most favorably for the plaintiff, a court need not give a plaintiff the benefit of every conceivable doubt; rather, a court is required only to draw every reasonable or warranted factual inference in the plaintiff's favor. Id. See also

5

McKinney v. DeBord, 507 F.2d 501, 504 (9th Cir. 1974).  Thus,

the same rule that requires the Court to apply "less stringent"

standards to pro se complaints "than [to] formal pleadings

drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972),

also cautions that common sense should prevail in interpreting

the frequently diffuse pleadings of pro se complainants.

McKinney, 507 F.2d at 504.  Cf. Logan v. Dep't of Veterans

Affairs, 357 F. Supp. 2d 149, 153 (D.D.C. 2004) (recognizing

that, although pro se pleadings shall be construed liberally by

the court, the pleader must allege a claim that falls within the

court's jurisdiction).

## Argument

I.    **The Court Lacks Subject Matter Jurisdiction over All of Buesgens's Claims Against Defendant Kelley Because They Consist of Nothing More than a Claim that NTEU Breached a Duty of Fair Representation, Which Is Preempted by the Civil Service Reform Act.**

Buesgens's broad claims and allegations amount to nothing

more than a charge that NTEU breached a duty of fair

representation, a charge that may only be brought before the

Federal Labor Relations Authority (FLRA).  See Steadman v.

Governor, U.S. Soldiers' and Airmen's Home, 918 F.2d 963, 966

(D.C. Cir. 1990) (charge alleging that union mishandled

employees' claim by failing to invoke arbitration appears on its

face to be a duty of fair representation claim); Breda v. Scott,

1 F.3d 908, 909 (9th Cir. 1993) (citing Montplaisir v. Leighton,

875 F.2d 1, 3 (1st Cir. 1989), which found that claim for legal malpractice against federal sector union's attorneys amounts at bottom to unfair labor practice allegations).

Title VII of the Civil Service Reform Act, 5 U.S.C. §§ 7101-7135 (CSRA), commonly known as the Federal Service Labor-Management Relations Statute, governs all claims arising from a union's alleged breach of the duty of fair representation. A union that is the exclusive representative of a bargaining unit of federal employees has a duty to represent all bargaining unit employees in a fair manner, without discrimination and without regard to union membership. 5 U.S.C. § 7114(a)(1). Any breach of this duty of fair representation constitutes an unfair labor practice. 5 U.S.C. § 7116(b). The duty is breached when the union treats its members differently on the basis of race or handicap. See 5 U.S.C. § 7116(b)(4); Vaca v. Sipes, 386 U.S. 171, 177 & 188 (1967).

The CSRA gives the FLRA exclusive jurisdiction over charges that a federal sector union breached its duty of fair representation. Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 529-36 (1989); Abbott v. United States, 144 F.3d 1, 4-6 (1st Cir. 1998); Steadman, 918 F.2d at 966. Federal sector union members do not have a private cause of action against their unions for breaches of the duty of fair representation. Steadman, 918 F.2d at 966. Their only recourse

is to file an unfair labor practice charge with the FLRA
alleging a breach of the duty of fair representation.  Id.

Because NTEU is a federal sector union, Buesgens's only
means of pursuing his allegations was to bring an unfair labor
practice charge before the FLRA, which he has already done once.
See Att. 1.  Indeed, Buesgens's allegations in his August 11,
2005 unfair labor practice charge against the Union appear to be
the factual basis for his claims here that defendant Kelley and
NTEU failed "to process EEO complaint grievances on the same
basis as they process other grievances."  Pl. Compl. 37; Att. 1,
at 1 (listing alleged failures by NTEU to provide adequate
representation during the processing of Buesgens's EEO
complaints).

After investigating these claims, the FLRA Regional
Director for the Dallas Region refused to issue an unfair labor
practice complaint on Buesgens's behalf.  Att. 1, at 3-4.  On
December 6, 2005, he dismissed most of the allegations in
Buesgens's charge as untimely filed.  Id. at 3.  He dismissed
the remaining allegations because there was no evidence that the
Union had deliberately or unjustifiably treated Buesgens
differently than other unit employees by refusing to provide him
with an attorney "to pursue EEO complaints and related legal
actions."  Att. 1, at 3-4.

8

In sum, Buesgens's current allegations that defendant

Kelley failed to represent him fairly are nothing more than a

claim that NTEU breached its duty of fair representation.  The

FLRA has exclusive jurisdiction over claims for breaches of a

union's duty of fair representation; there is no other private

right of action to enforce the duty.  This Court, accordingly,

lacks subject matter jurisdiction over all of plaintiff

Buesgens's claims.  Karahalios, 489 U.S. at 531-32.

**II.   Even if All of Buesgens's Claims Were Not Preempted by the
     CSRA, the Court Lacks Subject Matter Jurisdiction over
     Buesgens's Purported Discrimination Claims.**

**A.   The Court Lacks Jurisdiction over Buesgens's
     Rehabilitation Act Claims Because Only a Federal
     Agency or Federally Financed Institution May Be Sued
     Under 29 U.S.C. § 794.**

The Court lacks subject matter jurisdiction over any

professed Rehabilitation Act claim against defendant Kelley.

The Rehabilitation Act provides a cause of action for

individuals discriminated against on the basis of a disability

by a federal agency or institution receiving federal financial

assistance.  29 U.S.C. § 794.  The Act does not apply to a labor

organization that does not receive federal financial assistance.

Herman v. United Bhd. of Carpenters & Joiners of Am., Local

Union No. 971, 60 F.3d 1375, 1381-83 (9th Cir. 1995).

Federal sector unions have been deemed not to receive

financial assistance.  Lohf v. Runyon, 999 F. Supp 1430, 1441-42

(D. Kan. 1998), aff'd, 176 F.3d 488 (10th Cir. 1999). Because the amended complaint fails to allege that NTEU is a federal agency or that it receives federal financial assistance, and could not truthfully do so, neither defendant Kelley nor NTEU may be sued under the Rehabilitation Act. The Court lacks subject matter jurisdiction over this claim.

B.    **The Court Lacks Jurisdiction over Any Discrimination Claims Under Title VII or Other Discrimination Statutes Because Buesgens Has Failed To Exhaust His Administrative Remedies.**

In addition, the Court lacks subject matter jurisdiction over any discrimination claims by Buesgens under Title VII or any other potentially applicable discrimination statute because Buesgens has not exhausted his administrative remedies.[2] It is well established that before proceeding to federal court on a discrimination claim, complainants are required by law to exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission (EEOC), or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge. See Marshall v. Federal Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997). Once the plaintiff has pursued his claim with the administrative agency,

---

[2]    NTEU does not concede that as a labor organization it may be sued under Title VII. It therefore preserves its right to argue that NTEU is not a proper defendant to a Title VII claim by one of its members. NTEU has not briefed this issue because the Court lacks jurisdiction to hear the claims even if NTEU were a proper defendant.

he must obtain a right-to-sue letter against the party named in the complaint.  Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995); see also Williams v. Washington Metropolitan Area Transit Authority, 721 F.2d 1412, 1413 (D.C. Cir. 1983).  Only after the plaintiff has obtained this letter may he bring a civil action in federal court.  Park, 71 F.3d at 907.

A discrimination suit following an EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (citations and internal quotation marks omitted); Marshall, 130 F.3d at 1098.  The D.C. Circuit has recognized that, at a minimum, the substance of a discrimination suit must arise from "the administrative investigation that can reasonably be expected to follow the [administrative] charge of discrimination."  Marshall, 130 F.3d at 1098 (citing Park, 71 F.3d at 907).

Buesgens has not filed a timely complaint against defendant Kelley or NTEU before the appropriate administrative agency and obtained the requisite right-to-sue letter with regard to the claims listed in his current complaint.  29 C.F.R. § 1614.105; 42 U.S.C. § 12117.  While he filed a charge of discrimination against NTEU with the EEOC on November 18, 2005, the allegations in that charge are not "like or reasonably related to the

11

allegations" contained within Buesgens's complaint before this

Court.  See November 18, 2005 Notice of Charge of Discrimination

(attached hereto as Attachment 2) (principally alleging that

NTEU discriminated against him because of his status as a

seasonal and furloughed employee).  Moreover, even assuming that

the claims were similar in nature, the EEOC has not yet

completed its investigation of Buesgens's allegations and has

issued no right-to-sue letter.  See Wrenn v. Dep't of Veterans

Affairs, 918 F.2d 1073, 1078 (2d Cir. 1990) (allowing a civil

suit after abandonment of administrative claims would be

contrary to the intent and function of the statutory scheme);

Bush v. Engleman, 266 F. Supp. 2d 97, 101 (D.D.C. 2003) (a

plaintiff who abandons the administrative process fails to

satisfy the exhaustion requirement).  Consequently, this Court

lacks subject matter jurisdiction over any potential

discrimination claims in the instant case.

**III. Buesgens's Title VII Retaliation Claims Against Defendant Kelley Must Be Dismissed Because Buesgens Has Not Asserted that He Falls Within a Protected Class.**

Buesgens's Title VII retaliation claim must be dismissed

because he has not asserted discrimination based on a protected

class covered by Title VII.  Title VII prohibits discrimination

on the basis of race, color, religion, sex, and national origin.

5 U.S.C. § 2000e-2.  Title VII further prohibits retaliation

against any employee who alleges that an adverse action has been

taken against him because he formally complained about a discriminatory act based on race, color, religion, sex, or national origin.  Id. § 2000e-3.  Here, Buesgens has not protested any agency or union action based on any of the classes protected under Title VII.  The only claims he has filed have been based on his disability and his status as a seasonal employee.  See Att. 2.  Neither disabled employees nor seasonal employees are protected classes under Title VII.  Therefore, Buesgens's claims should be dismissed as outside the scope of Title VII.

**IV.  To the Extent that the Court Does Not Dispose of All Claims Against Defendant Kelley, the Court Should Order Buesgens To File a More Definite Statement.**

Further, to the extent that the Court does not dispose of all the claims against defendant Kelley, Kelley has moved the Court to grant the alternative motion for a more definite statement to require Buesgens to comply with the standards for proper pleading under Rules 8 and 10 of the Federal Rules of Civil Procedure.  Fed. Rule of Civ. Proc. 12(e).

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In the same vein, Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct."  Finally, Rule 10 requires that "the contents of each paragraph shall be limited as far as practicable to a statement

13

of a single set of circumstances" and that each claim founded upon a separate occurrence shall be stated in a separate count whenever a separation facilitates the clear presentation of the matter set forth.

The purpose of Rules 8 and 10 is "to simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Rochon v. Ashcroft, 319 F. Supp. 2d 23, 29 (D.D.C. 2004) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. (2002)). While the rules do not require the plaintiff to establish the prima facie elements of his case, the courts will not accept overly broad inferences unsupported by the facts in the complaint. Rochon, 319 F. Supp. 2d at 29.

Buesgens's 50-page complaint, with 10 separate exhibits attached, is not a short and plain statement of the claims against defendant Kelley. Although Buesgens is not obliged to allege all that he must eventually prove, he has failed in this case to articulate those concrete acts or circumstances where defendant Kelley allegedly acted in a discriminatory or retaliatory fashion. Id. In short, Buesgens's complaint does not comply with the requirements of either Rule 8 or Rule 10.

Under these circumstances, the Court should grant Kelley's motion for a more definite statement of the claims against her.

## Conclusion

In conclusion, all of Buesgens's claims are preempted by the Civil Service Reform Act and must be dismissed for lack of subject matter jurisdiction. The Court alternatively lacks subject matter jurisdiction over Buesgens's purported claims of discrimination because defendant Kelley cannot be properly named as defendant under the Rehabilitation Act and because Buesgens has failed to exhaust the requisite administrative remedies for bringing a discrimination claim. Even if the Court had jurisdiction over Buesgens's purported Title VII retaliation claim, the complaint fails to allege the essential elements of such a claim.

Alternatively, if the Court fails to dismiss any of the claims against Kelley, the complaint fails to set forth a definite statement of Buesgens's claims, in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure.

Respectfully submitted,

GREGORY O'DUDEN
General Counsel
Bar No. 254862

15

L. PAT WYNNS _by JMW_
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

16