

UNITED STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**
DALLAS REGION
A. Maceo Smith Federal Building
525 S. Griffin Street, Suite 926, LB 107
Dallas, Texas
75202-5093
(214)767-6266 (Voice Mail)
(214)767-0156 (Fax)
www.flra.gov

December 6, 2005

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, Texas 78745

                        Re:    National Treasury Employees Union
                                 Case No. DA-CO-05-0505

Dear Mr. Buesgens:

This office has investigated the unfair labor practice charge which you filed. I have carefully considered all of the evidence and conclude that issuance of a complaint is not warranted.

The charge alleges that the National Treasury Employees Union (Union) violated Section 7116(b)(1) of the Statute by breaching its duty of fair representation through its refusal to provide you with an attorney to represent you in connection with the processing of Equal Employment Opportunity (EEO) complaints which you filed against the Internal Revenue Service (Activity) in 2002 and 2003; by refusing to provide you with an attorney in connection with a hearing before an Administrative Law Judge (ALJ) on December 16, 2003, regarding those complaints; by refusing to provide you with an attorney in 2004 in regard to your appeal to the Equal Employment Opportunity Commission (EEOC) of the ALJ's dismissal of the complaints and your Request for Reconsideration to the EEOC of the rejection by that agency of your appeal; and by refusing to provide you with an attorney in connection with a civil lawsuit which you filed in Federal District Court in April 2005, regarding the dismissal of your complaints by the ALJ and what you contend is a class action suit. The charge also alleges that the Union violated Section 7116(b)(1) of the Statute by the Union breaching its duty of fair representation through the failure of Union Steward Russell Bokelman to competently represent you in the hearing before the ALJ which took place on December 16, 2003.

Initially, as was noted in the initial opening letter in this case on August 12, 2005, the party who files a charge must fully cooperate in the investigation by providing evidence and information in support of the charge. While you submitted a large number of written documents and positions to this office, you failed or refused to provide requested information and testimonial evidence to the investigating Agent in this case on November 8, 2005, the scheduled date for that interview. At your request, you were provided with a second date for presentation of this information, which

was to be November 21, 2005. Moreover, on November 17, 2005, at my request, Regional Attorney Dye of this office contacted you and discussed the importance of your fully cooperating in the investigation on the scheduled date. On November 21, when contacted by the Agent, you again failed or refused to provide the needed information and testimonial evidence. Based upon this fact, I have concluded that you failed to fully cooperate in the investigative process and the facts relied upon in this decision are those which could be understood from your written submissions only.

As limited by the above, the investigation disclosed that you were employed by the Activity as a GS-8 Seasonal Customer Service Representative from October 1900, to March 7, 2005. The investigation further disclosed that you applied for disability retirement in September 2004, and that you subsequently retired based upon medical disability on March 7, 2005. During the period of time that you were employed with the Activity, you were also a member of the Union. In addition, the evidence obtained in the investigation established that you filed three EEO complaints against the Activity in 2002 and 2003, and that the Union designated Union Steward Michael Bokelman to represent you in the processing of these complaints. The three EEO complaints which you filed were ultimately consolidated at a hearing before Administrative Law Judge Robert Powell on December 16, 2003. Bokelman represented you at the hearing, and Attorney Michael Salyards represented the Activity. You contend that Bokelman did not competently represent you at the hearing in that he did not bring up the fact that you had been continually denied official time, there were no written interrogatories, no production of documents, no depositions, no request for admissions, no stipulations, uncooperative informal discovery, no motions to compel, the Activity's reliance on the Privacy Act was not disputed and there was no response to the Activity's Motion for Summary Judgment. At the conclusion of the hearing the ALJ issued a bench decision in which he dismissed the allegations in the EEO complaints which you had filed. Subsequently, the ALJ issued a written decision in the case on January 21, 2004, in which he reaffirmed his decision to dismiss the allegations in the complaints. You appealed the ALJ's decision to the EEOC, but the appeal was denied on December 29, 2004. Thereafter, you filed a Request for Reconsideration with the EEOC, but this was also denied. The investigation also revealed that you filed additional EEO complaints against the Activity in January 2005, March 2005, and in April 2005, and that you have represented yourself in the processing of these complaints. You assert that you requested that the Union provide you with an attorney to represent you in the processing of your EEO complaints from 2002 through 2005, but the requests were refused. In addition, the evidence establishes that you received a right to sue letter from the EEOC on February 18, 2005, regarding the dismissal of the three EEO complaints which you filed in 2002 and 2003, and on April 29, 2005, you filed a civil lawsuit in Federal District Court regarding those complaints. You also contend that this lawsuit constitutes a class action suit on behalf of other employees who have allegedly been discriminated against by the Activity. You requested that the court appoint an attorney to represent you in your lawsuit against the Activity. However, the request was denied, and you are now appealing that decision in the 5th Circuit Court of Appeals. The investigation further revealed that you sent letters to the Union's Deputy General Counsel, Barbara A. Atkin, on July 11 and 22, 2005, in which you requested that the Union provide you with representation by the

Union's attorneys in connection with the proceedings which you had initiated in Federal District Court and the 5th Circuit Court of Appeals. Atkin responded to your letters by informing you in a letter dated July 28, 2005, that the Union's staff attorneys only very rarely provide representation to employees in judicial proceedings because of the limited nature of the Union's resources. Atkin further stated in the letter that the Union must devote its staff time and financial resources to the small number of cases that can have the greatest impact on the membership as a whole. Therefore, Atkin concluded in the letter that from the review of the material which you had provided it did not appear that the issues you faced were appropriate for the Union's involvement.

Based upon the above information, I have determined to dismiss the allegations of this charge. Any charge alleging an unfair labor practice which is based on conduct or events which occurred more than six months before the filing of the charge is untimely under Section 7118(a)(4)(A) of the Statute, unless it is established that the respondent agency or labor organization prevented the person filing the charge from discovering the allegedly unlawful conduct within the six month limitations period by concealment or by failing to perform a duty owed to the Charging Party. Any concealment or failure to perform a duty must have prevented the discovery of the unfair labor practice within six months of its occurrence. *United States Department of Labor*, 20 FLRA 296 (1985). It is concluded in this case that the allegations in the charge which concern events that took place prior to February 11, 2005, are untimely filed since the charge was not filed until August 11, 2005. Furthermore, there is no evidence that the Union prevented you from discovering the alleged unlawful conduct within the six month period by concealing its conduct from you or by failing to perform a duty owed to you. Rather the evidence establishes that you were aware that the Union refused to provide an attorney to represent you in the processing of your EEO complaints as well as any deficiencies on the part of Bokelman in his representation of you in the processing of those complaints at the time that such conduct took place.

As concerns your allegations which were not untimely filed (alleged conduct on or after February 11, 2005) the Authority has determined that, where Union membership is not a factor, as in this case, the standard for determining whether an exclusive representative has breached its duty of fair representation is whether the Union deliberately and unjustifiably treated one or more bargaining unit employees differently from other employees in the unit. The Union's actions must amount to more than mere negligence or ineptitude. The Union must have acted arbitrarily or in bad faith. *National Federation of Federal Employees, Local 1453*, 23 FLRA 686 (1986). In addition, the Authority has determined that the duty of fair representation only applies to matters grounded in the Union's authority to act as exclusive representative. *Fort Bragg Association of Educators, National Education Association, Fort Bragg, North Carolina*, 28 FLRA 908 (1987); *Antilles Consolidated Education Association, (OEA/NEA), San Juan, Puerto Rico*, 36 FLRA 776, 778 (1990); *American Federation of Government Employees, Local 1857, AFL-CIO*, 46 FLRA 904 (1992). In this case, the only timely allegations concern the Union's decision not to provide you with an attorney to pursue EEO complaints and related legal actions. There has been no showing that the Union routinely provides attorneys to employees in such situations or that it was required to do son in its status of exclusive representative for purposes of collective bargaining.

3

Absent a showing that you have been deliberately or unjustifiably treated differently than other unit employees, there is insufficient evidence to establish a breach of the duty of fair representation. Accordingly, further proceedings are not warranted, and I am therefore refusing to issue complaint in this matter.

If you do not agree with my decision, you may file an appeal with the Office of the General Counsel. Your appeal should include the applicable Case Number (DA-CO-05-0505) and be addressed to the:

>Federal Labor Relations Authority
>Office of the General Counsel
>1400 K Street, NW, Second Floor
>Attn: Appeals
>Washington, D.C. 20424-0001

You may file your appeal by mail or by hand delivery. Whichever method you choose, please note that **the last day for filing an appeal in this case is January 9, 2006.** This means that an appeal that is mailed must be postmarked, or an appeal must be hand delivered, no later than **January 9, 2006. Please send me a copy of your appeal.**

If you need more time to prepare your appeal, you may request an extension of time. Mail or hand deliver your request for an extension of time to the Office of the General Counsel at the address listed above. Because a request for an extension of time must be **received** at least five days before the date your appeal is due, any request for an extension of time in this case must be **received** at the above address no later than **January 4, 2006.**

The procedures and time limits for filing an appeal are set forth in the Authority's Regulations at section 2423.10(c) through (e) (Volume 5 of the Code of Regulations). 5 C.F.R. §2423.10(c)-(e). These regulations may be found in any Authority Regional office, public law library, some large general purpose libraries, Federal Personnel Offices, and the Authority's Home Page internet site - www.FLRA.gov. I have also enclosed a document which summarizes commonly-asked questions and answers regarding the Office of the General Counsel's unfair labor practice appeals process.

>Very truly yours,
>
>*[signature]*
>
>James E. Petrucci
>Regional Director

Enclosure

cc:    Dennis Schneider, National Counsel, National Treasury Employees Union, 3755 South Capital of Texas Highway, Suite 179, Austin, Texas 78704-6600