UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BUESGENS, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>MARCIA H. COATES, )<br>as Director, Office of Equal Opportunity )<br>Program, et al., )<br>)<br>   Defendants. )<br>) | Civil Action No. 05-2334 (RCL) |

## ORDER

Upon consideration of the motion [6] filed by defendant Kelley requesting an extension of time to file an answer or other response to plaintiff's complaint and the opposition there to, it is hereby

ORDERED that the motion [6] be GRANTED and that the time for defendant to file its response to plaintiff's complaint is extended this date, when defendant Kelley filed her response to the complaint.

Plaintiff's motion [9] to compel answer is DENIED.

On January 13, 2006, defendant Kelley filed a motion [10] to dismiss, or in the alternative, motion for more definite statement.

In Fox v. Strickland, the D.C. Circuit held that a district court must take pains to advise a pro se plaintiff of the consequences of failing to respond to a motion to dismiss. 837 F.2d 507, 509 (D.C. Cir. 1988). The court stated that the notice provided by the district court "should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." Id.

Thereafter, in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1993), the D.C. Circuit stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

> Under Rule 56(e) of the Federal Rules of Civil Procedure, [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties such as plaintiff, who are adverse to a motion for summary judgment, must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient.  For these purposes, a verified complaint shall serve as an affidavit.

In accordance with these rulings, the Court advises plaintiff that they must respond to the defendant's current motion for to dismiss within ten (10) days from this date.  If plaintiff does not file a response within this prescribed time, the Court will treat the motion as conceded and

will dismiss the complaint.  Plaintiff must also respond to any future motion to dismiss or summary judgment motion within ten (10) days of the date the motion is filed.  Otherwise, the Court will treat such a motion as conceded and will either dismiss the complaint or grant summary judgment in favor of defendant.

    SO ORDERED.


    Signed by Royce C. Lamberth, United States District Judge, January 13, 2006.