/

IN THE UNITED STATES District
COURT FOR THE District OF Columbia

MICHAEL L. BUESGENS
        PLAINTIFF

V.

MARCIA H. COATES, et al.
DIRECTOR
OFFICE OF EQUAL OPPORTUNITY
PROGRAM

CASE NO
1:05 CV02334
(RCL)

MOTION TO DISMISS
KELLEYS MOTION TO DISMISS

KELLEY'S MOTION TO DISMISS
IS FRIVILOUS

**RECEIVED**

JAN 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

## I. PRO SE RESPONSE TO KELLEY'S MOTION TO DISMISS

1. KELLEY'S MOTION TO DISMISS IS A PERFECT EXAMPLE OF WHY WE ARE ON THE DISTRICT OF COLUMBIA COURT DOCKET, SHE STILL REFUSES TO ACKNOWLEDGE THE UNIONS DISCRIMINATORY PRACTICES AGAINST THE MEMBERSHIP.

TITLE VII RETALIATION, AMERICANS WITH DISABILITIES ACT, AND THE REHABILITATION ACT. THE UNION ONLY REPRESENTS FEDERAL EMPLOYEES.

2. THE COURT DEFINETLY HAS JURISDICTION.

3. THIS IS NOT A COMPLAINT OF BREACH OF FAIR REPRESENTATION. IT IS A COMPLAINT OF DISCRIMINATION.

3

4. AS A FEDERAL EMPLOYEE BUESGENS IS COVERED UNDER THE REHABILITATION ACT AND TITLE VII. AS A RETIRED EMPLOYEE BUESGENS IS COVERED UNDER THE AMERICANS WITH DISABILITIES ACT AND TITLE VII.

5. KELLEY'S MOTION TO DISMISS CLEARLY DEMONSTRATES HER REFUSAL TO READ OR ACKNOWLEDGE BUESGENS COMPLAINT AND ALL OF PRO SE PREVIOUS CORRESPONDENCE TO NTEU DEPUTY GENERAL COUNSEL BARBARA A. ATKIN, ANOTHER REASON WE ARE ON THE COURTS DOCKET.

SEE PAGE 36 OF PRO SE ORIGINAL COMPLAINT.

4

6. BUESGENS HAS FILED AN EEOC COMPLAINT.

7. BUESGENS HAS RECEIVED A RIGHT TO SUE LETTER FROM EEOC OFFICE OF FEDERAL OPERATIONS.

8. BUESGENS HAS EXHAUSTED ADMINISTRATIVE REMEDIES.

9. BUESGENS HAS THE REMEDY OF CIVIL ACTION.

10. BUESGENS HAS SET FORTH A DEFINITE STATEMENT ON CLAIMS.

11. BUESGENS HAS FILED A CLEAR AND CONCISE STATEMENT OF HIS CLAIMS.

12. BUESGENS CLAIMS ARE SUPPORTED.

5

13. THE FEDERAL LABOR RELATIONS AUTHORITY DOES NOT HAVE EXCLUSIVE JURISDICTION OVER DISCRIMINATION CLAIMS.

14. THE F.L.R.A. DID DISCRIMINATE AGAINST BUESGENS AND DID NOT INVESTIGATE BUESGENS CLAIMS.

15 THIS IS A NOTICE TO KELLEY AND SERVANTS THAT PRO SE WILL FILE A MOTION TO ADD PARTY (F.L.R.A.) WITH THE COURT.

6

## II. IN HER MOTION TO DISMISS DEFENDANT COMPLAINS OF THE FOLLOWING:

1. COURT LACKS JURISDICTION

2. THAT PLAINTIFF HAS CONCLUSORY ALLEGATIONS AND DEFENDANT DOES NOT.

3. THAT BUESGENS GENUINE MATERIAL FACTS ARE NOTHING MORE THAN A BREACH OF DUTY.

4. THAT IT WILL TAKE CONSIDERABLE TIME TO RESPOND TO PLAINTIFFS COMPLAINT UNLESS KELLEY CAN CONVINCE THE COURT THAT THE APPROPRIATE REMEDY IS MOTION TO DISMISS.

7

5. THAT IT WILL TAKE KELLEY AND HER SERVANTS SUBSTANTIAL TIME TO DETERMINE THE FACTUAL UNDERPINNINGS OF BUESGENS GENUINE MATERIAL FACTS, UNLESS KELLEY CAN FILE A MOTION TO DISMISS.

6. THAT KELLEY IS NOT SUBJECT TO THE REHABILITATION ACT.

7. BUESGENS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

8. RELIEF CANNOT BE GRANTED ON TITLE VII RETALIATION CLAIM.

9. THAT BUESGENS IS NOT COVERED UNDER TITLE VII.

10. THAT PLAINTIFF FAILED TO SET FORTH A DEFINITE STATEMENT ON ANY CLAIMS AND THAT KELLEY CAN DEFINITELY SET FORTH ALLEGATIONS IN HER MOTION TO DISMISS.

8

**11.** THAT BUESGENS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

**12.** THAT BUESGENS DID NOT FILE A CLEAR AND CONCISE STATEMENT, BUT KELLEY HAS NO PROBLEM FILING A CLEAR AND CONCISE MOTION TO DISMISS.

**13.** KELLEY LAYS DOWN SOME BOILERPLATE IN HER VERSION OF WHAT A STANDARD OF REVIEW IS.

**14.** THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ALL OF BUESGENS CLAIMS.

**15.** EVERYTHING BUESGENS SAYS IS PREEMPTED BY CIVIL SERVICE REFORM ACT, AND F.L.R.A. AND EEOC, AND NTEU, AND GOD.

9

16. THAT F.L.R.A. MISHANDLED AND MISREPRESENTED BUESGENS COMPLAINT AND WILL BECOME AN ADDITIONAL DEFENDANT.

17. KELLEY STATES THAT EVEN IF ALL OF BUESGENS CLAIMS (GARBAGE) WERE NOT PREEMPTED BY THE C.S.R.A. THE COURT MUST BE MINDFUL OF DOCKET CONTROL.

18. KELLEY STATES THAT SHE WILL HEDGE HER BETS WITH FOOTNOTES.

19. KELLEY STATES THAT BUESGENS COMPLAINT AGAINST HER IS NOT TIMELY SINCE IT BEGAN IN 2002 AND CONTINUES INTO 2006.

10

20. KELLEY CLAIMS THAT JUST BECAUSE BUESGENS RETIRED ON MEDICAL DISABILITY ON MARCH 7, 2005 DOES NOT INDICATE THAT HE FALLS OR FELL INTO A PROTECTED CLASS.

21. KELLEY DOESN'T WANT TITLE VII RETALIATION CLAIMS TO APPLY TO BUESGENS, IF INDEED HE IS DISABLED.

22. KELLEY DOES NOT WANT BUESGENS TO BE DISABLED UNDER ANY STATUTE.

23. KELLEY DOESN'T BELIEVE THAT THE PLAIN STATEMENTS PRO SE HAS PROVIDED HER THROUGHOUT 2005 SHOW THAT BUESGENS IS ENTITLED TO ANYTHING, EXCEPT MOTION TO DISMISS.

11

24. KELLEY STATES THAT BUESGENS HAS FAILED TO BE AS ARTICULATE AS KELLEY AND HER LEGAL DEPARTMENT.

25. KELLEY CLAIMS THAT UNDER THESE PATHETIC CONDITIONS THE COURT SHOULD GRANT KELLEY ABSOLUTION AND DECLARE HER INNOCENCE TO THE UNION MEMBERSHIP.

26. THE KELLEY LEGAL DEPARTMENT CONCLUDES THAT THE NTEU (COLLEEN KELLEY) DOES NOT DISCRIMINATE AGAINST THE MEMBERSHIP, AND THAT TITLE VII AMERICANS WITH DISABILITIES ACT, REHABILITATION ACT, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION REGULATIONS AND OFFICE OF PERSONNEL MANAGEMENT REGULATIONS ARE OF NO CONCERN TO NTEU.

12

**21** KELLEY LEGAL DEPARTMENT CLAIMS THE PRO SE LEGAL DEPARTMENT HAS VIOLATED FEDERAL CIVIL PROCEDURE RULES 4, 12 (a)(1)(B) 12 (a)(3), 8, 10, 12(b) 1 AND 6.

AND THAT THE KELLEY LEGAL DEPARTMENT HAS NOT VIOLATED ANY RULES.

**III**    CONCLUSION

THERE IS A DISPUTE OF GENUINE MATERIAL FACTS. THE COURT HAS JURISDICTION OVER BUESGENS CLAIMS OF DISCRIMINATION AGAINST KELLEY AND THE NATIONAL TREASURY EMPLOYEES UNION (NTEU). KELLEY HAS FAILED TO ALLEGE THE ESSENTIAL ELEMENTS OF A MOTION TO DISMISS.

13

IT IS INTERESTING TO NOTE THAT KELLEY'S MOTION TO DISMISS IS HER SERVANTS FIRST ATTEMPT TO ADDRESS BUESGENS ISSUES AND CLAIMS, SINCE 2002 AND CONTINUOUS THROUGH 2006.

BECAUSE OF KELLEY'S REFUSAL TO ADDRESS THE DISCRIMINATION CLAIMS BUESGENS HAD TO RESORT TO BRINGING A CIVIL ACTION IN THE DISTRICT OF COLUMBIA COURT AND THAT IS WHY WE ARE HERE TODAY.

AFTER REVIEWING KELLEY'S USELESS CITATIONS IN HER MOTION TO DISMISS BUESGENS HAS DECIDED NOT TO CONFUSE THE CLAIM WITH SIMILAR BOILER PLATE.

Michael Buesgens
MICHAEL L. BUESGENS

14

## CERTIFICATE OF SERVICE

I, MICHAEL L. BUESGENS, DO HEREBY
CERTIFY THAT ONE TRUE AND
CORRECT COPY OF PRO SE
MOTION TO DISMISS KELLEY'S
MOTION TO DISMISS HAS BEEN
SERVED BY U.S. MAIL, PRIORITY
CLASS ON THIS THE 21ST
DAY OF JANUARY, 2006
ADDRESSED TO:

L. PAT WYNNS
JULIE M. WILSON
NATIONAL TREASURY EMPLOYEES UNION
1750 H STREET, NW
WASHINGTON, DC 20006


MICHAEL L. BUESGENS
500 E. STASSNEY
APT 1023
AUSTIN, TEXAS 78745
512-447-7031

15

## ATTACHMENT

**IV** BUESGENS LETTER DATED
OCTOBER 5, 2005 TO NTEU
DEPUTY GENERAL COUNSEL,
BARBARA A. ATKIN.

THIS IS ONE OF MANY LETTERS
THAT BUESGENS SENT ATKIN
BEGINNING EARLIER IN 2005.

KELLEY'S MOTION TO DISMISS
CLAIMS SHE DOESN'T KNOW
AND CANNOT COMPREHEND BUESGENS
FACTUAL ALLEGATIONS.

BUESGENS RECEIVED KELLEY'S
FRIVOLOUS MOTION TO DISMISS
ON JANUARY 16, 2006.

OCTOBER 5, 2005

1

FLRA
CASE NO. DA-CO-05-0505

RE: NTEU, DEPUTY GENERAL COUNSEL
BARBARA A. ATKIN LETTER DATED
JULY 28, 2005.
COPY ATTACHED

1. TO:   BARBARA A. ATKIN
         DEPUTY GENERAL COUNSEL
         NTEU
         1750 H. STREET, NW
         WASHINGTON, DC  20006

2.       FLRA
         ATTN: JOHN BATES
         525 S. GRIFFIN ST.
         SUITE 926, LB 107
         DALLAS, TX  75202-5093

2

CASE NO.   AA-CO-05-0505

FROM:    MICHAEL L. BUESGENS
         500 E. STASSNEY
         APT 1023
         AUSTIN, TX  78745
         DATE: OCTOBER 5, 2005
         TELEPHONE: 512-447-7031

<u>CLASS ACTION REPRESENTATIVE</u>

NTEU MEMBER  ID: 0000225953

RE: <u>REQUEST FOR REPRESENTATION</u>

DEAR MISS ATKIN:

IN YOUR LETTER DATED JULY 28, 2005, YOU
MAKE THE FOLLOWING STATEMENTS

1. "NTEU STAFF ATTORNEYS ONLY <u>VERY</u>
<u>RARELY</u> PROVIDE REPRESENTATION TO
INDIVIDUALS IN JUDICIAL PROCEEDINGS,

3

CASE NO. DA-CO-05-0505


BECAUSE OF THE LIMITED NATURE OF
NTEU RESOURCES.

MICHAEL L. BUESGENS RESPONSE

THIS IS ONE OF THOSE VERY RARE
OCCASIONS

THIS LEGAL ACTION IS ABOUT A CLASS
OF INDIVIDUALS.

ADVERSE ACTIONS BY NTEU, DEPARTMENT
OF TREASURY, INTERNAL REVENUE SERVICE
OFFICIALS AGAINST FEDERAL EMPLOYEES
IN THE EEO COMPLAINT AND REASONABLE
ACCOMMODATION PROCESS WHERE NTEU
IS THE EXCLUSIVE REPRESENTATIVE


NTEU HAS LIMITED RESOURCES.
MICHAEL L. BUESGENS RESOURCES HAVE
LIMITATIONS.

4

CASE NO. DA-CO-05-0505


2. "NTEU MUST <u>DEDICATE</u> ITS STAFF TIME AND FINANCIAL RESOURCES TO THE <u>SMALL</u> <u>NUMBER</u> <u>OF</u> <u>CASES</u> THAT CAN HAVE THE <u>GREATEST IMPACT</u> <u>ON ITS MEMBERSHIP</u> <u>AS A WHOLE</u>"


<u>MICHAEL L. BUESGENS RESPONSE</u>

<u>IMPACT</u> HAPPENS TO BE ONE OF MICHAEL L. BUESGENS, AND THE CLASS ACTIONS GREATEST ISSUE

MICHAEL L. BUESGENS CLASS ACTION ASKS THAT YOU CONSIDER THE <u>IMPACT</u> OF FILING AN EEO COMPLAINT WITH NO REPRESENTATION OR BY REPRESENTATIVES THAT LACK THE KNOWLEDGE AND SKILLS REQUIRED IN THE EEO PROCESS

5

CASE NO. DA-CO-05-0505

NTEU UNION STEWARDS WHO VIEW
THEMSELVES AS VOLUNTEER REPRESENTATIVES
IN A PROCESS THEY KNOW VERY
LITTLE ABOUT.

IT IS INTERESTING TO NOTE THAT
UNION STEWARDS DO NOT VIEW THEMSELVES
AS VOLUNTEERS IN THE GRIEVANCE
PROCESS.

MISS ATKINS THE UNION STEWARDS
ATTITUDE AND LACK OF KNOWLEDGE
IS A DIRECT RESULT OF YOUR ADVERSE
ACTIONS AGAINST THE MEMBERSHIP.
(EEO COMPLAINANTS)

THE IMPACT

EEO COMPLAINANTS THAT HAVE LITTLE
TO NO KNOWLEDGE OF STATUTE AND
REGULATIONS

6

CASE NO.  DA - CO - 05-0505

EEO COMPLAINANTS THAT DON'T EVEN
KNOW THEY ARE IN THE LEGAL
AREUA AND THE <u>ULTIMATE</u> <u>IMPACT</u>
DISCIPLINE, DEMOTIONS, JOB LOSS,
SICK LEAVE

MISS ATKIN DO YOU VIEW THESE
ISSUES AS <u>IMPACTING</u> THE MEMBERSHIP
AS WHOLE?

<u>THE SYSTEM IMPACT</u>

OVERLAPPING STATUTES AND REGULATIONS
A CONFUSING <u>IMPACT</u> ON THE EEO
COMPLAINANT AND UNION STEWARDS
AND UNION MANAGEMENT.

PRE-COMPLAINT, FORMAL COMPLAINT,
ADMINISTRATIVE HEARING, EEOC APPEALS,
EEOC RECONSIDERATION, CIVIL LAWSUIT

INTERLOCKING AGENCIES, MSPB

7

CASE NO.  OA-CO-05-0505

THE REASONABLE ACCOMMODATION AND
COLLECTIVE BARGAINING AGREEMENT
IMPACT.

MISS ATKIN WHAT IS NTEU POSITION
ON REASONABLE ACCOMMODATION AND
JOB VACANCIES?

MISS ATKIN DO YOU KNOW WHAT
OPM REGULATIONS AND EEOC
REGULATIONS REQUIRE?

THE UNION STEWARDS DO NOT KNOW.

MISS ATKIN WHO ENFORCES OPM
AND EEOC REGULATIONS AND WHAT
IS NTEU DUTY HERE?

MICHAEL L. BUESGENS CLASS ACTION
ALLEGES BREACH OF DUTY BY NTEU
ON THESE ISSUES.

8

CASE NO. DA-CO-05-0505

ONCE MORE

WHAT IS NTEU POSITION ON
REASONABLE ACCOMMODATION AND
NTEU COLLECTIVE BARGAINING AGREEMENT
AND VACANCY ANNOUNCEMENTS?


WHAT IS THE IMPACT TO A CLASS
(A HUGE CLASS) OF NTEU MEMBERS
THAT ARE ABUSED IN THE REASONABLE
ACCOMMODATION PROCESS?

THE NTEU EXCLUSIVE BARGAINING
AGREEMENT IS VIOLATED WITH
IMPUNITY AND CHANGES THE
WORKING CONDITIONS OF THE
MEMBERSHIP.


THIS CLASS ACTION ALLEGES THAT
NTEU HAS ACTED ARBITRARILY
DISCRIMINATORILY AND IN BAD FAITH
AGAINST THE MEMBERSHIP.

9

CASE NO. DA-CO-0505

THE ADA EXPRESSLY INCLUDES
UNIONS AS COVERED ENTITIES

IS THE NTEU COLLECTIVE BARGAINING
AGREEMENT RELEVANT IN DETERMINING
WHETHER AN ACCOMMODATION IS
APPROPRIATE AND REASONABLE?

WHO IS RESPONSIBLE FOR IMPLEMENTING
A REASONABLE ACCOMMODATION?

DOES NTEU HAVE ANY INTEREST
IN THE MEMBERSHIPS REASONABLE
ACCOMMODATION?

DOES NTEU HAVE ANY ENFORCEMENT
OBLIGATIONS?

FOR EXAMPLE:
AT LEAST NTEU COULD REQUEST ENFORCEMENT
OF EEOC AND OPM REGULATIONS.

10

CASE NO. OA-CO-0505

THE ADA FORBIDS UNIONS, AS COVERED
ENTITIES FROM DISCRIMINATING
AGAINST DISABLED EMPLOYEES.

MICHAEL L. BUESGENS CLASS ACTION
REQUIRES THE FOLLOWING ACTIONS
BE IMPLEMENTED BY NTEU AND DEPARTMENT
OF TREASURY

1. THAT NTEU AND TREASURY USE THE
BALANCED APPROACH WHEN EXAMINING
THE FACTORS DICTATED BY A
REASONABLE ACCOMMODATION REQUEST.

2 WHEN AN EMPLOYEE IS NO LONGER ABLE
TO PERFORM AN ESSENTIAL FUNCTION OF
HIS JOB, THAT EMPLOYEE MUST BE
ALLOWED TO TRANSFER TO ONE OF
FREQUENT JOB VACANCIES THAT ARE
AVAILABLE IN VACANCY ANNOUNCEMENTS

11

CASE NO. DA-CO-0505

FOR WHICH THE EMPLOYEE QUALIFIES
FOR WITH OR WITHOUT A REASONABLE
ACCOMMODATION, BARRING AN UNDUE
HARDSHIP (WHICH WOULDN'T BE THE
CASE AT TREASURY, BUT IT WILL CERTAINLY
BE CLAIMED)

3. NTEU AND TREASURY MUST CONSIDER
   THAT A DISEASE MIGHT IMPACT
   ONE PERSON IN A WAY THAT REQUIRES
   AN APPROPRIATE ACCOMMODATION AND
   NOT HAVE SUCH A IMPACT ON ANOTHER
   INDIVIDUAL.

4. I'M PUTTING THIS ONE LAST BECAUSE
   IT HAS THE LEAST IMPACT
   ENFORCE THE ADA AND REHABILITATION
   ACT STATUTES AND EEOC AND
   REGULATIONS, MAYBE THE NTEU
   COLLECTIVE BARGAINING AGREEMENT.
   NOT SURE THAT APPLIES.

12

CASE NO. DA-CO-0505

IT is INTERESTING TO NOTE THAT it
is LEGAL TO EXCEED THE MINIMUM
REQUIREMENT

I THINK THIS MIGHT BE CALLED
AFFIRMATIVE ACTION, BUT JUST
LIKE EEOC GUIDELINES NOBODY
AT TREASURY PAYS ATTENTION TO THAT

THE COMPARATIVE

THE PERSON INSIDE ME NOW is
REFERRING TO MISS ATKIN LETTER
DATED JULY 28, 2005

" DEDICATE NTEU RESOURCES TO THE
GREATEST IMPACT "

13

CASE NO. DA-CO-0505


UNITED STATES COURT OF APPEALS
FEDERAL CIRCUIT
PETITIONERS
V.
INTERNAL REVENUE SERVICE
NO. 01-3385
JAN 8, 2003

314 F. 3d 1367


THERE IS NOT MUCH TO COMPARE HERE
BUT I WILL TRY


NTEU GOES TO COURT TO DEFEND
SEASONAL EMPLOYEES RIGHT NOT TO
BE FURLOUGHED FOR 2 WEEKS.


I WAS A SEASONAL EMPLOYEE


THE GRAVITY OF IMPACT ON THE RICHTER
SCALE OF A 2 WEEK FURLOUGH VERSUS
FAILED REASONABLE ACCOMMODATION AND

14

CASE NO. DA-CO-0505

LEGAL NIGHTMARES IN THE EEO
COMPLAINT PROCESS IS NOT COMPARABLE.

HOWEVER, MICHAEL L. BUESGENS DOES
HAVE SOME OBSERVATIONS

1. NOTICE ALL THESE SEASONAL EMPLOYEE
PETITIONERS.

NTEU IS QUITE CAPABLE OF ASSEMBLING
THE DISENFRANCHISED, SO THERE
WILL BE NO PROBLEM (UNDUE HARDSHIP) FOR
NTEU TO PUT TOGETHER THE EEO
MULTITUDE.

2. THE REFERENCES TO OPM REGULATIONS,
AS YOU MAY RECALL MICHAEL L BUESGENS
SPOKE OF THIS UNTIMELY ISSUE BEFORE.

THIS CASE IS LITTERED WITH OPM
REFERENCES.

15

CASE NO. DA-CO-0505

WHAT DOES THIS MEAN?

I WILL TRY AND ANSWER THAT

NTEU DOESN'T KNOW OPM REGULATIONS
AND THEIR <u>IMPACT</u> ON FEDERAL
EMPLOYEES.

INTERNAL REVENUE SERVICE
AUSTIN, TEXAS
AND
NTEU CHAPTER 72
0-AR-3486
MAY 16, 2003

58 F.L.RA. 546

16

CASE NO. OA-CO-0505

F.L.R.A.
IN THIS CASE NTEU CLAIMS "THE
GRIEVANT TOLD THE AGENCY THAT
THE ACCOMMODATION WAS INEFFECTIVE."

"HOWEVER THE UNION HAS PROVIDED NO
EVIDENCE TO SUPPORT THIS CLAIM."

1 WHY DIDN'T THE UNION PRESENT EVIDENCE?

"
MORE IMPORTANTLY, THE UNION HAS
NOT ESTABLISHED HOW A CLAIM THAT
AN ACCOMMODATION IS INEFFECTIVE
STANDING ALONE, SUPPORTS A CONCLUSION
THAT THE ACCOMMODATION IS, IN FACT
OR LAW, ACTUALLY UNREASONABLE"

2 HERE THE ISSUES ARE THE USE
OF THE FOLLOWING WORDS BEST
ACCOMMODATION, NO PROBLEM WITH
ACCOMMODATION, BUT CHANGE THE WORD
BEST TO APPROPRIATE

17

CASE NO. DA-CO-0505

THE WORDS EFFECTIVE AND INEFFECTIVE
MUST BE CHANGED TO APPROPRIATE
AND INAPPROPRIATE

THE WORDS REASONABLE AND UNREASONABLE.
HERE AGAIN THE UNION (NTEU) IS
NOT KNOWLEDGABLE IN EEOC REGULATIONS
AND GUIDELINES AND OPM REGULATIONS
TO ADEQUATELY PRESENT THEIR
CASE.

FACTS - NON FACTS - BELIEFS
THE UNION DID NOT DEVELOP THE CASE
TO PRESENT THE EVIDENCE

ALSO VACANCY IS MENTIONED, AND
HERE AGAIN THE NTEU MISSED AN
OPPORTUNITY TO ASSERT THE AFFIRMATIVE

18

CASE NO. DA-CO-0505

MICHAEL L. BUESGENS, CLASS ACTION REPRESENTATIVE HAS THE FOLLOWING QUESTIONS

1. WHO REPRESENTED THE GRIEVANT FROM BEGINNING TO END?

2. WAS THE GRIEVANT THREATEN OR FORCED TO MAKE CHANGES TO THEIR MEDICAL REPORT OR COERCED UNDER THREAT OF TERMINATION?

3. WHO DECIDED THERE WERE NO VACANCIES AVAILABLE AND WHAT EVIDENCE IS THERE TO SUPPORT THIS?

4. WHAT DID NTEU DO TO FIND APPROPRIATE VACANCIES?

5. WHAT HAPPENED TO THE GRIEVANT IS HE STILL EMPLOYED AT THE IRS?

19

CASE NO. DA-CO-0505

## CONCLUSION

IT'S A CRAP SHOOT AND TRYING TO WING IT ?

MISS ATKIN    MICHAEL L. BUESGENS IS REQUESTING APPOINTMENT OF COUNSEL NOW, DUE TO THE SUBSTANTIAL LOSS OF DUE PROCESS RIGHTS THAT HAS BEEN IN FAILURE SINCE 2002.

*Michael A Buesgens*
*October 5, 2005*

ENCLOSURES:
1. MISS ATKINS LETTER
2. 314 F. 3d 1367
3. 58 F.L.R.A. 546