IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                         )
                                            )
            Plaintiff,                      )
                                            )
        v.                                  )   Case No. 1:05CV02334
                                            )   Judge: Royce C. Lamberth
MARCIA H. COATES, <u>et al</u>.            )
DIRECTOR,                                   )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY                      )
                                            )
            and                             )
                                            )
COLLEEN M. KELLEY,                          )
NATIONAL PRESIDENT,                         )
NATIONAL TREASURY EMPLOYEES UNION  )
                                            )
            Defendants.                     )
_____)

## DEFENDANT KELLEY'S REPLY MEMORANDUM TO BUESGENS'S OPPOSITION TO HER MOTION TO DISMISS

In the memorandum in support of her motion to dismiss,
filed on January 13, 2006, defendant Colleen M. Kelley (Kelley)
demonstrated that all of the claims brought by Michael L.
Buesgens (Buesgens) against defendant Kelley must be dismissed.
Buesgens's opposition to Kelley's motion to dismiss consists of
conclusory statements unsupported by either legal authority or
the documentary evidence he has submitted in this case.
Buesgens has thus failed to demonstrate why Kelley's motion
should not be granted.

Defendant Kelley submits this reply for the limited purpose of responding to certain erroneous legal or factual assumptions that form the basis for Buesgens's conclusory statements.

1.     The Federal Labor Relations Authority has exclusive jurisdiction over claims that the Union has violated its duty of fair representation.  Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 529-36 (1989).  As discussed in detail in Kelley's Dismissal Memo, Buesgens's claims against defendant Kelley are nothing more than claims that the National Treasury Employee Union (NTEU) failed to represent him fairly and properly, and should accordingly be dismissed for lack of jurisdiction by this Court.

2.     Buesgens is a retired federal employee and is covered by the Rehabilitation Act with respect to disability discrimination claims against a federal employer.  29 U.S.C. § 794.  Neither defendant Kelley nor NTEU can be sued under the Rehabilitation Act.

3.     NTEU is subject to suit under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).  Buesgens, however, has failed to exhaust his administrative remedies with regard to any purported discrimination claim under Title VII or the ADA.  Therefore, his complaint against the defendant Kelley should be dismissed.  29 C.F.R. § 1614.105; 42 U.S.C. § 12117.

**a.**    Assuming that Buesgens falls within one of the classes protected by Title VII, which defendant Kelley disputes (see Dismissal Memo at 12-13), Buesgens has not filed a Title VII claim against the Union with the appropriate administrative agency.

**b.**    Buesgens's complaint does not allege discrimination under the ADA; he first claims discrimination under the ADA in his opposition to defendant Kelley's motion to dismiss.  See Opp. Memo. at 2,3,11.  Moreover, Buesgens has not filed a disability discrimination claim against the Union with the appropriate administrative agency.

**c.**    Although Buesgens recently filed a charge against NTEU with the Equal Employment Opportunity Commission (EEOC), that charge does not include the allegations asserted in this complaint.  See Dismissal Memo, Att. 2.

**d.**    Further, while Buesgens alleges that he received a right-to-sue letter from the EEOC Office of Federal Operations (Opp. Memo. at ¶7), such a letter only gives the complaining party the right to sue a federal agency.  Thus, a letter from the Office of Federal Operations does not amount to an exhaustion of administrative remedies as to any claims against defendant Kelley or NTEU.

WHEREFORE, defendant Kelley respectfully requests that this Court dismiss with prejudice all of Buesgens's claims against her.

Respectfully submitted,

GREGORY O'DUDEN
General Counsel
Bar No. 254862

L. PAT WYNNS
Associate General Counsel for
   Appellate Litigation
Bar No. 257840

JULIE M. WILSON
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley