UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-2334 (RCL) |
| ) | |
| MARCIA H. COATES, Director, ) | |
| Office of Equal Opportunity Program ) | |
| U.S. Department of the Treasury, ) | |
| ) | |
| CARI M. DOMINGUES, Chairman, ) | |
| Equal Employment Opportunity Comm., ) | |
| ) | |
| KAY COLES, Director, ) | |
| Office of Personnel Management, ) | |
| ) | |
| JOHN W. SNOW, Secretary ) | |
| Department of Treasury, ) | |
| ) | |
| J. RUSSELL GEORGE, Inspector General ) | |
| Treasure Insp. General for Tax Admin., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' MOTION TO DISMISS OR FOR TRANSFER OF VENUE**

Defendants respectfully move to dismiss this case for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, or in the alternative defendants move to transfer this case to the Western District of Texas, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a). In support of this Motion, defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and the attached declaration of Michael L. Salyards, Acting Area Counsel for General Legal Services for the Department of Treasury, Internal Revenue Service, in Dallas, Texas, and a proposed order.

Plaintiff should take notice that to the extent that this Motion is treated as one for summary judgment, any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).[1]

                    Respectfully submitted,

                      s/
                    KENNETH L. WAINSTEIN, D.C. BAR # 451058
                    United States Attorney

                      s/
                    R. CRAIG LAWRENCE, D.C. BAR # 171538
                    Assistant United States Attorney

                      s/
                    KAREN L. MELNIK, D.C. BAR # 436452
                    Assistant United States Attorney
                    United States Attorney's Office
                    Civil Division
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 307-0338

---

[1] Defendant has attached two exhibits for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over Plaintiff's claims and whether venue is proper in this District.  It is well established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-2334 (RCL) |
| ) | |
| MARCIA H. COATES, Director, ) | |
| Office of Equal Opportunity Program ) | |
| U.S. Department of the Treasury, ) | |
| ) | |
| CARI M. DOMINGUES, Chairman, ) | |
| Equal Employment Opportunity Comm., ) | |
| ) | |
| KAY COLES, Director, ) | |
| Office of Personnel Management, ) | |
| ) | |
| JOHN W. SNOW, Secretary ) | |
| Department of Treasury, ) | |
| ) | |
| J. RUSSELL GEORGE, Inspector General ) | |
| Treasure Insp. General for Tax Admin., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR FOR TRANSFER OF VENUE**

In plaintiff's fifty-page, handwritten complaint, it appears that plaintiff is dissatisfied with the handling of his EEO complaint which was filed in Texas. Specifically, plaintiff states that "the central issue in this case is the continuing and the endemic systemic leadership condoned (defendants) that put EEO complainants in harms way, and a substantial loss in due process rights." See Complaint at p. 23. Plaintiff currently lives in the State of Texas. See Complaint at p. 1. On April 5, 2005, plaintiff filed a Complaint in the United States District Court for the

Western District of Texas alleging violations of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.); the Rehabilitation Act of 1973 (29 U.S.C. § 206(d)); and retaliation. See Texas Complaint (attached hereto as Exhibit 1). On May 31, 2005, plaintiff filed an Amended Complaint alleging that the processing of EEO complaints is not neutral and is biased toward the Department of Treasury. See Texas Amended Complaint (attached hereto as Exhibit 2).

This case should be dismissed because the Court lacks subject matter jurisdiction over plaintiff's claims; plaintiff's claims arise from the same set of fact as his lawsuit pending in the Western District of Texas. In addition, an alleged failure to process an EEO claim properly is not actionable under Title VII. Title VII does not create an independent cause of action for the mishandling of an employee's discrimination complaints.

Moreover, this case should be dismissed, or in the alternative transferred to the Western District of Texas, because the claims arose in that district and because the relevant employment records and witnesses are located in that district. Plaintiff did not work in the District of Columbia, the action he complains of did not happen in the District of Columbia, and as shown in the attached declaration, plaintiff's employment records are not kept in this district. Accordingly, the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars plaintiff from proceeding with his lawsuit in this District. This Court should dismiss this action pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), or in the alternative transfer it to the Western District of Texas pursuant to 28 U.S.C. § 1404(a) or 1406(a).

## BACKGROUND

Plaintiff was employed by the Internal Revenue Service ("IRS"), Wage & Investment Division, as a seasonal GS-0962-08 Contact Representative in Austin, Texas. See Declaration

of Michael Salyards ("Salyards Decl.") (attached hereto as Exhibit 3) at ¶ 2.  Plaintiff began his employment with the IRS on October 22, 1990, and worked in Austin, Texas his entire IRS career.  See id.  Plaintiff retired from the IRS on disability on March 7, 2005.  See id.  On April 5, 2005, plaintiff filed a Complaint in the United States District Court for the Western District of Texas alleging reprisal for EEO activity and failure to provide reasonable accommodation for a mental disability (depression).  See Exhibit 1.  Plaintiff filed three administrative EEO complaints concerning these issues that were consolidated before the Equal Employment Opportunity Commission ("EEOC") into a single hearing.  See Salyards Decl. at ¶ 5.  EEOC Administrative Judge Robert Powell issued a bench decision on January 21, 2004, finding no discrimination.  See id.  A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004.  See id.  Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004.  See id.  A request for reconsideration was also denied on February 18, 2005.  See id.

On May 31, 2005, plaintiff filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints and holding administrative hearings before the EEOC judges is not neutral and is biased toward the agency.  See Salyards Decl. at ¶ 7.  On December 6, 2005, plaintiff filed a Motion to Supplement the Record with Additional Complaint to assert a claim under the Freedom of Information Act against the Department of Treasury seeking damages for the agency's handling of an alleged FOIA request.  See id.

Plaintiff filed this lawsuit on December 5, 2005.  While plaintiff's Complaint in this District is confusing, plaintiff seems to be dissatisfied with the EEO process in Texas.  Plaintiff

states that "[t]he EEO complaint process 'in house' investigations, administrative hearings, OPM oversight and TIGTA investigations are a <u>farce and a mockery</u> of Congress intent in creating the Civil Rights Act and the Rehabilitation Act." <u>See</u> Complaint at 26 (emphasis in original).  For the reasons that follow, plaintiff's lawsuit should be dismissed because (1) the Court lacks subject matter jurisdiction over plaintiff's claims, and (2) plaintiff fails to state a claim upon which relief can be granted.  Finally, this case should be dismissed for improper venue or, in the alternative, transferred to the Western District of Texas,

## ARGUMENT

### I.     Legal Standard

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." <u>Thompson v. Capitol Police Board</u>, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." <u>Rann v. Chao, Dep't. of Labor</u>, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), <u>affirmed</u>, 346 F.3d 192 (D.C. Cir. 2003), <u>cert. denied</u>, 125 S.Ct. 35 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." <u>Thompson</u>, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. <u>Herbert v. National Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to

determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. In connection with this rule, defendants have submitted herewith materials from plaintiff's cases before the Western District of Texas and a declaration concerning venue.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the "Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing* Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). The Court must resolve all factual doubts in favor of the Plaintiff and allow the Plaintiff the benefit of all inferences. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in Plaintiff's favor. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Kowal, 16 F.3d at 1276. Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts. Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996). Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; *see also* Papasan v. Allain, 478 U.S. 265, 286 (1986).

**II.     This Court Lacks Subject Matter Jurisdiction Over This Case.**

Plaintiff's claims in this District arise from the same set of facts as the lawsuits he has filed in the Western District of Texas. As noted above, plaintiff's Texas Amended Complaint alleges that the Department of Treasury's administrative system for processing EEO complaints and holding hearings before the EEOC judges is not neutral and is biased toward the agency. The United States Court of Appeals for the District of Columbia Circuit noted that: "separate parallel proceedings have been long recognized as a judicial inconvenience." Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided")). Where two actions involving the same parties and identical issues are pending in <u>different</u> federal district courts, the United States Supreme Court has stated that the "general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations omitted).

That is exactly the situation here. The Court should dismiss this case in order to avoid the unnecessary time and expense of litigating the same claim between the same parties in two different districts. In addition, dismissal would prevent the potential that juries may reach inconsistent results if the claims proceed in two separate cases. The Court may, in its discretion, dismiss a case that is also raised in another proceeding. Handy, 325 F.3d at 350-51.[2]

---

[2] Handy involved review of the District Court's dismissal of a lawsuit also brought in D.C. Superior Court and noted that federal courts should decline jurisdiction over such cases only in "exceptional circumstances." Here, however, Plaintiff brought similar claims in parallel federal lawsuits in two different districts. Consistent with the D.C. Circuit's direction, here the Court should dismiss the claims in this case that currently are pending in earlier-filed actions in

**III.  Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted**

The essence of plaintiff's lengthy Complaint is his dissatisfaction with the EEO process in Texas.  For example, he states that "for the EEO complainant, the system is a bewildering array of complex procedures that is an obstacle for legitimate claims, providing refuge and protection for the incompetent and biased agency officials."  See Complaint at p. 27 (emphasis in original).  Similarly, plaintiff states that "the defendant's application of the system is not legal, fair, efficient or user friendly."  See id.

An alleged failure to process an EEO claim properly is not actionable under Title VII.  Stewart v. Evans, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (dissatisfaction with agency's handling of EEO complaint is not an adverse action); Kilpatrick v. Riley, 98 F. Supp. 2d 9, 24 (D.D.C. 2000) ("untimely decision on Mr. Kilpatrick's 1997 EEO complaint does not constitute an actionable adverse personnel action within the meaning of Title VII"); Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990) (only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates only a cause of action for discrimination.  It does not create an independent cause of action for the mishandling of an employee's discrimination complaints."), aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992).  See also Anthony v. Bowen, 848 F.2d 1278 (D.C. Cir. 1988) (denying claim for attorney's fees under Title VII where fees were incurred to challenge processing of EEO complaint), cert. denied, 489 U.S. 1011 (1989).

---

the Western District of Texas.

Plaintiff's only available relief relating to his underlying discrimination and retaliation claims is to file a complaint in the Western District of Texas (which he has done) seeking a trial de novo, as Title VII does not permit plaintiff to challenge the processing of his EEO claims. Accordingly, plaintiff's Complaint fails to state a claim and should be dismissed.

### IV. This Action Should Be Dismissed Or Transferred For Improper Venue.

Title VII's venue provision is 42 U.S.C. § 2000e-5(f)(3). That provision sets forth the exclusive requirements for venue in Title VII actions. See Stebbins v. State Farm Mut. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title VII] was limited by the statute which created the right."). Section 2000e-5(f)(3) provides that Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice are maintained and administered"; (3) where plaintiff "would have worked but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal office" (but only if defendant "is not found" in any of the three preceding districts). The District of Columbia does not meet any of the four conditions for venue.

First, the alleged unlawful employment practice was not committed in this district. Plaintiff was employed by the Internal Revenue Services as a seasonal Contact Representative in Austin, Texas. See Salyards Decl. at ¶ 2. Second, none of plaintiff's employment records are maintained and administered in the District of Columbia. See id. at ¶ 4. Plaintiff's relevant employment records are located in the Western District of Texas. See id. at ¶ 3. In addition, the relevant management witnesses in this case are located in the Western District of Texas. Id. Third, as noted above, plaintiff would not have worked in this District at the time period

identified in the Complaint. See Salyards Decl. at ¶ 2. Fourth, plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because defendant's principal office is located in this District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. See Stebbins, 413 F.2d at 1103 ("Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his principal office.'"). In the present case, defendant can be "found" and subject to suit in the Western District of Texas, where plaintiff worked before he retired. Accordingly, pursuant to 28 U.S.C. § 1406(a), this case should either be dismissed or, should this Court determine it to serve the interest of justice, transferred to the Western District of Texas.

V. **Even If Venue Were Proper In This District, This Case Should Be Transferred For Convenience And In The Interest Of Justice.**

The preceding argument demonstrated that venue is not proper in the District of Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). In the alternative, if the Court were to determine that venue is proper here under the standards set forth in Title VII, this case should nevertheless be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). That provision authorizes the Court to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice. See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996). Each of these conditions is satisfied in the present case.

Plaintiff may properly have brought this action in the Western District of Texas, where plaintiff worked at all relevant times, pursuant to the third prong of the Title VII venue statute in § 2000e-5(f)(3).  Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Western District of Texas.  "Although Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer."  See Claasen at *6 (holding that where plaintiff lived "in close proximity" to alternative forum, it was "of relatively minor importance" that plaintiff's lawyers maintained an office in the District of Columbia, and ordering that case be transferred).

In addition, plaintiff's choice of forum is entitled to less weight when, as here, that forum is outside of plaintiff's home jurisdiction.  Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989).  Plaintiff lives in Texas. Many of the witnesses and agency officials with knowledge about plaintiff's allegations are located in the Western District of Texas, and the relevant employment records are also located in the Western District of Texas.  See Salyards Decl. at ¶¶ 2-3.  Thus, the convenience of the parties and witnesses would be better served in the Western District of Texas and transfer is in the interest of justice.

## CONCLUSION

The Court should either dismiss this action or transfer it to the Western District of Texas.

Respectfully submitted,

   s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

   s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

                                          s/
                               KAREN L. MELNIK, D.C. BAR # 436451
                               Assistant United States Attorney
                               United States Attorney's Office
                               Civil Division
                               555 4th Street, N.W.
                               Washington, D.C. 20530
                               (202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 27, 2006, I served a copy of the foregoing Defendants' Motion to Dismiss or for Transfer of Venue, a supporting memorandum, and a proposed Order by first class mail, postage pre-paid, to the following:

>Michael L. Buesgens
>500 E. Stassney
>Apt. 1023
>Austin, Texas 78745

>_____
>KAREN L. MELNIK, D.C. Bar #436451
>Assistant United States Attorney
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 307-0338