FILED
AUSTIN DIVISION

2005 MY 31  AM 9:40

U.S. CLERKS OFFICE

BY: _____
DEPUTY

United States District Court
Western District of Texas
Austin Division

Michael L. Buesgens
    Plaintiff                    Case Number  A05CA243 SS
        V
John W. Snow, Secretary of the Treasury
    Defendant

Notice of Amended Complaint as a Matter of Course

From:   Michael L. Buesgens, Pro Se
        500 E. Stassney
        Apt 1023
        Austin, TX 78745
        Phone  512-447-7031

To All Parties and Their Attorneys of Record

Attached to this notice is a true and correct copy
of the Amended Complaint that Michael L. Buesgens
filed in this action as a matter of course pursuant
to the Federal Rules of Civil Procedure.
The attached complaint was filed with the court
on May 31, 2005

Dated  May 31, 2005
        By Michael R Buesgens, Pro Se

MICHAEL L. BUESGENS

    PLAINTIFF          CASE NUMBER  A05CA243 SS

       V.

JOHN W. SNOW, SECRETARY OF THE TREASURY

    DEFENDANT

# CONTENTS

I.   AMENDED COMPLAINT

II.   SELECTED JURISDICTION        1-5

III.   RELIEF REQUESTED

IV.   HISTORY OF EFOC AND COURT ACTIONS    1-9

V.   INTRODUCTION

VI.   THE PARTIES        1-8

VII.   CAUSES OF ACTION      1-14

VIII.   FACTUAL ALLEGATIONS     1-3

    DIRECT STATEMENTS FROM EEO INVESTIGATIVE REPORTS
    DIRECT STATEMENTS FROM ADMINISTRATIVE HEARING
      4-114

MICHAEL L. BUESGENS
         PLAINTIFF                    CASE NUMBER A05CA243 SS
                  V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
         DEFENDANT


## RELIEF REQUESTED

1. COMPENSATORY DAMAGES
2. PUNITIVE DAMAGES
3. FUTURE PECUNIARY LOSSES
4. SUFFERING
5. INCONVENIENCE
6. MENTAL ANGUISH
7. LOSS OF ENJOYMENT OF LIFE
8. MAJOR LIFE ACTIVITY IMPAIRMENT
9. OTHER NON PECUNIARY LOSSES
10. A JURY TRIAL
11. ANY OTHER LOSSES THIS COURT DEEMS
    JUST AND PROPER.

MICHAEL L. BUESGENS

    PLAINTIFF       CASE NUMBER A05CA243 SS

      V.

JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

      HISTORY OF EEOC AND COURT ACTIONS

1. PLAINTIFF FILED A COMPLAINT WITH EEOC
ON OCTOBER 18, 2002   CASE NUMBER 03-2024

2. PLAINTIFF FILED A COMPLAINT WITH THE EEOC
ON APRIL 28, 2003   CASE NUMBER 03-2339

3. PLAINTIFF FILED A COMPLAINT WITH THE EEOC
ON JULY 1, 2003   CASE NUMBER 03-2446

4. PLAINTIFF HAD A HEARING VIA TELEPHONE IN
AUSTIN, TEXAS BEFORE THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION WITH HONORABLE ROBERT
L. POWELL ADMINISTRATIVE JUDGE, SAN ANTONIO,
TEXAS ON DECEMBER 16, 2003

5. PLAINTIFF APPEALED THE ADMINISTRATIVE JUDGE'S
DECISION WITH THE EEOC AND RECEIVED A DENIAL
ON DECEMBER 29, 2004 WITH RECONSIDERATION RIGHTS.

MICHAEL L. BUESGENS

     PLAINTIFF        CASE NUMBER A05CA243 SS

     V.

JOHN W. SNOW, SECRETARY OF THE TREASURY

     DEFENDANT

6. PLAINTIFF RECEIVED A LETTER FROM SUPERVISORY ADMINISTRATIVE JUDGE KATIE DUDERSTADT ON DECEMBER 31, 2003 STATING YOU MAY WANT TO NOTE YOUR DISSATISFACTION WITH THE HEARING PROCESS IF YOU APPEAL THE AGENCY'S FINAL ORDER. FOR YOUR CONVENIENCE, I HAVE ENCLOSED A COPY OF THE NOTICE TO THE PARTIES.

7. PLAINTIFF RECEIVED A LETTER DATED FEBRUARY 18, 2005 FROM THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION. A DENIAL OF RECONSIDERATION AND A RIGHT TO FILE A CIVIL ACTION.

8. PLAINTIFF FILED IN FORMA PAUPERIS AND APPOINTMENT OF COUNSEL WITH THE UNITED STATES DISTRICT COURT, AUSTIN DIVISION ON APRIL 9, 2005.

9. PLAINTIFF FILED LAWSUIT AGAINST DEFENDANT ON MAY 9, 2005.

MICHAEL L BUESGENS
    PLAINTIFF              CASE NUMBER A05CA243SS
       V

JOHN W. SNOW, SECRETARY OF THE TREASURY
   DEFENDANT

   THIS ACTION IS BROUGHT BY MICHAEL L. BUESGENS, PLAINTIFF,
PURSUANT TO THE FOLLOWING SELECTED JURISDICTION.

  1.   TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

  2.   THE AMERKIANS WITH DISABILITIES ACT

  3.   THE REHABILITATION ACT OF 1974

  4.   THE FEDERAL MEDICAL LEAVE ACT

  5.   THE PRIVACY ACT

MICHAEL L. BUESGENS

    PLAINTIFF               CASE NUMBER A05CA243 SS

     V.

JOHN W. SNOW, SECRETARY OF THE TREASURY

    DEFENDANT


## INTRODUCTION

THIS LAWSUIT ARISES FROM ADVERSE ACTIONS COMMITED
BY THE AGENCY AND ITS EMPLOYEES IN THE OFFICIAL
PERFORMANCE OF THEIR DUTIES AND IS A CONTINUATION
OF VIOLATIONS FROM 2002 THRU 2005. THE AGENCY
EMPLOYEES ARE I.R.S. SUPERVISORS, AGENCY LABOR RELATIONS,
AGENCY EEO EMPLOYEES.

THE PLAINTIFF ASSERTS THAT THE DEFENDANTS
DISCRIMINATED AGAINST HIM ON THE BASIS OF HIS MENTAL
(IMPAIRMENT) ILLNESS AND FAILED TO OFFER HIM A
REASONABLE ACCOMMODATION.

THE PLAINTIFF ASSERTS HE WAS RETALIATED AGAINST AND
SUBJECT TO A HOSTILE WORK ENVIRONMENT.

THE PLAINTIFF ASSERTS THAT THE ADVERSE ACTIONS IN
THE WORKPLACE CAUSED HIS CONSTRUCTIVE DISCHARGE
BY MEDICAL DISABILITY RETIREMENT ON MARCH 7, 2005

THE PLAINTIFF ASSERTS THAT HE WAS RETALIATED AGAINST
FOR REQUESTING MEDICAL LEAVE UNDER THE FMLA ACT
IN 2004.

MICHAEL L. BUESGENS
   PLAINTIFF          CASE NUMBER A05CA243 SS
      V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
   DEFENDANT

THE PLAINTIFF ASSERTS THAT HIS MEDICAL RECORDS
WERE IMPROPERLY OBTAINED AND UNSECURED IN
VIOLATION OF THE PRIVACY ACT FROM 2002 THRU
2005.

THE PLAINTIFF ASSERTS THAT THE AGENCY'S I.R.S
SUPERVISORS, AGENCY'S LABOR RELATIONS, AGENCY'S EEO
OFFICE AND THE AGENCY'S TREASURY INSPECTOR GENERAL
OFFICE (TIGTA) ACTED IN BAD FAITH AND WITH
MALICE. DISCRIMINATION AND RETALIATION IS THE
CAUSAL ACTION BETWEEN THESE ACTORS AND THE
PLAINTIFF AFTER AND CONTEMPORANEOUS WITH PLAINTIFF'S
PROTECTED ACTIVITY AND STATUS

THE PLAINTIFF ASSERTS THAT THE AGENCY FAILED
TO COMMUNICATE ALL THE POSSIBILITIES OF A
REASONABLE ACCOMMODATION THAT WAS AND CONTINUED
TO BE AVAILABLE TO THE PLAINTIFF FROM 2002 THRU
2005.

MICHAEL L. BUESGENS
    PLAINTIFF              CASE NUMBER  A05CA 243 SS
       V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT


THE PLAINTIFF ASSERTS THAT HE AND UNION STEWARD
RUSSELL BOKELMAN REQUESTED AND IDENTIFIED POSTIONS
FOR THE REASONABLE ACCOMMODATION OF PLAINTIFF.

THE PLAINTIFF ASSERTS THAT HE WAS QUALIFIED
FOR THESE POSITIONS WITH OR WITHOUT REASONABLE
ACCOMMODATION.

THE PLAINTIFF ASSERTS THAT HE HAS MATERIAL FACT
OF EACH ELEMENT OF A PRIMA FACIE CASE.

THE PLAINTIFF ASSERTS THAT THREE SEPARATE EEO
INVESTIGATIONS - 03-2024, 03-2339 AND 03-2446
WAS IMPROPERLY COMBINED INTO ONE ADMINISTRATIVE
HEARING BEFORE EEOC JUDGE POWELL ON DECEMBER
16, 2003.

THE PLAINTIFF ASSERTS THAT THE EVIDENCE PRESENTED
BY AGENCY ATTORNEY SALYARDS AND PLAINTIFFS REPRESENTATIVE
UNION STEWARD BOKELMAN WAS INCONSISTENT, INCOHERENT
AND CONTRADICTORY. THE PLAINTIFF'S ALLEGATIONS WERE
NEVER PROPERLY PRESENTED.


4.

MICHAEL L. BUESGENS
    PLAINTIFF            CASE NUMBER  A05CA243 SS
        V
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

THE PLAINTIFF ASSERTS THAT JUDGE POWELL WAS
CONFUSED OVER THE ALLEGATIONS AND THAT THE
SEPARATION OF REASONABLE ACCOMMODATION DUE TO
A DISABILITY AND THE PLAINTIFF'S ATTEMPT TO
MOVE TO ANOTHER DEPARTMENT DUE TO HOSTILE
WORK ENVIRONMENT WAS INCOHERENTLY MIXED
TOGETHER.

THE PLAINTIFF ASSERTS THAT UNION STENARD
BOKELMAN FAILED TO AMEND THE COMPLAINT ON
TIME AND THAT THIS SERIOUSLY WEAKENED
THE PLAINTIFF'S CASE.

THE PLAINTIFF ASSERTS THAT THE ADMINISTRATIVE
HEARING INVOLVED A CLEARLY ERRONEOUS INTERRETATION
OF MATERIAL FACT AND LAW.

THE PLAINTIFF ASSERTS THAT A APPELLATE DECISION
WILL HAVE A SUBSTANTIAL IMPACT ON THE POLICIES,
PRACTICES AND OPERATIONS OF THE AGENCY.

MICHAEL L. BUESGENS
    PLAINTIFF           CASE NUMBER  A05CA243 SS
      V
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

THE PLAINTIFF ASSERTS THAT THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION IN WASHINGTON, D.C. DID NOT
PROPERLY REVIEW THE EEOC COMPLAINTS BY PLAINTIFF
AND THE ADMINISTRATIVE HEARING TESTIMONY CONDUCTED
IN SAN ANTONIO, TEXAS IN ORDER TO MAKE AN
INFORMED DECISION.

THE PLAINTIFF ASSERTS THAT THE AGENCY (DEPARTMENT
OF TREASURY) AND ITS DEPARTMENTS — I.R.S., LABOR
RELATIONS, IN HOUSE EEO OFFICE AND TREASURY INSPECTOR
GENERAL (TIGTA) DO NOT ABIDE BY THE RULES AND
GUIDLINES AS SET FORTH BY THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION (EEOC), THE REHABILITATION
ACT, THE AMERICANS WITH DISABILITIES ACT, THE
FEDERAL MEDICAL LEAVE ACT AND THE PRIVACY ACT.

THE PLAINTIFF ASSERTS THAT THESE VIOLATIONS ARE
LEADERSHIP CONDONED (CHARLES WASHINGTON, FIELD DIRECTOR)
AND SYSTEMIC AT THE AGENCY'S OFFICES IN
AUSTIN AND DALLAS, TEXAS.

MICHAEL L. BUESGENS
    PLAINTIEF          CASE NUMBER  A05CA243 SS
      V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

THE PLAINTIFF ASSERTS THAT THE AGENCY'S IN
HOUSE EEO OFFICES AND EEOC ADMINISTRATIVE
HEARINGS IN SAN ANTONIO, TEXAS ARE NOT
NEUTRAL AND ARE BIASED TOWARD THE AGENCY.

## THE PARTIES

1. THE PLAINTIFF IS AND WAS A STATUTORILY QUALIFIED
   INDIVIDUAL WITH A DISABILITY (2002 - 2005).
   HE IS PRESENTLY SEEKING DAMAGES.

2. IN OCTOBER, 1990, THE PLAINTIFF BEGAN EMPLOYMENT
   WITH THE AGENCY AS A TAXPAYER SERVICE REPRESENTATIVE
   IN PHOENIX, ARIZONA.

3. IN 1996 THE PLAINTIFF'S POSITION WAS ABOLISHED.

4. IN DECEMBER, 1996, THE PLAINTIFF SECURED
   EMPLOYMENT WITH THE AGENCY IN AUSTIN, TEXAS
   AS A GS 0592-07 TAX EXAMINER

7.

MICHAEL L. BUESGENS
    PLAINTIFF           CASE NUMBER A05CA243 SS
       V.

JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

5. IN 1999 THE PLAINTIFF ACCEPTED A GS 0962-08
CUSTOMER SERVICE REPRESENTATIVE IN AUSTIN, TEXAS.

6. THE DEFENDANT IS THE DEPARTMENT OF
TREASURY AND IS A COVERED ENTITY.

7. THE JURISDICTION AND VENUE IS PROPER.

8. THE PLAINTIFF RETIRED ON MEDICAL DISABILITY
ON MARCH 7, 2005.

## CAUSES OF ACTION

1. THE PLAINTIFF ASSERTS THAT THE DEFENDANT
INTENTIONALLY DISCRIMINATED AGAINST HIM ON THE
BASIS OF HIS MENTAL (IMPAIRMENT) ILLNESS.

2. THE PLAINTIFF ASSERTS THAT THE DEFENDANT
DISCRIMINATED AGAINST HIM BASED ON PROTECTED
EEO ACTIVITY

5.

MICHAEL L. BUESGENS
    PLAINTIFF           CASE NUMBER A05CA243 SS
      V.

JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT


3. THE PLAINTIFF ASSERTS THAT THE DEFENDANT DID NOT MAKE A GOOD FAITH EFFORT TO REASONABLY ACCOMMODATE HIM.

4. THE PLAINTIFF ASSERTS THAT THE DEFENDANT FAILED TO REASONABLY ACCOMMODATE THE LIMITATIONS OF PLAINTIFFS DISABILITY.

5. THE PLAINTIFF ASSERTS THAT EFFECTIVE REASONABLE ACCOMMODATIONS EXISTED THAT THE DEFENDANT REFUSED TO IMPLEMENT.

6. THE PLAINTIFF ASSERTS THAT THE DEFENDANTS NEGLIGENCE WITH MALICE IN NOT IMPLEMENTING A REASONABLE ACCOMMODATION IS PRETEXTUAL AND DISCRIMINATORY

7. THE PLAINTIFF ASSERTS THAT HE WAS SUBJECT TO DISPARATE TREATMENT ON THE BASIS OF HIS MENTAL DISABILITY

9.

MICHAEL L. BUESGENS

    PLAINTIFF          CASE NUMBER A05CA243 SS

       V.

JOHN W. SNOW, SECRETARY OF THE TREASURY

    DEFENDANT

8. THE PLAINTIFF ASSERTS THAT HE WAS SUBJECT TO RETALIATION, REPRISAL AND HOSTILE WORK ENVIRONMENT BASED ON MENTAL DISABILITY, REQUEST FOR A REASONABLE ACCOMMODATION AND PROTECTED EEO ACTIVITY.

9. THE PLAINTIFF ASSERTS THE DEFENDANT ACTED IN BAD FAITH AND FAILED TO COMMUNICATE WITH PLAINTIFF IN THE INTERACTIVE PROCESS.

10. THE PLAINTIFF ASSERTS THAT HE DID NOT RECEIVE A REASONABLE ACCOMMODATION AND AS A RESULT PLAINTIFF WAS SUBJECT TO POOR WORK EVALUATIONS, TIME AND ATTENDANCE VIOLATIONS, DISIPLINE, NOT ALLOWED A DETAIL WORK ASSIGNMENT AND CONSTRUCTIVELY DISCHARGED BY MEDICAL RETIREMENT ON MARCH 7, 2005

11. THE PLAINTIFF ASSERTS A CONTINUATION OF HARASSMENT BY DEFENDANT FROM 2002 TO 2005.

MICHAEL L. BUESGENS
    PLAINTIFF          CASE NUMBER A 05 CA 243 SS
        V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

12. THE PLAINTIFF ASSERTS THAT THE DEFENDANT
    DID NOT MAKE A GOOD FAITH EFFORT UNDER
    THE EEOC REGULATIONS AND ITS INTERPRETIVE
    GUIDANCE FOR REASONABLE ACCOMMODATION AND
    THE INTERACTIVE PROCESS.

13. THE PLAINTIFF ASSERTS THAT HE WAS DISCIPLINED
    BY THE DEFENDANT FOR THE PLAINTIFF'S SERIOUS
    HEALTH CONDITION THAT MADE EMPLOYEE UNABLE
    TO PERFORM THE ESSENTIAL FUNCTIONS OF
    HIS POSITION UNDER THE FEDERAL MEDICAL
    LEAVE ACT.
    THE PLAINTIFF REQUESTED MEDICAL LEAVE
    IN 2004.

14. THE PLAINTIFF ASSERTS THAT HIS MEDICAL
    INFORMATION WAS IMPROPERLY OBTAINED AND
    SECURED BY INTERNAL REVENUE SERVICE SUPERVISORS
    UNDER THE PRIVACY ACT VIOLATIONS
    THE PLAINTIFF DID NOT VOLUNTEER HIS MEDICAL
    INFORMATION, BUT WAS THREATENED TO PROVIDE IT.

11.

MICHAEL L. BUESGENS
    PLAINTIFF          CASE NUMBER A05CA243 SS
         V.
JOHN W. SNOW, SECRETARY OF THE TREASURY


## FACTUAL ALLEGATIONS

1. IN APRIL OR MAY, 2002, PLAINTIFF REQUESTED REASONABLE ACCOMMODATION WITH AGENCY SUPERVISOR MARTHA SCHANHALS. MARTHA SCHANHALS TOOK THIS REQUEST TO BRANCH MANAGER ANNA MEDLOCK AND OPERATIONS MANAGER NANCY SPOTSER.

2. FROM THAT TIME ON UNTIL SEPTEMBER, 2002 MARTHA SCHANHALS TOLD ME TO FAX MY MEDICAL INFORMATION TO THE UNITS UNSECURED FAX MACHINE.

3. IN SEPTEMBER, 2002 MARTHA SCHANHALS THREATENED TO PLACE ME ON PHONE DUTY, BECAUSE SHE DID NOT HAVE A CURRENT MEDICAL REPORT FROM MY DOCTOR.

MICHAEL L. BUESGENS
    PLAINTIFF           CASE NUMBER A 05 CA 243 SS
    V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT


FACTUAL ALLEGATIONS CONTINUED

DIRECT STATEMENTS FROM EEO INVESTIGATIVE REPORTS
    IN 2003

AND

DIRECT STATEMENTS FROM ADMINISTRATIVE HEARING
    ON DECEMBER 16, 2003


4. IN SEPTEMBER, 2002 PLAINTIFF REQUESTED
TO HAVE HIS 71 HOURS OF USE OR LOSE ANNUAL
FORFEITED AND RESTORED WHEN HE RETURNS TO
DUTY ON JANUARY 13, 2003. MANAGEMENT DENIED
THE REQUEST.

5. WHEN PLAINTIFF ASKED BRANCH MANAGER ANNA MEDLOCK
FOR THIS DENIAL IN WRITING, SHE TOLD HIM NO,
THE PLAINTIFF ASKED WHY AND SHE SAID BECAUSE
I DON'T WANT TO.

13.

MICHAEL L. BUESGENS
    PLAINTIFF                    CASE NUMBER A05CA 243 SS
        V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT


6. ON OCTOBER 8, 2002, PLAINTIFF SOUGHT
   COUNSELING WITH EEO TERRITORY MANAGER MELINDA
   ESTRADA AND EEO COUNSELOR ANGELA GOODIN DOYLE
   FOR HELP WITH THE RESTORATION OF MY ANNUAL
   LEAVE.


7. ON OCTOBER 8, 2002, EEO TERRITORY MANAGER
   ACCUSED PLAINTIFF OF MAKING A THREAT.
   THIS ACCUSATION BY ESTRADA STARTED A TREASURY
   INSPECTOR GENERAL INVESTIGATION OF THE
   PLAINTIFF.
   THIS INVESTIGATION REVEALED A NUMBER OF
   EMPLOYEES WITH MOTIVE TO SLANDER AND
   CAUSE HARM TO THE PLAINTIFF.


8. ON OR ABOUT FEBRUARY, 2003, PLAINTIFF WAS
   SUBJECTED TO INTERROGATION AND INTIMIDATION BY
   TREASURY INSPECTOR GENERAL EMPLOYEES.
   THE END RESULT OF THIS ABUSE OF AUTHORITY BY
   EEO TERRITORY MANAGER ESTRADA RESULTED
   IN NO ACTION TAKEN AGAINST THE PLAINTIFF
   EXCEPT (PSYCHOLOGICAL INJURY).

MICHAEL L. BUESGENS

    PLAINTIFF           CASE NUMBER A05CA243 SS

      V.

JOHN W. SNOW, SECRETARY OF THE TREASURY

    DEFENDANT

9. IN SEPTEMBER AND OCTOBER OF 2002, PLAINTIFF FILED A REQUEST FOR REASONABLE ACCOMMODATION AND A COMPLAINT WITH THE EEO OFFICE IN AUSTIN, TEXAS.

10. SUPERVISOR MARTHA SCHANHALS STATED THAT SHE FIRST KNEW OF PLAINTIFF'S MEDICAL RESTRICTION IN MAY, 2002.

11. ON OR ABOUT OCTOBER, 2002, SUPERVISOR SCHANHALS STATED THAT SHE LET UPPER MANAGEMENT KNOW EACH TIME SHE RECEIVED MEDICAL INFORMATION FROM PLAINTIFF'S DOCTOR.

12. ON AUGUST 28, 2002 SUPERVISOR SCHANHALS STATED THAT THE FAX MACHINE IS OUT IN THE OPEN AND EVERYBODY USES IT AND PLAINTIFF IS NOT NOW REQUIRED TO GIVE HIS MEDICAL INFORMATION TO HER.

13. SUPERVISOR SCHANHALS TOLD PLAINTIFF TO GO TO REASONABLE ACCOMMODATION COORDINATOR MARGARET WAITES.

MICHAEL L. BUESGENS

    PLAINTIFF        CASE NUMBER A05CA243 SS

       V.

JOHN W. SNOW, SECRETARY OF THE TREASURY

33. IN 2002, 2003 AND 2004 PLAINTIFF
REQUESTED A GS 0592-07 GRADE POSITION THAT
THE PLAINTIFF PREVIOUSLY HELD IN 1998 THAT
INVOLVED NO PHONE WORK. MANAGEMENT
CATEGORICALLY DENIED THIS REQUEST. THEIR
ARE EMPLOYEES WORKING THAT JOB NOW
AS SEASONALS. MANAGEMENT CLAIMED THEY
ARE PHASING OUT THAT POSITION.
MANAGEMENT HAS NO INTEREST IN MODIFYING
WORKPLACE POLICY TO MAKE A REASONABLE
ACCOMMODATION THAT PLACES NO UNDUE
HARDSHIP ON THE AGENCY
STATE OF MIND, MOTIVE, INTENT

34. THE PLAINTIFF REQUESTED ACCOMMODATION IN
OTHER POSITIONS THAT WERE OR WOULD
BECOME AVAILABLE IN 2003, SUCH AS
TAX EXAM, COLLECTIONS AND OTHERS.
THE AGENCY ACTED IN BAD FAITH AND
WOULD NOT INTERACT WITH THE PLAINTIFF.

MICHAEL L. QUESGENS

    PLAINTIFF      CASE NUMBER A05CA243 SS

    V.

JOHN W. SNOW, SECRETARY OF THE TREASURY

    DEFENDANT


56. THE PLAINTIFF STATES THAT HE MADE NUMEROUS REQUESTS FOR THE STRESS MANAGEMENT CLASSES RECOMMENDED BY THE FOH-DOCTOR WITH EEO TERRITORY MANAGER MELINDA ESTRADA AND SHE NEVER RESPONDED.

57. THE PLAINTIFF STATES THAT HE SENT NUMEROUS REQUESTS BY FAX AND TELEPHONE TO EEO MANAGER ESTRADA AND COUNSELOR TONY CONTRERAS FOR HELP WITH THE CONSTANT HARASSMENT FROM MANAGERS TAWNEY, MEDLOCK, SESSIONS AND FIELD DIRECTOR WASHINGTON.

58. ON JUNE 23, 2003, PLAINTIFF STATED THAT THERE ARE MANY EMPLOYEES WHO HAVE PARTICIPATED IN UGLY GOSSIP ABOUT HIM AND HIS REQUEST FOR REASONABLE ACCOMMODATION.

MICHAEL L. BUESGENS
       PLAINTIFF                    CASE NUMBER  A05CA243 SS
           V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
       DEFENDANT


59. MANAGER TAWNEY CLAIMS PLAINTIFF VOLUNTEERED
    HIS MEDICAL INFORMATION AND THAT PLAINTIFF
    VOLUNTEERED TO GET A MEDICAL RELEASE.

60. MANAGER TAWNEY STATED THAT HE WORKED CLOSELY
    WITH REASONABLE ACCOMMODATION COORDINATOR WAITES
    AND WORKED THE REASONABLE ACCOMMODATION
    PROCESS FROM HER GUIDELINES AS SHE INFORMED
    MANAGEMENT OF THEM.

61. ON JANUARY 09, 2003, THE FEDERAL OCCUPATIONAL
    HEALTH SERVICES DOCTOR STATED THAT "IF IT WERE
    POSSIBLE TO REASSIGN DUTIES WITH OTHER STAFF
    OF A SIMILAR JOB DESCRIPTION AND ELIMINATE
    THE USE OF THE PHONE BY PLAINTIFF THIS COULD
    BE CONSIDERED A REASONABLE ACCOMMODATION."
    "I BELIEVE THE PLAINTIFF IS AN INDIVIDUAL WITH
     A DISABILITY PER THE ADA."

MICHAEL L. BUESGENS
    PLAINTIFF        CASE NUMBER  A05CA243 SS
      V.

JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

83. WAITES TOLD TAWNEY THAT THE MEDD
HAD TO HAVE A DEADLINE.

84. ON DECEMBER 16, 2003, MANAGER TAWNEY STATED
THAT WAITES SAID THE DEADLINE WAS NEEDED
SO THE PLAINTIFF WOULD BE TOLD WHAT WOULD
HAPPEN IF NO POSITION WAS FOUND.

85. ON SEPTEMBER 8, 2003, CUSTOMER SERVICE REPRESENTATIVE
JANICE ATKINS, STATED THAT BASED ON RUMORS
I DON'T FEEL COMFORTABLE LETTING THE PLAINTIFF
KNOW WHAT I HAVE SAID ABOUT HIM. THE RUMORS
COME FROM OTHERS WHO HAVE WORKED WITH HIM
OR AROUND HIM.

MICHAEL L. BOESGENS
     PLAINTIFF            CASE NUMBER A 05 CA 243 SS
        V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

86: ON SEPTEMBER 9, 2003, CUSTOMER SERVICE REPRESENTATIVE BEN EURESTE STATED I CANNOT SAY I HAVE HEARD CONVERSATIONS BETWEEN MANAGER TAWNEY AND THE PLAINTIFF, HOWEVER I HAVE OBSERVED MANAGER TAWNEY BEING IN PLAINTIFF'S CUBICLE.

87. ON SEPTEMBER 11, 2003, LEAD CUSTOMER SERVICE REPRESENTATIVE DEBBIE PERKINS STATED MANAGER TAWNEY IS SOFT SPOKEN.

88. ON SEPTEMBER 10, 2003, CUSTOMER SERVICE REPRESENTATIVE LYNN McCANDLESS STATED, THE ONLY TIMES THIS UNIT EVER HAD ANY HOSTILITY WAS DURING THE TIME PLAINTIFF WAS GOING THROUGH HIS REASONABLE ACCOMMODATION. FOR INSTANCE ONE DAY PLAINTIFF RECEIVED A LETTER AND HE WAS ON THE PHONE ALL DAY. I WAS SO SCARED BECAUSE I COULD HEAR THE INSTABILITY IN HIS VOICE. I WENT TO MANAGER TAWNEY ABOUT THIS.

MICHAEL L. BUESGENS
     PLAINTIFF        CASE NUMBER  A05CA 243 SS
        V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
     DEFENDANT

89. ON DECEMBER 16, 2003, MANAGER SCHANHALS STATED
THAT PLAINTIFF'S MEDICAL INFORMATION IS KEPT
IN HER FILE. SCHANHALS STATED SHE WILL
NEED ANOTHER DOCTORS STATEMENT OR PLAINTIFF
WILL BE PUT BACK ON THE PHONE. SCHANHALS
STATED THAT PLAINTIFF IS VOLUNTARILY GIVING
HER PRIVELEGED MEDICAL INFORMATION.

90. ON DECEMBER 16, 2003, MANAGER MEDLOCK STATED
SHE DID HAVE INVOLVEMENT WITH MANAGER TAWNEY
ON SENDING MEMOS TO PLAINTIFF STATING
THAT HE IS NOT ENTITLED TO REASONABLE
ACCOMMODATION.

91. ON DECEMBER 16, 2003 MANAGER MEDLOCK STATED
THAT THE PLAINTIFF REQUESTED TO MEET WITH
FIELD DIRECTOR WASHINGTON ON SEVERAL OCASSIONS.
MANAGER MEDLOCK STATED THAT SHE WAS THE
ACTING FIELD DIRECTOR AND PLAINTIFF WOULD HAVE
TO DEAL WITH HER. MANAGER MEDLOCK STATED
THAT THIS WAS NOT A CONFLICT OF INTEREST

39.

MICHAEL L. BUESGENS

    PLAINTIFF        CASE NUMBER   A05CA243 SS

     V.

JOHN W. SNOW, SECRETARY OF THE TREASURY

92. ON DECEMBER 16, 2003, MANAGER MEDLOCK STATED THAT IN MEETINGS WITH DIRECTOR WASHINGTON HE CONCURRED THAT WE HAD DONE THE RIGHT THING.

93. ON DECEMBER 16, 2003, PLAINTIFF STATED THAT HE COULD NOT GET ANY OF MANAGEMENTS VERBAL THREATS IN WRITING.

94. ON DECEMBER 16, 2003 MANAGER MEDLOCK STATED THERE WAS NO NEED TO GIVE THE PLAINTIFF ANYTHING W IN WRITING.

95. ON DECEMBER 16, 2003, PLAINTIFF STATED THAT HE SENT FAXES AND MADE PHONE CALLS ON NUMEROUS OCCASIONS FROM JANUARY THRU OCTOBER, 2003 TO EEO EMPLOYEES ESTRADA, WAITES, CONTRERAS, GOODIN-DOYLE, AND GRIFFIN DESCRIBING THE HARASSMENT FROM IRS MANAGERS TAWNEY, MEDLOCK, SPOISER AND WASHINGTON. PLAINTIFF REQUESTED STRESS MANAGEMENT COUNSELING. NO ONE FROM EEO RESPONDED.

MICHAEL L. BUESGENS
    PLAINTIFF       CASE NUMBER A 05 CA 243 SS
      V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
    DEFENDANT

96. ON DECEMBER 16, 2003, JUDGE POWELL WILL NOT
ALLOW UNION STEWARD BOKELMAN TO PRESENT ADDITIONAL
EVIDENCE, BECAUSE THE UNION STEWARD FAILED
TO FILE AN AMENDED COMPLAINT. JUDGE POWELL
STATED THAT THIS NOT FAIR TO THE AGENCY.

97. ON DECEMBER 16, 2003, JUDGE POWELL GOES OFF
THE RECORD AND STATED THAT UNION STEWARD
BOKELMAN'S LAWYERING SKILLS HAD SHOWN SOME
IMPROVEMENT SINCE THE LAST WE MET.
JUDGE POWELL MADE NO SUCH COMMENT TO AGENCY
ATTORNEY SALYARDS.

98. ON DECEMBER 16, 2003, JUDGE POWELL ADMONISHES
UNION STEWARD BOKELMAN FOR IMPROPER EXAMINATION
PROCEDURES
JUDGE POWELL MADE NO SUCH COMMENT TO AGENCY
ATTORNEY SALYARDS.

41.

MICHAEL L. BUESGENS
        PLAINTIFF          CASE NUMBER A05CA243 SS
            V.
JOHN W. SNOW, SECRETARY OF THE TREASURY
        DEFENDANT


99. ON DECEMBER 16, 2003, UNION STEWARD STATED THAT
    THE FOH DOCTOR DID NOT AGREE WITH PLAINTIFF'S
    DOCTOR ON PUTTING PLAINTIFF BACK ON THE PHONES.

100. ON DECEMBER 16, 2003, UNION STEWARD STATED
     THAT THE AGENCY DID NOT MAKE A GOOD FAITH
     EFFORT TO ACCOMMODATE PLAINTIFF AT A
     COMPARABLE GRADE 8 AND THEN GRADE 7, 6, 5.

101. ON DECEMBER 16, 2003, UNION STEWARD STATED
     THAT THERE WAS A GRADE 7 POSITION AVAILABLE
     IN REFUND-INQUIRY THAT THE AGENCY REFUSED
     TO CONSIDER.

102. ON DECEMBER 16, 2003, AGENCY ATTORNEY SALYARDS
     STATED THAT THE AGENCY HAS NOT YET DETERMINED
     WHETHER PLAINTIFF IS A QUALIFIED INDIVIDUAL
     WITH A DISABILITY. MY PERSONAL (SALYARDS)
     OPINION HE IS NOT.

MICHAEL L. BUESGENS
    PLAINTIFF       CASE NUMBER  A05CA243 SS
     V.

JOHN W. SNOW, SECRETARY OF THE TREASURY
   DEFENDANT


103. ON DECEMBER 16, 2003, SALYARDS STATED THAT
   IF PLAINTIFF DECLINES THE GRADE 4 POSITION
   THE AGENCY WOULD TERMINATE PLAINTIFF.

104. AGENCY ATTORNEY SALYARDS CLAIMS THE
   PLAINTIFF SOLICITED A NOTICE FROM HIS
   DOCTOR FOR A CHANGED DIAGNOSIS.
   PLAINTIFF DID THIS VOLUNTARILY OF HIS
   OWN FREE WILL WITHOUT COERCION OR
   THREAT OF TERMINATION.

105. ON DECEMBER 16, 2003, MANAGER TAWNEY STATED
   THAT PLAINTIFF'S TEMPERMENT AND PERSONALITY
   WOULD NOT BE CONDUCIVE TO TAKING TAXPAYER
   PHONE CALLS.

106. ON DECEMBER 16, 2003, MANAGER TAWNEY STATED
   THAT IN HIS OPINION PLAINTIFF IS STILL NOT
   READY TO TALK ON THE PHONE.

43.