IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARCIA H. COATES, <u>et al.</u> )<br>DIRECTOR, )<br>OFFICE OF EQUAL OPPORTUNITY PROGRAM)<br>U.S. DEPT. OF TREASURY )<br>)<br>    and )<br>)<br>COLLEEN M. KELLEY, )<br>NATIONAL PRESIDENT, )<br>NATIONAL TREASURY EMPLOYEES UNION )<br>)<br>    Defendants. )<br>_____) | Case No. 1:05CV02334<br>Judge: Royce C. Lamberth |

<u>DEFENDANT KELLEY'S OPPOSITION TO BUESGENS'S MOTIONS
TO JOIN ADDITIONAL PARTY DEFENDANT AND
TO FILE FIRST SUPPLEMENTAL COMPLAINT</u>

<u>INTRODUCTION</u>

Defendant Colleen M. Kelley (Kelley) hereby opposes the Fourth Cause of Action set forth in the motions filed by Michael L. Buesgens (Buesgens) to join an additional party defendant and to file a first supplemental complaint alleging that "the FLRA in collusion with NTEU discriminated and retaliated against Buesgens based on his disability." As shown below, Buesgens has failed to demonstrate a <u>prima facie</u> case of "conspiracy." He has not pled facts sufficient to satisfy the elements of either a civil conspiracy or section 1985(3) conspiracy case.

Accordingly, the Court must deny the new conspiracy claim set forth in Cause of Action 4 because Buesgens has failed to state any claim upon which relief may be based and, therefore, the supplemental claim would be futile.

## BACKGROUND

On December 5, 2005, Michael Buesgens filed a complaint in this Court against multiple agency defendants and Colleen Kelley, President of the National Treasury Employees Union (NTEU or Union), alleging, among other things, that the defendants discriminated against him and other EEO complainants. On January 13, 2006, defendant Kelley filed a timely motion to dismiss the complaint. Kelley argued that the Court lacked jurisdiction over Buesgens's claims against her because the allegations were nothing more than a charge that defendant Kelley and NTEU breached a duty of fair representation, over which the Federal Labor Relations Authority had exclusive jurisdiction. Buesgens filed an opposition to Kelley's motion to dismiss on January 23, 2006, and on January 25, 2006, Kelley filed a timely reply to Buesgens's opposition. The Court has not yet ruled on Kelley's motion to dismiss.

On February 17, 2006, Buesgens filed motions to join the FLRA as an additional party defendant and to file a first supplemental complaint. In his motion to supplement, Buesgens appears to be dissatisfied with how the FLRA handled his unfair

labor practice charge against the Union.  See Pl. Mtn. Suppl. ¶¶ 5, 7, 8, 9, 10.  He states that the "FLRA knew of Buesgens [sic] disability and failed to take any corrective or remedial action in the processing of his complaint."  Id. ¶ 5.  He argues that the FLRA Regional Director, who was responsible for investigating his unfair labor practice charge against NTEU, "had sufficient evidence [] to require NTEU to respond" and "never required NTEU to respond to anything."  Id. ¶ 10.  Buesgens further argues that the FLRA "ignored" his allegations that the Regional Director had improperly processed his complaint against the Union.  Id. ¶ 3.  Finally, Buesgens contends "that [the] FLRA in collusion with NTEU discriminated and retaliated against Buesgens based on his disability."  Pl. Mtn. Suppl. ¶ 4 (Cause of Action 4).

**ARGUMENT**

I.   **Standard of Review**

Under Rule 15(d) of the Federal Rules of Civil Procedure, a motion to supplement a pleading is properly made when a party seeks to allege new facts that have occurred since the filing of the original pleading and that affect the controversy.  See Thomas v. Ford Motor Co., 111 F. Supp. 2d 529, 532 (D.N.J. 2000).  A Rule 15(d) motion may also be used to add new parties or claims arising from the new facts.  See Griffin v. County School Board, 377 U.S. 218, 226 (1964) ("It follows, of course,

that persons participating in these new events may be added if necessary.").

In determining whether to allow a supplemental pleading, the Court is governed by the same liberal standard used to evaluate motions to amend pleadings under Rule 15(a), with leave "freely given when justice so requires." New York State NOW v. Cuomo, 182 F.R.D. 30, 36 (S.D.N.Y. 1998). See also Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979). Thus, leave to supplement is normally granted unless some particular reason for denial is provided. Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) (quoting New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963), cert. denied, 376 U.S. 963 (1964)). Reasons for denial include bad faith, prejudice to the opposing party, and futility. Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

A supplementation to a pleading is considered "futile," and should not be allowed, when the proposed new claim would not withstand a motion to dismiss. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir. 1991). See also AM Int'l, Inc. v. Graphic Mgmt. Assocs., Inc., 44 F.3d 572, 578 (7th Cir. 1995) ("a judge should not grant a motion to amend the complaint if the grant would merely set the stage for the dismissal of the amended complaint"); Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 113-114 (D.D.C. 2002) (finding that "nothing in

the proposed amended complaint would change the fact" that the plaintiff cannot defeat a motion to dismiss). Accordingly, if the proposed supplemental pleading would be subject to "immediate dismissal," the Court should not permit supplementation. See Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 498 (E.D.N.Y. 1998), aff'd 205 F.3d 1327 (2d Cir. 2000) (denying leave to supplement where the claim to be added would fail to state a claim upon which relief may be granted).

II. **Buesgens's Supplemental Conspiracy Claim Must Be Denied as Futile Because He Has Failed To Allege Facts Sufficient To Show the Existence of a Conspiracy**

In Cause of Action 4 (at p. 7), Buesgens alleges that the FLRA "colluded" with NTEU to discriminate and retaliate against him because of his disability. This conclusory assertion is insufficient to sustain either a civil conspiracy claim or a section 1985(3) conspiracy claim. Accordingly, the Court must deny Buesgens's new conspiracy claim because it would be futile.

A. This Court has defined a civil conspiracy as "two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means," with the principal element being the existence of an agreement between the parties to inflict a wrong against or injury upon another. Graves v. U.S., 961 F. Supp. 314, 320 (D.D.C. 1997). Buesgens has alleged no facts that would demonstrate that there was ever an agreement

5

or "meeting of the minds" between any of the defendants to inflict a wrong upon him. Graves, 961 F. Supp. at 321-322 (allegation that defendant "colluded" to circumvent agency's regulations regarding issuance of job vacancy announcements to prevent plaintiff from getting job is conclusory allegation that fails to state a claim). On this basis alone, Buesgens has failed to state a claim for civil conspiracy.

Moreover, civil conspiracy is not a separate cause of action, but rather a means of establishing liability for underlying torts. See Browning v. Clinton, 292 F.3d 235, 245 (D.C. Cir. 2002) (citing Halberstam v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983)). Buesgens has failed to plead any tort.[1]

Because he has failed to plead the requisite elements of a civil conspiracy claim, Buesgens's claim in Cause of Action 4 would not stand a motion to dismiss for failure to state a claim and must be denied as futile.

**B.** Buesgens's supplemental complaint also does not allege any of the requisite elements to show a section 1985(3) conspiracy. A valid section 1985(3) claim must allege four elements: 1) a conspiracy; 2) to deprive any person or class of persons of the equal protection of the laws, or of privileges

---

[1] Indeed, it is unclear in what unlawful act NTEU has supposedly engaged. It is ludicrous to suggest that NTEU committed an unlawful act by failing to exercise its right to file a pleading urging the FLRA to dismiss the unfair labor practice charge against it.

6

and immunities under the law; 3) motivated by some class-based invidiously discriminatory animus; 4) whereby a person is either injured in his person or property, or is deprived of any right or privilege of a citizen of the United States. Graves v. U.S., 961 F. Supp. 314, 320 (D.D.C. 1997).

As noted above, a conspiracy is an agreement between two or more persons to commit an unlawful act. Brug v. Nat'l Coalition for the Homeless, 45 F. Supp. 2d 33, 40 (D.D.C. 1999). The only two defendants cited in Cause of Action 4 of Buesgens's motion to supplement are the FLRA and NTEU. The former is a government agency, which is not a "person" for purposes of a section 1985(3) conspiracy claim. See Proffitt v. U.S., 758 F. Supp. 342, 345 (E.D.Va. 1990). See also Graves, 961 F. Supp. at 381 (employee's civil rights claims against U.S. were barred by doctrine of sovereign immunity). Thus, because Buesgens has no valid section 1985(3) claim against the FLRA, there was no one with whom NTEU or defendant Kelley could have conspired. See Santiago v. New York State Dep't of Correctional Servs., 725 F. Supp. 780, 783 (S.D.N.Y. 1989) (plaintiff's claim fails to satisfy section 1985(3)'s requirement of a conspiracy between "two or more persons" where one of the two named defendants is a state agency that does not qualify as a "person"). Buesgens's claim therefore must be denied for failure to state a claim upon which relief may be granted.

7

Further, even if the FLRA could be a co-conspirator under section 1985(3), the new conspiracy claim must be denied because Buesgens has alleged no facts to show that there was a "meeting of the minds" between the FLRA and defendant Kelley to deprive him as a member of a protected class of his civil rights. On the whole, complaints such as Buesgens's, which contain only "conclusory," "vague," or "general allegations" of a conspiracy, fail to state a claim under section 1985(3). See Brug, 45 F. Supp. 2d at 41 (quoting Hobson v. Wilson, 737 F.2d 1 (D.C. Cir. 1984)).

Moreover, Buesgens's assertion that he is disabled and that the complained-of actions by the FLRA and the Union were "based on his disability" are insufficient to establish that the parties' actions were motivated by some class-based, discriminatory animus.[2] See Graves, 961 F. Supp. at 322 (claim of membership is some arguably protected classes, standing

---

[2] There is disagreement among the circuits as to whether a disabled person may even bring a claim under the civil rights conspiracy statute, 42 U.S.C. § 1985(3). Compare Larson v. Miller, 55 F.3d 1343, 1352-53 (8th Cir. 1995) (extending protection to disabled persons as a class); People of New York v. 11 Cornwell Co., 695 F.2d 34, 43 (2d Cir. 1982) (same) with D'Amato v. Wisconsin Gas Co., 760 F.2d 1474, 1486-87 (7th Cir. 1985) (holding that the disabled are not a class entitled to protection under section 1985(3)); Wilhelm Cont'l Title Co., 720 F.2d 1173, 1177 (10th Cir. 1983) (same). This Court has not definitively addressed the issue. Cf. Graves v. Riley, 961 F.Supp. 314, 322 n.3 (D.D.C. 1997) (recognizing in a footnote that the Seventh Circuit excludes disabled persons from section 1985(3)'s coverage, but having no need to address that question itself because plaintiff was black).

alone, is insufficient to constitute an allegation of class-based, invidiously discriminatory animus).

Because Buesgens has likewise failed to demonstrate a prima facie case of a section 1985(3) conspiracy, his supplemental conspiracy claim must be denied as futile.

### CONCLUSION

In sum, the Fourth Cause of Action in Buesgens's motions to file supplemental claims and add a party must be denied because Buesgens's new conspiracy claim is futile. Buesgens has failed to allege the essential elements of a civil conspiracy or section 1985(3) conspiracy claim against the FLRA and defendants. His claim must, therefore, be denied because he has failed to state a claim upon which relief can be based and is futile.

WHEREFORE, defendant Kelley respectfully requests that this Court deny Cause of Action 4 of Buesgens's motion to join an additional party defendant and to file a first supplemental complaint.

Respectfully submitted,

Gregory O'Duden
General Counsel
Bar No. 254862

L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C.  20006
(202) 572-5500

Counsel for defendant Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05CV02334 |
| ) | Judge: Royce C. Lamberth |
| MARCIA H. COATES, <u>et al</u>. ) | |
| DIRECTOR, ) | |
| OFFICE OF EQUAL OPPORTUNITY PROGRAM) | |
| U.S. DEPT. OF TREASURY ) | |
| ) | |
| and ) | |
| ) | |
| COLLEEN M. KELLEY, ) | |
| NATIONAL PRESIDENT, ) | |
| NATIONAL TREASURY EMPLOYEES UNION ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served, by first class mail, a copy of DEFENDANT KELLEY'S OPPOSITION TO BUESGENS'S MOTIONS TO JOIN ADDITIONAL PARTY DEFENDANT AND TO FILE FIRST SUPPLEMENTAL COMPLAINT on the following person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745

3/10/06
Date

Julie M. Wilson
Assistant Counsel