UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


MICHAEL L. BUESGENS

      PLAINTIFF

      V.

MARCIA H. COATES,
DIRECTOR
OFFICE OF EQUAL
OPPORTUNITY PROGRAM
U.S. DEPT. OF TREASURY
e t a l.

      DEFENDANTS.

CIVIL ACTION
NO.
05-2334
(RCL)


MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFF
MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO DEFENDANTS MOTION TO
DISMISS AND PLAINTIFFS CLAIM FOR
FRAUDULENT CONCEALMENT

IN DEFENDANTS 11-PAGE, TYPEWRITTEN COMPLAINT PERFORMED BY THEIR CLERICAL SERVANTS, IT APPEARS THAT DEFENDANTS 'APEX ARE DISSATISFIED WITH THE HANDLING OF PLAINTIFFS COMPLAINT WHICH WAS FILED IN WASHINGTON, D.C. THROUGHOUT 2005 AND RESULTED IN A CIVIL ACTION IN U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.


DEFENDANTS HAVE MISREPRESENTED PLAINTIFFS COMPLAINT AND CONFUSED THE ISSUES WITH SELECTED EXHIBITS., 100 CITATIONS TO AUTHORITIES, AND FRAUDULENT CONCEALMENT OF DISCLOSURE, AND A PERJURED SALARIOS AFFIDAVIT. THE FOREGOING SUPPORTS DEFENDANTS MOTION.


2

I    THIS IS IN RESPONSE TO
DEFENDANTS MEMORANDUM
OF POINTS AND AUTHORITIES
DATED   FEBRUARY 27, 2006

DEFINITIONS

DEFENDANTS COMPLAINTS ARE
NUMBERED

PLAINTIFF BOESGENS RESPONSE
ARE RATED - R

1. PLAINTIFF LIVES IN TEXAS.

R: HIS COMPLAINT IS NATIONAL
IN SCOPE.

2. PLAINTIFF FILED A COMPLAINT
ON APRIL 5, 2005 IN TEXAS
ALLEGING VIOLATIONS OF TITLE
VII.

3

**R:** HE DOES NOT HAVE A RACE ✓
OR SEX DISCRIMINATION COMPLAINT.

HE DOES HAVE A RETALIATION ✓
COMPLAINT BASED ON HIS DISABILITY
(BIPOLAR) FOR PARTICIPATION IN
PROTECTED ACTIVITY (EEO
COMPLAINTS AND REASONABLE
ACCOMMODATION).

THE PARTICIPATION PROVISION IS ✓
COVERED UNDER TITLE. VII
AND EEOC REGULATIONS.

BOOKER  879 F. 2d AT 1312 ;
PETTWAY 411 F. 2d AT 1006 n. 16 ;
MERRITT V. DILLARD PAPER CO.,
120 F. 3d 1181.

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMPLIANCE MANUAL SECTION
8 - II (C) (1998).

4

**3** PLAINTIFF FILED AN AMENDED COMPLAINT ALLEGING THAT THE PROCESSING OF EEO COMPLAINTS IS NOT NEUTRAL IN AUSTIN, TEXAS.

**R:** PLAINTIFF IS STUCK WITH SALYARDS MESS - THE 2003 EEOC ADMINISTRATIVE HEARING.

TH HEARING IS A BASIS FOR ANOTHER CLAIM OF DISCRIMINATION AND RETALIATION.

TEXAS DOESN'T KNOW EEOC REGULATIONS EXIST AND THEY THINK O P M REGULATIONS ARE SOMETHING THAT IS DONE IN WASHINGTON, D.C., AND WASHINGTON, D.C. IS NOT TEXAS SO WHO CARES.

5

**4** THIS CASE SHOULD BE
DISMISSED BECAUSE THE COURT
LACKS SUBJECT MATTER JURISDICTION
OVER PLAINTIFFS CLAIMS.
PLAINTIFFS CLAIMS ARISE FROM
THE SAME SET OF FACT AS
HIS LAWSUIT PENDING IN THE
WESTERN DISTRICT OF TEXAS.

IN ADDITION, AN ALLEGED FAILURE
TO PROCESS AN EEO CLAIM
PROPERLY IS NOT ACTIONABLE
UNDER TITLE VII. TITLE
VII DOES NOT CREATE AN
INDEPENDENT CAUSE OF ACTION
FOR THE MISHANDLING OF AN
EMPLOYEE'S DISCRIMINATION
COMPLAINTS.

DEFENDANTS MOTION IS BASED ON
RULES 12(b)(1), 12(b)(3) 12(b)6
AND 28 U.S.C. SECTIONS 1404(a) AND
1406(a)

6

R: RULE 12 (b) (1) DOES
THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
HAVE SUBJECT MATTER JURISDICTION
OVER THE ACTION BEFORE IT.

AS IS UNIVERSALLY ACCEPTED BY
THE FEDERAL COURTS, THE OBJECTION
PRESENTED BY A MOTION UNDER
RULE 12 (b) (1) CHALLENGING THE
COURT'S SUBJECT MATTER JURISDICTION
IS THAT THE DISTRICT JUDGE HAS
NO AUTHORITY OR COMPETENCE
TO HEAR AND DECIDE THE CASE
BEFORE IT.

PLAINTIFFS COMPLAINT DOES INVOLVE
A FEDERAL QUESTION.

SEE **EXHIBIT 1** OF PLAINTIFFS
ORIGINAL COMPLAINT.

7



**EXHIBIT 1** IS A LETTER DATED ✓
NOVEMBER 4 2005 DISMISSING
BUESGENS ENTIRE 2005 EEO
COMPLAINT BEFORE THE DEPARTMENT
OF TREASURY IN WASHINGTON D.C. ✓
THAT MARCIA H. COATES DEFENDANT ✓
IGNORED AND REFUSED TO
ACKNOWLEDGE DESPITE PLAINTIFF
BUESGENS REPEATED CORRESPONDENCE
TO HER OFFICE IN WASHINGTON,
D.C. THROUGHOUT 2005. ✓

THIS NOVEMBER 4, 2005 LETTER
IS SIGNED BY JAMES PARKER
DALLAS TEXAS AND SENT TO
BUESGENS EEO COUNSELOR
YVONNE JEFFERSON IN JACKSONVILLE, ✓
FLORIDA WHERE BUESGENS PRE-
COMPLAINT WAS PROCESSED.

JAMES PARKER DOES NOT KNOW
WHAT THIS BOILERPLATE LETTER
OF DISMISSAL OF BUESGENS

8

2005 EEO COMPLAINT IN
JACKSONVILLE, FLORIDA SAYS.

MR. JAMES PARKER DOESN'T
KNOW WHAT THIS EEO COMPLAINT
DISMISSAL DATED NOVEMBER 4,
2005 SAYS BECAUSE THIS
BOILERPLATE ABOMINATION WAS
WRITTEN BY MICHAEL L.
SALYARDS.                    ✓

MR. SALYARDS IS THE SAME    ✓
ATTORNEY THAT SIGNED AN
AFFIDAVIT IN SUPPORT OF APEX
DEFENDANTS MOTION FOR SUMMARY
JUDGMENT.

MR. SALYARDS IS THE SAME    ✓
ATTORNEY WHO PRESIDED OVER
PLAINTIFF BUESGENS DECEMBER
16, 2003 EEOC ADMINISTRATIVE
HEARING MESS.

9

**DEFINITION :** THIS NOVEMBER 4 2005 DISMISSAL OF BUESGENS CONTINUING VIOLATIONS COMPLAINT WILL BE CALLED

**SALYARDS MESS NUMBER 2** ✓

**SALYARDS MESS NUMBER 1** AND NUMBER 2 ARE GENUINE ISSUES OF MATERIAL FACT THAT RESULTED IN ULTIMATE EMPLOYMENT DECISIONS OF **DISCRIMINATION** AND **RETALIATION** THAT **MARCIA H. COATES**, DIRECTOR ✓ OFFICE EQUAL OPPORTUNITY PROGRAM U.S. DEPARTMENT OF TREASURY WASHINGTON D.C. ENCOURAGED, ✓ ENDORSED, AND SUPPORTED THROUGHOUT 2005:

THIS RESULTED IN BUESGENS ✓ FILING SUIT IN YOUR COURT.

10

IT APPEARS THAT APEX
DEFENDANTS ARE DISSATISFIED
WITH PLAINTIFFS <u>FIFTY-PAGE</u>
<u>HANDWRITTEN COMPLAINT.</u>

SO INSTEAD OF BOTHERING WITH
THE <u>MERITS</u> OF PLAINTIFF DUESGENS
COMPLAINT THEY FILE A <u>SUMMARY</u>
<u>JUDGMENT MOTION</u>. SO PLAINTIFF
CAN FILE ANOTHER UNSATISFYING
FIFTY-PAGE HANDWRITTEN RESPONSE.

DEFENDANTS SUMMARY JUDGMENT
MOTION DOES NOT ADDRESS PLAINTIFFS
COMPLAINT BEFORE THIS COURT AND
DEFENDANTS BLAME PLAINTIFF
FOR THIS.

DEFENDANTS MOTION FOR SUMMARY
JUDGMENT CONTAINS FREQUENT
REFERENCES TO <u>MICHAEL SACYARDS</u>
BELIEFS, ACTIONS AND INACTIONS.

11

DEFENDANTS EXHIBITS FROM
BUESGENS DO NOT CONTAIN ANY
OF THE EXHIBITS IN HIS COMPLAINT
BEFORE THIS COURT.

THE DISTRICT COURT IN AUSTIN ✓
TEXAS WILL REQUIRE PLAINTIFF
BUESGENS TO ONLY PRESENT
CLAIMS THAT WERE PART OF
THE DECEMBER 16, 2003 EEOC
ADMINISTRATIVE HEARING.

PLAINTIFF BUESGENS WILL NOT ✓
BE ALLOWED TO PRESENT HIS
CLAIMS AGAINST APEX DEFENDANTS
OR HIS 2005 EEO COMPLAINT.

12

PLAINTIFF HAS NOT FAILED TO
STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED. HOWEVER DEFENDANTS
HAVE DECIDED TO IGNORE HIS
COMPLAINT BEFORE THIS COURT.

THIS COURT IS THE PROPER VENUE
FOR PLAINTIFFS COMPLAINT.

FURTHERMORE PLAINTIFF MADE
A REQUEST TO THE FIFTH
CIRCUIT COURT OF APPEALS AND
U.S. DISTRICT COURT AUSTIN,
TEXAS TO TRANSFER HIS CASE
TO U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
IN JANUARY, 2006.

13

## II   PLAINTIFF BUESGENS ORIGINAL ✓ COMPLAINT (50-PAGE HANDWRITTEN) FILED DECEMBER 5, 2005

**A**   PLAINTIFF BUESGENS IN A CONSTANT BATTLE WITH APEX-MARCIA H. COATES, WASHINGTON, D.C. SINCE APRIL 7, 2005.

SEE PAGE 18 ORIGINAL COMPLAINT

**B**   THE ISSUE IS CONTINUING VIOLATIONS AND THE 45 DAY LIMITATION EXCEPTION.

SEE PAGE 19 ORIGINAL COMPLAINT

**C**   MARCIA H. COATES AND CARI M. DOMINGUES HAVE REFUSED TO ASSIST ME.

SEE PAGE 19 ORIGINAL COMPLAINT

14

**D**     <u>STATEMENT OF JURISDICTION</u>
    REHABILITATION ACT AND ✓
    TITLE VII RETALIATION

<u>SEE PAGE 20 ORIGINAL COMPLAINT</u>

**E**     <u>STATEMENT OF VENUE</u>

DEFENDANTS PRINCIPLE PLACE OF
BUSINESS.

DEFENDANTS HAVE PLAINTIFFS ✓
RECORDS AND COPIES OF
CORRESPONDENCE.

DEFENDANTS ARE ULTIMATELY
RESPONSIBLE FOR 2005
EEO COMPLAINT

U.S. DISTRICT COURT OF
COLUMBIA HAS ORIGINAL
JURISDICTION

<u>SEE PAGE 21 ORIGINAL COMPLAINT</u>

15

# E. STATEMENT OF CASE

ALLEGATIONS AGAINST APEX
DEFENDANTS IN VIOLATION OF
REHABILITATION ACT, TITLE VII
EEOC REGULATIONS' AND OPM,
REGULATIONS

SEE PAGE 22 ORIGINAL COMPLAINT

# G. CENTRAL ISSUE IS CONTINUING ✓
VIOLATIONS.

APEX CONDONED
LOSS IN DUE PROCESS RIGHTS
LACK OF DUE DILIGENCE
MALFEASANCE AND NONFEASANCE
BREACH OF DUTY
PATTERN AND PRACTICE
ADVERSE ACTIONS
ULTIMATE EMPLOYMENT DECISIONS

SEE PAGE 23 ORIGINAL COMPLAINT

16

**H.** APEX DEFENDANTS APPLICATION
OF THE SYSTEM IS NOT LEGAL.

SEE PAGE 27 ORIGINAL COMPLAINT

**I** DUE PROCESS COMPLAINT
MARCIA H. COATES LETTER
DATED NOVEMBER 4, 2005

A FINAL AGENCY ACTION

SEE PAGE 28 ORIGINAL COMPLAINT

**J.** MARCIA H. COATES LETTER
DATED NOVEMBER 4, 2005 AND
SIGNED BY JAMES PARKER.

DISMISSING BUESGENS ENTIRE
EEO COMPLAINT OF CONTINUING
VIOLATIONS OF DISCRIMINATION
AND RETALIATION.

SEE PAGE 29 ORIGINAL COMPLAINT.

**K.** MARCIA H. COATES LETTER DOES NOT ADDRESS RETALIATION OF PLAINTIFF BUESGENS CONTINUING VIOLATIONS (2005 EEO COMPLAINT).

SEE PAGE 30 OF ORIGINAL COMPLAINT

**L.** MARCIA H. COATES MADE THE DECISION.

SEE PAGE 32 ORIGINAL COMPLAINT

**M.** MARCIA H. COATES NOVEMBER 18, 2005 LETTER THREATENING PLAINTIFF FOR FAILURE TO COOPERATE

SEE PAGE 34 ORIGINAL COMPLAINT

**N.** CARI M. DOMINGUES DOES NOT RESPOND TO PLAINTIFFS CORRESPONDENCE THAT BEGAN JULY, 2005

SEE PAGE 35 ORIGINAL COMPLAINT

18

O. COLLEEN M. KELLEY
FAILED TO REPRESENT ME
UNDER TITLE VII RETALIATION
PROVISIONS

MY COMPLAINT IS DISCRIMINATORY
REPRESENTATION.

VIOLATIONS OF TITLE VII AND
THE REHABILITATION ACT

SEE PAGE 36 ORIGINAL COMPLAINT

P. JOHN W. SNOW DISCRIMINATING
AGAINST EEO COMPLAINANTS

SEE PAGE 37 ORIGINAL COMPLAINT

Q. KAY COLES JAMES AND
MARCIA H. COATES AND
JOHN W. SNOW FAILURES TO
ENFORCE REGULATIONS.

SEE PAGE 38 ORIGINAL COMPLAINT

19

R.    J RUSSELL GEORGE
APEX DEFENDANT RETALIATORY
INVESTIGATION OF PLAINTIFF
BUESGENS BECAUSE OF HIS
REASONABLE ACCOMMODATION
REQUEST.

THROUGHOUT 2005 PLAINTIFF
BUESGENS MADE NUMEROUS
FREEDOM OF INFORMATION
ACT (FOIA) WITH MR.
GEORGE (TIGTA) IN WASHINGTON
D.C.

BUESGENS FOIA REQUESTS
WERE DENIED.

SEE PAGE 40 ORIGINAL COMPLAINT
AND 41-4.

S.    PRAYER FOR RELIEF

SEE PAGES 47-50 ORIGINAL
COMPLAINT

20

III. T.   PLAINTIFF MOTION FOR ✓
FIRST SUPPLEMENTAL COMPLAINT
FILED ON FEBRUARY 16, 2006.

DEFENDANTS RESPONDED TO
THIS ON FEBRUARY 27, 2006. ✓

« DEFENDANTS CLAIM THAT ✓
THE SUBSTANCE OF PLAINTIFFS
SUPPLEMENTAL COMPLAINT
DOES NOT REQUIRE ADDITIONAL
BRIEFING BY DEFENDANTS. »

BUESGENS CAUSE OF ACTION ✓
IN THIS SUPPLEMENTAL COMPLAINT
IS THE SAME CAUSE OF ACTION
THAT DEFENDANTS HAVE CONTINUED
TO IGNORE AND OMIT IN THEIR
MOTION FOR SUMMARY JUDGMENT.

DISCRIMINATION BASED ON DISABILITY ✓
VIOLATIONS OF THE REHABILITATION
ACT AND A D A.

21

YOU CANNOT BECOME APEX
WITHOUT KNOWING HOW TO
MANIPULATE THE SYSTEM.

IN 2005 BUESGENS SENT
COATES KELLEY COLES,
DOMINGUES SNOW AND
GEORGE VOLUMINOUS CORRESPONDENCE
AND DOCUMENTS.

FURTHERMORE IN HIS FOIA
REQUESTS AT AUSTIN TEXAS
PLAINTIFF WAS TOLD HIS
EMPLOYMENT RECORDS WERE IN
WASHINGTON, D.C.

SEE EXHIBITS : FOIA RESPONSES
2005

PLAINTIFFS FOIA REQUESTS
WERE MET WITH THE SAME
CONTEMPT AS SALYARDS DISPLAYED
IN DISCOVERY - DECEMBER 16, 2003.

22