THIS RETALIATION AND DISCRIMINATION
BEGAN IN 2002 AND HAS
CONTINUING VIOLATIONS INTO
2006.

IN THE BEGINNING 2002 IT
WAS APEX SERVANTS AND
THERE WERE MANY AND THEY
WERE PROVIDED LEGAL REFUGE
BY MICHAEL SALYARDS LAPSES
IN DISCOVERY RULES AND
LEGAL ETHICS.

HOWEVER IN 2005 PLAINTIFF
CONTACTED APEX AND THEY
WOULD NOT RESPOND.

THIS IS ORGANIZATIONAL MISCONDUCT
SYSTEMIC AND CONDONED BY
APEX.

APEX GREW UP IN THIS SYSTEM
AND ARE WELL AWARE OF THE
NATURE OF THE BEAST.

23

SEE PAGE 6 OF PLAINTIFF
SUPPLEMENTAL COMPLAINT

5. "TITLE VII DOES NOT CREATE
AN INDEPENDENT CAUSE OF ACTION
FOR THE MISHANDLING OF AN
EMPLOYEES DISCRIMINATION (EEO)
COMPLAINT."

B: PLAINTIFF BUESGENS IS ✓
CLAIMING RETALIATION UNDER
THE TITLE VII CLAUSE OF
PARTICIPATION IN THE EEO
AND REASONABLE ACCOMMODATION
PROCESS AND DISCRIMINATION
BASED ON DISABILITY UNDER
THE REHABILITATION ACT OF
1973 AS AMENDED.

24

MOREOVER IN 2005 PLAINTIFF
SENT EXTENSIVE CORRESPONDENCE
TO OFFICE OF SPECIAL COUNSEL
**(OSC)** IN <u>WASHINGTON, D.C.</u>

FURTHERMORE PLAINTIFF REQUESTED
THAT HIS FEDERAL LABOR RELATIONS
**(F.L.R.A.)** COMPLAINT BE
PROCESSED IN <u>WASHINGTON, D.C.</u>
BECAUSE OF THE <u>NATIONAL</u>
SCOPE AND <u>CLASS ACTION</u>
THAT ALL THESE DEFENDANTS
ARE A PARTY TO.

**6** "PLAINTIFFS CLAIMS IN THIS
DISTRICT ARISE FROM THE
SAME SET OF FACTS AS THE
LAWSUITS HE HAS FILED
IN THE WESTERN DISTRICT
OF TEXAS."

**R:** PLAINTIFF FINDS THIS A PROVOCATIVE
STATEMENT BY DEFENDANTS.

25

THE SAME SET OF FACTS.

WHO KNOWS WHAT THE FACTS
ARE ?  WHO CARES WHAT
THE FACTS ARE ?

DO THE FACTS HAVE ANYTHING
IN COMMON WITH DEFENDANTS
MOTION FOR SUMMARY JUDGMENT ?

WHY ARE DEFENDANTS BELIEFS
CONSIDERED FACTS ?

IV   THIS IS PLAINTIFFS REQUEST ✓
FOR SUMMARY JUDGMENT.

PLAINTIFF HAS PROVIDED THE
DISTRICT COURT OF COLUMBIA,
DOCUMENTS PRIMA FACIE
EVIDENCE OF DISCRIMINATION
AND RETALIATION.

26



LOOK AT THOSE **EMAILS** ✓
BETWEEN DEPARTMENT OF
TREASURY EMPLOYEES AND
I.R.S. EMPLOYEES RON TAWNEY ✓
MARGARET WAITES, ANNA MEDLOCK
NANCY SESSION, MARTHA SCHANHALS.

THESE **EMAILS** WERE SENT
IN EARLY 2003 AND WERE
WITHHELD BY **ATTORNEY**
**SALYARDS** AT THE DECEMBER
16 2003 E E O C ADMINISTRATIVE
HEARING. PLAINTIFF BUESGENS
DID NOT HAVE THESE E MAILS
AND DID NOT KNOW THEY
EXIST.

THERE IS OTHER DOCUMENTARY
EVIDENCE THAT SUPPORTS ✓
PLAINTIFFS PRIMA FACIE
CASE AND IS STILL BEING ✓
WITH HELD BY APEX.

27

SEE PLAINTIFFS MOTION
FOR SANCTIONS SERVED
BY FIRST CLASS ON MARCH
13, 2006.

E MAIL ATTACHMENTS TO
THE MOTION FOR SANCTIONS
AND OTHER ATTACHED EVIDENCE
OF APEX DEFENDANTS FAILURE
AND REFUSAL TO MANAGE is
DISCRIMATION AND RETALIATION.

SEE PLAINTIFFS MOTION FOR
EXTENSION OF TIME SERVED
BY FIRST CLASS MAIL MARCH 4,
2006.

HOLLAND V. SOCIAL SECURITY
ADMINISTRATION  2003 WL 22346114,
*1 (E.E.O.C.).

ON POINT

28

# V   OTHER AUTHORITIES

DECINTO V. WESTCHESTER COUNTY MED. CTR., 821 F.2d 111 (2d Cir. 1987)

"INDIRECT AND DIRECT CAUSAL CONNECTION OF DISCRIMINATORY TREATMENT."

PLAINTIFFS 2005 EEO COMPLAINT THAT BUESGENS PRESENTED TO APEX IN WASHINGTON, D.C. BECAUSE BUESGENS WAS SUBJECT TO MORE DISCRIMINATION AND RETALIATION FOR FILING A EEO COMPLAINT.

THIS DISCRIMINATION WILL NOT BE ALLOWED TO BE PRESENTED IN AUSTIN TEXAS BECAUSE BUESGENS IS CONFINED TO THE DECEMBER 16, 2003 EEOC ADMINISTRATIVE HEARING.

BY ATTORNEY SALYARDS.

29

PLAINTIFF BUESGENS CIVIL ACTION
IN AUSTIN, TEXAS WAS BROUGHT
UNDER SECTION 504 OF THE
REHABILITATION ACT

PLAINTIFF BUESGENS CIVIL ACTION ✓
IN THE DISTRICT COURT OF COLUMBIA
WAS BROUGHT UNDER SECTION 501
OF THE REHABILITATION ACT.

SECTION 505 OF THE REHABILITATION
ACT PRESCRIBES TWO DIFFERENT
SETS OF REMEDIES AND PROCEDURES
FOR ENFORCING THE TWO SECTIONS.

SECTION 505 (a) (1) APPLIES TO
AN EMPLOYEE OR APPLICANT FOR
EMPLOYMENT. AGGRIEVED BY THE
FINAL DISPOSITION OF A SECTION
501 COMPLAINT, OR BY THE FAILURE
TO TAKE FINAL ACTION ON SUCH A
COMPLAINT,

30

AND MAKES THE REMEDIES,
PROCEDURES, AND RIGHTS SET
FORTH IN <u>SECTION 717</u> OF THE    ✓
CIVIL RIGHTS ACT OF 1964
APPLICABLE TO SUCH A COMPLAINT.
<u>(42 U.S.C.A. SECTIONS 2000e
et seq</u>)

<u>PLAINTIFF HAS PROVEN A PRIMA
FACIE CASE OF RETALIATION IN
VIOLATION OF SECTION 704(a)
OF TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964</u>    ✓

<u>(42 U.S.C.A. SECTION 2000e-3(a))</u>    ✓
PARTICIPATION CLAUSE

31



PLAINTIFF HAS PROVEN FRAUDULENT
CONCEALMENT IN 2003 AND
2004 AND IT CONTINUES WITH
**ATTORNEY SALYARDS** DECLARATION
AND AFFIDAVIT THAT HE EXECUTED
ON FEBRUARY 7, 2006 IN
ACCORDANCE WITH 28 U.S.C.
SECTION 1746 AND WAS
SUBMITTED WITH APEX DEFENDANTS
SUMMARY JUDGMENT.

32

# VI

## SUMMARY OF FOIA REQUESTS 2005

**I.** DEFENDANT GEORGE (TIGTA) NEITHER ADMITS NOR DENIES THE EXISTENCE OF ANYTHING

AND BUESGENS SHOULD FILE SUIT IN THE DISTRICT OF COLUMBIA.

LETTERS FROM GEORGE DATED MARCH 30, 2005 THROUGH NOVEMBER 18, 2005

SEE EXHIBITS - **TAB I**

33



2. AUSTIN CAMPUS DISCLOSURE
SPECIALIST PAULA K. WARD
I.D. # 18-03230 AUSTIN
CAMPUS, LETTER DATED 10/24/05
" THIS IS OUR FINAL RESPONSE "
**TAB 2**

3 APPEALS TEAM MANAGER MARGE
FIELD FRESNO CAMPUS APPEALS
OFFICE PHONE: 559-452-3040
LETTERS DATED OCTOBER 12
THROUGH OCTOBER 13, 2005
" FILE SUIT IN DISTRICT OF COLUMBIA "

**TAB 3**

4. PAULA K WARD LETTER
DATED SEPTEMBER 23, 2005
" YOUR RECORDS WERE TRANSFERRED
TO OPM BOYERS PENNSYLVANIA. "
**TAB 4**

34

5. MARGE FIELD LETTER
DATED SEPTEMBER 23, 2005
"THE DISCLOSURE OFFICE HAS
MET ITS BURDEN"

TAB 5

6. MORE FOIA LETTERS
FROM JULY 26 THROUGH
SEPTEMBER 22, 2005

STEPHANIE K YOUNG   AUSTIN, TEXAS
MARGE FIELD         FRESNO, CALIFORNIA

PATRICIA T EVANS   OPERATIONS
DIRECTOR, DALLAS, TEXAS

DEE DEE COBB-BYRD, ATLANTA
GEORGIA.

TAB 6

35



**7.** EEOC LETTER DATED
NOVEMBER 28 2005 FROM
STEPHANIE GARNER, ASSISTANT
LEGAL COUNSEL / FOIA

FOIA NO. A5-11-FOIA-423

**TAB 7**

**8.** EEOC LETTER DATED 10/18/05
FROM ROBERT B. HARWIN
REGIONAL ATTORNEY, SAN ANTONIO,
TEXAS

FOIA NO. A6-01-FOIA-013-SA

**TAB 7**

**9.** BUESGENS LETTER DATED
DECEMBER 12, 2005 REQUESTING
EEOC-5 SYSTEM RECORDS

"NO RESPONSE TO THIS"

**TAB 7**

36

CARi DOMINGUES AND ROBERT
B. HARWIN.

10. LETTER FROM NTEU ATTORNEY
SCHNEIDER DATED OCTOBER 11,
2005
" WE DON'T RESPOND TO FOIA
REQUESTS "

**TAB 7**

11. BUESGENS EEOC SYSTEM
RECORDS REQUEST DATED
NOVEMBER 19, 2005 TO
DIRECTOR 'OFO AT EEOC
IN WASHINGTON, D.C.
" NO ONE ANSWERED "

**TAB 8**

37

# VII OTHER LETTERS AND JUST A SAMPLE.

**1** LETTER DATED JUNE 15, 2005 FROM MARIAM G. HARVEY DIRECTOR EEO WASHINGTON, D.C. **TAB 9**

**2** LETTER DATED AUGUST 11, 2005 SENDING BUESGENS CASE TO WASHINGTON, D.C. **TAB 9**

**3** BUESGENS LETTER TO ELIZABETH P. CALDWELL EEOC WASHINGTON, D.C. DATED NOVEMBER 6, 2005.

**TAB 10**

**4** BUESGENS LETTER DATED NOVEMBER 8, 2005 TO ELIZABETH CALDWELL. **TAB 10**

38



5. BUESGENS CLAIM OF
VICARIOUS LIABILITY
DATED NOVEMBER 7, 2005

TO ELIZABETH CALDWELL
EEOC SPECIALIST, WASHINGTON
D.C.

" WHAT DID MISS CALDWELL
DO WITH ALL THE CORRESPONDENCE
BUESGENS SENT HER? "

**TAB 10**

6. BUESGENS LETTER DATED
OCTOBER 26, 2005 TO

EEOC AT WASHINGTON, D.C.
SENATOR KAY BAILEY HUTCHINSON
MARCIA H. COATES
BARBARA A. ATKIN
KATYE DUDERSTADT
TERESA DICKERSON
JOHN BATES, F.L.R.A.

**TAB 11**

39

# VIII    SUMMARY

WOULD ANYONE BE INTERESTED IN KNOWING ABOUT BUESGENS PRIVACY ACT COMPLAINT ?

OSC DOESN'T WANT TO HEAR ABOUT IT AND NEITHER DOES NTEU, AND F.L.R.A. DOESN'T EITHER.

BUESGENS HAS A PRIMA FACIE CASE THERE TO IN RELATION TO HIS MEDICAL INFORMATION BEING DISTRIBUTED THROUGHOUT THE I.R.S. BY UNRESTRICTED EMAIL AND OTHER.



OFFICIAL OF SPECIAL COUNSEL
(OSC) DID NOT WANT TO
BE BOTHERED WITH BUESGENS
FOT A PRIMA FACIE CASE.

THE DISTRICT COURT IN TEXAS
WOULD NOT ALLOW PRODUCTION
OF DOCUMENTS IN APRIL, 2005.

AGENCY SHREDDERS HAVE BEEN
ON BURN RATE EVER SINCE.

INSPECTOR GENERAL GREGORY
(TIGTA) DID NOT WANT
ANYTHING TO DO WITH THE

GIGILO POLICY

CREDIBILITY ISSUES OF WITNESSES
EEO SUPERVISOR MELINDA ESTRADA
AND EEO COUNSELOR ANGELIA
GOODEN DOYLE.
BUESGENS INVESTIGATION 2003

41

# VIII   CONCLUSION

PLAINTIFF BUESGENS IS NOW SENDING YOU ANOTHER HANDWRITTEN MESS WITH JUST A FRACTION OF THE DOCUMENTS AVAILABLE AS ATTACHMENTS BECAUSE DEFENDANTS WANT A SUMMARY JUDGMENT WITHOUT MERIT, ETHICS OR STATUTE.

RESPECTFULLY SUBMITTED

Michael L Buesgens

MICHAEL L. BUESGENS

MARCH 18, 2006

42

## CERTIFICATE OF SERVICE

I MICHAEL L. BUESGENS
AND PLAINTIFF AND PRO SE
CERTIFY THAT ONE TRUE AND
CORRECT COPY OF THIS MOTION
FOR SUMMARY JUDGMENT

AND RESPONSE TO DEFENDANTS
MOTION TO DISMISS OR
TRANSFER OF VENUE

AND PLAINTIFFS CLAIM OF

FRAUDULENT CONCEALMENT

BY DEFENDANTS WAS

SERVED ON THIS 18TH DAY

OF MARCH, 2006 BY FIRST

CLASS MAIL

43

ADDRESSED TO:

KAREN L. MELNIK, ATTORNEY
U.S. ATTORNEYS OFFICE
CIVIL DIVISION
555 4TH STREET, N.W.
WASHINGTON, DC 20530

JULIE M. WILSON
ATTORNEY
NTEU
1750 H STREET, N.W.
WASHINGTON, D.C. 20006

MICHAEL L. BUESGENS
PRO SE
500 E. STASSNEY
APT 1023
AUSTIN, TEXAS 78745

PHONE 512-447-7031

44