**Internal Revenue Service**

**Date:**

SEP 2 3 2005

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

**Department of the Treasury**

**Address and reply to:**
Appeals Office, Fresno Campus
5045 E. Butler, M/S 55201
Fresno, CA 93727-5136

**Person to Contact:**
Stephen Armi #78-00023
**Contact Telephone Number:**
(559) 452-3122 (Office)
(559) 452-3113 (Fax)
**In Re:**
FOIA Appeal,
Case #18-2005-02359

Dear Mr. Buesgens:

This letter is in response to your July 29, 2005 Freedom of Information Act (FOIA) appeal of the Austin Disclosure Office's response to your June 17, 2005 and July 19, 2005 request for vacancy announcements and answers to the questions that you raised relating to the qualifications of the selected individuals.

The Austin Disclosure Office responded to you on July 26, 2005 and provided 54 documents that were responsive to your request. These documents consisted of th   iternal vacancy announcements within the Austin commuting area for the months of October,    ember and December, 2003. The Disclosure Office could not provide copies of the external v    icy announcements, nor the internal announcements from January to October, 2003 since th    been purged from the system. The Disclosure Office also notified you that the FOIA do    require agencies to create documents that were not already in existence.

It appears to be your opinion that the internal vacancy announcement from the January to October and the external vacancy announcements exist and should be provided to you. We cannot address your allegations that these documents exist. We can only address whether the search was reasonable. In regard to the adequacy of a search, an agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." See Sosa v. FBI, No. 93-1126, slip op. at 1 (D.D.C. Nov. 4, 1993).

The basic question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. U.S. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). In other words, "the search need only be reasonable, it does not have to be exhaustive." Miller, 779 F.2d at 1383 (citing Shaw v. U.S. Dept. of State, 559 F. Supp. 1053, 1057 (D.D.C. 1983)); see also, Boggs v. United States, 987 F. Supp. 11, 20 (D.D.C.1997) (noting that the role of the court is to determine reasonableness of search, "not whether the fruits of the search met plaintiff's aspirations").

We believe that the Disclosure Office has met its burden in regard to the adequacy of the search. Your allegation that additional documents exist does not undermine the finding that a reasonable search was conducted.

Michael L. Buesgens, #18-2005-02359
Page 2

With regard to the questions that you asked regarding the qualifications of the selected employees, the FOIA does not require agencies to provide explanations or answers in response to questions. Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985); Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985), aff'd, 808 F.2d 137 (D.C. Cir. 1987), cert. denied, 484 U.S. 803 (1987) ("FOIA created only a right to access to records, not a right to personal services"). In addition, the FOIA does not require agencies to create records in response to a request. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162 (1975).

In addition, we are asserting FOIA exemption (b)(6) as an additional basis for withholding the qualifications of the selected individuals. Exemption 6 permits an agency to withhold matters in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. Section 552(b)(6). The threshold test for exemption 6, is that the material fall within the category of "personnel, medical or other similar files."

Once it has been determined that information meets the threshold requirement, the focus of the inquiry turns to whether the disclosure of the record at issue would constitute a clearly unwarranted invasion of personal privacy. "The primary purpose of exemption 6 is to protect individuals from injury and embarrassment that can result from the unnecessary disclosure of personal information." Lurie v. Dept. of Army, 970 F. Supp. 19, 34 (D.D.C. 1997), citing, Dept. of State v. Washington Post, 456 U.S. 595, 599 (1982). If a privacy interest is found, then, exemption 6 requires a balancing between "the individual's right of privacy against the basic policy of opening an agency's action to the light of public scrutiny." Avondale Industries v. N.L.R.B., 90 F.3d 955, 959 (5th Cir. 1996), rehearing den., 99 F.3d 1137 (voting list compiled by NLRB not exempt under FOIA).

In conclusion, we have determined that the Disclosure Office has provided all of the releasable documents that were responsive to your request. The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

Marge Field
Appeals Team Manager