

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

SEP 2 2 2005

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear Mr. Buesgens:

This letter is in response to your Freedom of Information Act request dated August 21, 2005, which was received in this office on August 25, 2005.

In regards to your request for copies of internal vacancy announcements in the Austin, Texas commuting area for grade 5/6/7/8 positions for the year of 2003, please refer to our previous response letter to you dated July 26, 2005. As explained in the letter, we were able to obtain some of the announcements for 2003 and enclosed those copies. The remaining information could not be provided without a document being created and FOIA does not require agencies to create records not already in existence. We have no additional records to provide to you. The enclosed Notice 393 explains your appeal rights.

For further information, please contact Paula Ward, Disclosure Specialist, ID number 18-03230, 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768. Please refer to case number 18-2005-03035.

Sincerely,

Stephanie K. Young
18-02241
Disclosure Officer
Austin Campus

Enclosure

# Information on an IRS Determination to Withhold Records Exempt From The Freedom of Information Act – 5 U.S.C. 552

### Appeal Rights

You may file an appeal with the Internal Revenue Service (IRS) within 35 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal <u>must</u> be in writing, must be signed by you, and must contain:

> Your name and address,
> Description of the requested records,
> Date of the request (and a copy, if possible),
> Identity of the office and contact on the response letter, and
> Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:

> IRS Appeals
> Attention: FOIA Appeals
> 5045 E. Butler Ave.
> M/Stop 55201
> Fresno, California 93727-5136

### Judicial Review

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A). The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA ,1111 Constitution Avenue, N.W., Washington, D.C. 20224.

### Exemptions

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are:

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order.

(b)(2) • related solely to the internal personnel rules and practices of an agency;

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute

**Internal Revenue Service**          **Department of the Treasury**

Date:   SEP 2 0 2005

**Address and reply to:**
Appeals Office, Fresno Campus
5045 E. Butler, M/S 55201
Fresno, CA  93727-5136

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

**Person to Contact:**
Stephen Armi  #78-00023
**Contact Telephone Number:**
(559) 452-3122 (Office)
(559) 452-3113 (Fax)
**In Re:**
TIGTA FOIA Appeal

Dear Mr. Buesgens:

This letter is in response to your June 17, 2005 Freedom of Information Act (FOIA) appeal of the TIGTA Disclosure Office's failure to provide the requested documents to you.

All TIGTA Disclosure Office appeals must be sent to :

        Treasury Inspector General of Tax Administration
        Office of Chief Counsel
        1125 15th Street, N.W.
        Room 700A
        Washington, DC 20005

Since you submitted a copy of your June 10, 2005 letter to TIGTA at the above address and the IRS Appeals Office does not have jurisdiction over your appeal, we are closing our file in regard to this matter.

Sincerely,

*Marge Field*
Marge Field
Appeals Team Manager

http://www.tigta.gov,
**Treasury Inspector General for Tax Administration**

Printed on  Tuesday, Sep 20, 2005

## Making a FOIA Request

If you are interested in making a FOIA request to TIGTA, your request must be made in writing and comply with the provisions of 31 CFR 1.1. Your written FOIA request must:

(1) Indicate that your request is made pursuant to the FOIA;

(2) Adequately describe the records sought by your request;

(3) Include your agreement to pay fees for search, duplication, and review, if applicable, or include a request for a fee waiver or reduction of fees, along with a justification for such a request indicating which of the following user category is applicable: commercial, educational institution, scientific institution, or news media. Normally, there is no charge if the number of pages copied is less than 100 pages; and,

(4) To protect the confidentiality of information and to prevent an unwarranted invasion of personal privacy, you must: (a) sign your request; and, (b) establish your right to receive the requested documents by providing a photocopy of an identifying document bearing your signature (such as a driver's license, identification badge or passport), or a notarized statement swearing to or affirming your identity.

If you do not provide the necessary information, the agency will not process your request, but will advise you what additional information is required.

Kindly forward your request to the following address:

Treasury Inspector General for Tax Administration
Office of Chief Counsel Disclosure Section
1125 15th Street, N.W.
Room 700A
Washington, DC 20005
ATTN: Disclosure Officer

You may fax your request to (202) 622-3339. Alternatively, you may e-mail your request to the following address: FOIA.Reading.Room@tigta.treas.gov

### FEES

FOIA requesters may have to pay fees covering some or all of the costs of processing their requests, unless the fees are waived. For the purposes of fees only, the FOIA divides requesters into the following categories:

1. <u>Commercial Use Requester</u>: one who seeks information for a use of purpose that furthers the commercial, trade, or profit motive of the requester, or the person on whose behalf the request is made.

2. <u>Educational Institution</u>: a school that operates a program of scholarly research.

3. <u>Noncommercial Scientific Institution</u>: an institution that is not commercial and that is operated solely for the purpose of conducting scientific research that does not promote any particular product or industry.

4. <u>Representative of the News Media</u>: one actively gathering news for an entity organized and operated to publish or broadcast news. "News" is information about current events or that would be of current interest.

5. <u>All Other Requesters</u>: any requester who does not fall into one of the other categories of requesters.

Commercial requesters may be charged fees for searching for records, processing the records, and photocopying the records. Educational or noncommercial scientific institutions and representatives of the news media are charged only for photocopying expenses after the first 100 pages of copies. Requesters who do not fall into one of the other categories are charged for record searches which take more than two (2) hours and photocopying after the first 100 pages of documents.

TIGTA currently charges $.20 per page photocopying. In addition, search and review fees are $21.00 per hour.

You may always include in your request letter a specific statement limiting the amount that you are willing to pay in fees.

You will be notified by TIGTA if it anticipates that you will incur fees during the processing of your FOIA request and will be asked to make a commitment to pay the amount of the estimated fees. At that time, you may make a written request for a waiver of the fees. Your written request for a fee waiver should be addressed to the following address:

> Office of Chief Counsel
> Treasury Inspector General for Tax Administration
> IG:CC:D
> Room 700A
> 1125 15th Street, NW
> Washington, DC 20005
> Attn: Disclosure Section

Fee waivers are limited to situations in which a requester can show that the disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the Government and is not primarily in the commercial interest of the requester. Requests for fee waivers from individuals who are seeking records pertaining to themselves usually are denied under this standard because such disclosures usually will not result in any increase of the public's understanding of Government operations and activities. In addition, a requester's inability to pay fees is not a legal basis for granting a fee waiver.

## HOW TO APPEAL

If your request is denied in whole or in part, TIGTA will advise you in writing of the basis for the withholding and inform you of your right to appeal the release determinations. You may file an administrative appeal to TIGTA's Office of Chief Counsel within 45 days of the agency's final response to your request. No particular form or language is needed to file an administrative appeal. You may, however, explain the reasons why you disagree with the agency's release determinations. In addition, if you believe additional responsive records exist, which were not processed in response to your request, you should indicate where you believe these records are located.

You should address your written administrative appeal to the following address:

> Treasury Inspector General for Tax Administration
> Office of Chief Counsel
> 1125 15th Street, N.W.
> Room 700A
> Washington, DC 20005

## JUDICIAL REVIEW

The FOIA also provides a requester the right to bring a civil lawsuit against the agency in an appropriate Federal district court (either in Washington DC, or where the requester resides or does business) if a request is, after initial request and administrative appeal, denied in whole or in part.

Last Updated: April 21, 2005



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

SEP 0 7 2005

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear Mr. Buesgens:

We need more time to locate and consider releasing the Internal Revenue Service records covered in your Freedom of Information Act (FOIA) request dated July 29, 2005. We are sorry for any inconvenience the delay may cause.

The Freedom of Information Act, 5 USC 552(a)(6)(B) and 26 CFR 601.702(c)(11) allow agencies to extend the 20 business day time limit for responding to request by an additional 10 days. This extension is permitted when additional time is needed to search for, collect the requested records from other locations, review a large volume of records that are responsive to your request, or consult with business submitters about proprietary information.

Although the FOIA and its implementing regulations permit the extension of time, we will not be able to respond to your request by September 21, 2005. Therefore, we must ask for additional time to respond to your request. We plan to provide you with our response by October 14, 2005.

**IF YOU AGREE TO THIS VOLUNTARY EXTENSION**

If you agree to this extension of time, no reply to this letter is necessary. You will still have the right to file an appeal of our determination if we subsequently deny your request. You may want to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the person whose name and number are shown below.

The FOIA process is not an additional avenue of recourse during tax administrative proceedings. It solely provides for access to records. Your agreement to extend the time for our response to your FOIA request will have no bearing on any ongoing tax matter such as Collection Due Process or examination appeal.

2

## IF YOU DO NOT AGREE TO THIS VOLUNTARY EXTENSION

If you do not agree to this extension and do not want to modify the scope of your requests, you may not appeal this letter administratively to the IRS. You may, however, file suit. See 5 USC 552(a)(6)(C)(I), 26 CFR 607.702(c)(10).

To file suit, you must petition the U.S. District Court in the district in which you live or work, or where the records are located, or in the District of Columbia, to obtain a response to your request. You may file suit no earlier than September 21, 2005. Your petition will be treated according to the Federal Rules of Civil Procedure, which may apply to actions against any agency of the United States. These procedures require that the IRS be notified of the pending suit, through service of process, which should be directed to:

>  Commissioner of Internal Revenue Service
>  Attention:CC:PA
>  1111 Constitution Avenue NW
>  Washington, DC 20224

If the court concludes you have reasonably refused to limit your request or to accept the alternate time frame for response, it may find that our failure to meet the statutory time frames in the FOIA is justified. See 5USC 552(a)(6)(C)(iii).

We hope you will agree to allow us more time to process your request. If you wish to contact us, please call Paula Ward, Disclosure Specialist, ID number 18-03230, 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000AUSC, Austin, Texas 78768. Please refer to case number 18-2005-02810.

>  Sincerely,
>
>  *Paula K. Ward*
>  Stephanie K. Young
>  18-02241
>  Disclosure Officer
>  Austin Campus



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

AGENCY-WIDE
SHARED SERVICES



AUG 0 3 2005

Mr. Michael Buesgen
500 E. Stassney
Apt. 1023
Austin, TX 78745

Mr. Buesgen:

This letter is in response to your request for your Reasonable Accommodation records. Your request for this information was dated June 17, 2005; your request for the information was received in the Atlanta office on June 27, 2005, and was subsequently forwarded to the Dallas office for processing. You requested under the Privacy Act of 1974, your reasonable accommodation records for the years 2002 & 2003, from the Privacy Act System of Records Treasury/IRS 35.001 – Reasonable Accommodation Request Records.

Due to the lack of specific information in your letter to us, as to the records you sought, our Reasonable Accommodation Coordinator, Mary Russell, contacted you by telephone on July 1, 2005, to discuss your request. Ms. Russell has indicated to us that you are seeking a copy of the IRS's Procedures for requesting reasonable accommodation, emails and or other correspondence between the Austin, TX, Equal Employment Opportunity (EEO) Office and your management staff that are specific to your request for reasonable accommodation while you were employed with the Internal Revenue Service (IRS).

In response to the agency's Internal Records and policies, I have enclosed records consisting of email exchanges and internal memorandums' concerning your reasonable accommodation request. These records fulfill your request and the agency's obligation for your request for information specific to the Privacy Act.

I am providing you with a copy of <u>IRS Reasonable Accommodation Policy (dated</u>

*15*

-2-

February 7, 2005) and the Procedures for Processing Reasonable Accommodation Requests (effective November 2004.)

If you require additional information, you may contact Tracey Banks, EEO Territory Manager, at (214) 413-5871. ✓

Sincerely,

Patricia I. Evans
Operations Director
EEO and Diversity Field Services

Enclosures (27)

*PLEASE PUT YOUR RETURN ADDRESS ON YOUR LETTER.*



Michael R Buesgens
August 11, 2005



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
ATLANTA, GA 30308

WAGE AND INVESTMENT DIVISION

JUL 2 9 2005

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

Dear Mr. Buesgens,

On Friday, July 22, 2005, our office received a letter from you dated July 2, 2005. In it, you reference a request for reasonable accommodation records that you believed were sent to our office on June 17, 2005. At your request, this letter is being sent to you to confirm the information relayed to you by phone from the Senior EEO Specialist on Monday, July 25, 2005.

Our office does not process reasonable accommodation requests and has no knowledge of the records you mentioned in your letter. However, as a courtesy, phone contact was made with the Agency-Wide Shared Services (AWSS) EEO & Diversity (EEOD) Field Services (FS) office in Houston, Texas, and to their next level AWSS EEOD FS management official in Cincinnati, Ohio, to notify them of the misdirection of your letter to our office. They were informed that your letter would be forwarded to the Cincinnati office for appropriate action, since you expressed concerns with the Houston office.

We apologize for any misunderstandings in the roles of the various EEOD offices and any delay that may have occurred as a result of your request being misdirected to our office. It is our understanding that the Houston AWSS EEOD FS office is currently in the process of responding to your request. You can expect to hear from them soon.

Sincerely,

Dee Dee Cobb-Byrd