

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON. D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

JUL 2 6 2005

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear Mr. Buesgens:

This letter is in response to your Freedom of Information Act (FOIA) request dated June 17, 2005, which was received in this office on June 23, 2005.

Your request for copies of vacancy announcements in the Austin, Texas commuting area for grade 5/6/7/8 positions for 2003 did not specify internal or external announcements. Our research shows the 2003 external vacancy announcements have been purged and the information is no longer available. In reference to the internal announcements, we were able to obtain some of the announcements for 2003 and are enclosing. The remaining information could not be provided without a document being created and FOIA does not require agencies to create records not already in existence.

We are releasing a total of 54 pages of documents responsive to your request. The enclosed Notice 393 explains your appeal rights.

For further information, please contact Paula Ward, Disclosure Specialist, ID Number 18-03230, 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768. Please refer to case number 18-2005-02359.

Sincerely,

Stephanie K. Young
18-02241
Disclosure Officer
Austin Campus

Enclosures (2)

Information on an IRS Determination to Withhold Records Exempt From
The Freedom of Information Act – 5 U.S.C. 552

### Appeal Rights

You may file an appeal with the Internal Revenue Service (IRS) within 35 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal must be in writing, must be signed by you, and must contain:

> Your name and address,
> Description of the requested records,
> Date of the request (and a copy, if possible),
> Identity of the office and contact on the response letter, and
> Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:

> IRS Appeals
> Attention: FOIA Appeals
> 5045 E. Butler Ave.
> M/Stop 55201
> Fresno, California 93727-5136

### Judicial Review

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A). The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA ,1111 Constitution Avenue, N.W., Washington, D.C. 20224.

### Exemptions

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are:

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order.

(b)(2) • related solely to the internal personnel rules and practices of an agency;

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

Office of
Legal Counsel

Michael L. Buesgens
500 E. Stassney
Apt. 1023
Austin, Texaas 78745

NOV 2 8 2005

**Re: FOIA No. A5-11-FOIA-423**

Dear Mr. Buesgens:

This letter responds to your correspondence dated November 8, 2005, regarding your original submission, dated August 10, 2005 and received on August 16, 2005. The paragraph(s) checked below apply:

[x]   A portion of your request is neither granted nor denied because: [x] Your request does not reasonably describe the records you wish disclosed or [x] No records fitting the description of the records you seek disclosed exist or could be located after a thorough search. Otherwise,

[ ]   Your request is granted.

[ ]   Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ ]   Your request is granted in part and denied in part. Portions not released are being withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ ]   You must send a check for $    made payable to the United States Treasurer and mail to the above address. Professional search and review time is billed at a rate of $17.00 per hour, and clerical search and review time at $7.00 per hour, and photocopying at $.15 per page. 29 C.F.R. § 1610.15. Address your correspondence to the attention of [insert your name here]. The fee has been computed as follows:

   [ ]   Commercial requests:   pages of photocopying;   hours of clerical review time;   hours of professional review time;   hours of clerical search time; and   hours of professional search time.

   [ ]   Requests by educational or noncommercial scientific institutions or representatives of the news media:   ____ pages of photocopying. The first 100 pages are provided free of charge.

[ ]  All other requests: ___ pages of photocopying; ___ hours of clerical search time; and ___ hours of professional search time. The first 100 pages and 2 hours of search time are provided free of charge.

[ ]  The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ]  The disclosed records are enclosed. Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[x]  You may appeal the denial or partial denial of your request by writing within thirty days of receipt of this letter to Office of Legal Counsel/FOIA Programs, Equal Employment Opportunity Commission, 1801 L Street, N.W., Washington, D.C. 20507. Your appeal will be governed by 29 C.F.R. § 1610.11.

[x]  See attached Comments page for further information.

Sincerely,

Stephanie D. Garner
Assistant Legal Counsel/FOIA

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

[ ] (2)
[ ] (3)
    [ ] Section 706(b) of Title VII
    [ ] Section 709(e) of Title VII
[ ] (3)(B)
    [ ] 41 U.S.C. §253b(m)
[ ] (4)
[x] (5)

[ ] (6)
[ ] (7)(A)
[ ] (7)(C)
[ ] (7)(D)
[x] other (see attached)

**Re: FOIA No. A5-11-FOIA-423**

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (1982), permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Hinckley v. United States*, 140 F.3d 277 (D.C. Cir. 1998); *Mace v. EEOC*, 37 F.Supp.2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Missouri ex. rel. Shorr v. United States Corps of Eng'rs.*, 147 F. 3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, *Wolfe v. Department of Health and Human Services*, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. *First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 (D.C. Cir. 1994). *See also, Greyson v. McKenna & Cuneo and EEOC*, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process. *A. Michael's Piano, Inc. v. Federal Trade Commission*, 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. *See Mapother, Nevas, et al. v. Dept of Justice*, 3 F.3d 1533 (D.C. Cir. 1993).

DOCUMENTS WITHHELD PURSUANT TO THE FIFTH EXEMPTION TO THE FOIA:

All comments sent by the EEOC to various agencies, by which the EEOC commented on draft reasonable accommodation policies.

Exemption (b)(5) permits the withholding of intra and inter agency records which would not be available to a party other than an agency in litigation with another agency. Documents reflecting the predecisional deliberative analysis and recommendations of the EEOC for the purpose of advising the agency of possible action are also exempt from disclosure. This exemption also protects internal debate from public scrutiny to allow agencies to freely explore alternative avenues of action.

FOIA No. A5-11-FOIA-423

## COMMENTS PAGE

The EEOC responded on September 22, 2005 to your FOIA request concerning agency records. The Comments Page informed you that Items Nos. 4 through 20 could neither be granted nor denied because the EEOC did not maintain such records. Regarding No. 4, FOIA Programs has been advised that agencies track the grant/denial of reasonable accommodation requests, but the EEOC does not collect this information. You were further advised to directly contact the federal agencies in order to obtain specific information regarding the agencies.

You were also advised that portions of your request could neither be granted nor denied for the following reason: your request was not a proper FOIA request. The FOIA requires that an access request satisfy two specific requirements: 1) it must "reasonably describe" the records sought and 2) it must be made in accordance with the EEOC's published FOIA regulations. Your request failed to meet these requirements for a FOIA request because it did not reasonably describe the records you sought in sufficient detail to enable a knowledgeable employee to locate the records with a reasonable amount of effort, or requests that EEOC respond to questions. You were also informed that the FOIA required agencies to provide a requestor with access to records, not answer questions, such as those numbered 1, 2 and 3 in your request.

Finally, your request for "a copy of Equal Employment Opportunity Commission records on federal agencys' [sic] uniformity and consistency of reasonable accommodation; policies; and procedures in placing federal employees in a reasonable accommodation job" will be specifically addressed. The EEOC has guidance on reasonable accommodations. It is available on the EEOC's website: www.eeoc.gov. The actual link to the guidance is http://www.eeoc.gov/policy/docs/accommodation_procedures.html. Additional information is located at: http://www.eeoc.gov/policy/docs/qanda-accomodation_procedures.html. An agency's final reasonable accommodation policy is maintained by the individual agency. In order to request a copy of such records, a FOIA request to the agency is required. EEOC attorneys have submitted comments to various agencies, in response to drafts of various agency policies. The EEOC's comments on drafts of agency reasonable accommodation policies are withheld under the fifth exemption to the FOIA, 5 U.S.C. §552(b)(5). The fifth exemption permits nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." The predecisional documents were received and reviewed by the various agencies. A predecisional deliberative document reflecting agency recommendations, advice or analysis, is exempt from disclosure.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** ✓
San Antonio District Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

✓ 10-18-05

Michael Buesgens ✓
500 East Stassney Ln
Austin, Texas 78745

RE:  Freedom of Information Act (FOIA) Request ✓
     Michael Buesgens vs. U.S. Treasury
     Charge No. 360-2003-08286
     Request No. A6-01-FOIA-013-SA

Dear Mr. Buesgens:

[✓] You are the Charging Party/Charging Party's Representative.
    [ ] The EEOC completed its processing of the above cited investigative file on _____.
    [ ] The Charging Party has filed a lawsuit.

[ ] You are the Respondent/Respondent's Representative.
    [ ] The EEOC completed its processing of the above cited investigative file on _____.
    [ ] The Charging Party has filed a lawsuit.

[ ] You are neither Charging Party/Charging Party's Representative, nor are you Respondent/Respondent's Representative.

[ ] Your request was sent improperly to this office and has been forwarded to the Regional Attorney for the _____ District Office of the EEOC for response. Your request will not be deemed received by the Commission until received by the appropriate Regional Attorney. 29 C.F.R. Section 1610.7(d).

[✓] Your request is neither granted nor denied because: [ ] your request does not reasonably describe the records you wish disclosed or [✓] no records fitting the description of the records you seek disclosed could be located after a thorough search or [ ] the records were destroyed in the normal course of business on _____. ✓

[ ] Processing of the request cannot proceed unless we receive a copy of the court complaint for our review. Please make sure the copy clearly reflects the cause number of the case and the date it was filed with the court.

[ ] Your request is granted.

[ ] Your request is denied pursuant to the subsection(s) of the Freedom of Information Act (FOIA), 5 U.S.C. Section 552(b), indicated below. An attachment to this letter explains the use of these exemptions from the FOIA in more detail.

| | |
|---|---|
| [ ]  (2) | [ ]  (5) |
| [ ]  (3) | [ ]  (6) |
|   [ ]  Sections 706(b) and 709(e) of Title VII | [ ]  (7)(A) |
| | [ ]  (7)(C) |
|   [ ]  Section 709(e) of Title VII | [ ]  (7)(D) |
|   [ ]  5 USCA Sec. 574(j) | [ ]  (7)(F) |
| [ ]  (4) | |

[ ] Your request is granted in part and denied in part. Portions not released are being withheld pursuant to the subsection(s) of the FOIA indicated below. An attachment to this letter explains the use of these exemptions from the FOIA in more detail.

| | |
|---|---|
| [ ]  (2) | [ ]  (5) |
| [ ]  (3) | [ ]  (6) |
|   [ ]  Sections 706(b) and 709(e) of Title VII | [ ]  (7)(A) |
| | [ ]  (7)(C) |
|   [ ]  Section 709(e) of Title VII | [ ]  (7)(D) |
|   [ ]  5 USCA Sec. 574(j) | [ ]  (7)(F) |
| [ ]  (4) | |

[X] You may appeal the denial or partial denial of your request by writing within thirty days of receipt of this letter to Assistant Legal Counsel/FOIA, Office of Legal Counsel, U.S. Equal Employment Opportunity Commission, 1801 L Street, N.W., Washington, D.C. 20507. You must include a copy of the Regional Attorney's determination with your appeal. Your appeal will be governed by 29 C.F.R. § 1610.11.

We estimate the requested file to be _____ inch(es) of documents. We further estimate this file to contain _____ pages. To determine the number of pages in the file, we use the scale that one half (1/2) inch of documents equals 100 pages. The total cost for researching, reviewing and copying the file is approximately $ _____ (photocopying is billed at $.15 per page, professional search and review time is billed at a rate of $17.00 per hour and clerical search and review time at $7.00 per hour). The approximate fee has been computed as _____ -100 = _____ pages of photocopying, _____ hours of clerical search time and _____ hours of professional search time. We will advise you of the exact cost for the file copy at a later date. **Please do not submit any payment at this time.** We can offer the following options to obtain the file:

1. Allow us to make the copies of the file. We hope to make the file copy in the next 10 to 15 workdays after you give your approval for our office to make the file copy. We will advise you in a separate letter if there is any cost in coping the file.

2. In an expedited process, we will send the file to a copying contractor. The contractor will make the copies and bill you directly. We will send the file to a contractor in one or two workdays after you give your approval to use an expedited process. Under the expedited process you will not receive any free pages. The contractor will charge you at their rate per page from page one.

3. The file will be made available for your review at the San Antonio District Office. Please call Servando A. Pena, Paralegal Specialist, at 210-281-7639 between the hours of 9:00 A.M. and 4:00 P.M. to make arrangements to review the file.

[ ] *Please note that the file you requested is at least two and one half inches thick, approximately 500 pages or it is the party's second request. Requesting this file, it is more cost effective to have the file copied by the contractor. Our contractor charges $.12 per page starting with page one. At 500 pages both EEOC's and the contractor's fees are equal and the contractor's fees are less than those of EEOC if the file is larger than two and one half inches thick or approximately 500 pages. If this is the requester's second request, you can only obtain a file copy under the expedited process. If you wish to withdraw your FOIA request, please advise us in writing within two workdays after receiving this letter. You may fax your withdrawal to the above fax number.*

[ ] *Please make a selection of one of the options on the enclosed option sheet attached to this letter. After printing your name, marking your choice of options and signing the form, mail or fax(use the above fax number) the option form to EEOC. If there is any cost, we will advise you at a later date.*

[ ] In addition, the file also contain(s) ( )audio cassette(s) labeled as _____ that will be made available upon request. You can request a review of the cassette(s) at our office. You can also request a copy(s) of the cassette(s) at your expense or a transcript of the cassette(s) at your expense.

[ ] You have also made your request for records pursuant to the Privacy Act. Your request is exempt from the disclosure provisions of the Privacy Act. 29 C.F.R. Section 1611.13. The Commission has provided other means for access to charge files. These other means are the FOIA and Section 83 of the EEOC Compliance Manual. Therefore, with respect to a request such as this one, it is EEOC policy that the request be treated as one for the access to records under the Freedom of Information Act, 5 U.S.C. Section 552.

[ ] You have requested an expedited file copy. The file will be sent to an outside copying contractor at the same time that we are mailing this FOIA response to you.

[ ] See the attached comments page for further information.

If you have any additional questions in reference to the above cited FOIA, please direct them to the attention of Servando A. Pena, Paralegal Specialist at 210-281-7601.

Sincerely,

10-18-05

_____
Date

Robert B. Harwin

_____
Robert B. Harwin
Regional Attorney

December 12, 2005 ✓

RE: Your letter dated December 8, 2005.

Guillermo Zamora ✓
EEOC Enforcement Supervisor
5410 Fredricksburg Road
Suite 200
San Antonio, TX 78229-3555

Robert B. Harwin ✓
Regional Attorney
5410 Fredricksburg Road
Suite 200
San Antonio, TX 78229-3555

Dear Guillermo Zamora and Robert B. Harwin

I HAVE NO CONCERNS OVER YOUR DENIAL OF MY FOIA REQUEST NUMBER A6-01-FOIA-013-SA.

MY CONCERNS ARE THE FOLLOWING

I MADE AN EEOC SYSTEM OF RECORDS REQUEST WITH ROBERT B. HARWIN, DATED NOVEMBER 16, 2005.

I REQUESTED EEOC-5 RECORD CORRESPONDENCE AND COMMUNICATIONS.

YOU HAD 10 DAYS TO RESPOND, BY EEOC REGULATIONS. YOU CHOSE NOT TO RESPOND.

PLEASE RESPOND IMMEDIATELY.

MICHAEL L. BUESGENS
500 E. STASSNEY
APT 1023
AUSTIN, TX 78745
512-447-7031

I, MICHAEL L. BUESGENS DO HEREBY CERTIFY THAT ONE TRUE AND CORRECT COPY OF LETTERS DATED DECEMBER 11, 2005 AND DECEMBER 12, 2005 WERE MAILED BY PLACING SAME IN THE U.S. MAIL FIRST CLASS DELIVERY ON THIS THE 12TH DAY OF DECEMBER, 2005, ADDRESSED TO THE FOLLOWING:

1.

GUILLERMO ZAMORA ✓
ROBERT B. HARWIN
EEOC
5410 FREDRICKSBURG RD
SUITE 200
SAN ANTONIO, TX 78229-3555
210-281-7600

2 

CARI M. DOMINGUEZ ✓
CHAIR
EEOC
1801 L. STREET, NW
WASHINGTON, DC 20507


*Michael L. Buesgens* (signature)
MICHAEL L. BUESGENS



**The National Treasury Employees Union**

October 11, 2005

Michael Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

Re: Correspondence

Dear Mr. Buesgens:

    We are in receipt of the correspondence you have submitted to NTEU, including the FOIA Request, Request for Information and Request for Appointment of Counsel. The National President of NTEU has designated me to represent NTEU in the unfair labor practice charge as well as all other matters submitted by you. Please be advised that NTEU will not respond any further to any request you have submitted to date nor will we be responding to future requests. We have responded to your Request for Appointment of Counsel in the past and it is now the subject of litigation you initiated. Your FOIA Request and Request for Information are related to your litigation and will be resolved in that forum. Further, NTEU is not within the jurisdiction of the Freedom of Information Act.

    It is suggested that you allow the FLRA to investigate and resolve your complaint without future correspondence. If you persist with your correspondence, please address all letters to me, but be advised that NTEU will not respond.

Sincerely,

Dennis Schneider
National Counsel

cc:    Barbara Atkin
        Deputy General Counsel