UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-2334 (RCL) |
| ) | |
| MARCIA H. COATES, Director, ) | |
| Office of Equal Opportunity Program ) | |
| U.S. Department of the Treasury, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
OR FOR TRANSFER OF VENUE**

**I. INTRODUCTION**

In Plaintiff's Motion for Summary Judgment, Response to Defendant's Motion, and Claim of Fraudulent Concealment ("Pl's Motions") plaintiff repeats much of what is contained in his original Complaint. In his self-styled "handwritten mess," see Pl's Motions at 42, plaintiff asserts that venue is proper here because he "has provided the District Court of Columbia document [sic] prima facie evidence of discrimination and retaliation." See id. at 26. Plaintiff also asserts that venue is proper here because he has written to and received letters from the named defendants whose offices are located in Washington, D.C. See id. at 15, 18-20, 38-39. Lastly, plaintiff claims he has a cause of action here against the defendants because of alleged unfairness in the EEO process in Texas. See id. at 5-7, 16.

Plaintiff's pleading fails to overcome two inescapable deficiencies in this case - - that the Court does not have jurisdiction over plaintiff's discrimination and retaliation claims, and that there is no cause of action against the Equal Employment Opportunity Commission ("EEOC")

for its processing of a claim. This Court should, therefore, dismiss this case for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, or in the alternative, transfer this case to the Western District of Texas, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a).

## II. LEGAL STANDARDS

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the "Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing* Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). The Court must resolve all factual doubts in favor of the Plaintiff and allow the Plaintiff the benefit of all inferences. *See* EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Further, while the Court must accept plaintiff's allegations of fact as true, the Court is not required to accept as correct the

conclusions plaintiff would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations."  Kowal, 16 F.3d at 1276; *see also* Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.  ARGUMENT

Plaintiff's discrimination and retaliation claims are not properly before this Court because (1) plaintiff has a pending lawsuit alleging these claims in the Western District of Texas, and (2) plaintiff cannot satisfy the special venue provisions of Title VII.  As plaintiff provides in his motions, he "filed a complaint on April 5, 2005[,] in Texas alleging violations of Title VII."  See Pl's Motions at 3.  He also has "a retaliation complaint based on his disability (bipolar) for participation in protected activity (EEO complaints and reasonable accommodation)."  See id. at 4.  As the defendants stated in their Motion to Dismiss or for Transfer of Venue ("Def's Motion"), "separate parallel proceedings have been long recognized as a judicial inconvenience." Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided")).  Where two actions involving the same parties and identical issues are pending in different federal district courts, the United States Supreme Court has stated that the "general principle is to avoid duplicative litigation."  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations omitted).

As defendants argued in their motion to dismiss, that is exactly the situation here. The Court should dismiss this case in order to avoid the unnecessary time and expense of litigating the same claim between the same parties in two different districts. In addition, dismissal would prevent the potential that juries may reach inconsistent results if the claims proceed in two separate cases. The Court may, in its discretion, dismiss a case that is also raised in another proceeding. Handy, 325 F.3d at 350-51.

Moreover, plaintiff cannot satisfy Title VII's special venue provision. See 42 U.S.C. § 2000e-5(f)(3). That provision sets forth the exclusive requirements for venue in Title VII actions. See Stebbins v. State Farm Mut. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title VII] was limited by the statute which created the right."). Section 2000e-5(f)(3) provides that Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice are maintained and administered"; (3) where plaintiff "would have worked but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal office" (but only if defendant "is not found" in any of the three preceding districts).

As defendants argued in their Motion to Dismiss or for Transfer of Venue, plaintiff was employed by the Internal Revenue Services in Austin, Texas during the relevant time period. Plaintiff's relevant employment records are located in the Western District of Texas. See Pl's Motion at 8. In addition, the relevant management witnesses in this case are located in the Western District of Texas. See id. Plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because he has corresponded with defendants'

principal offices, which are located in this District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. See Stebbins, 413 F.2d at 1103 ("Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his principal office.'"). Here, defendant can be "found" and subject to suit in the Western District of Texas, where plaintiff worked before he retired. Accordingly, pursuant to 28 U.S.C. § 1406(a), this case should either be dismissed or, should this Court determine it to serve the interest of justice, transferred to the Western District of Texas.

      Finally, plaintiff's case should be dismissed because he fails to state a claim upon which can be granted. It appears from plaintiff's Complaint and his motions, that the reason why he has filed in the District of Columbia is to address what he perceives as systemic problems with the EEOC process in Texas. However, an alleged failure to process an EEO claim properly is not actionable under Title VII. See Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam) (Congress has not authorized, either expressly or impliedly, a cause of action against the Equal Employment Opportunity Commission for challenges to its processing of a claim.); see also Stewart v. Evans, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (dissatisfaction with agency's handling of EEO complaint is not an adverse action); Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990) (only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates only a cause of action for discrimination. It does not create an

independent cause of action for the mishandling of an employee's discrimination complaints."), aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992).

Plaintiff's only available relief relating to his underlying discrimination and retaliation claims is to file a complaint in the Western District of Texas (which he has done) seeking a trial de novo, as Title VII does not permit plaintiff to challenge the processing of his EEO claims. Accordingly, plaintiff's Complaint fails to state a claim and should be dismissed.

The preceding argument demonstrated that venue is not proper in the District of Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). In the alternative, if the Court were to determine that venue is proper here under the standards set forth in Title VII, this case should nevertheless be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). That provision authorizes the Court to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice. See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996). As defendants demonstrated in their Motion to Dismiss or for Transfer of Venue, each of these conditions is satisfied in the present case. See Def's Motion at 9-10.

### IV.  CONCLUSION

The Court should either dismiss this action or transfer it to the Western District of Texas.

Respectfully submitted,

_____s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

                         \_\_\_/s/_____
                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                         Assistant United States Attorney



                         \_\_\_/s/_____
                         KAREN L. MELNIK, D.C. BAR # 436451
                         Assistant United States Attorney
                         United States Attorney's Office
                         Civil Division
                         555 4th Street, N.W.
                         Washington, D.C. 20530
                         (202) 307-0338

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on March 27, 2006, I served a copy of the foregoing Defendants' Motion to Dismiss or for Transfer of Venue, a supporting memorandum, and a proposed Order by first class mail, postage pre-paid, to the following:

>Michael L. Buesgens
>500 E. Stassney
>Apt. 1023
>Austin, Texas 78745

>_____
>KAREN L. MELNIK, D.C. Bar #436451
>Assistant United States Attorney
>Civil Division
>555 4th Street, N.W.
>Washington, D.C.  20530
>(202) 307-0338