IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
)
    Plaintiff, )
)
v. )  Case No. 1:05CV02334
)  Judge: Royce C. Lamberth
MARCIA H. COATES, et al. )
DIRECTOR, )
OFFICE OF EQUAL OPPORTUNITY PROGRAM )
U.S. DEPT. OF TREASURY )
)
    and )
)
COLLEEN M. KELLEY, )
NATIONAL PRESIDENT, )
NATIONAL TREASURY EMPLOYEES UNION )
)
    Defendants. )
)

## DEFENDANT KELLEY'S MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

In response to the First Motion for Discovery and Production of Documents and Disclosure filed by Michael L. Buesgens (Buesgens) on March 23, 2006, defendant Colleen M. Kelley (Kelley) submits the attached Motion for a Protective Order and this accompanying memorandum.

### BACKGROUND

On December 5, 2005, Michael Buesgens filed a complaint in this Court against multiple agency defendants and Colleen Kelley, President of the National Treasury Employees Union, alleging, among other things, that the defendants discriminated against him and other EEO complainants. On January 13, 2006,

defendant Kelley filed a timely motion to dismiss the complaint. Kelley argued that the Court lacked jurisdiction over Buesgens's claims against her because the allegations were nothing more than a charge that defendant Kelley and NTEU breached a duty of fair representation, over which the Federal Labor Relations Authority had exclusive jurisdiction. Buesgens filed an opposition to Kelley's motion to dismiss on January 23, 2006, and on January 25, 2006, Kelley filed a timely reply to Buesgens's opposition. The Court has not yet ruled on Kelley's dispositive motion to dismiss.

On March 23, 2006, Buesgens filed a "First Motion for Discovery and Production of Documents and Disclosure."

**ARGUMENT**

1.   As an initial matter, under Rule 26(d), Buesgens's motion for discovery is premature because the parties have not yet engaged in a Rule 26(f) planning conference. Until such time that a planning conference is held, Kelley is not obligated to respond to Buesgens's request for documents.

2.   Nevertheless, in response to Buesgens's motion, defendant Kelley asks the Court to issue a protective order staying discovery against her until the Court rules on her pending dispositive motion to dismiss and the parties have developed a proposed discovery plan in accordance with Rule 26(f). Rule 26(c) of the Federal Rules of Civil Procedure

provides that courts may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Several courts have held that it is proper to issue such an order to stay discovery pending the outcome of a dispositive motion. See, e.g., Chagon v. Bell, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (district court had authority to stay discovery as to factual matters not relevant to question of law posed by motion for summary judgment); Nolan v. United States Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992) (district court acted within its discretion to stay discovery pending disposition of DOJ's summary judgment motion); Landry v. Air Line Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 435-36 (5th Cir.), cert. denied, 498 U.S. 895 (1990) (district court properly stayed discovery pending outcome of summary judgment motion which, if granted, would altogether eliminate the need for discovery).

In this case, Buesgens will suffer no hardship if the court stays discovery. See Marrese v. American Academy of Orthopaedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983), reh'g denied, 471 U.S. 1062 (1984) ("[i]n ruling on a motion to limit discovery, the district judge must compare the hardship to the party against whom discovery is sought, if discovery is allowed, with the hardship to the party seeking discovery if discovery is denied"). First, discovery will not assist Buesgens in

responding to Kelley's pending motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Buesgens has already filed his response to Kelley's motion to dismiss. Thus, discovery at this stage is irrelevant to the legal arguments made in those pleadings.

Second, should the Court deny Kelley's dispositive motion, Buesgens will have ample time to serve discovery requests on Kelley. On the other hand, allowing discovery to proceed at this point will cause undue hardship for Kelley and waste this Court's judicial resources. Buesgens's discovery requests will require counsel for Kelley to expend significant time and resources to track down and gather information from NTEU's national office and the union's regional office in Austin, Texas. Moreover, much of the information Buesgens has requested is irrelevant to his claims against Kelley. Consequently, should discovery be allowed to proceed, this Court will have to devote precious judicial resources to resolving disputes that are certain to arise over the scope of Buesgens's discovery requests.

This expenditure of resources by the Court and defendant Kelley is wholly unnecessary at this point. If Kelley's dispositive motion is granted, there will be no need for Buesgens to engage in any discovery against Kelley. Moreover,

4

even if it is not granted, Buesgens will have sufficient time following the motion's disposition to serve discovery requests on Kelley. A stay of discovery, therefore, would promote efficiency and fairness for all parties.

For the reasons set forth in this Memorandum, defendant Kelley respectfully requests that this Court grant a protective order, staying discovery against her until the Court rules on Kelley's pending dispositive motion to dismiss and the parties have developed a proposed discovery plan in accordance with Rule 26(f).

Respectfully submitted,

/s/ Gregory O'Duden
_____
Gregory O'Duden
General Counsel
Bar No. 254862

/s/ L. Pat Wynns
_____
L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson
_____
Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C. 20006
(202) 572-5500

Counsel for defendant Kelley