# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 05-2334 (RCL) |
| | ) |
| MARCIA H. COATES, Director, | ) |
| Office of Equal Opportunity Program | ) |
| U.S. Department of the Treasury, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION TO STAY DISCOVERY

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move this Court to stay discovery in this case pending resolution of Defendants' Motion to Dismiss or for Transfer of Venue. The grounds for this motion are set forth in the attached supporting memorandum. A proposed order is also attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS,                                  )<br>                                                                      )<br>              Plaintiff,                                       )<br>                                                                      )<br>       v.                                                          )<br>                                                                      )<br>MARCIA H. COATES, Director,                      )<br>Office of Equal Opportunity Program          )<br>U.S. Department of the Treasury, et al.     )<br>                                                                      )<br>                                                                      )<br>              Defendants.                                  )<br>_____) | Civil Action No: 05-2334 (RCL) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move to stay discovery in this case pending resolution of their Motion to Dismiss or for Transfer of Venue ("Motion"). Defendants submit that given the dispositive nature of the motion, a stay of discovery is warranted to prevent an unnecessary expenditure of the parties' resources, and potentially those of the Court, prior to a decision on Defendants' Motion.

**PROCEDURAL HISTORY**

On December 5, 2005, Plaintiff filed a Complaint alleging, among other things, retaliation for participating in a protected activity, and unfairness in the EEOC process in Texas. On February 27, 2006, Defendants filed a Motion to Dismiss or for Transfer of Venue. On March 22, 2006, Plaintiff filed a Motion for Summary Judgment, Response to Defendants' Motion to Dismiss or for Transfer of Venue, and Claim of Fraudulent Concealment ("Pl's Motions"). On March 27, 2006, Defendants filed their Reply to Plaintiff's motions. On that same date, Defendants received Plaintiff's First Motion for Discovery and Production of Documents and Disclosure.[1]

---

[1] Plaintiff's First Motion for Discovery and Production of Documents and Disclosure has
(continued...)

Defendants have not propounded discovery or noticed depositions in this matter since a dispositive motion is pending and since it is not clear what the breadth of this action will be. If Defendants do not prevail on their pending dispositive Motion, however, Defendants would certainly seek to engage in discovery. Therefore, to preserve their rights and conserve the resources of both the Court and the parties, Defendants respectfully request that this Court stay discovery pending resolution of Defendants' Motion to Dismiss or for Transfer of Venue.

### DISCUSSION

The D.C. Circuit has advised that this Court has "broad discretion in granting or denying stays so as 'to coordinate business of [the] court efficiently and sensibly.'" McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)); see Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974). Where, as here, one issue may be dispositive of a case, it is proper to stay discovery until the dispositive issue has been decided. See, e.g., United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceeding at the outset to a determination of jurisdictional matters . . . ."); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (staying discovery pending resolution of question of defendant's immunity, where discovery had no bearing on outcome of immunity issue); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238 (2d Cir. 1986) (courts should

---

[1](...continued)
not yet been docketed.

determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved); Marshall v. Hartford Fire Ins. Co., 78 F.R.D. 97, 107 (D. Conn. 1978) (discovery stayed so parties could attempt to negotiate settlement); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal. 1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). As the court noted in O'Brien v. Avco Corp., 309 F. Supp. 703 (S.D.N.Y. 1969):

> [W]hen, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

Id. at 705.

Here, Defendants have filed a dispositive motion because it does not appear that jurisdiction is proper in this District. As noted in earlier pleadings, Plaintiff has pending litigation in the Western District of Texas. Moreover, it is unclear whether Plaintiff has stated a claim upon which relief can be granted. Since a ruling favorable to Defendants will obviate the need for discovery, all future discovery taken will be a needless expenditure of resources for both parties, and the Court.

## CONCLUSION

WHEREFORE, Defendants respectfully submit that this Court should stay discovery in the instant action until ruling on Defendants' dispositive motion.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

 

RUDOLPH CONTRERAS D.C. BAR # 434122
Assistant United States Attorney

 

KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of March, 2006, I caused the foregoing Defendants' Motion to Stay Discovery and proposed order to be served on Plaintiff by first-class mail, postage prepaid, addressed as follows:

Michael Buesgens
500 East Stassney
Apt. 1023
Austin, Texas 78745

                                                  KAREN L. MELNIK, D.C. BAR # 436452
                                                  Assistant United States Attorney
                                                  Civil Division
                                                  555 4th Street, N.W.
                                                  Washington, D.C. 20530
                                                  (202) 307-0338