# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS <br><br> PLAINTIFF <br><br> V. <br><br> MARCIA H. COATES, et al <br> MARIAM HARVEY, <br> DIRECTORS <br> OFFICE OF EQUAL <br> OPPORTUNITY PROGRAM <br> U.S. DEPT. OF TREASURY <br><br> AND <br><br> COLLEEN M. KELLEY, <br> NTEU <br> DEFENDANTS | CASE NO. <br><br> 1:05CV02334 <br><br> (RCL) <br><br><br><br><br><br><br><br><br><br> RECEIVED <br> APR 3 - 2006 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

## PLAINTIFFS MOTION FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT PLANTIFF-PRO SE BUESGENS REQUESTS THE DEFENDANTS ASSISTANCE AND DISCLOSURE WITH THE FOLLOWING:

<u>ARNOLD C. TAUCH</u>,
OWNER
FALCON RIDGE APARTMENTS
500 E STASSNEY
AUSTIN, TX 78745
PHONE: 512-326-5000
<u>713-861-8850</u>
FAX: 713-861-0971

AND

<u>CHARLES E. BROWN</u>
BOARD CERTIFIED REAL ESTATE SPECIALIST
3 24 NORTH HILLS DR #B-100
AUSTIN, TX 78731
PHONE: 512-346-6000
FAX: 512-346-6005

2.

DEMAND PROTECTION FROM DISCOVERY. THEY REMIND BUESGENS OF GENERAL LEGAL SERVICES ATTORNEY MICHAEL SALYARDS.

NO ONE WILL ALLOW BUESGENS TO PRESENT CLAIMS IN ANY FORUM OR ANY STATE IN THE UNITED STATES.

. PRO SE HAS FOUR SETS OF INTERROGATORIES THAT <u>MR ARNOLD C. TAUCH AND CHARLES E. BROWN</u> REFUSE TO ANSWER. JUST LIKE <u>MR SALYARDS</u> THEY HAVE FACTS ARGUMENTS AND AUTHORITIES, AND CONCLUSIONS, AND A PRAYER.

<u>PRO SE REQUESTS THE DEFENDANTS IN THIS COURT PROVIDE THE FOLLOWING DISCLOSURE:</u>

3

1. THE NAMES OF ALL INTERNAL REVENUE SERVICE (IRS) AND DEPARTMENT OF TREASURY EMPLOYEES THAT LIVE OR HAVE LIVED AT: FALCON RIDGE APARTMENTS 500 E STASSNEY AUSTIN, TX 78745 PHONE: 512-326-5000

SINCE JANUARY 1, 2003 THROUGH APRIL 1, 2006.

2. THE ADDRESSES AND PHONE NUMBERS FOR THESE EMPLOYEES OR FORMER EMPLOYEES THAT RESIDED AT FALCON RIDGE APARTMENTS FROM JANUARY 1, 2003 THROUGH APRIL 1, 2006. HOME ADDRESS AND WORK ADDRESS

4

Buesgens has lived at Falcon Ridge Apartments since 2003.

The Internal Revenue Service and Department of Treasury have discriminated and retaliated against Buesgens in his housing accommodation.

This has seriously harmed Buesgens since 2003 and continues now and into the future.

<u>Mr Tauch</u> and <u>Mr Brown</u> are abusing Buesgens in an eviction proceeding.

Buesgens must defend himself with the prima facie case. Because he is held to a higher standard of smoking guns.

5

MR TAUCH AND MR BROWN MISCONDUCT HAS FURTHER HARMED BUESGENS AND HE REQUESTS RELIEF.

RESPECTFULLY SUBMITTED,

*Michael L Buesgens*
MICHAEL L. BUESGENS
PRO SE
MARCH 30, 2006

CERTIFICATE OF CONFERENCE

PRO SE DID NOT CONTACT ANYONE BECAUSE IT IS FUTILE.

6

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT ONE TRUE COPY OF THIS MOTION FOR DISCLOSURE HAS BEEN SERVED ON THIS 30TH DAY OF MARCH, 2006 ADDRESSED TO:

KAREN L. MELNIK
ASSISTANT U.S. ATTORNEY
U.S. ATTORNEYS OFFICE
CIVIL DIVISION
555 4TH STREET, N.W.
WASHINGTON, D.C. 20530

JULIE M. WILSON
ASSISTANT COUNSEL
NTEU
1750 H STREET, N.W.
WASHINGTON, DC 20006

7

*Michael L Buesgens*
MICHAEL L. BUESGENS
500 E STASSNEY
APT 1023
AUSTIN, TX 78745
PHONE: 512-447-7031


**EXHIBIT:** SEE MR BROWN
AND MR TAUCH LETTER DATED
MARCH 28, 2006



# CHARLES E. BROWN, P.C.
### ATTORNEY AT LAW
BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

March 28, 2006

Travis County District Clerk
Travis County Courthouse
1000 Guadalupe
Austin, Texas 78701                                           *Via Courier*

RE:   Cause No. D-1-GN-06-000262; *Michael L. Buesgens v. Falcon Ridge Apartments, et al.*

Dear Clerk:

I have enclosed the original and one copy of Defendants' Motion for Protection from Discovery with regard to the above-referenced matter. Please file this document in your usual manner and return a copy to me by courier.

Thank you for your assistance with this matter. Please feel free to contact our office if you have any questions.

Sincerely,

Charles E. Brown
Enclosure

Cc:   Clients
      Mr. Michael Buesgens *via CM, RRR #7005 1820 0006 6013 7327*

3-Falcon Ridge, Buesgens, ltr to clk filing Amended Answer
Page 1 of 1

NO. D-1-GN-06-000262

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, Plaintiff | § § § § | IN THE DISTRICT COURT |
| v. | § § | |
| FALCON RIDGE APARTMENTS, FALCON APARTMENTS OF AUSTIN, LTD., FALCON APARTMENTS OF AUSTIN I, INC., GREYSTAR PROPERTY MANAGEMENT, DEBI WEHMEIER, MANDY ROGERS, AND AMANDA WILSON, Defendants | § § § § § § § § § § § § | 200TH JUDICIAL DISTRICT<br><br><br><br><br><br><br><br><br>TRAVIS COUNTY, TEXAS |

## DEFENDANTS' MOTION FOR PROTECTION FROM DISCOVERY

Defendants Greystar Management Services, L.P., Debi Wehmeier, Mandy Rogers, and Amanda Wilson ask the Court to protect them from Plaintiff Michael L. Buesgens' discovery requests.

### A. Introduction

1. Plaintiff is Michael L. Buesgens. Defendants are Greystar Management Services, L.P., Debi Wehmeier, Mandy Rogers, and Amanda Wilson.

2. Plaintiff sued Defendants for claims arising out of a residential lease of Apartment #1023 of Falcon Ridge Apartments, 500 E. Stassney Lane, Austin, Texas 78745. Specifically, Plaintiff has made allegations of discrimination and negligence against Defendants.

3. Discovery in this suit is governed by a Level 2 discovery control plan.

4. The case has not yet been set for trial.

## B. Facts

5. Plaintiff served the attached discovery requests on Defendants. Defendants ask the Court to sign an order protecting them from Plaintiff's discovery requests.

6. Plaintiff served Defendants with multiple discovery requests in the prior cause, No. 041509; In the Travis County Justice Court, Precinct Three, now on appeal to Travis County Court at Law #1 under Cause No. C-1-CB-06-000678. Defendants answered those discovery requests which included Request for Disclosure, Request for Admissions, and Request for Production, even though Defendants were not provided with at least thirty (30) days to do so. Defendants will provide the Court with a copy of these discovery requests and responses at the Court's request.

## C. Argument & Authorities

7. A trial court has discretion to protect a party with a protective order. Tex. R. Civ. P. 192.6; *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990). The court has the authority to limit the scope of discovery based on the needs and circumstances of the case. Tex. R. Civ. P. 192, cmt. 7.

8. Defendants as the Court for a protective order because Plaintiff's discovery requests seek information which is irrelevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence in accordance with Tex. R. Civ. P. 192.3.

9. Defendants ask the Court for a protective order because Plaintiff's discovery requests are unreasonably cumulative and duplicative. Tex. R. Civ. P. 192.4(a). Plaintiff served Defendants with the same or similar requests in the previous case. Defendants answered the requests. In addition, Plaintiff served Defendants with his "Motion for Discovery" on February 2, 2006, which Defendants answered on February 21, 2006. The responses Defendants would provide to Plaintiff now would be the same as previously provided.

10. Defendants ask the Court for a protective order because the burden and expense of complying with Plaintiff's discovery request outweighs the likely

benefit of the requested discovery, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the proposed discovery in resolving those issues. Tex. R. Civ. P. 192.4(b); *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999). Plaintiff's requests are not relevant to the subject matter of the pending action and the information sought does not appear reasonably calculated to lead to the discovery of admissible evidence.

11. Defendants ask the Court for a protective order because Plaintiff's discovery requests are harassing and annoying. Tex. R. Civ. P. 192.6(b). For instance, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories to Defendants on February 3, 2006. On February 12, 2006, Plaintiff served Defendants with Plaintiff's Second Set of Interrogatories to Defendants. Then, on February 14, 2006, Plaintiff served Defendants with Plaintiff's Third Set of Interrogatories to Defendants. All three sets, as well as Plaintiff's "Requests for Disclosure" which were served on Defendants on February 26, 2006, are attached and incorporated herein by reference.

12. Defendants ask the Court for a protective order because Plaintiff's discovery requests are overbroad. Tex. R. Civ. P. 192, cmt. 1. A discovery request must be reasonably tailored to include only relevant matters. *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). The Supreme Court has identified as overbroad requests encompassing time periods, products or activities. *See K-Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (request for information about criminal conduct at location for seven years was overbroad); *Dillard Dep't Store, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (request for every similar claim from every store was overbroad). The requests in this case are overbroad.

### D. Conclusion

13. Plaintiff's discovery requests seek information which is irrelevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The discovery requests are unreasonably cumulative and duplicative. Further, the burden and expense of complying with Plaintiff's discovery requests outweighs the likely benefit of the requested discovery. In addition, Plaintiff's requests are not relevant to the subject matter of the pending action and the information sought does not

appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's discovery requests are also harassing, annoying and overbroad, and are not reasonably tailored to include only relevant matters. Defendants have previously provided Plaintiff with responses to all of the discovery requests relevant to this cause.

### E. Prayer

14. For these reasons, Defendants ask the Court to set their motion for protection from discovery for hearing and, after the hearing, issue an order protecting Defendants from all discovery requested by Plaintiff by granting the relief requested in this motion.

Respectfully Submitted,

_____
Charles E. Brown
Attorney for Defendants
State Bar No. 03101650
Charles E. Brown, P.C.
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000 phone
(512) 346-6005 fax

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on Michael L. Buesgens, Plaintiff Pro Se, 500 E. Stassney Lane, #1023, Austin, Texas 78745, via Certified Mail, RRR #7005 1820 0006 6013 7327 and First-Class Mail on March 28, 2006.

_____
CHARLES E. BROWN