# TABLE OF CONTENTS

## THE ORGANIZATIONAL MISCONDUCT PLAYERS. ✔

1. MICHAEL SALYARDS, GLS
2. CHARLES WASHINGTON, JR., IRS
3. NANCY SESSION
4. ANNA MEDLOCK
5. DON TAWNEY
6. MARTHA SCHANHALS
7. THOMAS THEIS, LABOR RELATIONS
8. MELINDA ESTRADA          EEO
9. ANGELIA GOODEN DOYLE
10. MARGARET WAITES
11. DENNIS COLLINS   TIGTA
12. YVONNE JEFFERSON,   FLORIDA
13. THERESA DICKERSON
14. VICTOR REYES AND FRIENDS

## AND MANY MORE
APEX GREW UP IN THIS ORGANIZATIONAL MISCONDUCT. YOU CANNOT BECOME APEX WITHOUT MANIPULATING THE SYSTEM.

# EXHIBITS

1. DONALD TAWNEY AND FRIENDS
   FEBRUARY 10, 2003   EMAIL
   FEBRUARY 24, 2003   EMAIL
   MARCH 27, 2003   EMAIL
   **PAGE 1**

2. JANUARY 29, 2003   **PAGE 5**
   MARK FRANK, M.D.

3. 6/25/03   MORE TAWNEY.
   **PAGE 7**

4. 6/27/03   AD NAUSEUM
   **PAGE 8**

5. APRIL 9, 2003   MORE GARBAGE
   **PAGE 9**

6. 3/28/03   IMPOSSIBLE
   **PAGE 10**

7. SEPTEMBER 9, 2003     **PAGE 11**
MOTEL 6 VACANCIES

8. 11/10/2003     **PAGE 12**
TH QUALIFIED.
TIGTA PLEASE INVESTIGATE

9. 8/5/04     **PAGE 13**
MARY CARROL AND YOLANDA
JIMENEZ — THE DYNAMIC DUO
DECLARE REASON FOR APPRAISAL
"OTHER"

10. 8/30/04
SALYARDS VOLUNTARY RETIREMENT
**PAGE 14**

11. JANUARY 17, 2005
BUESGENS IS NOW FULLY BLUNTED
**PAGE 15**

**12** 1/31/05 - 2005. EEO CONTINUING VIOLATIONS MIXED CASE - SALYARDS MESS. **PAGE 17**

**13** MAY 14, 2002 **PAGE 18** MARTHA SCHANHALS ANNA MEDLOCK, NANCY SESSION AND CHARLES WASHINGTON, JR. WAIT TILL AUGUST, 2002 TO REFER BUESGENS TO EEO. REASONABLE ACCOMMODATION

DID YOU KNOW THAT ANNA MEDLOCK USED TO WORK AT EEO? THAT'S WHAT SHE TOLD JUDGE ROBERT POWELL ON DECEMBER 16, 2003.

EEO JUDGE POWELL WAS IMPRESSED

14. 6-21-02    **PAGE 19**
MARTHA SCHANHALS RECEIVING
MORE MEDICAL INFORMATION IN
VIOLATION OF PRIVACY ACT ON
UNRESTRICTED FAX MACHINE.

MARTHA SCHANHALS COMMINGLED
BUESGENS MEDICAL INFORMATION IN
HER FILING CABINET. FORMER
EEO EMPLOYEE ANNA MEDLOCK
APPROVED OF THIS.

15. AUGUST 28 2002    **PAGE 20**
MARTHA SCHANHALS AND ANNA
MEDLOCK AND NANCY SESSION
AND CHARLES WASHINGTON, JR
DEMAND MORE MEDICAL INFORMATION

16. OCTOBER 3, 2002    **PAGE 21**
MARTHA SCHANHALS EMAIL
(UNSECURED) TO THOMAS THEIS -
BUESGENS IS BIPOLAR

**17.** 1/21/03      **PAGE 22**
DON TAWNEY WILL DO ANYTHING
TO GET BUESGENS MEDICAL
INFORMATION

DID YOU KNOW THAT CHARLES
WASHINGTON JR AND NANCY SESSION
AND ANNA MEDLOCK SAY THAT
DON TAWNEY HAS CREDIBILITY?

**18.** JANUARY, 2004      **PAGE 23**
MARCIA H. COATES AND
MARIAM HARVEY DECLARE
THE DECEMBER 16, 2003
EEOC HEARING A RESOUNDING
SUCCESS FOR MICHAEL
SALYARDS AND ROBERT POWELL.

**19.** THURDAY APRIL 24, 2003
NANCY SESSION CALLS EEO
COUNSELOR CONTRERAS
AND SPILLS HER GUTS.
      **PAGE 24**

20. OCTOBER 13, 2002

LOSE OR LOSE AND KEEP ON LOSING    PAGE 26

21. 1-10-05    PAGE 27
LABOR RELATIONS

GET READY TO TAKE A POUNDING FROM THE BEST AND BRIGHTEST

22. JANUARY 28, 2005    PAGE 28

TERESA DICKERSON - FLORIDA
DON'T BOTHER ME WITH TEXAS
AND HUNTSVILLE
CALL THE GOVERNOR

AND THERES MORE DOCUMENTS IN DENIAL BY EVERYONE.

**Tawney Donald R**

| | |
|---|---|
| **From:** | Tawney Donald R |
| **Sent:** | Monday, February 10, 2003 10:44 AM |
| **To:** | Medlock Anna S |
| **Subject:** | Mike Buesgens |

Anna,

PC to Thomas today. Thomas says anxiety/stress "probably" does not qualify as a disability per ADA, but he is fairly sure bi-polar does. The letters we received from Mike's Doctor last year mention depression, anxiety, and bi-polar condition. We don't know for sure what Mike's Doctor told FOH, but it probably mentioned bi-polar.

Dave Ronquillo's case involves just anxiety/stress. Dave sent out a memo all over the Austin campus inquiring about a reassignment for their employee. No takers. Somewhere in the mix Dave determined that anxiety/stress was not covered under ADA. Problem is, he is not supposed to have any information regarding the employee's medical condition. He needs to obtain the information officially before he can begin to build a case. LR, GLS, Management and EEO are fighting it out right now on whether EEO is obligated to give Management the medical information on the employee. This in-house struggle has been going on for about a month. Thomas says he's not sure EEO will give the information even if LR, GLS and Management provide convincing evidence that Management is entitled to it.

If Management gets the info, we still have to prove that anxiety/stress is not covered--Thomas is not sure whether it is covered or not. **THOMAS THEIS LABOR RELATIONS**

I think all this means we're on shaky ground if we base our case on Mike's condition not being covered under ADA. I suggest we proceed as if it is covered: I'll contact Margaret Waites by phone and tell her we cannot restructure his job duties to eliminate his phone time. I'll get the info we need from her on the next step--Thomas says she should provide us a list of all Campus contacts for possible reassignment. I'll prepare the memo based on her instructions and give it to you for dissemination. I'll goes out from the Department level. If there are no lateral reassignments out there, then we'll offer him a downgrade to whatever is available. I won't commit to any of these actions with Margaret--I'll just take down the information.

Let me know if you agree with my suggestion.

*Don Tawney*
Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

**DAVE RONQUILLO VIOLATING MEDICAL PRIVACY ACT PATTERN AND PRACTICE**

4/8/03

**Tawney Donald R**

**From:** Tawney Donald R
**Sent:** Monday, February 24, 2003 2:30 PM
**To:** Medlock Anna S
**Subject:** FW: Mike Buesgens

*ORGANIZATIONAL MISCONDUCT*

Anna,
    I spoke with Thomas. He agrees with Margaret that we should not address the issues in the memo. He said when the deadline gets here if we have not found anything, or if Mike declines what we find, then I am to direct him back to the phones. If he refuses, then it becomes a conduct issue. I'll meet with you before I give the memo to Mike.

Thanks,
Don

——Original Message——
**From:** Tawney Donald R
**Sent:** Thursday, February 20, 2003 6:28 PM
**To:** Theis Thomas J
**Cc:** Medlock Anna S
**Subject:** Mike Buesgens

Thomas,
    Attached is a memo regarding Michael Buesgens' request for reasonable accomodation. The memo has been approved by Margaret Waites.
    I have concerns about the memo. It does not mention what may happen if we cannot find anything for Mike by March 14th, nor does it address what we will do if Mike declines a position we find for him. Margaret said we should not address these issues in the memo. If not in the memo, then in some form I think we should inform Mike that if we do not find a position or he declines what we do find, then we will begin the process of terminating his employment. What is the appropriate way to give Mike this information?

    Thank you for your assistance,

*Don Tawney*
Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

*THE APPROPRIATE WAY TO GIVE MIKE THIS INFORMATION?*

*CONSTRUCTIVE DISCHARGE 3/7/05 IS A GOOD WAY TO GIVE MIKE THIS INFORMATION!*

4/8/03                                    *2*

**Tawney Donald R**

| | |
|---|---|
| From: | Theis Thomas J |
| Sent: | Thursday, March 27, 2003 9:25 AM |
| To: | Tawney Donald R |
| Cc: | Medlock Anna S; Session Nancy A |
| Subject: | RE: Mike Buesgens |
| Signed By: | (There were errors displaying the signers of this message, please click on the signature icon for more details.) |

Importance: High

*[handwritten: CHARLES WASHINGTON DIRECTOR NANCY SESSION ANNA MEDLOCK]*

Don,

Austin AM Op 1 management has requested an opinion from GLS (Dallas) on whether or not EEO should turn over medical information from an RA issue. That opinion has not been received.

Currently, AM Op 1 management is working this same issue. In a conference call, GLS informed AM Op 1 management that once the RA process was completed.....i.e. the employee requested RA, Medical was provided, EEO found out their limitations, management searched for a position to suit the RA, a position had been offered to the employee, and the employee declined......then management had legally met the requirements of RA and could direct the employee to return to their job activities.

The reason management requested the opinion, is that EEO has not turned over the medical information to management on this issue. EEO indicates that they can not turn over the medical to management. Management wants the medical information to determine if it would support a non-disciplinary downgrade of the employee or a non-disciplinary removal from the Service.

At this point, I see four possible endings:
1. The employee accepts the new job offer/RA resolved.
2. The employee declines, and is directed back to the phones/his duties.
3. Management obtains the medical information and decides to:
   a. Propose a non-disciplinary downgrade (if a position is found) or
   b. Propose a non-disciplinary removal.

*[handwritten: GLS MICHAEL SALYARDS SALYARDS]*

You've indicated that the employee will probably not accept a downgrade. I believe management should do # 2 or # 3a before recommending # 3b.

In # 2 and # 3 above, I would expect the employee to exhaust his appeal rights on both. Please keep good notes and records of all transactions you have with the employee, EEO, GLS, management and LR on this issue.

If you need anything else, please let me know. Thanks!

*Thomas J. Theis*
Labor Relations Specialist
(512) 499-5450
FAX (512) 499-5303
STOP 1500 AUS

-----Original Message-----
From: Tawney Donald R
Sent: Wednesday, March 26, 2003 4:43 PM
To: Theis Thomas J
Cc: Medlock Anna S

4/8/03

*[handwritten: MANAGEMENT WANTS MEDICAL INFORMATION SO DON TAWNEY CALLS MIKES DOCTOR DAVID JONES]*

*[handwritten: 3]*

*[handwritten: SEE PAGE 2]*

Subject: Mike Buesgens

THOMAS THEIS LABOR RELATIONS

Thomas,

In past discussions with you on the telephone I have understood you to say that if we do not find, through the RA process, another position for Mike, or if he declines what we do find, then we have the authority to direct him to the Toll-Free lines even though EEO has a report from his Doctor that compels the DOH to say in their 1/29/03 letter to Margaret Waites:

"The Physician's Statements list some physical limitations, which do not seem to be at issue with regard to his occupational activities. The primary issue affecting his work would be the restriction, "no phone work." I spoke with ...to review the information he has provided. He has confirmed the diagnosis, evaluation, treatment, and prognosis for Mr. Buesgens. He confirmed this condition impacts his activities of daily living and he is disabled per the definition of disability pursuant to the Americans' with Disabilities Act (ADA). The requested accommodations is directly related to his medical condition." (I faxed a copy of this letter to you on 3/7/03).

I want to be sure we are on solid ground should we direct him back to the phones. Would you please confirm this for me.

If he declines what we find, or we find nothing, and we are not able to direct him back to the phones, our next course of action as I see it—and I believe we've discussed this on the phone—is to move toward removing him from the Service. If this turns out to be the course of action we take, I will need to discuss with you the appropriate procedures for this action.

Thank you,

*Don Tawney*

Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

DON TAWNEY.
I SPOKE WITH
DAVID JONES, M.D.

PRIVACY ACT
VIOLATION

THATS OK WITH
EVERYONE
ORGANIZATIONAL
MISCONDUCT
PATTERN AND PRACTICE

4/8/03

4



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Federal Occupational Health Service
4350 East-West Highway
Bethesda, Maryland 20814

January 29, 2003

Margaret Waites
EEO & Diversity Territory Office
Internal Revenue Service
P.O. Box 934 MS 1105 AUSC
Austin, Texas 78767

Fax 512-460-7955

Re: Reasonable Accommodation Request for Mr. Michael Buesgens

Dear Ms. Waites:

This letter is in response to the request for reasonable accommodation for IRS
employee, Mr. Michael Buesgens. Mr. Buesgens is a Customer Service Representative,
GS-0962-08. I have received your package of information including:

o Memorandum, Ms. Waites, 1/24/03, Request for Reasonable Accommodation
o Authorization for Release of Medical Information, Dr. David Jones, 1/24/03
o Internal Revenue Service Standard Position Description, "Customer Service
  Representative", GS-962-08
o Physicians Statement from Dr. David Jones, 9/1/02
o Medical Notes, Dr. David Jones, 10/1/01-8/28/02

I spoke with you to review this request. Mr. Buesgens is a Customer Service
Representative, who is expected to perform telephone activities as a critical
element/essential function of his job. Included under the "Major Duties" of the
Standard Position Description," is the statement, "Completes contacts, i.e. conducts
personal or telephone interviews with a wide range of individuals..." "This position
covers work performed on the Customer Service Toll-Free system used by the public to
resolve issues and obtain information about tax administration."

The Physician's Statements list some physical limitations, which do not seem to be at
issue with regard to his occupational activities. The primary issue affecting his work
would be the restriction, "no phone work." I spoke with Dr. Jones to review the
information he has provided. He has confirmed the diagnosis, evaluation, treatment,
and prognosis for Mr. Buesgens. He confirmed this condition impacts his activities of
daily living and he is disabled per the definition of disability pursuant to the Americans
with Disabilities Act (ADA). The requested accommodation is directly related to his
medical condition.

MARK FRANK, M.A.
SPOKE WITH

5



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Federal Occupational Health Service
4350 East-West Highway
Bethesda, Maryland 20814

I believe Mr. Buesgens is an individual with a disability per the ADA. The activity of using phones does appear to be an essential function ("Major Duty") of the job of Customer Service Representative. If it were possible to reassign duties with other staff of a similar job description and eliminate the use of the phone by Mr. Buesgens, this could be considered as a reasonable accommodation. However, if this were not possible administratively, consideration could also be given to a job reassignment to a position for which Mr. Buesgens is a qualified individual with or without reasonable accommodation and consistent with the policies and procedures of the Internal Revenue Service.

I hope this information has been helpful. Please contact this office at (301) 594-4209 if I can be of any further assistance in this matter.

*DEBRA STOWE*

Sincerely,

Mark Frank, M.D.        *PHONE: 303-494-4394*
Occupational Medicine Consultant
Board Certified, Occupational Medicine
Board Certified, Internal Medicine

*TIGTA CALL
MARK FRANK.
SPOILATION OF
EVIDENCE DETAIL
TELL
MARY ELLAN-
KRCHA
IRS - FTCA*

**From: Don Tawney**
**Manager**
**Organization C4003**
**Stop 6573**
**X1164**

**Austin Customer Service**
**Operations Div II**
**Department 4**
**Team 403**

**DATE: 6/25/03**

*TO: CYNTHIA JACOBS*
*CASE # 03-2024*

To:
**Mike Buesgens**
**Contact Service Representative**

Regarding:
**Toll-free Customer Service**

Mike,

The Reasonable Accommodation (RA) process is not applicable to your situation because your condition does not involve a permanent disability.

Consequently, management will work with you outside the RA process to address concerns you have raised regarding working on the toll-free lines. We will temporarily accommodate your concerns by limiting your time on the toll-free lines to four (4) hours per day for the next three months, absent any all demand increase that would necessitate you be available the entire day. At this time, it is not anticipated that you will be on the toll-free lines each workday.

The three-month period will end on September 25, 2003. After September 25, 2003, all limitations regarding your time on the toll-free lines will be removed.

*Don Tawney*
**Don Tawney**

*TIGTA CAN YOU FIX IT SO*
*MR TAWNEY IS CREDIBLE.*
*PLEASE TELL US ABOUT HIS HISTORY*

Receipt Acknowledged
Signature: _____
Date: _____

*Mike understands this an acknowledgment of receipt, not an agreement or disagreement. Mike, however, does not wish to sign. 6/25/03 DT*

**From:  Don Tawney**
**Manager**
**Organization C4003**
**Stop 6573**
**X1164**

**Austin Customer Service**
**Operations Div II**
**Department 4**
**Team 403**

**DATE: 6/27/03**

To:
**Mike Buesgens**
**Contact Service Representative**

Regarding:
**Toll-free Customer Service**

Mike,

I am rescinding the memorandum issued to you on June 25, 2003 regarding toll-free customer service and replacing it with this memorandum.

In order to resolve your previous Reasonable Accommodation (RA) request, on April 9, 2003 the agency offered you a position as a GS 303 Grade 4 Step 10 clerk in the Adjustments Control Unit.  You declined the agency's offer.

Subsequently, you provided medical documentation that recommended your toll-free customer service duties be limited to four (4) hours per day for a three (3) month period.  Your current request does not meet the criteria for RA.  However, I will grant the limited toll-free duties as stated above, absent any call demand increase that would necessitate you be available the entire day.

The three (3) month period will end on September 26, 2003.  After September 26, 2003, all limitations regarding your time on the toll-free lines will be removed.

*Don Tawney*
Don Tawney

Receipt Acknowledged
Signature:_____
Date:_____

*Mike does not wish to acknowledge receipt.*
*Don Tawney*
*6/27/03*

8



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**ATLANTA, GA 30308**

WAGE AND INVESTMENT DIVISION

April 9, 2003 ✓

MEMORANDUM FOR MICHAEL BUESGENS
FROM:  DON TAWNEY, SUPERVISOR OF TEAM 403—AMOP2:4:403 *Don Tawney*
SUBJECT:  **Reasonable Accommodation Request for Michael Buesgens**

    In reply to the request for reasonable accommodation, we informed you that we ✓
would solicit assistance from the heads of office in the Austin commuting area to locate
a vacant position that does not require telephone duties and is commensurate with your
knowledge, skills and current grade level or lower.  We solicited such assistance and
found no such vacant positions outside Operation 2.  Within our Operation we do have
a position as a GS 303 Grade 4 Step 10 clerk in the Adjustments Control Unit.  We
have attached a copy of the position description for this job.
    Please indicate your acceptance or non-acceptance of the position by signing your
name next to the appropriate statement:

I accept the position:_____

I do not accept the position: *Michael R Buesgens* 4-9-03 ✓

Comments: *I will contact my doctor and request an* ✓
*appointment. To see if I can get a medical release*
*for phone duties*

## WASHINGTON, SESSION, MEDLOCK ✓

*Manager Washington, Session Medlock,*
*and Tawney forcing me under threat of*
*Termination to change my Medical Report.*
*only one job available for me GS4 Clerk*

9

EEO

TO: ANTHONY CONTRERAS ✓        3-28-03 ✓

I declined the reasonable accommodation, because I perceive it to be unreasonable. The document is wide open and allows management to do whatever they want with me. Since management is not inclined to help me this leaves me with worst case scenarios. The time frame of March 21 was a big problem, especially in this high unemployment economy. I believe the time frame should be greatly extended.

I requested that management make me a Grade 7 that does IMF paper. Management has declined this option. I'm currently working IMF paper adjustments.

I expected more help from EEO in dealing with management, but this seems to be impossible. ✓ I originally went to EEO, because I couldn't deal with management.

Mike Rueyus ✓
IMF adjustments
TEL 1402

10



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

Agency-Wide Shared Services                 **September 9, 2003**

MEMORANDUM FOR    Michael Buesgens
                  500 E. Stassney Ln. Apt 1023
                  Austin, TX  78745

FROM:            Denise Gladek
                 Human Resources Specialist

SUBJECT:         Notice to Eligible Applicants who did not make the Best Qualified
                 (BQ) List

Vacancy Announcement Number:  41-83-WIB390A3
Title:  Tax Examining Tech
Series/Grade:  GS-0592-5/6/7
Location:  AUR Ops, AUR Dept 2

This is your notification that although you were eligible for the above position, you did
not make the Best Qualified (BQ) list.  Please be aware that until all selections have
been made, the BQ list **can** change.

We appreciate your interest in employment opportunities and encourage you to
apply for future vacancies.  If you have any questions, contact Staffing Team A at
512-460-2667 or 512-460-2682 (TTY512-460-2429).



# DEPARTMENT OF THE TREASURY
## INTERNAL REVENUE SERVICE
### WASHINGTON, D.C. 20224

**AGENCY-WIDE**
**SHARED SERVICES**

TO: MICHAEL L BUESGENS
    500 E STASSNEY LN #1023
    AUSTIN, TX 78745

DATE:  11/10/2003

AM OPERATIONS 2
AM DEPARTMENT 4

FROM: AUS EMPLOYMENT SECTION, AUSTIN PERSONNEL OFFICE
    PO POC MARY MONTEZ  (512)460-2670

SUBJECT: 41-83-WIB390A3, TAX EXAMINING TECHNICIAN, GS-0592-07

You met the basic qualification requirements for the above referenced
vacancy announcement and position.  However, as a result of the ranking
process, you did not make the best qualified (BQ) category.
Consideration for selection is given only to those in the BQ category.

The Selectee(s) is/are:

SUDHA P. ANBIL
CHRISTOPHER C. CHILDS
RENEE  . ESTRADA
LISA A. GUGGER
DELLA M. LAWRENCE
MONICA  . OLIVER
MARTHA C. ROMERO
WAYNE D. SPEARS

THOMAS J. BLANKENSHIP
ANITA K. COFIELD
MARK W. GILLESPIE
JUDY A. LACOUR
LUIS C. MARTINEZ
BILLIE B. REEVES
ROBERT D. SCHOOLER
CINDY L. VASQUEZ

Thank you for your interest.  Please continue to apply for positions in
which you are interested.  If you would like additional information or
counseling concerning the information provided above, please contact
your immediate supervisor.

12

*Attachment A*

# Bargaining Unit Performance Appraisal and Recognition Election

*(Review Instructions before completing this form)*

| 1. Name of employee (Last, first, middle initial) | 2. Social Security Number | 3. Reason for Appraisal |
|---|---|---|
| Buesgens, Michael L. | ▓▓▓▓▓▓ | ☐ Annual Rating ☐ Interim Rating ☐ 90 Day Appraisal ☒ Other |

| 4. Office symbols/Organization | 5. Pay plan, series and grade |
|---|---|
| W&I:AUAM:AMOP2:DI:T7 | GS 592-8 |

Reason for other: Departure

| 6. Position title | 7. Period covered | 8. Mandatory progress review was conducted on 05-28-2004 |
|---|---|---|
| Customer Service Representative | From: 11-1-2003   To: 08-05-2004 | |

| 9. Retention Standard Rating | ☐ Not Applicable | ☐ Met | ☐ Not Met |
|---|---|---|---|

| 10. Critical Job Elements (CJEs) | 11. Performance Aspects | 12. Performance Aspects Rating | | | | 13. CJE Ratings |
|---|---|---|---|---|---|---|
| | | Exceeds | Meets | Fails | N/A | |
| **I. Employee Satisfaction – Employee Contribution** | A. Workplace Interaction | | | X | | |
| | B. Workgroup Involvement | | | X | | |
| | C. Workplace Environment | | | X | | **1.0** |
| **II. Customer Satisfaction – Knowledge** | A. Issue Identification | | | X | | |
| | B. Decision Making | | | X | | |
| | C. Technical Knowledge | | | X | | **1.0** |
| | D. | | | | | |
| | E. | | | | | |
| **III. Customer Satisfaction – Application** | A. Verbal Communication/Listening | | | | | |
| | B. Written Communication/Documentation | | | X | | |
| | C. Cause/Cure and/or Compliance Issues | | | X | | **1.0** |
| | D. | | | | | |
| | E. | | | | | |
| **IV. Business Results – Quality** | A. Accuracy of Work | | | | | |
| | B. Research and Analysis | | | X | | |
| | C. Security and Disclosure | | | X | | **1.0** |
| | D. | | | | | |
| | E. | | | | | |
| **V. Business Results – Efficiency** | A. Timeliness/Meeting Deadlines | | | | | |
| | B. Time Utilization | | | X | | |
| | C. Workload Management | | | X | | **1.0** |
| | D. | | | | | |
| | E. | | | | | |

| 14. Overall rating | | 15. Average CJE Score |
|---|---|---|
| ☐ Outstanding  ☐ Fully Successful | | |
| ☐ Exceeds Fully Successful  ☐ Minimally Successful | ☒ Unacceptable | **1.0** |
| ☐ Not Ratable    Reason for not ratable: | | |

**A. Certification of Rating -** *By signing below, each Rater and Reviewer certifies that records of tax enforcement results (ROTERs) were not used to prepare this appraisal.*

| 16a. Rater name/title/signature/date | | |
|---|---|---|
| Mary E. Carroll | *Mary E. Carroll* | 8-5-04 |
| 16b. Reviewing Official name/title/signature/date | | |
| Yolanda Jimenez | *Yolanda Jimenez, Mgr, Dept. 1* | 8-5-04 |
| 16c. Employee signature/date (Signature only indicates copy has been received, not agreement) | | |
| *Employee refused to sign for receipt* | | 8-5-04 |

| 17a. Revalidation of Rating of Record (Period covered) | 17b. Mandatory progress review conducted on | 18a. Revalidation of Rating of Record (Period covered) | 18b. Mandatory progress review conducted on |
|---|---|---|---|
| From:      To: | | From:      To: | |
| 17c. Rater name/title/signature/date | | 18c. Rater name/title/signature/date | |
| 17d. Reviewing Official name/title/signature/date | | 18d. Reviewing Official name/title/signature/date | |
| 17e. Employee signature/date (Signature only indicates copy has been received, not agreement) | | 18e. Employee signature/date (Signature only indicates copy has been received, not agreement) | |

*13*

Form 6850-BU (1-2003)    Cat. No. 35509M

publish.no.irs.gov



# Disability Retirement Application Checklist
## For Disability Retirement Under the Civil Service Retirement System and the Federal Employees Retirement System
### (to be completed by employing agency)

CSRS — Civil Service Retirement System
FERS — Federal Employees Retirement System

Form Approved:
OMB No. 3206-0228

**1. Name of applicant** *(last, first, middle)*  Beeaoens, Michael L.

**2. Date of birth** *(mo./day/yr.)*  09-03-50

**3. Social security number**

**4. Do available records show that the employee has at least 5 years of civilian service under the Civil Service Retirement System or at least 18 months under the Federal Employees Retirement System?**

**5. Will employee remain in duty status?**  Employee is in NPS due to Lack of Work — ☐ Yes  ☐ No

**5a. Show the date pay stopped or will stop.** *(mo./day/yr.)*  8/7/04 in nonwork status — will return to duty when recall

**6. Has employee ever received or made application for compensation from the Department of Veterans' Affairs?**  ☐ Yes  ☐ No

**6a. Claim number**

**6b. Period compensation was received.** From *(mo./yr.)*  To *(mo./yr.)*

**7. FERS Applicants**

**7a. Has the employee made application for disability benefits from the Social Security Administration?**  ☑ Yes  ☐ No

**7b. Is the application receipt or award notice attached?**  ☑ Yes  ☐ No

**8. Are the following documents attached** *(Indicate by "X" for each).*

| | Yes | No | Not Applicable |
|---|---|---|---|
| a. SF 2801 or SF 3107, Application for Immediate Retirement | | | |
| b. SF 3112A, Applicant's Statement of Disability | ✓ | | |
| c. SF 3112B, Supervisor's Statement | ✓ | | |
| - Employee's Performance Standards | ✓ | | |
| - Employee's Position Description | ✓ | | |
| - Supporting documentation regarding employee's performance | | | |
| - Supporting documentation regarding employee's leave use | | | |
| - Supporting documentation regarding employee's conduct | | | |
| d. SF 3112C, Physician's Statement (or equivalent) | | | |
| e. SF 3112D, Agency Certification of Reassignment and Accommodation Efforts | ✓ | | |
| - Supporting documentation of agency's accommodation efforts | | | |
| - Supporting documentation of employee's non-reassignment or non-selection | | | |
| f. Agency report of Federal medical examination (if one was made) | | | |
| g. Other: | | | |

**9. Has the supervisor stated the employee's performance is less than fully successful in any critical element of the position in Section B, SF 3112B?**

☑ Yes, ☞  (1) a copy of the employee's performance appraisal covering the employee's service prior to the date shown in Section B, item 5, of the Supervisor's Statement, **and**
(2) a copy of the performance appraisal covering service after that date, if available.

☐ No

**10. If the employee is temporarily at an address other than the one given on SF 2801 or SF 3107, Section A (such as hospital, nursing home, or with a relative), enter that address, including ZIP Code.**

**11. If the employee is unable to act on his own behalf, give the name and address of the person acting for him or her.**

## Agency Certification

**12.**
**I certify that the information shown above accurately reflects verified information in official records.**

**13. Full Agency name and address** *(including ZIP Code)*
INTERNAL REVENUE SERVICE
AUSTIN BENEFITS AND SERVICES
P. O. BOX 934, MS 154 9 AUSC
AUSTIN, TEXAS 78767

**12a. Signature of Chief Personnel Officer or Designee**

**14. I _____ official to be notified of OPM's determination** *(including telephone number and area code).*

INTERNAL REVENUE SERVICE
AUSTIN BENEFITS AND SERVICES
P. O. BOX 934, MS 154 9 AUSC
AUSTIN, TEXAS 78767

**12b. Official title**  Human Resources Specialist

**12c. Telephone number** *(incl. area code)*  512-460-2451

**12d. Date**  8-30-04

☐ Check here if this address is the same as the address in item 13.

3112-101

U.S. Office of Personnel Management
CSRS/FERS Handbook for Personnel and Payroll Offices

14

Standard Form 3112E
December 1995
This form supersedes Standard Forms 2824E & 3105E

# J. REX WIER, III, MD
## 3724 JEFFERSON STREET, SUITE 111
## AUSTIN, TX 78731

512-452-0109
Fax 512-452-2706

January 17, 2005

To Whom It May Concern:

Please be aware that I am recommending medical retirement for Mr. Michael Buesgens on the basis of chronic Bipolar Disorder, which is at best only partly controlled. I have seen Mr. Buesgens for therapy since August of 2004, when Dr. David Jones referred him to me for management of Bipolar Disorder. He underwent a psychiatric evaluation; the result of this was a diagnosis of Bipolar Disorder and Adult Attention Deficit Disorder.

Mr. Buesgens has difficulty in relating to others and his affect is blunted. This, I believe as well as his tendency to isolate himself during periods of depression, make it impossible for him to relate to managers and co-workers. The irritability he sometimes exhibits at work, and feelings of hopelessness with the depressive phase, makes it almost impossible for him to deal with the demanding calls from taxpayers.

Mr. Buesgens cannot perform the critical and essential elements of his duties, such as, telephone calls from taxpayers and payer tax adjustments. His performance, attendance, and conduct that have been documented as not fully successful are a direct result of his bipolar condition. His bipolar condition is expected to last for more than one year.

In my medical opinion, he is being unfairly punished at work, and is working in a hostile environment as a result of supervisors who do not seem to be making any accommodations for his illness.

Bipolar Disorder is a serious mental illness that kills one person out of five that have the disease. Serious depression, lack of energy and motivation, hopelessness, feelings of worthlessness, and suicidal thoughts are common symptoms.

Mr. Buesgens in my opinion has done well to work for as long as he has. Mr. Buesgens, like most individuals who have struggled with this illness (which is no less incapacitating than cancer or heart disease) will eventually qualify for social security disability income.

If you do not allow him to take the medical retirement, which I believe he is entitled to, then please send him to an independent psychiatrist or group of psychiatrists for a second opinion. This will obviously cause additional mental anguish for Mr. Buesgens, and cost

15

your organization more of the taxpayers' dollars, but I believe that the recommendations will be the same as mine.

Sincerely,

J. Rex Wier, III, MD

EEO COUNSELING REPORT
PART I (through Initial Interview)
(Follow separate instructions and use a continuation sheet if necessary)

| 1. Regional Complaint Center Name, Address, and Telephone Number | 2. EEO Officer Name, Address, and Telephone Number | 3. EEO Counselor Name, Address, and Telephone Number | 4. Date Counseling First Sought |
|---|---|---|---|
| Regional Complaints Center 4050 Alpha Road Dallas, TX 75244-4203 972-308-1303 | Teresa Dickerson IRS 400 W. Bay Street, Stop 1400 Jacksonville, FL 32202 904-665-0766 | Yvonne Jefferson 400 W. Bay Street, Stop 1400 Jacksonville, FL 32202-6221 904-665-0767 | 1/20/05 |

**5. Date of First Interview** 1/20/05

**6. Employee or Applicant: Name, Business or Home Address, Phone number**

Mike Buesgens (512) 447-7031
500 E Stassney Apt 1023
Austin, TX 78745

**Employee: Official Title, Series, and Grade**

Contact Representative

GS-962-8 Step 5 ✓
(512) 460-0907

**8. Matter Causing Complaint or Issue**

- ___ Appointment
- ✓ Assignment of Duties
- ___ Awards
- ✓ Change to Lower Grade
- ___ Classification
- ___ Conv to P/T CC
- ___ Duty Hours
- ___ Eval-Appraisal (Merit Pay)
- ✓ Eval-Appraisal (Non-Merit Pay)
- ___ Exam/Test
- ✓ Harassment
- ___ Overtime
- ___ Pay
- ___ Promotion
- ___ Reassignment
- ✓ Reinstatement
- ✓ Reprimand
- ✓ Removal/Separation
- ✓ Resignation
- ✓ Retirement
- ___ Sexual Harassment
- ___ Suspension
- ✓ Termination During Probation
- ___ Time/Attendance
- ___ Training
- ___ Within Grade Increase
- ___ Working Conditions
- ✓ Other (Explain)

disability

Detail release of medical information inappropriately shared.

**7. Basis or Type of Discrimination**

Age ___ DOB ___
Religion ___ Color ___
Race ___ National Origin ___
Sex ___ Disability ✓ (Mental) or Physical

Retaliation/Reprisal for Involvement in Complaints Process ✓

Other: Genetic ___ Parental Status ___ Sexual Orientation ___

**9.** An EEO Counselor cannot reveal the identity of a person who has come for counseling, except when authorized to do so by the person counseled. Is aggrieved party willing to have his/her name revealed during the counseling stage? Yes ✓ No ___ If answer is "Yes," Aggrieved Party must give permission by signing name in the space following: *Mike Buesgens*
Signature of Aggrieved Party

**10.** Organization Where Alleged Discrimination Occurred and Date of Occurrence.

IRS WNI Accounts manager Team 103 STOP6543 1-10-05

**11.** Give date Aggrieved Party became aware of alleged discrimination if substantially different from that shown in 10. Explain.

N/A

**12.** If complaint appears untimely, what explanation is offered to explain why Counselor was not contacted within 45 days?

My medical condition prevented me from becoming aware of this discrimination until 1-10-05 ✓

**13.** Provide a brief description of complaint, summarizing actions which caused counseling to be sought and which aggrieved party believes are discriminatory.

Mike feels he has been discriminated against based on mental disability and retaliation. His issues are assignment of duties, Change to lower grade evaluation, harassment, reprimand, removal, disability retirement, suspension, time/attendance, other- detail and medical information inappropriately shared w/management. ✓

**14.** Remedial Action Desired by Aggrieved Party.

- Monetary compensation the amount to be disclosed at a later date
  see attached for additional remedies    **NO NTEU ATTORNEY**

| 15. On the same matter has aggrieved party filed a grievance under a negotiated procedure? Yes ___ No ✓ Under the Agency grievance system? Yes ___ No ✓ Has aggrieved party appealed to the Merit Systems Protection Board? Yes ___ No ✓ If grievance or appeal has been filed, what is its status? N/A | 16. Does Aggrieved Party elect to have a representative? Yes ✓ No ___ unable to secure adequate representation ✓ |
|---|---|

**17.** Signature of Counselor and Date Signed *Yvonne Jefferson* 1/31/05

17

# EHS

## EXECUTIVE HEALTH SERVICES

David G. Jones, M.D., MPH

May 14, 2002

Re:  Michael Buesgens

To Whom It May Concern:

Michael Buesgens continues to be under my care for treatment of his depression, anxiety, and bipolar condition.

At the present time, his condition warrants a special dispensation in terms of duties. I am asking that Mr. Buesgens not talk on the phone for a period of thirty days. He may continue his clerical duties.

If you require further information, please contact my office.

Sincerely,

David G. Jones, M.D., MPH



*18*

9-1
15

EXECUTIVE HEALTH SERVICES
DAVID G. JONES, M.D., MPH
900 E. 30TH, #203
AUSTIN, TEXAS 78705
(512)47-5904
(512)47-1839 FAX

DATE:        6-21 02

ATTENTION:   Martha Sch___

COMPANY:     _____

FAX:         460 1845

FROM:        David G Jjn MD

RE:          Michael B_____

NUMBER OF PAGES INCLUDING COVER SHEET;   2

This transmission is confidental and intended for the addresses only. If you recieve this in error, please notify us at 47-5904  Thank you.

19

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0722
CONNECTION TEL                   94741839
SUBADDRESS
CONNECTION ID
ST. TIME              08/29 08:29
USAGE T               02'28
PGS. SENT             7
RESULT                OK
```



## DEPARTMENT OF THE TREASURY
### INTERNAL REVENUE SERVICE
### ATLANTA, GA 30308

WAGE AND INVESTMENT DIVISION

DATE: August 28, 2002

MEMORANDUM FOR Michael Buesgens

FROM:  Martha Schanhals

*Martha Schanhals, Team Manager 402*

SUBJECT: Request for Medical Documentation

In response to your request for reasonable accommodation, I am requesting medical documentation to assist me in determining the most appropriate accommodation.

Please submit the following documentation by **September 9, 2002:**

Statement from a physician regarding the history of the specific medical condition, including references to findings from previous examinations, treatment, and responses to treatment.

Clinical findings from the most recent medical evaluation, including any of the following which have been obtained: findings of physical examination results of laboratory test; x-rays; EKGs and other special evaluations or diagnostic procedures and in the case of psychiatric disease, the findings of a mental status examination and the results of psychological tests.

Assessment of the current clinical status and plans for future treatment;

- Diagnosis;
- An estimate of the expected date of recovery;
- An explanation of the impact of the medical condition on life activities both on and off the job;

*20*

Theis Thomas J

| From: | Schanhals Martha H |
| ent: | Thursday, October 03, 2002 7:35 AM ✓ |
| o: | Theis Thomas J |
| Subject: | FW: Use or Lose Leave for Seasonal Employee |
| Importance: | High |

*MANAGER SCHANHALS DISCLOSING MY MEDICAL INFORMATIN*

Michael has already approached me this morning concerning the issue below and informed me I was stealing his annual leave because I am not allowing him to run it out when he wants to. He even mentioned going to the district director? This person is currently being treated for depression, anxiety and bipolar condition. I told him on the SF71 that the leave was not approved because "use or lose leave needs to be used by Jan. 11, 2003 and the reasons for not using do not meet the criteria to restore lost annual leave." He insists that he wants a letter from me denying the leave and he wants the letter to include the criteria for restorations of leave. Please advise me how to handle this problem.

-----Original Message-----

| From: | Schanhals Martha H |
| Sent: | Wednesday, October 02, 2002 4:25 PM ✓ |
| To: | Theis Thomas J ✓ |
| Subject: | Use or Lose Leave for Seasonal Employee ✓ |
| Importance: | High |

*THOMAS KNOWS WHAT TO DO*

Thomas

I had talked to you earlier in the week concerning my seasonal employee who is going non-duty and has almost 2 weeks of use or lose leave. I had him complete 3081's, SF71's, and the AUSC 312 to indicate the amount of leave he wants to run out. He does not want to run the leave out when he goes non-duty effective on Oct. 5th (probably will not return to duty until January 13th). His reason is that he wants to start earning unemployment and wants to take the leave January 13 through January 25, 2003 unless their is training and then he wants it extended. He said he was told by AWSS that he had until the first pay period of 2003 to run out his leave. I informed him the deadline was Jan. 11, 2003 and he will be in non-work status.

.ave told Michael that if he chooses not to schedule this leave he will lose it because it does not meet the criteria to be reinstated. He keeps informing me that I could extend the period to use it and I could accommodate his request if I wanted to. I have told him repeatedly that I do not have the authority to extend and I am giving him the opportunity to run this leave when he goes non-duty. He will not accept that. He has informed me he is elevating this to the commissioner and wants a letter stating why I am denying. I have discussed this with Anna and we have decided to document this issue in his 825.

Therefore, I want to state the following on his 825:

" Michael you will be put in non-work status effective on October 6, 2002. I have asked you to complete AUSC/AUCC 312, SF71s, and Forms 3081 to show the amount of annual leave you want to run out when you go non-duty. I informed you that your current annual leave balance shows 311 and only 240 hours can be carried over to the next year. I have informed you that your SF 71 and Forms 3081 request to use this leave from January 13 through January 25, 2003 have been disapproved. I have explained to you that all use or lose leave must be used by January 11, 2003. The reasons you have provided for not wanting to use this use or lose annual leave do not meet the criteria to have the leave restore if you choose not to run out this leave when you go non-duty. I want you to understand the consequences of your choosing not to schedule and use the 71 hours use or lose annual leave and I encourage you to schedule and use this 71 hours of annual leave beginning the week after you go non-duty."

Please advise me if you do not agree, or if I need to change any of this information. Thanks.....Martha

*THANKS THOMAS THEIS WE NEED MORE LIKE YOU*

21

**DON TAWNEY CALLED**
**DAVID JONES, M.D.**

1/21/2003

Call from Mgr. Don Tawney — per Don
the employers medical provider still
had the 705 Men 238 in his office
and would fax then today.

**EXECUTIVE HEALTH SERVICES**
**DAVID G. JONES, M.D., MPH**
900 E. 30TH, #203
AUSTIN, TEXAS 78705
(512)474-5904
(512)474-1839 FAX

DATE: ___1/21___03___ ✓

ATTENTION: _Margaret Waites_ ✓

COMPANY: _____

FAX: __460 7953__

FROM: _David G. Jones MD, MPH_

RE: _Dr. Mike Bresgens_

_Don Tawney_
_1164_

Need medical
Rel. form and
position
description

Rec'd call 1/23 — No medical Rel. yet
W/Faxy P.D.

NUMBER OF PAGES (INCLUDING COVER SHEET): ___

This transmission is confidential and intended for the addressee only. If you receive this in error, please notify us at 474-5904. Thank you.

Fully trained phone trained
Required time on phone:

**22**

Treasury on these complaints. Copies of the AJ's decision and Mr. Buesgens'
appeal rights are attached.

Sincerely,

MARCIA H. COATES

Mariam G. Harvey
Director
Workforce Development and EO Division

Russell Bokelman
P.O. Box 458
Buda, TX 78610

Enclosures

cc: Erin Timmons, Esq.                          Robert L. Powell, AJ
    Office of Chief Counsel                      EEOC District Office
    Internal Revenue Service                     5410 Fredericksburg, Rd., Suite 200
    4050 Alpha Road, 14th Floor                  San Antonio, TX 78229-3555
    MS 2500 MSRO
    Dallas, TX 75244-4203                        Chief, EEO and Diversity (Robinson)
                                                 Internal Revenue Service

    Michael L. Buesgens                          Treasury Complaint Center (Dallas)
    500 E. Stassney Ln., Apt. 1023
    Austin, TX 78745

23

**Division Chief:** This Counselor received a return telephone call Thursday, April 24, 2003, from Operations Manager, Nancy Session and discussed the basis, issues and remedial action including the additional remedial action request concerning reassignment out of Ms. Anna Medlock's department. Ms. Session stated that reassignment in this case would not be appropriate and that she has shared this previously with the aggrieved individual. Ms. Session stated that she had a meeting with the aggrieved individual recently and discussed some of his issues but that she ended up terminating the meeting after the aggrieved individual told her that he did not trust what she was saying in response to his concerns. Ms. Session stated that she felt management went overboard in dealing with this employee and his request for reasonable accommodation and confirmed that the agency had asked all of the agency department heads for any vacant positions and was informed that none were available. Ms. Session stated that employees such as Mr. Buesgens fail to see the full scope of their situation in that some telephone work is required for a Grade 7 or Grade 8 pay and that when accommodation is offered without telephone duties only clerical positions at the Grade 4 level can be offered. Ms. Session stated that she felt Mr. Buesgens is one of those employees who does not want to give up the pay but fails to see that due to his medical situation they can no longer fulfill all of the job requirements, i.e. telephone duties, in order to receive a Grade 7 or Grade 8 pay.

**Comparative Data:**   *NANCY SESSION REASSIGNMENT INAPPROPRIATE*

**(23) Remedial Action Desired.**
The aggrieved individual desires as remedial action that the reasonable accommodation memorandum be revised to remove the deadline for the agency to find another job for the aggrieved individual as a seasonal on day shift GS 7 level working only IMF paper with no telephone duties. The aggrieved individual desires to be treated similarly to another reasonable accommodation that currently exists with another IRS employee with similar circumstances and received no deadline from the agency and continues to be accommodated at the Customer Service Building. The aggrieved individual notified this Counselor on Thursday, April 24, 2003, that he wished to amend his remedial action request by adding a request for reassignment to another department and out from under Ms. Anna Medlock.

*NANCY SESSION WENT OVER BOARD SO DID CHARLES WASHINGTON JR. DIRECTOR*

**(24) Grievances and Appeals.**
N/A

*NANCY SESSION SAYS NO VACANT POSITIONS*

**(25) Total number of hours spent counseling this case. (Includes all contacts, preparation, and travel time.)**
52 Hours

*NANCY SESSION SAYS EMPLOYEES LIKE BUESGENS FAIL TO SEE BUT THEY WANT THE BIG PAY OF A GRADE 7 OR 8*

**(26) Date of Final Interview.**
Monday, April 28, 2003.

**(27) Date of this Report.**
Thursday, May 01, 2003.

*NANCY SESSION SAYS PAYIN HIM GRADE 4*

**(28) Signature of EEO Counselor -**

*Anthony C Contreras 5/1/03*

**) Date report sent or delivered to Regional Complaints Center.**
Thursday, May 01, 2003.

*MELINDA ESTRADA MARGARET WAITES*

*NANCY SESSIONS AFFIDAVIT*

*2003*

## EEO COUNSELING REPORT – INDIVIDUAL COMPLAINT
### PART II (CONTINUED)

that when accommodation is offered without telephone duties only clerical positions at the Grade 4 level can be offered. Ms. Session stated that she felt Mr. Buesgens is one of those employees who does not want to give up the pay but fails to see that due to his medical situation they can no longer fulfill all of the job requirements, i.e. telephone duties, in order to receive a Grade 7 or Grade 8 pay. This conversation was concluded.

04-24-03 This Counselor received a one-page facsimile from the aggrieved individual consisting of two questions asking for this Counselor's opinion on the status of his case and for this Counselor to respond in writing. This Counselor deferred responding as a neutral party and this document has been included in this Counselor's report. Later, this Counselor briefed EEO and Diversity Territory Manager, Ms. Melinda Estrada regarding this one-page facsimile and this Counselor's deferment to responding in writing.

04-28-03 This Counselor received a call back voice mail message from the aggrieved individual's manager, Mr. Don Tawney stating that he was in today.

04-28-03 This Counselor telephoned Mr. Don Tawney and discussed the aggrieved individual's additional remedial action request concerning reassignment out of Ms. Anna Medlock's department. Mr. Tawney stated that management was not going to reassign the aggrieved individual to another department and that the aggrieved individual had previously made this request during a meeting he had recently with Operations Manager, Ms. Nancy Session and that Ms. Session told the aggrieved individual that the answer was no. Mr. Tawney stated that when the aggrieved individual asked him again recently for reassignment to another department that he referred the aggrieved individual to the answer he received from Operations Manager Ms. Nancy Session during their recent meeting, "No." This Counselor informed Mr. Tawney that this Counselor was scheduled to meet with the aggrieved individual and his designated representative Mr. Russell Bokelman that day and would be conducting a final interview and issuing a Notice of Right to File a formal complaint. This conversation was concluded.

04-28-03 This Counselor received a telephone call from the aggrieved individual stating that there was some confusion with his representative, Mr. Russell Bokelman, as to the time of their meeting with this Counselor to conduct a final interview. This Counselor informed the aggrieved individual that this Counselor would contact Mr. Bokelman and that if the meeting time needed to be changed this Counselor would contact the aggrieved individual back with the new time scheduled.

04-28-03 This Counselor telephoned and left a call back voice mail message with Mr. Russell Bokelman concerning an appointment scheduled for 9 a.m. with this Counselor and the aggrieved individual to conduct final interview.

04-28-03 This Counselor received a telephone call back from Mr. Russell Bokelman stating that he had an emergency situation and that he would not be able to meet until 12:30 p.m. that day. This Counselor scheduled and confirmed an appointment for 12:30 p.m. with Mr. Bokelman and the aggrieved individual.

04-28-03 This Counselor telephoned the aggrieved individual and relayed that the meeting with this Counselor and Mr. Bokelman was rescheduled for 12:30 p.m.

04-28-03 This Counselor met with the aggrieved individual, Mr. Mike Buesgens and his designated representative, Mr. Russell Bokelman and conducted a final interview discussing all of management's responses to the aggrieved individual's basis, issues and remedial action request including the additional request of reassignment. Mr. Buesgens again confirmed to this Counselor that he had secured a medical release to be back on the phones and had forwarded this to the Reasonable Accommodation Coordinator, Ms. Margaret Waites. This Counselor hand delivered and issued a Notice of Right to File a formal complaint to the aggrieved individual and advised him of the 15 calendar day deadline. This Counselor also issued an EEO Customer Satisfaction Survey with the Counselor's portion completed to the aggrieved individual. This final interview was concluded.

**From:**  Bokelman Russell D
**Sent:**  Sunday, October 13, 2002 2:27 PM
**To:**  Gooden Angelia F
**Subject:**  FW: Use or Lose
**Importance:**  High

*TIGTA REPRESENTATIVE*
*ANGELIA GOODEN ROYLE*

Angela,
      Mike wanted me to send this to you. We are not working on this as an NTEU issue. What Ernest in SETR says below may help him out. Sounds like he can have it restored.

Russell Bokelman
NTEU Chapter 247
Chief Steward

-----Original Message-----
**From:**  Ojeda Ernest L
**Sent:**  Thursday, October 10, 2002 4:23 PM
**To:**  Bokelman Russell D
**Subject:**  Use or Lose

1. **Use or Lose.** If a seasonal has use or lose leave, and we don't bring them back to work status prior to the end of the leave calendar, what should be done for the affected employee NOT to lose the use or lose leave??  What are our options?

: Furloughing for budget reasons/lack of work does qualify as an exigency (whadda you know!); therefore, if an employee had previously approved leave that now has to be denied, the leave does meet the criteria for restoration. Russell I will be out on Friday if you have any question's call my manager Naomi Craig at 460-2472.

Hope this helps. Ernest

1

26

TO: LABOR RELATIONS
TO: EEO manager Estrada        AUSTIN, TEXAS

FROM: MIKE BUESGENS
      500 E. STASSNEY
         APT. 1023
      AUSTIN, TX 78745
      PHONE 512-447-7031
      DATE    1-10-05

I have 3 EEO cases and a disability retirement in reconsideration.

1. I request that you provide an attorney for me. Due to my medical condition and lack of a legal education I cannot adequately prepare this case.

2. I request administrative time to meet with an attorney on these issues.

Michael R. Buesgens
        1-10-05

1 page

27



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, DC 20224**
January 28, 2005

Mike Buesgens
500 E. Stassney
Apartment 1023
Austin, TX 78745

*BUESGENS IS
RESPONSIBLE AND NO
ONE ELSE
THE APEX IS WITHOUT
AUTHORITY*

Dear Mr. Buesgens:

I am writing this in response to your letter dated January 21, 2005, in which you requested an appointment of counsel to handle certain EEO issues. The Agency does not provide attorneys to assert discrimination claims against the Internal Revenue Service. The pursuit of such matters is a purely personal decision and you are solely responsible for obtaining an attorney if that is your desire and meeting with such on your personal time. The Agency is without authority to grant your request. I suggest you contact your local NTEU chapter or Legal Aide for assistance.

*BARBARA A. ATKIN AND DENNIS SCHNEIDER*
*ATKIN*

If you have any questions about the contents of this letter, feel free to call me at (904) 665-0766.

*PURELY PERSONAL DECISION*
*SINCERELY ITS SO PURE*

Sincerely,

*Teresa Dickerson*

Teresa Dickerson
Equal Employment Opportunity & Diversity Manager
Area C, Territory 14

*AND YVONNE JEFFERSON*

*JACKSONVILLE, FLORIDA*

*FEEL FREE TO CALL
THEM. IT'S LIKE
CALLING 911*

*28*

# JUSTICE FOR ALL

## THE ELEMENTS

1. PRIMA FACIE CASE
2. CLEAR AND CONVINCING EVIDENCE
3. THE SMOKING GUN
4. ORGANIZATIONAL MISCONDUCT
5. DISCRIMINATION
6. RETALIATION AND REPRISAL
7. EEOC DENIED REVIEW
8. U.S. DISTRICT COURT, AUSTIN DIVISION DENIED APPOINTMENT OF COUNSEL
9. 5TH CIRCUIT DENIED PETITION FOR REVIEW (2006)
10. 5TH CIRCUIT DENIED APPOINTMENT OF COUNSEL BECAUSE - NO MERITS