UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS
    PLAINTIFF

V.

MARCIA H. COATES, et al
MARIAM G. HARVEY
DIRECTORS OFFICE OF
EQUAL OPPORTUNITY PROGRAM
U.S. DEPT. OF TREASURY
        AND
COLLEEN M. KELLEY
NATIONAL PRESIDENT,
NTEU
        DEFENDANTS

CASE NO. 1:05CV02334 (RCL)

## MOTION FOR TRANSFER TO TRANSFEREE

RECEIVED
APR 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1. Pursuant to 28 U.S.C. Section 1407 pro se and the Private Attorney General may initiate transfer proceedings by filing a motion before <u>Judicial Panel on Multidistrict Litigation</u>.

2. Civil Action No. <u>A 06 CA 226</u> and <u>A 06 CA 260</u> are directly related to retaliation and discrimination.

3. Civil Action No. <u>1:05CV02334</u> in the U.S. District Court for the District of Columbia is about retaliation and discrimination.

4. These civil actions involve the same actors – APEX Defendants, and servants.

5. PRO SE BUESGENS HAS BEEN AND CONTINUES TO BE SUBJECT TO THE SAME ATTORNEY MISCONDUCT AND ABUSE.

6. PRO SE HAS MADE THE SAME DISCOVERY REQUESTS OF ALL THESE DEFENDANTS AND HAS BEEN DENIED ACCESS TO OBTAINING BASIC INFORMATION.

7. PRIVATE ATTORNEY GENERALS ABILITY TO PRESENT A VIABLE CLAIM OR DEFENSE HAS BEEN AND CONTINUES TO BE VITIATED AND SEVERELY COMPROMISED.

**SEE EXHIBIT** ONE OF MANY

8. AN ORDER PURSUANT TO 28 U.S.C. SECTION 1407 WOULD ENSURE THAT ALL TAG-ALONG ACTIONS ARE ASSIGNED TO THE SAME JUDGE IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.

9. A TRANSFER TO U.S. COURT FOR THE DISTRICT OF COLUMBIA WOULD COORDINATE AND CONSOLIDATE PRETRIAL PROCEEDINGS.

## CONCLUSION

PRO-SE AND PRIVATE ATTORNEY GENERAL REQUEST THAT THIS COURT PRESENT THIS MOTION BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.

PRIVATE ATTORNEY GENERAL REQUESTS THAT HE BE ALLOWED TO PROVIDE A SUPPORTING BRIEF AND A SCHEDULE OF EACH ACTION INVOLVED.

RESPECTFULLY SUBMITTED,

*Michael L. Buesgens*
MICHAEL L. BUESGENS
APRIL 18, 2006

5

## CERTIFICATE OF CONFERENCE

NO ONE WAS CONTACTED.

## CERTIFICATE OF SERVICE

I, CERTIFY THAT ONE TRUE COPY OF THIS MOTION TO TRANSFER AND REQUEST FOR JUDICIAL PANEL ON MULTIDISTRICT LITIGATION WAS SERED ON THIS 18TH DAY OF APRIL, 2006 TO THE FOLLOWING

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION CIVIL ACTION NO. A 06 CA 226 AND A 06 CA 260

HAND DELIVERED

TRANSFEROR

BY FIRST CLASS MAIL TO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CLERKS OFFICE - ROOM 1225
333 CONSTITUTION AVENUE, NW
WASHINGTON, D.C. 20001

AND

KAREN L. MELNIK
ASSISTANT U.S. ATTORNEY
U.S. ATTORNEYS OFFICE
CIVIL DIVISION
555 4TH STREET, N.W.
WASHINGTON, D.C. 20530

AND

JULIE M. WILSON
ASSISTANT COUNSEL, NTEU
1750 H STREET, N.W.
WASHINGTON, D.C. 20006

7

AND

ARMBRUST & BROWN, L.L.P.
<u>GREGORY CAGLE</u>
100 CONGRESS AVENUE
SUITE 1300
AUSTIN, TEXAS  78701

AND

WARREN LAW FIRM
<u>WILLIAM S. WARREN</u>
1011 WESTLAKE DRIVE
AUSTIN, TEXAS  78746

*Michael L Buesgens*
MICHAEL L. BUESGENS, PRO SE
500 E STASSNEY
APT 1023
AUSTIN, TX  78745
PHONE: 512-447-7031

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARCIA H. COATES, et al. )<br>DIRECTOR, )<br>OFFICE OF EQUAL OPPORTUNITY PROGRAM)<br>U.S. DEPT. OF TREASURY )<br>)<br>    and )<br>)<br>COLLEEN M. KELLEY, )<br>NATIONAL PRESIDENT, )<br>NATIONAL TREASURY EMPLOYEES UNION )<br>)<br>    Defendants. )<br>_____) | Case No. 1:05CV02334<br>Judge: Royce C. Lamberth |

## **DEFENDANT KELLEY'S MOTION FOR A PROTECTIVE ORDER**

In response to the First Motion for Discovery and Production of Documents and Disclosure filed by Michael L. Buesgens (Buesgens) on March 23, 2006, and pursuant to Rule 26(c), defendant Colleen M. Kelley (Kelley) hereby moves this Court to issue a Protective Order staying all discovery with respect to defendant Kelley and the National Treasury Employees Union in this case until the Court rules on defendant Kelley's pending dispositive Motion to Dismiss, or in the Alternative, to Provide a More Definite Statement and the parties develop a proposed discovery plan in accordance with Rule 26(f).

If defendant Kelley's dispositive motion is granted, and

the case against her dismissed, discovery will be unnecessary. In such a case, a stay will have saved the burden and expense of gathering the information requested by Michael Buesgens, and the expense, time, and waste of judicial resources necessary to resolve the objections which Kelley will raise to the discovery requests.

Moreover, Buesgens will have ample time to engage in discovery following the Court's ruling on defendant Kelley's dispositive motion should her motion not be granted in full.

Respectfully submitted,

/s/ Gregory O'Duden

---

Gregory O'Duden
General Counsel
Bar No. 254862

/s/ L. Pat Wynns

---

L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

---

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C.  20006
(202) 572-5500

Counsel for defendant Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS         )
                            )
        Plaintiff,          )
                            )
    v.                      )    Case No. 1:05CV02334
                            )    Judge: Royce C. Lamberth
MARCIA H. COATES, et al.    )
DIRECTOR,                   )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY      )
                            )
    and                     )
                            )
COLLEEN M. KELLEY,          )
NATIONAL PRESIDENT,         )
NATIONAL TREASURY EMPLOYEES UNION )
                            )
        Defendants.         )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served, by first class mail, a copy of DEFENDANT KELLEY'S MOTION FOR A PROTECTIVE ORDER, DEFENDANT KELLEY'S MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER and the PROPOSED ORDER on the following person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745

3/28/06
Date

/s/ Julie M. Wilson
_____
Julie M. Wilson
Assistant Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS, <br><br> Plaintiff, <br><br> v. <br><br> MARCIA H. COATES, Director, <br> Office of Equal Opportunity Program <br> U.S. Department of the Treasury, et al. <br><br> Defendants. | Civil Action No: 05-2334 (RCL) |

## DEFENDANTS' MOTION TO STAY DISCOVERY

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move this Court to stay discovery in this case pending resolution of Defendants' Motion to Dismiss or for Transfer of Venue. The grounds for this motion are set forth in the attached supporting memorandum. A proposed order is also attached.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-2334 (RCL) |
| ) | |
| MARCIA H. COATES, Director, ) | |
| Office of Equal Opportunity Program ) | |
| U.S. Department of the Treasury, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move to stay discovery in this case pending resolution of their Motion to Dismiss or for Transfer of Venue ("Motion"). Defendants submit that given the dispositive nature of the motion, a stay of discovery is warranted to prevent an unnecessary expenditure of the parties' resources, and potentially those of the Court, prior to a decision on Defendants' Motion.

## PROCEDURAL HISTORY

On December 5, 2005, Plaintiff filed a Complaint alleging, among other things, retaliation for participating in a protected activity, and unfairness in the EEOC process in Texas. On February 27, 2006, Defendants filed a Motion to Dismiss or for Transfer of Venue. On March 22, 2006, Plaintiff filed a Motion for Summary Judgment, Response to Defendants' Motion to Dismiss or for Transfer of Venue, and Claim of Fraudulent Concealment ("Pl's Motions"). On March 27, 2006, Defendants filed their Reply to Plaintiff's motions. On that same date, Defendants received Plaintiff's First Motion for Discovery and Production of Documents and Disclosure.[1]

---

[1] Plaintiff's First Motion for Discovery and Production of Documents and Disclosure has
(continued...)

Defendants have not propounded discovery or noticed depositions in this matter since a dispositive motion is pending and since it is not clear what the breadth of this action will be. If Defendants do not prevail on their pending dispositive Motion, however, Defendants would certainly seek to engage in discovery. Therefore, to preserve their rights and conserve the resources of both the Court and the parties, Defendants respectfully request that this Court stay discovery pending resolution of Defendants' Motion to Dismiss or for Transfer of Venue.

## DISCUSSION

The D.C. Circuit has advised that this Court has "broad discretion in granting or denying stays so as 'to coordinate business of [the] court efficiently and sensibly.'" McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)); see Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974). Where, as here, one issue may be dispositive of a case, it is proper to stay discovery until the dispositive issue has been decided. See, e.g., United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceeding at the outset to a determination of jurisdictional matters . . . ."); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (staying discovery pending resolution of question of defendant's immunity, where discovery had no bearing on outcome of immunity issue); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238 (2d Cir. 1986) (courts should

---

[1](...continued)
not yet been docketed.

determine jurisdiction before conducting discovery); <u>Thompson v. F.W. Woolworth Co.</u>, 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved); <u>Marshall v. Hartford Fire Ins. Co.</u>, 78 F.R.D. 97, 107 (D. Conn. 1978) (discovery stayed so parties could attempt to negotiate settlement); <u>Equal Employment Opportunity Comm'n v. Local Union No. 3</u>, 416 F. Supp. 728, 738 (N.D. Cal. 1975) (discovery stayed pending resolution of jurisdiction question); <u>Cannon v. United Ins. Co. of Am.</u>, 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). As the court noted in <u>O'Brien v. Avco Corp.</u>, 309 F. Supp. 703 (S.D.N.Y. 1969):

> [W]hen, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

<u>Id</u>. at 705.

Here, Defendants have filed a dispositive motion because it does not appear that jurisdiction is proper in this District. As noted in earlier pleadings, Plaintiff has pending litigation in the Western District of Texas. Moreover, it is unclear whether Plaintiff has stated a claim upon which relief can be granted. Since a ruling favorable to Defendants will obviate the need for discovery, all future discovery taken will be a needless expenditure of resources for both parties, and the Court.

## CONCLUSION

WHEREFORE, Defendants respectfully submit that this Court should stay discovery in the instant action until ruling on Defendants' dispositive motion.

Respectfully submitted,

_/s/ K.L. Wainstein/pc_
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

4

_____
RUDOLPH CONTRERAS D.C. BAR # 434122
Assistant United States Attorney

_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

5

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of March, 2006, I caused the foregoing Defendants' Motion to Stay Discovery and proposed order to be served on Plaintiff by first-class mail, postage prepaid, addressed as follows:

Michael Buesgens
500 East Stassney
Apt. 1023
Austin, Texas 78745

KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-2334 (RCL) |
| ) | |
| MARCIA H. COATES, Director, ) | |
| Office of Equal Opportunity Program ) | |
| U.S. Department of the Treasury, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

UPON CONSIDERATION of Defendants' motion to stay discovery, the grounds stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of _____, hereby:

ORDERED that Defendants' motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that discovery in this case is stayed until further order of the Court.

_____
UNITED STATES DISTRICT COURT

cc:

Karen L. Melnik
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4112
555 Fourth Street, N.W.
Washington, D.C. 20530

Mr. Michael Buesgens
500 E. Stassney
Apt. 1023
Austin, Texas 78745

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL L. BUESGENS

V.

FALCON APARTMENTS OF
AUSTIN I, INC et al

GREYSTAR HOLDINGS, INC
et al

AUSTIN APARTMENT ASSOCIATION

CIVIL NO.
A06CA226
(LY)

## MOTION FOR TRANSFER

TO THE HONORABLE JUDGE OF THIS COURT PRO SE BUESGENS REQUEST TRANSFER TO U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA FOR THE FOLLOWING REASONS: