

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

OCT 24 2005

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear Mr. Buesgens:

This letter is in response to your Freedom of Information Act request dated September 26, 2005, which was received in this office on September 29, 2005.

Regarding your request for vacancy announcements in the Austin, Texas commuting area for grade 5/6/7/8 positions for 2003, our office provided a response to you with letters dated July 26, 2005, and September 22, 2005. This is our final response. Additional requests for the same information will not be responded to.

For further information, please contact me at 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768. Please refer to case number 09-2006-00006.

Sincerely,

Paula K. Ward

Paula K. Ward
18-03230
Disclosure Specialist
Austin Campus



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C.  20507**

Office of
Legal Counsel

Michael L. Buesgens                                                        NOV 2 8 2005
500 E. Stassney
Apt. 1023
Austin, Texaas  78745

**Re: FOIA No. A5-11-FOIA-423**

Dear Mr. Buesgens:

This letter responds to your correspondence dated November 8, 2005, regarding your original
submission, dated August 10, 2005 and received on August 16, 2005.  The paragraph(s) checked
below apply:

[x]    A portion of your request is neither granted nor denied because: [x] Your request does
       not reasonably describe the records you wish disclosed or [x ] No records fitting the
       description of the records you seek disclosed exist or could be located after a thorough
       search.  Otherwise,

[ ]    Your request is granted.

[ ]    Your request is denied pursuant to the subsections of the FOIA indicated at the end of
       this letter.  An attachment to this letter explains the use of these exemptions in more
       detail.

[ ]    Your request is granted in part and denied in part. Portions not released are being
       withheld pursuant to the subsections of the FOIA indicated at the end of this letter.  An
       attachment to this letter explains the use of these exemptions in more detail.

[ ]    You must send a check for $     made payable to the <u>United States Treasurer</u> and mail to
       the above address. Professional search and review time is billed at a rate of $17.00 per
       hour, and clerical search and review time at $7.00 per hour, and photocopying at $.15 per
       page. 29 C.F.R. § 1610.15. Address your correspondence to the attention of [insert your
       name here].  The fee has been computed as follows:

       [ ]    Commercial requests:  pages of photocopying;    hours of clerical review time;
              hours of professional review time;  hours of clerical search time; and   hours of
              professional search time.

       [ ]    Requests by educational or noncommercial scientific  institutions or
              representatives of the news media:      ____ pages of photocopying. The first 100
              pages are provided free of charge.

[ ]    All other requests:    pages of photocopying;  hours of clerical search time; and hours of professional search time.  The first 100 pages and 2 hours of search time are provided free of charge.

[ ]    The disclosed records are enclosed.  No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee.  29 C.F.R. § 1610.15(d).

[ ]    The disclosed records are enclosed.  Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[x]    You may appeal the denial or partial denial of your request by writing within thirty days of receipt of this letter to Office of Legal Counsel/FOIA Programs, Equal Employment Opportunity Commission, 1801 L Street, N.W., Washington, D.C.  20507.  Your appeal will be governed by 29 C.F.R. § 1610.11.

[x]    See attached Comments page for further information.


Sincerely,

Stephanie D. Garner
Assistant Legal Counsel/FOIA


Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

[ ] (2)                                              [ ] (6)
[ ] (3)                                              [ ] (7)(A)
        [ ] Section 706(b) of Title VII                     [ ] (7)(C)
        [ ] Section 709(e) of Title VII                     [ ] (7)(D)
[ ] (3)(B)                                           [x] other (see attached)
        [ ] 41 U.S.C. §253b(m)
[ ] (4)
[x (5)

**Re: FOIA No. A5-11-FOIA-423**

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (1982), permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Hinckley* v. *United States*, 140 F.3d 277 (D.C. Cir. 1998); *Mace v. EEOC*, 37 F.Supp.2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Missouri ex. rel. Shorr v. United States Corps of Eng'rs.*, 147 F. 3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, *Wolfe v. Department of Health and Human Services,* 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. *First Eastern Corp. v. Mainwaring,* 21 F.3d 465,468 (D.C. Cir. 1994). *See also, Greyson v. McKenna & Cuneo and EEOC,* 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process. *A. Michael's Piano, Inc. v. Federal Trade Commission,* 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. *See Mapother, Nevas, et al. v. Dept of Justice,* 3 F.3d 1533 (D.C. Cir. 1993).

<u>DOCUMENTS WITHHELD PURSUANT TO THE FIFTH EXEMPTION TO THE FOIA:</u>

All comments sent by the EEOC to various agencies, by which the EEOC commented on draft reasonable accommodation policies.

Exemption (b)(5) permits the withholding of intra and inter agency records which would not be available to a party other than an agency in litigation with another agency. Documents reflecting the predecisional deliberative analysis and recommendations of the EEOC for the purpose of advising the agency of possible action are also exempt from disclosure. This exemption also protects internal debate from public scrutiny to allow agencies to freely explore alternative avenues of action.

FOIA No. A5-11-FOIA-423

## COMMENTS PAGE

The EEOC responded on September 22, 2005 to your FOIA request concerning agency records. The Comments Page informed you that Items Nos. 4 through 20 could neither be granted nor denied because the EEOC did not maintain such records. Regarding No. 4, FOIA Programs has been advised that agencies track the grant/denial of reasonable accommodation requests, but the EEOC does not collect this information. You were further advised to directly contact the federal agencies in order to obtain specific information regarding the agencies.

You were also advised that portions of your request could neither be granted nor denied for the following reason: your request was not a proper FOIA request. The FOIA requires that an access request satisfy two specific requirements: 1) it must "reasonably describe" the records sought and 2) it must be made in accordance with the EEOC's published FOIA regulations. Your request failed to meet these requirements for a FOIA request because it did not reasonably describe the records you sought in sufficient detail to enable a knowledgeable employee to locate the records with a reasonable amount of effort, or requests that EEOC respond to questions. You were also informed that the FOIA required agencies to provide a requestor with access to records, not answer questions, such as those numbered 1, 2 and 3 in your request.

Finally, your request for "a copy of Equal Employment Opportunity Commission records on federal agencys' [sic] uniformity and consistency of reasonable accommodation; policies; and procedures in placing federal employees in a reasonable accommodation job" will be specifically addressed. The EEOC has guidance on reasonable accommodations. It is available on the EEOC's website: www.eeoc.gov. The actual link to the guidance is http://www.eeoc.gov/policy/docs/accommodation_procedures.html. Additional information is located at: http://www.eeoc.gov/policy/docs/qanda-accomodation_procedures.html. An agency's final reasonable accommodation policy is maintained by the individual agency. In order to request a copy of such records, a FOIA request to the agency is required. EEOC attorneys have submitted comments to various agencies, in response to drafts of various agency policies. The EEOC's comments on drafts of agency reasonable accommodation policies are withheld under the fifth exemption to the FOIA, 5 U.S.C. §552(b)(5). The fifth exemption permits nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." The predecisional documents were received and reviewed by the various agencies. A predecisional deliberative document reflecting agency recommendations, advice or analysis, is exempt from disclosure.

**Internal Revenue Service**
Appeals Office M/S 55201
5045 E Butler Ave
Fresno, CA 93727-5136

Date:

MAR − **6** 2006

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

**Department of the Treasury**

**Person to Contact:**
  Alexis Lindauer
  Employee ID Number: 78-00036
  Tel:  (559) 452-3040
  Fax:  (559) 452-3266
**Refer Reply to:**
  AP:FW:FRE:AGL
**In Re:**
  Freedom of Information Act
**Disclosure Case Number(s):**
  18-2005-02810
  18-2005-03034

Dear MICHAEL L BUESGENS,

This letter is in response to your appeals request dated 9/28/2005 of Freedom of Information Act (FOIA) information. According to your letter you are appealing the response of  9/23/2005 from the Disclosure Office of your request for information dated 7/29/2005 and 8/16/2005.

You requested the information concerning your reasonable accommodation records.

The Austin Disclosure Office provided you a response that upon retirement, your records were transferred to the Office of Personnel Management (OPM).  They provided the address and phone number for Office of Personnel Management (OPM) and directed you to contact them regarding your records.

They directed you to this office regarding your records, because this is where files are transferred to at retirement.  We have reviewed the Disclosure Officer's response and have determined that the response was appropriate.  We are satisfied that a reasonable search for records was performed and that no records were located which are responsive to your request.

The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

*Marge Field*

Marge Field
Appeals Team Manager