

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

DEC 2 8 2004

HUMAN CAPITAL OFFICE

Michael L. Buesgens
500 E. Stassney Lane, Apt. 1023
Austin, TX  78745

CERTIFIED MAIL (Also Regular Mail)
RETURN RECEIPT REQUESTED

Dear Mr. Buesgens:

I received your written request dated December 28, 2004. You requested "a complete record of statements and issues that are on file and the TIGTA report." You further specified that you do not want documents related to your current conduct issue, but rather information regarding previous conduct issues.

On November 30, 2004, you were provided material relied upon by management in connection with a proposed disciplinary action. If you believe other information and/or documents exist and are requesting that information and/or document you must file a request under the Freedom of Information Act (FOIA) through the Disclosure Office. The Disclosure Officer is Stephanie Young and she may be reached at (512) 460-4433.

Sincerely,

Tony M. Judd
Chief, Labor Relations Section

3/30/05



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

OFFICE of
INSPECTOR GENERAL
for TAX
ADMINISTRATION

## FACSIMILE TRANSMISSION

No. of pages, including transmittal: **2**

**RECIPIENT'S NAME:** Mike
**RECIPIENT'S OFFICE:** Apt. # 1023
**RECIPIENT'S TELEPHONE:** 512-447-7031
**RECIPIENT'S FAX NUMBER:** 512-326-1557

### CONFIDENTIALITY NOTICE

**This facsimile transmission and/or the documents accompanying it may contain confidential information that is privileged or is subject to non-disclosure provisions of Federal law, including 26 U.S.C. § 6103 and the Privacy Act, 5 U.S.C. § 552a. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution, or the taking of any action in reliance on the contents, is prohibited. If you have received this transmission in error, please notify the sender immediately to arrange for the return of the document(s).**

**SENDER:** Amy P. Jones
**SENDER: TELEPHONE:** (202) 927-7044
**FAX NUMBER:** (202) 622-3339
**COMMENTS:** As requested.

622-4068

# How to Make a FOIA Request

Your FOIA request must be in writing. You should:

1. Specifically state that you are making a FOIA request.

2. Reasonably describe the specific records you are requesting.

3. Establish your identity and right to receive the records by providing a photocopy of an identifying document bearing your signature (e.g., driver's license, identification badge, passport) or a notarized statement swearing to or affirming your identity.

4. State whether you want to review the records in the Disclosure Office or have us mail the photocopied records to you. If you want the records mailed to a business address, please identify it as such so that we may take the precaution of sealing the records in an inner envelope.

5. Cite your firm agreement to pay any search and copy fees. Normally, there is no charge if the number of pages copied is less than 100 pages. Please note that if you want "certified" copies, the certification fee is $1.00 for each document certified, regardless of size.

6. Sign your request.

7. Mail your request to:

    TIGTA/IG:CC
    Attention: Disclosure Officer
    1125 – 15th. St. NW, Suite 700A
    Washington, DC 20005

8. Or fax your request to:   •

    202/622-3339



**INSPECTOR GENERAL
for TAX
ADMINISTRATION**

**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

June 16, 2005

Michael L. Buesgens
500 E. Stassney #1203
Austin, Texas  78745

Dear Mr. Buesgens:

This is in response to your Freedom of Information Act (FOIA) request dated March 31, 2005, seeking access to records maintained by the Treasury Inspector General for Tax Administration (TIGTA). We received your request on April 5, 2005. Specifically, you requested "all records and witness statements pertaining to [your] TIGTA investigation that occurred in 2001, 2002 or 2003 at 1821 Directors Blvd., Austin, Texas."

A review of TIGTA indices revealed that two files are responsive to your request. Report of Investigation #64-0301-0002-I consists of sixty-one (61) pages. We are releasing twenty-one (21) pages in full and eight (8) pages in part. Copies are enclosed. We are withholding thirty-two (32) pages in full. We are asserting FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(E) as the justification for withholding. Furthermore, we are withholding portions of records because they are outside the scope (O/S) of your request.

We are providing you with copies of the computer screens as contained in our Performance and Results Information System (PARIS) that are retrievable by Complaint #64-0301-0002-C. The complaint-related screens consist of twelve (12) pages. We are releasing nine (9) pages in full and three (3) pages in part. We are asserting FOIA exemptions (b)(7)(C) as the justification for withholding.

FOIA exemption (b)(2) permits an agency to withhold information that relates solely to the internal personnel rules and/or practices of an agency. Exemption (b)(7)(C) permits an agency to withhold information that could reasonably be expected to constitute an unwarranted invasion of a third party's or parties' personal privacy. Exemption (b)(7)(D) permits an agency to withhold records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source. Exemption (b)(7)(E) permits an agency to withhold all law enforcement

information that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

We have enclosed an Information Sheet that explains the exemptions cited as well as your administrative appeal rights. You may appeal this decision within thirty-five (35) days from the date of this letter. Your appeal must be in writing, signed by you, and addressed as follows:

>Freedom of Information Act Appeal
>Treasury Inspector General for Tax Administration
>Attn: IG:CC, Room 700A
>1125 15th Street, NW
>Washington, DC  20005

If you have any questions, please contact Program Analyst Diane Bowers at (202) 927-7043.

Sincerely,

Amy P. Jones
Disclosure Officer

Enclosures

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempt from disclosure by statute (other than section 552b of this title), provided that the statute

    (A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

    (B)   establishes particular criteria for withholding or refers to particular types of matters to be withheld;

Note: subsection (b)(3) protects information exempted by certain qualifying statutes, such as Internal Revenue Code section 6103, which protects tax returns and information generated by and collected by the IRS with regard to a taxpayer.

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files that disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information

    (A)   could reasonably be expected to interfere with enforcement proceedings,

    (B)   would deprive a person of a right to a fair trial or an impartial adjudication,

    (C)   could reasonably be expected to constitute an unwarranted invasion of personal privacy,

    (D)   could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

    (E)   would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonable be expected to risk circumvention of the law, or

    (F)   could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and date, including maps, concerning wells.



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20005

INSPECTOR GENERAL
FOR TAX
ADMINISTRATION

August 29, 2005

Michael L. Buesgens
500 E. Stassney #1203
Austin, TX 78745

*[handwritten: NO ONE SENT ME A LETTER DATED APRIL 29, 2005]*

Dear Mr. Buesgens:

This is in response to your letter dated July 8, 2005, in which you sought to appeal the Treasury Inspector General for Tax Administration's (TIGTA) June 16, 2005 response to your Freedom of Information Act (FOIA) request dated March 31, 2005.

By letter dated June 16, 2005, TIGTA responded to your FOIA request indicating that there were two documents responsive to your FOIA request: TIGTA Report of Investigation #64-0301-0002-I, which consists of sixty-one (61) pages, and TIGTA Complaint #64-0301-0002-C, which consists of copies of computer screens. In response to your request, TIGTA's June 16, 2005 letter indicated that with respect to ROI 62-0301-0002-I, the Agency was releasing twenty-one (21) pages in full and eight (8) pages in part from this file. In addition, the April 29, 2005 letter advised you that TIGTA was withholding thirty-two (32) pages in full. TIGTA asserted FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F) as the bases for the withholding.

In addition, you were advised that there were twelve pages of computer screens retrievable by Complaint #64-0301-0002-C. In response to your request, TIGTA released nine (9) pages in full and three (3) pages in part. TIGTA asserted (b)(7)(C) as the basis for the withholding.

After a careful review of your FOIA request, FOIA appeal, and the withheld documents, we affirm the prior determination of the Disclosure Branch at the request level.  As the basis for the withholding, we assert FOIA exemptions (b)(2), (b)(7)(C), and (b)(7)(E).

FOIA exemption (b)(7)(C) protects from disclosure "information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The withheld information consists of identifying information compiled with regard to an individual or individuals other than you. Releasing the withheld information would not shed any light into the Agency's performance of its official functions, but instead would result in an invasion into the personal privacy of the individual(s) whose names and personal information have been withheld. The information was compiled for law enforcement purposes and the privacy interest of the third parties outweighs the public's interest in having the information released. As a result, this information has been withheld in response to your request.

2

FOIA exemption (b)(7)(E) protects from disclosure "records or information compiled for law enforcement purposes . . . [that] would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The information withheld pursuant to this exemption was compiled in connection with a TIGTA law enforcement investigation. The withheld information consists of techniques or guidelines not commonly known to the public and/or information that could lead to the circumvention of the law. As a result, this information has been withheld in response to your request.

FOIA exemption (b)(2) protects from disclosure internal information the disclosure of which would risk the circumvention of a statute or agency regulation or impede the effectiveness of an agency's law enforcement activities. As indicated previously, TIGTA has withheld information collected as part of its criminal investigation. TIGTA has therefore withheld information that could impede its law enforcement activities.

The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the district in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

Roderick H. Fillinger
Deputy Chief Counsel

# Information on a TIGTA Determination to Withhold Records Exempt From The Freedom of Information Act – 5 U.S.C. § 552

### Appeal Rights

You may file an appeal with the Treasury Inspector General for Tax Administration (TIGTA) within 35 days after we (1) determine to withhold records, (2) determine that no records exist, or (3) deny a fee waiver or a favorable fee category. If some records are released at a later date, you may file within 35 days after the date the last records were released.

The appeal must be in writing, must be signed by you, and must contain the following information:

> your name and address
> description of the requested records
> date of the request (and a copy, if possible)
> date of the letter denying the request (and a copy, if possible).

Mail your appeal to:     Freedom of Information Appeal
Treasury IG for Tax Administration
Attn: IG:CC    Room 700A
1125 – 15th Street, NW
Washington, DC 20005

### Judicial Review

If we deny your appeal, or if we do not send you a reply within 20 days (not counting Saturdays, Sundays, or legal public holidays) after the date we receive the appeal, you may file a complaint with the U.S. District Court in the district where (1) you reside, (2) your principal place of business is located, or (3) the records are located. You may also file in the District Court for the District of Columbia.

The court will treat your complaint according to the Federal Rules of Civil Procedure (F.R.C.P.). Service of process is governed by Rule 4(d)(4) and (5), which requires that a copy of the summons and complaint be (1) personally served on the United State Attorney for the district in which the lawsuit is brought; (2) sent by registered or certified mail to the Attorney General of the United States at Washington, C.C.; and (3) sent by registered or certified mail to the Treasury Inspector General for Tax Administration, Attn: IG:CC, Room 700A, 1125 – 15th Street, NW, Washington, D.C. 20005.

In such a court case, the burden is on the Treasury Inspector General for Tax Administration to justify withholding the requested records, determining that no records exist, or denying a fee waiver or a favorable fee category. The court may assess against the United States reasonable attorney fees and other litigation costs incurred by the person who takes the case to court and who substantially prevails. You will have substantially prevailed if the court determines, among other factors, that you had to file the lawsuit to obtain the records you requested and that the Treasury Inspector General for Tax Administration had no reasonable grounds to withhold the records. See internal Revenue Service Regulations 26 CFR 601.702 for further details.

### Exemptions

The Freedom of Information Act, 5 U.S.C. § 552, does not apply to matters that are –

(b)(1)  (A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and

   (B) are, in fact, properly classified under such an Executive Order;



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20005

INSPECTOR GENERAL
FOR TAX
ADMINISTRATION

July 20, 2005

Michael L. Buesgens
500 E. Stassney #1203
Austin, TX 78745

Dear Mr. Buesgens:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) appeal, received by this office on July 12, 2005. The statutory period for response to your appeal expires on August 9, 2005.

Any inquiries concerning this matter should be addressed to this office at the following address:

> Treasury Inspector General for Tax Administration
> Office of Chief Counsel, IG:CC
> Suite 700C
> 1125 15th Street, N.W.
> Washington, D.C. 20005

If you have any questions, please contact Lori Creswell at (202) 622-4068.

Sincerely,

Gladys M. Hernandez
Associate Chief Counsel



**INSPECTOR GENERAL
for TAX
ADMINISTRATION**

DEPARTMENT OF THE TREASURY

WASHINGTON, D.C. 20220

September 12, 2005

Mr. Michael L. Buesgens
500 E. Strassney, Apt. 1023
Austin, TX 78745

Dear Mr. Buesgens:

This is in response to your Freedom of Information Act (FOIA) request, dated August 14, 2005, seeking access to records maintained by the Treasury Inspector General for Tax Administration (TIGTA). TIGTA received your request on August 18, 2005.

Specifically, you requested a copy of the following records:

1. A record of complaints or actions initiated by Melinda Estrada, Reasonable Accommodation Manager, and Angelia Gooden Doyle, EEO Counselor, that TIGTA has received or is aware of, including complaints against Department of the Treasury, IRS or any other agency's employees.

2. A record of TIGTA investigations of Department of the Treasury and IRS employees that were or had been in the EEO complaint process or reasonable accommodation process.

3. Copies of complaints and reports of investigation relative to items 1 and 2.

In response to items 1 through 3, please be advised that TIGTA neither admits nor denies the existence of records concerning anyone other than you. To the extent that any TIGTA third-party records exist, such as the type you are requesting, Federal law prohibits the release of such records without the specific written consent of the individuals involved. The applicable statutes are subsection (b)(7)(C) of the Freedom of Information Act (5 USC § 552) and the Privacy Act of 1974 (5 USC § 552a).

We have enclosed an Information Sheet that explains the exemption cited as well as your administrative appeal rights. You may appeal this decision within thirty-five (35) days from the date of this letter. Your appeal must be in writing, signed by you, and should be addressed as follows:

2

Freedom of Information Act Appeal
Treasury Inspector General for Tax Administration
Attn: IG:CC   Room 700A
1125 15th Street, NW
Washington, DC 20005

If you have any questions, please contact Program Analyst Carroll Field at (202) 927-7032 and refer to case number 2005-FOI-00162.

Sincerely,

Amy P. Jones
Disclosure Officer

Enclosure

# Information on a TIGTA Determination to Withhold Records Exempt From The Freedom of Information Act – 5 U.S.C. § 552

### Appeal Rights

You may file an appeal with the Treasury Inspector General for Tax Administration (TIGTA) within 35 days after we (1) determine to withhold records, (2) determine that no records exist, or (3) deny a fee waiver or a favorable fee category. If some records are released at a later date, you may file within 35 days after the date the last records were released.

The appeal must be in writing, must be signed by you, and must contain the following information:

>     your name and address
>     description of the requested records
>     date of the request (and a copy, if possible)
>     date of the letter denying the request (and a copy, if possible).

Mail your appeal to:   Freedom of Information Appeal
Treasury IG for Tax Administration
Attn: IG:CC   Room 700A
1125 – 15th Street, NW
Washington, DC   20005

### Judicial Review

If we deny your appeal, or if we do not send you a reply within 20 days (not counting Saturdays, Sundays, or legal public holidays) after the date we receive the appeal, you may file a complaint with the U.S. District Court in the district where (1) you reside, (2) your principal place of business is located, or (3) the records are located. You may also file in the District Court for the District of Columbia.

The court will treat your complaint according to the Federal Rules of Civil Procedure (F.R.C.P.). Service of process is governed by Rule 4(d)(4) and (5), which requires that a copy of the summons and complaint be (1) personally served on the United State Attorney for the district in which the lawsuit is brought; (2) sent by registered or certified mail to the Attorney General of the United States at Washington, C.C.; and (3) sent by registered or certified mail to the Treasury Inspector General for Tax Administration, Attn: IG:CC, Room 700A, 1125 – 15th Street, NW, Washington, D.C. 20005.

In such a court case, the burden is on the Treasury Inspector General for Tax Administration to justify withholding the requested records, determining that no records exist, or denying a fee waiver or a favorable fee category. The court may assess against the United States reasonable attorney fees and other litigation costs incurred by the person who takes the case to court and who substantially prevails. You will have substantially prevailed if the court determines, among other factors, that you had to file the lawsuit to obtain the records you requested and that the Treasury Inspector General for Tax Administration had no reasonable grounds to withhold the records. See Internal Revenue Service Regulations 26 CFR 601.702 for further details.

### Exemptions

The Freedom of Information Act, 5 U.S.C. § 552, does not apply to matters that are –

(b)(1)  (A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and

   (B) are, in fact, properly classified under such an Executive Order;



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20005

INSPECTOR GENERAL
FOR TAX
ADMINISTRATION

October 28, 2005

Mr. Michael L. Buesgens
500 E. Stassney #1023
Austin, TX 78745

Dear Mr. Buesgens:

This is in response to your Freedom of Information Act (FOIA) request, dated September 27, 2005, seeking access to records maintained by the Treasury Inspector General for Tax Administration (TIGTA). We received your FOIA request on September 29, 2005.

We are sorry, but we must ask for additional time to locate and consider releasing the records responsive to your FOIA request. We process FOIA requests on a first in, first out basis and we will make every effort to respond to your request within 60 days from the date of this letter.

**IF YOU AGREE TO THIS VOLUNTARY EXTENSION**, no reply to this letter is necessary. You will still have the right to file an appeal if we subsequently deny your request. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the person whose name and telephone number are shown below.

**IF YOU DO NOT AGREE TO THIS VOLUNTARY EXTENSION**, and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i). You may not appeal this letter. See revised FOIA regulations at 31 C.F.R. 1.5(j) and 65 FEDERAL REGISTER 40503-40516 (June 30, 2000).

To file suit, you must petition the U.S. District Court in the district in which you live or work, or where the records are located, or in the District of Columbia, to obtain a response to your request. Your petition will be treated according to the Federal Rules of Civil Procedure which apply to actions against any agency of the United States. These procedures require that TIGTA be notified of the pending suit, through service of process, which should be directed to:

2

Treasury Inspector General for Tax Administration
Attention: Office of Chief Counsel
1125 15th Street, NW   Room 700A
Washington, DC   20005

If the court concludes you have unreasonably refused to limit your request or to accept the alternate timeframe for response, it may find that our failure to meet the statutory timeframes in the FOIA is justified. See 5 U.S.C. 552(a)(6)(C)(iii).

Please note that the processing of your request may result in the assessment of fees under FOIA. If search, review, and/or duplication processes result in fees, we will let you know the estimated amount before we begin work on your request. We will ask you at that time for a commitment to pay the estimated amount. Upon receipt of your promise to pay the fees, we will process your request and provide you a statement of charges due.

We hope you will agree to allow us more time to process your request. TIGTA's Disclosure Office will try to make the determination and provide the appropriate responsive information to you as quickly as possible.

Thank you for your cooperation. If you have any questions, please contact Program Analyst Monica Frye at (202) 622-2738 and refer to case number 2005-FOI-00205.

Sincerely,

Amy P. Jones
Disclosure Officer



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20005

**INSPECTOR GENERAL
FOR TAX
ADMINISTRATION**

November 9, 2005

Mr. Michael L. Buesgens
500 E. Stassney #1023
Austin, TX 78745

Dear Mr. Buesgens:

This is in response to your Freedom of Information Act (FOIA) request, dated September 27, 2005, for access to records maintained by the Treasury Inspector General for Tax Administration (TIGTA) concerning Report of Investigation #64-0301-0002-I. Specifically, you requested the total cost of the investigation, including wages and salaries paid to TIGTA investigators, witnesses and informants; wages and salaries of legal staff, labor relations, EEO, secretaries, clerks and others whose services were required in the investigation of Michael L. Buesgens; the cost of materials, supplies, computer time, mail, copying and printing, for the investigation of Michael L. Buesgens. You also requested "a total estimate by TIGTA of the economic cost in the investigation of Michael L. Buesgens" and a cost/benefit analysis of the TIGTA investigation of Michael L. Buesgens. The TIGTA Disclosure Branch received your request on September 29, 2005.

Based on information provided by TIGTA's Office of Investigations, there were a total of 87 investigative hours charged to the subject investigation. Since TIGTA does not track costs associated with the type of information you are requesting, no additional cost information exists pertaining to this investigation. Furthermore, the FOIA does not require Federal agencies to create records to respond to FOIA requests for records not maintained by the Agency.

We have enclosed an information sheet that explains your administrative appeal rights. You may appeal the adequacy of our search for responsive records within thirty-five (35) days from the date of this letter. Your appeal must be in writing, signed by you, and should be addressed as follows:

> Freedom of Information Act Appeal
> Treasury Inspector General for Tax Administration

2

Attn: IG:CC Room 700A
1125 15th Street, NW
Washington, DC 20005

If you have any questions concerning this matter, please contact Program Analyst Monica Frye at (202) 622-2738 and refer to case number 2005-FOI-00205.

Sincerely,

*Amy P. Jones*

Amy P. Jones
Disclosure Officer

Enclosure

# Information on a TIGTA Determination to Withhold Records Exempt From The Freedom of Information Act – 5 U.S.C. § 552

### Appeal Rights

You may file an appeal with the Treasury Inspector General for Tax Administration (TIGTA) within 35 days after we (1) determine to withhold records, (2) determine that no records exist, or (3) deny a fee waiver or a favorable fee category. If some records are released at a later date, you may file within 35 days after the date the last records were released.

The appeal must be in writing, must be signed by you, and must contain the following information:

> your name and address
> description of the requested records
> date of the request (and a copy, if possible)
> date of the letter denying the request (and a copy, if possible).

Mail your appeal to:   Freedom of Information Appeal
Treasury IG for Tax Administration
Attn: IG:CC   Room 700A
1125 – 15th Street, NW
Washington, DC   20005

### Judicial Review

If we deny your appeal, or if we do not send you a reply within 20 days (not counting Saturdays, Sundays, or legal public holidays) after the date we receive the appeal, you may file a complaint with the U.S. District Court in the district where (1) you reside, (2) your principal place of business is located, or (3) the records are located. You may also file in the District Court for the District of Columbia.

The court will treat your complaint according to the Federal Rules of Civil Procedure (F.R.C.P.). Service of process is governed by Rule 4(d)(4) and (5), which requires that a copy of the summons and complaint be (1) personally served on the United State Attorney for the district in which the lawsuit is brought; (2) sent by registered or certified mail to the Attorney General of the United States at Washington, C.C.; and (3) sent by registered or certified mail to the Treasury Inspector General for Tax Administration, Attn: IG:CC, Room 700A, 1125 – 15th Street, NW, Washington, D.C. 20005.

In such a court case, the burden is on the Treasury Inspector General for Tax Administration to justify withholding the requested records, determining that no records exist, or denying a fee waiver or a favorable fee category. The court may assess against the United States reasonable attorney fees and other litigation costs incurred by the person who takes the case to court and who substantially prevails. You will have substantially prevailed if the court determines, among other factors, that you had to file the lawsuit to obtain the records you requested and that the Treasury Inspector General for Tax Administration had no reasonable grounds to withhold the records. See Internal Revenue Service Regulations 26 CFR 601.702 for further details.

### Exemptions

The Freedom of Information Act, 5 U.S.C. § 552, does not apply to matters that are –

(b)(1)   (A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and

(B) are, in fact, properly classified under such an Executive Order;



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20005

INSPECTOR GENERAL
FOR TAX
ADMINISTRATION

November 18, 2005

Mr. Michael L. Buesgens
500 E. Stassney
Apartment 1023
Austin, TX 78745

Dear Mr. Buesgens,

This is in response to your letter dated September 21, 2005, in which you sought to appeal the Treasury Inspector General for Tax Administration's (TIGTA) September 12, 2005 response to your Freedom of Information Act (FOIA) request dated August 14, 2005. The Office of Chief Counsel received your appeal on September 26, 2005.

Your request sought "a record of complaints or actions initiated by Melinda Estrada, Reasonable Accommodation Manager and Angela Gooden Doyle, EEO Counselor that TIGTA has received or is aware of complaints against Department of Treasury, I.R.S. or any other agency's employees" as well as a "record of TIGTA investigations of Department of Treasury and I.R.S. – Internal Revenue Service Employees that were in or had been in the Department of Treasury 'In House' EEO complaint process or reasonable accommodation process." Additionally, you stated that you "want[ed] to know why they were investigated" and "the result of the investigation." You asked "Did TIGTA find them guilty or culpable [? and] Did anyone else find them culpable [?]" Lastly, you stated that you "want[ed] to know the actions taken or recommended by TIGTA for these employees."

TIGTA affirms the prior determination of the Disclosure Section at the request level. TIGTA neither admits nor denies the existence of records concerning anyone other than you. To the extent that any records responsive to your request might exist, FOIA exemption (b)(7)(C) would prohibit disclosure.

FOIA exemption (b)(7)(C) protects from disclosure "information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). We have determined that to reveal whether TIGTA received complaints from specific individuals other than you and any information concerning the nature or results of any such complaint would constitute a disclosure of records or information compiled for law enforcement purposes which, under the circumstances here, would constitute an unwarranted invasion of that third party's personal privacy. Additionally, please note

2

that section 7(b) of the Inspector General Act of 1978,[1] as amended, provides that the Inspector General shall not, after receipt of a complaint or information from an employee, disclose the identity of the employee without the consent of the employee, unless the Inspector General determines such disclosure is unavoidable during the course of the investigation. Therefore, under these circumstances, to reveal whether information pertaining to complaints of specific employees might exist would be prohibited under the Inspector General Act.

You also requested information pertaining to investigations of employees that were in or had been in the Department of Treasury "In House" EEO Complaint process or reasonable accommodation process. To reveal whether TIGTA conducted investigations of any third party and any information concerning the nature or results of any such investigation would constitute a disclosure of records or information compiled for law enforcement purposes which would constitute an unwarranted invasion of that third party's personal privacy. Consequently, to the extent any records might exist, we are asserting FOIA exemption (b)(7)(C) as withholding justification.

This letter constitutes the final decision of TIGTA with respect to your FOIA appeal. You may challenge our determination by filing a complaint in the United States District Court for the district in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia. If you have any questions concerning this matter, you may contact Cheryl R. Wassel at (202) 622-4068.

Sincerely,

Roderick H. Fillinger
Deputy Chief Counsel

cc: Disclosure Branch

---

[1] 5 U.S.C. app. 3.