UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 05-2334 (RCL) |
| | ) |
| MARCIA H. COATES, Director, | ) |
| Office of Equal Opportunity Program | ) |
| U.S. Department of the Treasury, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S VARIOUS MOTIONS

Defendants respectfully respond in opposition to plaintiff's various motions, including his Motion for Sanctions, Motion for Disclosure, Motion for Transfer to Transferee, and Motion for Leave to Set Up Omitted Compulsory Counterclaim by Amendment and to Bring in Additional Parties. Plaintiff filed all of these motions while defendants' dispositive motion to dismiss or for transfer of venue is still pending before this Court. The parties have fully briefed that motion.

Plaintiff's motions listed above, to the extent intelligible, are frivolous, and do not impact the merits of defendants' motion to dismiss or for transfer of venue. For example, Plaintiff's Motion for Sanctions consists of Plaintiff's factual disputes with agency counsel Michael Salyards's representations contained in his declaration, in support of Defendants' Motion to Dismiss or for Transfer of Venue. This is clearly not a basis for sanctions against Defendants' counsel. The standard for applying Rule 11 sanctions is very high in the District of Columbia and certainly is not met in this case. Under Rule 11, a person signing a pleading certifies among other things that:

> . . . to the best of the person's knowledge, information, and belief . . . [the pleading] (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .; (3) the allegations and other factual contentions have evidentiary support [or] are likely to have evidentiary support . . .; and (4) the denials of factual contentions are warranted on the evidence . . .

(Brackets and ellipses added).

In this Circuit, the test is whether a "reasonable inquiry would have revealed that there is no basis in law or fact for the asserted claim." Laverne Johnson Reynolds, et al. v. The U.S. Capitol Police Board, 357 F.Supp.2d 19, 23 (D.D.C. 2004). Thus, it almost goes without saying that, even if the Court subsequently finds that a party failed to sustain its burden of proof with respect to a contention, this hardly demonstrates a Rule 11 violation. Naegele v. Albers, 355 F.Supp.2d 129, 147 (D.D.C. 2005). A court will not find Rule 11 sanctions based upon "procedural niceties." Rather, it must be "patently clear" that a pleading "had no chance of success under the existing precedents and [that] no reasonable argument [could] be advanced to extend, modify or reverse the law as it stands." Independence Fed. Savings Bank v. Bender, 230 F.R.D. 11, 16-17, 2005 U.S. Dist. LEXIS 16923 (D.D.C. July 19, 2005). Therefore, Rule 11 sanctions, which never are to be "take[n] lightly," are "an extreme punishment for pleadings that frustrate judicial proceedings." Dove v. WMATA, 2005 U.S. Dist. LEXIS 17955 (D.D.C. Aug. 18, 2005) at *7.

Not surprisingly, Rule 11 is to be applied sparingly. It is a "blunt instrument of sanction against individual attorneys . . . to be applied with restraint." Dove, 2005 U.S. Dist. LEXIS 17955 at *7 (emphasis added). Rule 11 "guards against abuses to the judicial process," such as

"frivolous and baseless filings that are not well grounded, [are] legally untenable, or brought for the purpose of vexatiously multiplying the proceedings." Id. at *9.

When considering a Rule 11 sanctions motion, the Court may also consider whether the filing was made in "bad faith," as well as whether it was frivolous. See Paul v. FNMA, 697 F.Supp. 547, 550-551 (D.D.C. 1988); LaFrance v. Georgetown Univ. Hosp., 1988 U.S. Dist. LEXIS 17514 at *16 (D.D.C. 1988); Blair v. U.S. Treasury Dept., 596 F.Supp. 273, 282 (N.D. Ind. 1984)(no Rule 11 sanction imposed where "subjective bad faith" absent); but see, e.g., Laverne Johnson Reynolds, supra, 357 F.Supp.2d at 23 (the test under Rule 11 is "an objective one"); Eastway Constr. Corp. v. New York, 762 F.2d 243 (2d Cir. 1985)(subjective good faith no longer precludes imposing sanctions under 1983 amendment to Rule 11). Examples of sanctionable conduct where the Court could find bad faith are "dilatory" or "vexatious" tactics to "perpetuate litigation" or cause "needless" or "unnecessary" delay. Paul, supra, 697 F.Supp. at 550-551.

Even if the absence of bad faith is not dispositive in a Rule 11 analysis, there is absolutely *nothing* in the Government's advocacy here that may be sanctionable. The Government's filings are characterizations of on-the-record pleadings and legal arguments that are well within the existing law. See Blair v. U.S. Treasury Dept., 596 F.Supp. 273, 282 (N.D. Ind. 1984)(Court finds no Rule 11 sanctions where, even though the plaintiffs' arguments did "not prevail," they were not "specious arguments long ago rejected by the courts" or "outrageous arguments."); Cady v. South Suburban College, 310 F.Supp.2d 997, 1001-2 (N.D. Ill. E.D. 2004)(mod. on other grounds 2005 U.S.App. LEXIS 23150 (7th Cir. Ill. Oct. 24, 2005))(Court refuses to apply Rule 11 sanctions simply because it disagrees with "characterizations" in motion to dismiss; this does

"not even approach" sanctionable conduct); <u>Tekula v. Bayport-Blue School District</u>, 295 F.Supp.2d 224, 235 (E.D. NY 2003)(Court's denial of several contentions of defendant's motion to dismiss does not provide basis for Rule 11 sanctions). Rather than the Government's filings, the Plaintiffs' sanction motion and his other motions discussed below, much more resemble sanctionable filings in the District of Columbia.

For example, with respect to Plaintiff's Motion for Disclosure, Defendants have already filed a Motion to Stay Discovery in response to Plaintiff's Request for Stipulation, which he filed on March 7, 2006. The Defendants hereby incorporate the arguments made in their Motion to Stay Discovery in response to Plaintiff's Motion for Disclosure.

Moreover, Plaintiff's Motion for Transfer to Transferee is unintelligible. To the extent Plaintiff is requesting that his pending lawsuit in the Western District of Texas be transferred to the District of Columbia, his request is frivolous. Even if such a request had merit, which it does not, it should be made to the Western District of Texas. Lastly, Plaintiff's Motion for Leave to Set Up Omitted Compulsory Counterclaim by Amendment and to Bring in Additional Parties, is equally unintelligible. To the extent Plaintiff is attempting to file a new FOIA case in this jurisdiction, he cannot do so by attaching to his motion numerous correspondences from government agencies in response to his requests for documents.

In sum, all of Plaintiff's motions are either unintelligible, frivolous, or both and should be denied. Defendants' Motion to Dismiss or For Transfer of Venue, adequately covers all of the issues in this case. Defendants respectfully renew their request to dismiss this case for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, or in the alternative defendants move to transfer this case to the Western District of

Texas, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a).

                                              Respectfully submitted,

                                              _____
                                              KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                              United States Attorney

                                                s/                                                       
                                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                                              Assistant United States Attorney

                                                s/                                                       
                                              KAREN L. MELNIK, D.C. BAR # 436452
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              Civil Division
                                              555 4th Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 307-0338

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on May 1, 2006, I served a copy of the foregoing Defendants' Response in Opposition to Plaintiff's Various Motions, by first class mail, postage pre-paid, to the following:

>Michael L. Buesgens
>500 E. Stassney
>Apt. 1023
>Austin, Texas 78745

_____
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0338