## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL BUESGENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MARCIA H. COATES,** ) | |
| **as Director, Office of Equal Opportunity** ) | |
| **Program, et al.,** ) | **Civil Action No. 05-2334 (RCL)** |
| ) | |
| **and** ) | |
| ) | |
| **COLLEEN M. KELLEY** ) | |
| **as National President,** ) | |
| **National Treasury Employees Union** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

Before the Court is defendant Colleen Kelley's ("Kelley") motion to dismiss [10] and

Federal defendants'[1] motion [25] to dismiss or, in the alternative, to transfer the pending action to

the United States District Court for the Western District of Texas.  As is clear from plaintiff's

complaint, the Federal defendants' motions and replies, and the plaintiff's opposition, this action

does not properly lie in this Court because it does not satisfy Title VII's specific venue provision

set forth in 42 U.S.C. § 2000e-5(f)(3).  Accordingly, Federal defendants' motion [25] to transfer

is granted and the case is transferred to the District Court for the Western District of Texas.

Furthermore, because the Court concludes that it lacks subject-matter jurisdiction over plaintiff's

---

[1] Defendants include Marcia H. Coates, Director, Office of Equal Opportunity Program, Department of Treasury; Cari M. Dominguez, Chair, Equal Employment Opportunity Commission; Kay Coles James, Director, Office of Personnel Management; John W. Snow, Secretary, Department of Treasury; and J. Russell George, Inspector General, Treasury Inspector General Tax Administration.

claims against Kelly, Kelley's motion [10] to dismiss will be granted.

## BACKGROUND

Plaintiff was employed by the Internal Revenue Service ("IRS"), Wage & Investment Division, as a GS-0962-08 Contact Representative in Austin, Texas for nearly 15 years.  (See Salyards Decl. ¶ 2.)  Plaintiff began his employment with the IRS on October 22, 1990, and worked in Austin, Texas his entire career.  See id.  Plaintiff retired from the IRS because of a medical disability on March 7, 2005.  See id.  While employed at the agency, plaintiff was a member of the National Treasury Employees Union ("NTEU").  (Pl.'s Compl. 5.)

Plaintiff filed three administrative complaints concerning his separation from the agency that were consolidated before the Equal Employment Opportunity Commission ("EEOC") into a single hearing.  (Salyards Decl. ¶ 5.)  On January 21, 2004, the EEOC Administrative Judge found that there was no discrimination.  See id.  A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004.  See id.  Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004, and his request for reconsideration was also denied, on February 18, 2005.  See id.

On January 5, 2005, plaintiff filed an Equal Employment Opportunity ("EEO") complaint against the IRS claiming that the agency had improperly dismissed his previous EEO complaints as untimely filed.  (Pl's Compl. 15.)  On April 5, 2005, plaintiff filed a Complaint in the United States District Court for the Western District of Texas alleging reprisal for EEO activity and failure to provide reasonable accommodation for a mental disability.  (See Defs.' Ex. 1.)

On May 31, 2005, plaintiff filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints

and holding administrative hearings before the EEOC judges is not neutral and is biased toward

the agency.  (See Salyards Decl. at ¶ 7.)  On August 11, 2005, plaintiff filed an unfair labor

practice charge against the NTEU and defendant Kelley, National President of the NTEU.  On

December 6, 2005, the Federal Labor Relations Authority ("FLRA") Regional Director dismissed

most of the allegations as untimely filed and dismissed the remaining allegation that the Union

deliberately and unjustifiably treated plaintiff differently than other unit employees by refusing

"to pursue EEO complaints and related legal actions" for lack of evidence.  (Def.'s Mot. Att. 1.)

On December 5, 2005, plaintiff filed a lawsuit in this Court.  Then on December 6, 2005,

plaintiff filed a Motion to Supplement the Record with Additional Complaint to assert a claim

under the Freedom of Information Act against the Department of Treasury, seeking damages for

the agency's handling of an alleged FOIA request.  See id.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of

establishing that the court has jurisdiction.  In turn, the court has an "affirmative obligation to

ensure that it is acting within the scope of its jurisdictional authority,"  See Grand Lodge of

Fraternal Order of Police v. Ashcroft, 185 F. Supp.2d 9, 13 (D.D.C. 2001), which includes the

obligation to determine whether the plaintiffs' claims are moot.  See Mine Reclamation Corp. v.

FERC, 30 F.3d 1519, 1522 (D.C. Cir. 1994).

Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a

case if venue is improper or inconvenient in the plaintiff's chosen forum.  FED. R. CIV. P.

12(b)(3).  In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled

factual allegations regarding venue as true, draws all reasonable inferences from those allegations

in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.  Darby v. U.S.

Dep't of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); 2215 Fifth St. Assocs. v. U-Haul Int'l,

Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001). The court, however, need not accept the plaintiff's

legal conclusions as true.  2215 Fifth St. Assocs., 148 F. Supp. 2d at 54. To prevail on a motion

to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's

assertion of venue.  Id.

The remedial and procedural provisions of Title VII are incorporated in the Rehabilitation

Act.  29 U.S.C. § 794(a).  Venue for claims under the Rehabilitation Act is therefore governed by

42 U.S.C. 2000e-5(f)(3);  Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989).  Under

42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in any one of four judicial

districts.

The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State
> in which the unlawful employment practice is alleged to have been
> committed, [2] in the judicial district in which the employment
> records relevant to such practice are maintained and administered, or
> [3] in the judicial district in which the aggrieved person would have
> worked but for the alleged unlawful employment practice, [4] but if
> the respondent is not found within any such district, such an action
> may be brought within the judicial district in which the respondent
> has his principal office.

42 U.S.C. § 2000e-5(f)(3).

This statutory scheme indicates that Congress intended to limit venue in Title VII cases to

those jurisdictions concerned with the alleged discrimination.  Stebbins v. State Farm Mut. Auto.

Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969).  If the plaintiff brings suit in a jurisdiction that

does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is

improper.  42 U.S.C. § 2000e-5(f)(3).  When a plaintiff files an action in the wrong district, 28

U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case"

to the proper venue.  28 U.S.C. § 1406(a).

## DISCUSSION

### A.    Defendant Kelley's Motion to Dismiss

Plaintiff alleges that defendant Kelley and NTEU "failed to represent [him] fairly under

Title VII retaliation provisions."  (Pl.'s Compl. 36.)  Plaintiff claims that NTEU engaged in

"discriminatory representation" by 1) negotiating collective bargaining agreements that have the

effect of denying him equal opportunities for employment; 2) failing to act affirmatively to

prevent the IRS from discriminating against EEO complainants; 3) failing to process EEO

grievances like other grievances; and 4) failing to effectively represent EEO complainants by

permitting the EEO director to discriminate against them.  (Id. at 36-37.)  Kelley argues that the

Court lacks subject matter jurisdiction to all plaintiff's claims.  The Court agrees with Kelley.

Plaintiff's claims amount to nothing more than an allegation that NTEU breached their

duty of fair representation.  Therefore, plaintiff's complaint may only be brought before the

FLRA.  See Steadman v. Governor, U.S. Soldiers' and Airmen's Home, 918 F. 2d 962, 966

(D.C. Cir. 1990).  Title VII of the Civil Service Reform Act, 5 U.S.C. §§ 7101- 7135 (CSRA),

governs all claims arising from a union's alleged breach of the duty of fair representation.

According to 5 U.S.C. § 7114 (a) (1), NTEU as a union, is the exclusive representative for

plaintiff and has a duty to represent him in a fair manner, without discrimination and without

regard to union membership.  Any breach of this duty of fair representation constitutes an unfair

labor practice.  5 U.S.C. § 7116 (b).  The CSRA also gives exclusive jurisdiction over charges

that a federal sector union breached its duty of fair representation.  <u>Steadman</u>, 918 F. 2d at 966.

Furthermore, federal sector union members, like plaintiff, do not have a private cause of action

against their unions for breaches of the duty of fair representation.  <u>Karhalios v. National</u>

<u>Federation of Federal Employees, Local 1263</u>, 489 U.S. 527, 529-36 (1989).  Accordingly, this

Court lacks subject matter jurisdiction over plaintiff's claims against Kelly and the NTEU.

**B.**    **Defendants' Motion to Transfer**

Plaintiff alleges that the EEO process in Texas is biased and that the EEOC defendants

have abused the process and their power.  (See Compl. 22.)  Specifically, plaintiff states that "the

central issue in this case is the continuing and the endemic systemic leadership condoned

(defendants) that put EEO complainants in harms way, and a substantial loss in due process

rights."  (<u>Id</u>. at 23.)  In turn, defendants argue that plaintiff's lawsuit should be dismissed for lack

of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be

granted, or in the alternative, Federal defendants move to transfer this case to the Western

District of Texas, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§

1404(a) and 1406(a).  The Court agrees that this case should be transferred to the Western

District of Texas.

*1.    Venue in Title VII Actions*

In this case, each of the venue provisions found in Title VII show that the District of

Columbia is not the proper venue for this case.  First, the alleged unlawful employment practice

was not committed in this District.  Plaintiff was employed by the Internal Revenue Services as a

seasonal Contact Representative in Austin, Texas.  (Salyards Decl. ¶ 2.)  Second, none of

plaintiff's employment records are maintained and administered in the District of Columbia.  (<u>Id</u>.

¶ 4.)  Plaintiff's relevant employment records are located in the Western District of Texas.  (See id. ¶ 3.)  In addition, the relevant management witnesses in this case are located in the Western District of Texas.  Id.  Third, as noted above, plaintiff did not work in this District at the time period identified in the Complaint.  (See Salyards Decl. ¶ 2.)  Fourth, plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because defendants' principal office is located in this District.  The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs.  See Stebbins, 413 F.2d at 1103.  There is no suggestion here that personal jurisdiction over these Federal defendants would not lie in the Western District of Texas, or that it would be otherwise inconvenient to proceed there.  Accordingly, the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars plaintiff from proceeding with his lawsuit in this District.

       2.     *Transfer under § 1404(a)*

According to 28 U.S.C. § 1404 (a), the Court is authorized to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice.  Each of these conditions is satisfied in the present case.

Plaintiff may properly have brought this action in the Western District of Texas, where plaintiff worked at all relevant times, pursuant to the third prong of the Title VII venue statute in § 2000e-5(f)(3).  Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Western District of Texas.  Plaintiff resides in Texas.  Many of the

witnesses and agency officials with knowledge relevant to plaintiff's allegations are located in the Western District of Texas, and the relevant employment records are also located in the Western District of Texas.  (Salyards Decl. ¶¶ 2-3.)  Thus, the convenience of the parties and witnesses would be better served in the Western District of Texas and transfer is in the interest of justice.  Accordingly, the United States District Court for the Western District of Texas is the proper venue for plaintiff's claims against the EEOC defendants under Title VII's venue provision and this Court concludes that a transfer at this time will promote the interests of justice.

The Court has also considered the plaintiff's motion [36] for Recusal and Disqualification and Reassignment of Judge and Law Clerk, and concludes that it is without merit.

<u>**CONCLUSION**</u>

For the reasons stated herein, the Court will grant Federal defendants' motion to transfer and grant defendant Kelley's motion to dismiss.  The plaintiff's motion for recusal will also be denied.

A separate Order will issue this date.

Signed by Royce C. Lamberth, United States District Judge, May 9, 2006.

8