IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-50730

MICHAEL L BUESGENS

Plaintiff - Appellant

v.

JOHN W SNOW, SECRETARY, DEPARTMENT OF TREASURY

Defendant - Appellee

Appeal from the United States District Court for the
Western District of Texas, Austin

ON MOTION FOR HEARING EN BANC

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

(X)   No member of the panel nor judge in regular active service on the court having requested that the court be polled on Hearing En Banc, (FED. R. APP. P. and 5ᵀᴴ CIR. R. 35) the Motion for Hearing En Banc is DENIED.

( )   The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service not having voted in favor, (FED. R. APP. P. and 5ᵀᴴ CIR. R. 35) the Motion for Hearing En Banc is DENIED.

ENTERED FOR THE COURT:

_____
United States Circuit Judge

REHG-8

U.S. COURT OF APPEALS
FILED
DEC - 9 2005
CHARLES R. FULBRUGE III
CLERK

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 05-60879

———————————————

U.S. COURT OF APPEALS
FILED
JAN 2 3 2006
CHARLES R. FULBRUGE III
CLERK

MICHAEL L BUESGENS

Petitioner

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; UNITED STATES OF AMERICA

Respondents

———————————————
Petition for Review of an Order of the
Equal Employment Opportunity Commission
———————————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:

    IT IS ORDERED that respondent's motion to dismiss the petition for review for lack of subject matter jurisdiction is _Granted_.

MOT-23

# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 CAMP STREET
NEW ORLEANS, LA 70130

NOTICE: The clerk's office is moving permanently to 600 S. Maestri Place, New Orleans, LA 70130 on **April 24, 2006**. All correspondence expected to arrive at the court on or after April 24, 2006 must be sent to this address.

March 6, 2006

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding:   Fifth Circuit Statement on Petitions for Rehearing or Rehearing En Banc

No. 05-50730  Buesgens v. Snow
USDC No. 1:05-CV-243
------------------------------------------------

Enclosed is a copy of the court's decision. The court has entered judgment under FED. R. APP. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

FED. R. APP. P. 39 through 41, and 5ᵀᴴ CIR. RULES 35, 39, and 41 govern costs, rehearings, and mandates. **5ᵀᴴ CIR. RULES 35 and 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.** Please read carefully the Internal Operating Procedures (IOP's) following FED. R. APP. P. 40 and 5ᵀᴴ CIR. R. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>. 5ᵀᴴ CIR. R. 41 provides that a motion for a stay of mandate under FED. R. APP. P. 41 will not be granted simply upon request. The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court. Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>. If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under FED. R. APP. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

The judgment entered provides that appellant payt o appellee the costs on appeal.

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _____
Rhonda Flowers, Deputy Clerk

Enclosure
Mr Michael L Buesgens
Mr R Barry Robinson

United States Court of Appeals
Fifth Circuit

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**F I L E D**

March 6, 2006

Charles R. Fulbruge III
Clerk

No. 05-50730
Summary Calendar

MICHAEL L. BUESGENS,

Plaintiff - Appellant,

versus

JOHN W. SNOW, SECRETARY, DEPARTMENT OF TREASURY,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
(No. 1:05-CV-243)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael L. Buesgens, a former employee of the Internal Revenue Service, moved to proceed with his Title VII suit in forma pauperis and requested the appointment of counsel. The district court denied the motion and the request. On appeal, Buesgens argues that the district court abused its discretion in denying his request for counsel. This court has

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

jurisdiction over Buesgens's appeal pursuant to 28 U.S.C. § 1291. *Robbins v. Maggio*, 750 F.2d 405, 409 (5th Cir. 1985) (holding that the denial of appointment of counsel under Title VII is immediately appealable). For the reasons which follow, we find that the district court did not abuse its discretion.

When analyzing the merits of a Title VII plaintiff's request for appointment of counsel, the court considers: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck, & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). No one factor is conclusive. *Id.* Also, while appointment of counsel is permitted, it is not "automatic." *Id.* at 579. The decision whether or not to appoint counsel "rests within the sound discretion of the trial court," *id.*, and accordingly, this court reviews the denial of a request for appointment of counsel for abuse of discretion. *See Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984).

Regarding the merits, Buesgens has alleged discrimination due to mental disability—bipolar disorder—as well as retaliation for prior EEOC activity. The district court noted that Buesgens's pleadings contained little information to indicate the likelihood of the suit's success and also found that, because the EEOC concluded that "a preponderance of the evidence does not establish that discrimination occurred," the first factor did not weigh in Buesgens's favor. This court has stated that the determination of the EEOC, while not dispositive, is "highly probative" of the merits of a plaintiff's case. *Gonzalez*, 907 F.2d at 580 (quoting *Caston*, 556 F.2d at 1309). As a result, the district court

2

did not abuse its discretion in relying on the assessment of the EEOC and weighing this first factor against Buesgens.

With respect to the plaintiff's attempts to obtain counsel, the district court took note of Buesgens's efforts to locate a local attorney but also concluded that he could have increased his efforts to find one willing to work on a contingency fee basis. On appeal, Buesgens claims that he has contacted fifteen or twenty attorneys, none of whom were willing to work for a contingency fee. When a plaintiff has made repeated attempts to secure counsel, this factor will often weigh in a plaintiff's favor.[1] *See Caston*, 556 F.2d at 1309 ("[W]e do not suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint him an attorney.").

The district court did not find that the third factor, the plaintiff's ability to afford counsel, weighed in Buesgens's favor, referencing the denial of his in forma pauperis status. Before the initiation of this suit, Buesgens had been earning $3,200 per month at the IRS; after his disability leave, he was receiving $2,000 per month. Additionally, he had $80,000 in an IRA account, $40,000 in his 401(k) account, $16,000 in stocks, and $22,000 in an unpaid margin debt account. On appeal, Buesgens points out that he is without work and his disability income will soon be reduced to $1,300 per month. Due to this change of circumstance, the third factor weighs in Buesgens's favor because it would probably be

---

[1] Some courts have taken an opposite approach and noted that the continued refusal by attorneys to take a plaintiffs case is likely evidence that the case lacks merit. *See Poindexter v. F.B.I.*, 737 F.2d 1173, 1181, 1181 n.12 (D.C. Cir. 1984) (discussing the view that the private bar plays a role in filtering out meritless claims).

3

difficult for him to afford the services of an attorney, even though admittedly he has funds in reserve.

The three factors referenced are "simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Caston*, 556 F.2d at 1310. The district court also considered Buesgens's ability to present his own case. Noting that Buesgens possessed a MBA degree, the judge found his writing skills were clearly adequate, his pleadings demonstrated familiarity with Title VII law, and his pro se representation had not compromised his ability to bring this suit. This court has not specifically enumerated this consideration as one of the factors to be considered in Title VII appointment cases; typically, it is a consideration for § 1983 appointment of counsel cases. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Other circuits, however, do consider the plaintiff's ability to present his case in Title VII suits. *See, e.g., Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992); *Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988).

On balance, we find that the district court did not abuse its discretion in denying Buesgens's request for appointment of counsel. Though he may be unable to afford the services of an attorney, and has been unsuccessful in his efforts to locate one, the merits of his case are weak. The court considers the merits of a plaintiff's case in part because of the unfairness of requiring an attorney to donate his or her time when there is little chance of success. *See Tatum v. Cmty. Bank*, 866 F. Supp. 988, 999 (E.D. Tex. 1994). As stated, the

4

EEOC found that there was not a preponderance of evidence demonstrating discrimination, a decision which this court deems probative. The order of the district court is AFFIRMED.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**CHARLES R. FULBRUGE III**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

---

NOTICE: The clerk's office is moving permanently to 600 S. Maestri Place, New Orleans, LA 70130 in **June, 2006**. All correspondence expected to arrive at the court on or after **April 24, 2006** must be sent to this address.

---

May 2, 2006

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 05-50730   Buesgens v. Snow
        USDC No.  1:05-CV-243

Enclosed is an order entered in this case.

        Sincerely,

        CHARLES R. FULBRUGE III, Clerk

    By: _Mary Stewart_
        Mary Stewart, Deputy Clerk
/mcs        504-310-7694

Mr Michael L Buesgens
Mr R Barry Robinson

MOT-2

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-50730

---

MICHAEL L BUESGENS

Plaintiff - Appellant

v.

JOHN W SNOW, SECRETARY, DEPARTMENT OF TREASURY

Defendant - Appellee

U.S. COURT OF APPEALS
FILED
MAY 0 2 2006
CHARLES R. FULBRUGE III
CLERK

---

Appeal from the United States District Court for the
Western District of Texas, Austin

---

ON PETITION FOR REHEARING EN BANC

(Opinion 3/6/06, 5 Cir., _____, _____ F.3d _____)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:

( ✓ ) Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

(   ) Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

ENTERED FOR THE COURT:

_____
United States Circuit Judge

REHG-6a

NOTE:
FED AND LOCAL
... FOR STAY OF THE
MANDATE.

# *United States Court of Appeals*
FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

NOTICE: The clerk's office is moving permanently to 600 S. Maestri Place, New Orleans, LA 70130 in **June, 2006**. All correspondence expected to arrive at the court on or after **April 24, 2006** must be sent to this address.

May 9, 2006

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 05-50730   Buesgens v. Snow
        USDC No.   1:05-CV-243

The court has denied Appellant's motion to stay the mandate in this case.

                Sincerely,

                CHARLES R. FULBRUGE III, Clerk

        By: _____
                Todd W. Smith, Deputy Clerk
                504-310-7675

Mr Michael L Buesgens
Mr R Barry Robinson

MOT-2

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT
OFFICE OF THE CLERK
JOHN MINOR WISDOM U.S. COURT OF APPEALS BUILDING
600 CAMP STREET
NEW ORLEANS, LOUISIANA 70130-3425

OFFICIAL BUSINESS

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

NOTICE: The clerk's office is moving permanently to 600 S. Maestri Place, New Orleans, LA 70130 in **June, 2006**. All correspondence expected to arrive at the court on or after **April 24, 2006** must be sent to this address.

May 10, 2006

Mr William Putnicki, Clerk
Western District of Texas, Austin
United States District Court
200 W 8th Street
Room 130
Austin, TX 78701

    No. 05-50730 Buesgens v. Snow
        USDC No. 1:05-CV-243

Enclosed, for the district court only, is a certified copy of the judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's opinion.

Record/original papers/exhibits are returned:

( 2 ) Volumes    ( ) Envelopes    ( ) Boxes

The electronic copy of the record has been recycled.

Enclosed for the district court and counsel is the approved bill of costs.

                            Sincerely,

                            CHARLES R. FULBRUGE III, Clerk

                            By: _____
                                Gina Randazzo Martin, Deputy Clerk

cc: w/encl:
    Honorable Sam Sparks
    Mr Michael L Buesgens
    Mr R Barry Robinson

P.S. to Judge Sparks: A copy of the opinion was sent to your office via email the day it was filed.

MDT-1

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
## BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office **within 14 days from the date of the opinion**. See FED. R. APP. P. & 5TH CIR.R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

**MICHAEL L. BUESGENS v. JOHN W. SNOW, SECRETARY, DEPARTMENT OF THE TREASURY; No. 05-50730**

The Clerk is requested to tax the following costs against: __Plaintiff, Michael L. Buesgens__ ✓

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($250.00) | | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | | |
| Appellant's Brief | | | | | | | | | |
| Appellee's Brief | 11 | 16 | $.25 | $44.00 | | 11 | 16 | | $44.00 |
| Appellant's Reply Brief | | | | | | | | | |
| Other: Appellee's Reply to Plaintiff's Motion to Quash | 7 | 4 | $.25 | $7.00 | | | | | |
| | | | Total $ | $51.00 | | | | | |

Costs are hereby taxed in the amount of $ __44.00__ this __10th__ day of __May__, __2006__.

Costs are taxed in the amount of $ __44.00__

**CHARLES R. FULBRUGE III, CLERK**

By ___[signature]___
Deputy Clerk

State of _____
County of _____

I __R. Barry Robinson, AUSA__, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This __14th__ day of __March__, 2006.

___[signature]___
(Signature)

Attorney for __John W. Snow, Secretary, Department of the Treasury__

*SEE REVERSE SIDE FOR RULES
GOVERNING TAXATION OF COSTS
*FIFTH CIRCUIT RULE 39*

[Stamp: RECEIVED MAR 7 2006 U.S. COURT OF APPEALS No. 05-50730 NEW ORLEANS, LA]
[Stamp: U.S. COURT OF APPEALS FILED MAR 17 2006 CHARLES R. FULBRUGE III CLERK]