IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BUESGENS | § | |
| | § | |
| V. | § | A-05-CA-243 SS |
| | § | |
| JOHN W. SNOW, SECRETARY OF THE | § | |
| TREASURY | § | |

## ORDER

Before the Court are Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1) and Request for Appointment of Counsel (Clerk's Doc. No. 2). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. Application to Proceed *In Forma Pauperis*

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is not indigent. Although Plaintiff recently became unemployed, he had been earing $3,200 per month as a customer service representative for the Internal Revenue Service. In addition to his salary, in the past 12 months Plaintiff has also received brokerage dividends in the amount of $360 and disability retirement payments in the amount of $1,135. Moreover, Plaintiff has $80,000 in an IRA account, $40,000 in his 401K account, and $22,000 in an unpaid margin debt account. Accordingly, Plaintiff has the financial ability to pay the filing fee in this case. Accordingly, the Court HEREBY DENIES Plaintiff's Motion for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(1).

## II. Request for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel in this case. Plaintiff claims that his former employer, the Department of the Treasury, discriminated against him due to his race (Caucasian), sex, disability (depression), and reprisal for prior EEO activity in violation of Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act and the Rehabilitation Act. Title VII provides that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant. . . ." 42 U.S.C. § 2000e-5(f)(1). Although this section grants the right to request an attorney, it does not guarantee a litigant will have one appointed. The decision to appoint an attorney is within the broad discretion of the trial judge given the particular facts of the case. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). The following three factors are generally balanced by the courts in determining whether to appoint an attorney: (1) the merits of the claim, (2) the plaintiff's own efforts to secure counsel, and (3) the plaintiff's financial ability to retain private counsel. *Id.* at 580; *Maxwell v. Kight*, 974 F. Supp. 899, 902 n. 2 (E.D. Tex. 1996).

Courts have also considered a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney. *Poindexter v. FBI*, 737 F.2d 1173, 1189 (D.C.Cir. 1984), *cert. denied*, 107 S. Ct. 911 (1987); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Young v. K-Mart Corp.*, 911 F. Supp. 210, 211 (E.D. Va. 1996); *Maxwell*, 974 F. Supp. at 902 n. 2. In considering a motion for appointment of counsel in a Title VII action, the court must also remain mindful of the unfairness of imposing involuntary servitude upon a member of the bar when likelihood of success upon claims appears slight. *Tatum v. Community Bank*, 866 F. Supp. 988, 995 (E.D. Tex. 1994). Moreover, there are no federal funds allocated to the prosecution of civil lawsuits.

For that reason, if the Court were to appoint an attorney, counsel would have to serve entirely without compensation unless the lawsuit is successful and attorney's fees are awarded.

### A. Financial Ability to Retain Private Counsel

As noted above, this Court has denied Plaintiff *in forma pauperis* status. Although it is not clear whether Plaintiff has the financial ability to retain an attorney on an hourly rate or flat fee basis, Plaintiff would clearly be able to retain counsel under a contingency fee arrangement, which is common in civil rights cases.

### B. Efforts to Secure Counsel

To be eligible for appointed counsel, plaintiff must make "a reasonably diligent effort under the circumstances to obtain counsel." *Lee v. United States Postal Service*, 882 F. Supp. 589, 594 (E.D. Tex. 1995) (quoting *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1319 (9th Cir. 1981)). In his Request for Appointment of Counsel, Plaintiff relates that he contacted a legal aid association and a local lawyer referral service, but that the two attorneys he actually spoke with required a "substantial fee." There is no evidence in the record that Plaintiff discussed a contingency fee arrangement with any of the attorneys that he contacted. If a plaintiff has made attempts to seek out a contingent fee arrangement, then there is a stronger case for appointing counsel. *Reado v. Texas General Land Office*, 929 F.Supp. 1046, 1052 (E.D. Tex. 1996). While the Court cannot say that the Plaintiff's search for an attorney has been completely lacking in diligence, he clearly has not exhausted all of his options with private attorneys.

### C. Merits of the Case

Examination of the merits of the case *sua sponte* before the defendant has been required to answer is similar to the frivolousness review called for when a party is proceeding *in forma pauperis*,

*see* 28 U.S.C. § 1915(e)(2), in that it cannot serve as a fact finding process for the resolution of disputed facts. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). In response to a motion for appointment of counsel in a Title VII discrimination case, one court stated:

> Appointment of counsel is warranted only if Plaintiff's position seems likely to be of substance.... A plaintiff who has stated a claim but has stated scant evidence in support of that claim can expect to survive a motion to dismiss and yet fail to obtain appointment of counsel.

*Reado v. Texas General Land Office*, 929 F. Supp. 1046, 1053 (E.D. Tex. 1996) (*citing Smith v. City Univ. of N.Y.*, 1993 WL 106395 at *3 (S.D.N.Y. Apr. 7, 1993)).

As noted, Plaintiff alleges that he was discriminated against because of his race, disability, sex, and reprisal for EEO activity. Given the limited amount of information contained in Plaintiff's pleadings, the Court is unable to determine at this time whether Plaintiff will ultimately be successful on his discrimination claims. However, the Court does note that after reviewing Plaintiff's allegations, the EEOC concluded that "a preponderance of evidence does not establish that discrimination occurred" in the case. Thus, this factor does not weigh in favor of appointing Plaintiff private counsel in this case.

### D. Plaintiff's Ability to Present His Case

As this case is in the beginning stages, there is limited information to allow this Court to gauge Plaintiff's ability to present his case, but what the Magistrate Court has seen is favorable. Plaintiff's pleadings show that he is familiar with some of the nuances of Title VII law as evidenced by his filing of the EEOC complaint and the instant suit. Moreover, Plaintiff possesses an MBA and his writing skills are clearly adequate to pursue his case. It does not appear that Plaintiff's claims in this case are especially complicated or that he is incapable of litigating these issues himself.

## E. CONCLUSION

Based upon the foregoing, the Plaintiff's Request for Appointment of Counsel (Clerk's Doc. No. 2) is **DENIED** at this time.

IT IS FURTHER ORDERED that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Sam Sparks.

SIGNED this 26th day of April, 2005.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUN 03 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

MICHAEL L. BUESGENS,
      **Plaintiff,**

-vs-                                    Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
      **Defendant.**

## ORDER

Before the Court is Plaintiff's "Motion for Appointment of Counsel" [Document #6]. As explained in the Court's May 9, 2005 Order, the motion is denied.

Plaintiff has appealed the Court's denial of his motion for appointment of counsel. He seeks leave to proceed in forma pauperis on appeal. As explained in the Magistrate Court's April 26, 2005 Order, Plaintiff is not indigent and has the financial ability to pay the filing fee in this case. Accordingly, Plaintiff's request to proceed in forma pauperis on appeal is denied.

Plaintiff also requests the appointment of counsel on appeal. For the reasons specified in the Magistrate Court's April 26, 2005 Order and this Court's May 9, 2005 Order, which are incorporated herein, Plaintiff's request for counsel will be denied.

Finally, before the Court is Plaintiff's request to the Court to reverse its May 25, 2005 Order, staying Plaintiff's "Notice of Request of Production of Documents for Early Discovery and Inspection." As explained by the Court in the May 25, 2005 Order, this case is presently on appeal in the United States Court of Appeals for the Fifth Circuit. Plaintiff's "Notice of Request of

19

Production of Document for Early Discovery and Inspection" is stayed pending the return of this case to the District Court. Accordingly, Plaintiff's request to reverse the May 25, 2005 Order is denied.

It is therefore **ORDERED** that the "Motion for Appointment of Counsel," filed by Plaintiff on May 9, 2005, is **DENIED**.

It is therefore **ORDERED** that the "Request to Proceed In Forma Pauperis," filed by Plaintiff on May 16, 2005, is **DENIED**.

It is therefore **ORDERED** that the "Request [for] Appointment of Counsel," filed by Plaintiff on May 16, 2005, is **DENIED**.

It is therefore **ORDERED** that the request to reverse, filed by Plaintiff on June 1, 2005, is **DENIED**.

SIGNED this the 2nd day of June 2005.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 MAY -3 PM 3:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

MICHAEL L. BUESGENS,
      Plaintiff,

-vs-                                         Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
      Defendant.

## ORDER

On March 6, 2006, the United States Court of Appeals for the Fifth Circuit entered its order affirming this Court's order declining to appoint counsel for the plaintiff Michael L. Buesgens in the above-captioned case. Now the mandate has issued and this case has now returned to the undersigned's docket.

    IT IS THEREFORE ORDERED that the parties shall follow the scheduling order entered in this case on this date.

SIGNED this the 3rd day of May 2006.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 MAY -3 PM 3: 07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY NF
DEPUTY

MICHAEL L. BUESGENS,
        Plaintiff,

-vs-                                                      Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
        Defendant.

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by **June 2, 2006**.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **July 3, 2006**, and each opposing party shall respond, in writing, by **July 17, 2006**. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees at the conclusion of trial.

3. The parties shall file all amended or supplemental pleadings and shall join additional parties by **August 2, 2006**.

4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by **July 3, 2006**.

Any opinion or testimony not contained in the summary will not be permitted at trial. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by **July 18, 2006**. Any opinion or testimony not contained in the summary will not be permitted at trial. All designations of rebuttal experts shall be filed within **fifteen (15) days** of receipt of the report of the opposing expert. The Fed. R. Civ. P. 26 standard is not applicable to this paragraph; it does not make any difference whether or not the expert witness is a " retained expert," as any opinion or testimony of any expert not contained in the summary will not be permitted at trial.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **eleven (11) days** of receipt of the written report of the expert's proposed testimony or within **eleven (11) days** of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before **October 2, 2006**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **October 9, 2006** and shall be limited to **ten (10) pages**. Responses shall be filed within **eleven (11) days** of the service of the motion and shall be limited to **ten (10) pages**. Any replies shall be filed within **eleven (11) days** of

the service of the response and shall be limited to **five (5) pages**, but the Court need not wait for the reply before ruling on the motion.

8. This case is set for docket call **December 1, 2006, at 11:00 a.m.** and trial in the month of **December 2006**. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of trial.

SIGNED this the 27th day of May 2006.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 MAY -3 PM 3: 07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY NF
DEPUTY

MICHAEL L. BUESGENS,
         Plaintiff,

-vs-                                                              Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
         Defendant.

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order:

1.    A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by **June 2, 2006**.

2.    The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **July 3, 2006**, and each opposing party shall respond, in writing, by **July 17, 2006**. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees at the conclusion of trial.

3.    The parties shall file all amended or supplemental pleadings and shall join additional parties by **August 2, 2006**.

4.    All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by **July 3, 2006**.

Any opinion or testimony not contained in the summary will not be permitted at trial. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by **July 18, 2006**. Any opinion or testimony not contained in the summary will not be permitted at trial. All designations of rebuttal experts shall be filed within **fifteen (15) days** of receipt of the report of the opposing expert. The Fed. R. Civ. P. 26 standard is not applicable to this paragraph; it does not make any difference whether or not the expert witness is a "retained expert," as any opinion or testimony of any expert not contained in the summary will not be permitted at trial.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **eleven (11) days** of receipt of the written report of the expert's proposed testimony or within **eleven (11) days** of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before **October 2, 2006**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **October 9, 2006** and shall be limited to **ten (10) pages**. Responses shall be filed within **eleven (11) days** of the service of the motion and shall be limited to **ten (10) pages**. Any replies shall be filed within **eleven (11) days** of

the service of the response and shall be limited to **five (5) pages**, but the Court need not wait for the reply before ruling on the motion.

8.  This case is set for docket call **December 1, 2006, at 11:00 a.m.** and trial in the month of **December 2006**. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of trial.

SIGNED this the 27th day of May 2006.

_____
UNITED STATES DISTRICT JUDGE

CLERK, U. S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
UNITED STATES COURTHOUSE
200 W. 8TH STREET, ROOM 130
AUSTIN, TEXAS 78701-9620

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE: $300

7874543275-73 C025

U.S. POSTAGE PB2214746
1460
5409 $00.39⁰ MAY 08 06
6762 MAILED FROM ZIP CODE 78701

---

CLERK, U. S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
UNITED STATES COURTHOUSE
200 W. 8TH STREET, ROOM 130
AUSTIN, TEXAS 78701-9620

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE: $300

7874543275-73 C025

U.S. POSTAGE PB2214746
1890
5489 $00.39⁰ MAY 08 06
6756 MAILED FROM ZIP CODE 78701