**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

OCT 1 4 2005

Mr. Michael L. Buesgens
500 E. Stassney, #1023
Austin, TX 78745

    <u>Re: OSC File No. MA-05-2468</u>

Dear Mr. Buesgens:

    This letter is in response to the complaint you submitted to the U.S. Office of Special Counsel against officials with the Internal Revenue Service, Austin, TX. You allege that agency officials took several actions against you which constitute prohibited personnel practices.

    The U.S. Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and activities prohibited by civil service law, rule, or regulation. 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). The Special Counsel presents allegations of prohibited personnel practices to the Merit Systems Protection Board (the Board), which has the authority to hear and adjudicate such matters.

    Based on our evaluation of the facts and law applicable to your circumstances, as detailed in this status report, we have made a preliminary determination to close the file in this matter. Our factual and legal determinations are as follows:

    First, you complain that agency officials failed to accommodate your disability, failed to properly assist you in filing your application for medical disability retirement and failed to adhere to reasonable accommodation requirements in vacancy announcements. You also allege that agency officials subjected you to retaliation for filing an Equal Employment Opportunity (EEO) complaint. Discrimination based on a handicapping condition is a prohibited personnel practice. 5 U.S.C. § 2302(b)(1). It is also a prohibited personnel practice to subject an employee to retaliation for filing an EEO complaint. 5 U.S.C. § 2302(b)(9). As noted in OSC's regulation at 5 C.F.R. § 1810.1, however, it was not intended that this office duplicate or bypass the procedures established in the agencies and the Equal Employment Opportunity Commission for resolving such allegations. It is the policy of the Special Counsel not to take action on such allegations, as they are more appropriately resolved through the Equal Employment Opportunity process. Therefore, we are unable to take further action on your allegations of discrimination based on a handicapping condition, and reprisal for filing an EEO complaint of discrimination.

U.S. Office of Special Counsel                                                    2
Buesgens, Michael; MA-05-2468

Next, you assert that agency officials obstructed your right to compete for employment in violation of 5 U.S.C. § 2302(b)(4). Under this section, it is prohibited for an official with personnel action authority to deceive or willfully obstruct any person with respect to his/her right to compete for employment or promotion.

In order to establish a violation of 5 U.S.C. § 2302(b)(4), there must be evidence that a person with personnel action authority *purposefully* obstructed a person's right to compete for promotion. However, we found no information that any official took any action to purposefully obstruct your right to compete for any particular position. There is information in your complaint which indicates that you applied for certain positions but was not found best qualified. The mere fact that you were not selected or found best qualified does not constitute an obstruction of your right to compete.

You appear to allege that the agency failed to provide you a position to accommodate your handicapping condition in violation of section 2302(b)(4). However, while you couched your allegation as a violation of section 2302(b)(4), it is really one of discrimination based on a handicapping condition. In light of our deferral policy regarding allegations of discrimination and because we found no information which indicates that the agency obstructed your right to compete for any particular position, OSC has insufficient information that would warrant further investigation into this matter as a possible violation of 5 U.S.C. § 2302(b)(4).

You also allege that the agency violated veterans' preference requirements. OSC is not authorized to seek corrective action for such violations where they occurred on or after October 31, 1998. Pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA) you may seek redress for a violation of a veteran's preference requirement occurring on or after October 31, 1998, by filing a written complaint with the Department of Labor's Veterans' Employment and Training Service (VETS). VETS will investigate your complaint and, if it determines that a violation occurred, will attempt to resolve the complaint by making reasonable efforts to ensure that the agency complies with the statute or regulation relating to veteran's preference.

Please be advised that you must file your complaint with VETS within **60 days** of the alleged violation, and we encourage you to do so promptly. For the address and telephone number of the VETS' Office that services your location, please visit: http://www.dol.gov/vets/aboutvets/contacts/main.htm. Further Information about USERRA and VETS can be found at: http://www.dol.gov/dol/vets. Should you wish to discuss this aspect of your case, please telephone Ronald K. Jaicks, OSC's VEOA coordinator, at (202) 254-3600.

Next, you allege that the agency forced you into medical disability retirement. We have analyzed this as a possible violation of 5 U.S.C. § 2302(b)(12). Under this section, it is a prohibited personnel practice for an official with personnel action authority to take or fail to take a personnel action that would violate any law, rule, or regulation

U.S. Office of Special Counsel                                                           3
Buesgens, Michael; MA-05-2468

implementing or directly concerning federal merit system principles defined at 5 U.S.C.
§ 2301.

　　　The information you provided, however, does not lead this Office to conclude that
your medical disability retirement was coerced.  The information indicates that you
applied for medical disability retirement during August 2004.  While there is information
which indicates that you had been suspended for engaging in misconduct and also
suspended for failure to observe duty hours, there is no information which indicates that
any action had been proposed to remove you from your position at the time you applied
for retirement; that you had been given the option of retiring in lieu of being removed; or
that there were no other means, such as a grievance or complaint to this Office, to resolve
your concerns about your employment situation.  Thus, in the absence of any information
that would support a finding of a coerced personnel action, we have no basis for further
inquiry into your allegation as a possible violation of 5 U.S.C. § 2302(b)(12).

　　　You also allege that the agency violated several merit system principles defined in
5 U.S.C. § 2301.  However, a violation of a merit system principle is not, in and of itself,
a prohibited personnel practice, and the Merit Systems Protection Board will not overturn
a personnel action that is otherwise valid under existing law and regulations simply
because it violates a merit system principle.  You have not identified and we know of no
law, rule, or regulation that was violated in accomplishing any personnel action that is the
subject of your complaint.  Thus, in the absence of any information indicating that a law,
rule, or regulation implementing, or directly concerning, one of the merit system
principles was violated, we have no basis for further inquiry into this allegation as a
possible violation of 5 U.S.C. § 2302(b)(12).

　　　Further, you allege that the agency arbitrarily and capriciously withheld
information you requested under the Freedom of Information Act (FOIA).  In addition to
our jurisdiction over prohibited personnel practices, the Office of Special Counsel also
has jurisdiction to investigate any allegation of an arbitrary or capricious withholding of
information prohibited under the Freedom of Information Act, 5 U.S.C. § 552, except that
OSC is not permitted to investigate a withholding of foreign intelligence, or
counterintelligence information the disclosure of which is specifically prohibited by law
or by Executive Order.  5 U.S.C § 1216 (a)(3).

　　　Generally, OSC requires final agency action on a FOIA request and appeal, or a
court decision finding improper withholding prior to initiating an investigation under this
grant of authority. *See* 5 U.S.C. § 552(a)(4)(F).  Based on the information presented to
this Office, we are unable to conclude that a violation of this statute occurred.  The
information indicates that the agency cited several exemptions why the information you
requested was not releasable under FOIA.  We note that due to the nature of your
requests, the exemptions cited appear to be legitimate reasons for not releasing the
information.  In any event, based on our review of the information you provided,
including your request and the agency's response, as well as the exemptions cited, we

U.S. Office of Special Counsel                                              4
Buesgens, Michael; MA-05-2468

cannot conclude that the agency arbitrarily or capriciously withheld information from
you.

        Finally, you allege that agency officials violated the Privacy Act by releasing your
medical records. A violation of the Privacy Act is not a prohibited personnel practice
under 5 U.S.C. § 2302(b) within our investigative jurisdiction. The U.S. Office of
Special Counsel does, however, have the authority to refer allegations of violations of
law, rule or regulation; gross mismanagement; a gross waste of funds; an abuse of
authority, or a substantial and specific danger to the public health or safety to the agency
department head for an investigation and report. If you intend that we look into this
allegation to determine if it may be sent to the head of the agency for a report pursuant to
5 U.S.C. § 1213, please complete the enclosed form and return it to our Disclosure Unit,
U.S. Office of Special Counsel, 1730 M Street, NW, Suite 218, Washington, D.C. 20036.
More information on whistleblowing disclosures can be obtained from our website at
www.osc.gov or on our Disclosure Hotline at (800) 572-2249.

        As indicated above, we have made a preliminary determination to close our inquiry
into your complaint based on the reasons we cited for each of the allegations you have
made. However, before we actually close the file, we will give you an opportunity to
submit any comments you may wish to make concerning our determination. Your
response must be in *writing* and should address each of the reasons we cited in reaching
our preliminary determination to close your complaint. You have *13 days* from the date
of this letter to submit your written response. If we do not receive any written comments
by the end of the sixteen-day period, we anticipate closing the file and will send you a
letter terminating the investigation and advising you of any additional rights you may
have.

                        Sincerely,

                        James S. Booker
                        Complaints Examiner
                        Complaints Examining Unit

 **PRESIDENT'S COUNCIL on INTEGRITY & EFFICIENCY**

September 29, 2005

Mr. Michael L. Buesgens
500 E. Stassney
Apt. 1023
Austin, Texas 78745

### IC # 484

Dear Mr. Buesgens:

This is to advise you that the Integrity Committee (IC) has completed its review of your complaint against the Inspector General, Department of the Treasury for Tax Administration.

The IC receives its authority pursuant to Executive Order 12993 and is an interagency committee charged with receiving, reviewing and investigating, where appropriate, administrative (non-criminal) allegations against IG's and in limited cases, members of an IG's staff.    After thorough consideration, the IC determined that your complaint did not fall within the IC's jurisdiction because your complaint did not allege any wrongdoing specifically against the Inspector General.   However, the IC will refer your complaint back to the IG for appropriate handling.

The IC will be taking no further action concerning this matter and has placed this file in a closed status.  Thank you for bringing your complaint to the IC's attention.

Sincerely,

Chris Swecker /#
Chris Swecker
Chair, Integrity Committee

Mr. Buesgens:


1 - Honorable Clay Johnson, III
    Chairman, President's & Executive Councils on Integrity and Efficiency
    c/o United States Office of Management and Budget
    Eisenhower Executive Office Building
    17th Street & Pennsylvania Avenue, NW, Room 113
    Washington, D.C.  20503

**U.S. Department of Justice**

Civil Rights Division

DJP:KW:MB:kw
DJ 170-76-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC  20530*
*www.usdoj.gov/crt/emp/emphome.html*

FEB  1  2006

Mr. Michael L. Buesgens
500 E. Stassney
Apartment 1023
Austin, Texas  78745

Dear Mr. Buesgens:

Your letter to the Department of Justice dated, July 6, 2005 has been referred to the Employment Litigation Section of the Civil Rights Division for consideration and response. We apologize for our delay in responding.

In your correspondence, you request the assistance of the Department of Justice in investigating the equal employment opportunity programs of the Department of Treasury and the Internal Revenue Service, in connection with your former employment with the Internal Revenue Service.

Congress has not given the Department of Justice authority to investigate the equal employment opportunity processes of other agencies of the federal government, including the Department of Treasury and the Internal Revenue Service. If you are dissatisfied with the manner in which the Department of Treasury handled your equal opportunity complaint, you should contact the Inspector General of the Department of Treasury.

Aletha L. Brown
Inspector General
Equal Employment Opportunity
1801 L Street, NW
Washington, DC  20507

- 2 -

We can only suggest that you may also wish to consult with a private attorney of your own choosing and at your own expense to determine what other remedies, if any, may be available to you.  If you are unable to afford a private attorney, you may desire to contact a local legal aid agency to find out whether it may be able to assist you.

Sincerely,

David J. Palmer
Chief
Employment Litigation Section

By:

Michelle Brown
Paralegal Specialist
Employment Litigation Section