UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS,            )<br>                                                    )<br>        Plaintiff,                        )<br>                                                    )<br>        v.                                       )<br>                                                    )<br>MARCIA H. COATES, Director,   )<br>Office of Equal Opportunity Program )<br>U.S. Department of the Treasury, et al. )<br>                                                    )<br>        Defendants.                    )<br>_____ ) | Civil Action No: 05-2334 (RCL) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO RECONSIDER,
FOR REARGUMENT, FOR RECUSAL OF JUDGE LAMBERTH,
AND FOR REASSIGNMENT**

      In this Circuit, there is a well-accepted standard for a Court to reconsider its previous decisions.  Plaintiff's motions fail to meet this standard.  In fact, Plaintiff's motions, to the extent intelligible, are frivolous, and do not impact the merits of defendants' motion to dismiss or for transfer of venue. Thus, this Court should deny plaintiff's motions and affirm its May 9, 2006 Memorandum Opinion and Order.

      A motion for reconsideration should be granted ***only*** if the court "finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted).  While a Court has broad discretion in ruling on a motion for reconsideration, "the reconsideration and amendment of a previous order is an extraordinary measure." Zhu v. United States, No. 04-1216 (RMC), 2006 WL 13240, *1 (D.D.C. Jan. 3, 2006) (quoting Zyko v. Dep't of Defense, 180 F. Supp. 2d 89, 91 (D.D.C. 2001)); Mobley v. Continental Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005).  Moreover, "a motion for

reconsideration has a limited purpose. It is not a tool to simply re-litigate issues that the Court has already decided." Zhu, 2006 WL 13240, *1. In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (citation omitted).

Plaintiff's motions not only fail to meet the standard for reconsideration, but also fail to argue a proper basis for reconsideration, reargument, recusal, or reassignment. Rather, plaintiff offers the same arguments he offered in opposition to defendants' motion, in addition to incomprehensible musings that are entirely irrelevant to this Court's May 6, 2006 Memorandum Opinion and Order. His motions offer no basis in fact or law for this Court to reconsider its May 6, 2006 decision.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

       s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

       s/
_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on May 30, 2006, I served a copy of the foregoing Defendants' Opposition to Plaintiff's Motions to Reconsider, for Reargument, for Recusal of Judge Lamberth, and for Reassignment, by first class mail, postage pre-paid, to the following:

>Michael L. Buesgens
>500 E. Stassney
>Apt. 1023
>Austin, Texas 78745

>_____/s/_____
>KAREN L. MELNIK, D.C. Bar #436452
>Assistant United States Attorney
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 307-0338