**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MICHAEL L. BUESGENS )
)
Plaintiff, )
)
v. ) Case No. 1:05CV02334
) Judge: Royce C. Lamberth
MARCIA H. COATES, et al., )
DIRECTOR, )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY )
)
and )
)
COLLEEN M. KELLEY, )
NATIONAL PRESIDENT, )
NATIONAL TREASURY EMPLOYEES UNION )
)
Defendants. )
)

**DEFENDANT KELLEY'S OPPOSITION TO
BUESGENS'S MOTION TO ENLARGE TIME**

Defendant Colleen M. Kelley (Kelley) hereby opposes the Motion To Enlarge Time filed by Michael L. Buesgens (Buesgens) on June 12, 2006. In that Motion, Buesgens requests, among other things, additional time to file an amended complaint in this Court and to file an appeal to the U.S. Court of Appeals for the District of Columbia Circuit of the Court's May 9, 2006 decision.

As shown below, Buesgens's requests for an enlargement of time to file an amended complaint and to file an untimely appeal must be denied. Buesgens is barred from amending his complaint against defendant Kelley because the Court has already entered a

final judgment in connection with the complaint. In addition, Buesgens cannot file an untimely appeal of the Court's decision dismissing the complaint because Buesgens's reasons for failing to file a timely appeal do not constitute excusable neglect. Accordingly, this Court must deny Buesgens's motion for an enlargement of time.

**A.** The D.C. Circuit has routinely held that a plaintiff cannot amend his complaint after final judgment. See Cassell v. Michaux, 240 F.2d 406, 408 (D.C. Cir. 1956) (noting that the right to amend under Rule 15(a) is terminated by a judgment of dismissal); Building Indus. Ass'n v. Norton, 247 F.3d 1241, 1245 (D.C. Cir. 2001) ("Ordinarily post-judgment amendment of a complaint under Rule 15(a) requires reopening of the judgment pursuant to Rule 59(e) or 60(b)."). Because the complaint against defendant Kelley was dismissed in its entirety on May 9, 2006, Buesgens can no longer amend it. Buesgens's motion for an enlargement of time to file an amended complaint against defendant Kelley must therefore be denied.

**B.** Buesgens's request for additional time to appeal the Court's May 9 decision must also be denied. The 30-day time period for filing a notice of appeal has expired (as of June 8), and Buesgens has not provided any reason to justify his failure to file a timely appeal.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal of a district court decision must be filed within 30 days of final judgment.[1] A party may seek an extension of that time only if (1) the party files the extension no later than 30 days after the time for filing expires and (2) the party shows excusable neglect or good cause for failing to file a timely notice of appeal. Fed. R. App. Proc. 4(a)(5)(A). Buesgens filed his motion for an enlargement of time on June 12, 2006, which is within the 30-day deadline for filing a request for an extension of time to file a notice of appeal. The reasons cited in Buesgens's motion do not, however, amount to excusable neglect and thus do not excuse his untimely filing.[2]

Buesgens has not cited any reason qualifying as "excusable neglect" to justify an extension of time to file a notice of appeal. Essentially, Buesgens claims that his mental illness and pending litigation prevented him from focusing on this matter. See Pl. Mtn. ¶¶ 1, 2. Thus, at paragraph 1 on page 2,

---

[1] The only portion of the Court's decision that is ripe for appeal is the dismissal of all claims against defendant Kelley. Buesgens thus had 30 days--and not the 60 days afforded plaintiffs when the United States or a federal agency is a defendant-party--to file his appeal.

[2] The good cause standard is not applicable here. The standard only applies in situations where there is no fault on the part of the movant (e.g., when the U.S. Postal Service fails to deliver a notice of appeal). Buesgens makes no such claim. See generally Webster v. Pacesetter, Inc., 270 F. Supp. 2d 9, 16 (D.D.C. 2003).

Buesgens states that "[he] has been ill and his ability to focus has been compromised." Id. ¶ 1. Further, at paragraph 2 on page 5, Buesgens cites to several housing discrimination suits with which he is involved that "[are] heating up". Id. ¶ 2.

Buesgens's mental illness has not prevented him from filing multiple voluminous documents in this case. Indeed, despite his illness, he has been active in at least ten cases pending in various forums, such as the Equal Employment Opportunity Commission, the Federal Labor Relations Authority, the Merit Systems Protection Board, the Office of Special Counsel, the U.S. District Court for the Western District of Texas, and the U.S. Court of Appeals for the Fifth Circuit.

Similarly, Buesgens's housing litigation, which he asserts began in December 2005 (see Pl. Mtn. ¶ 2), has not prevented him from filing prior documents and pleadings in this case. Most recently, this housing litigation has not interfered with Buesgens's ability to file a twenty-four page document requesting an extension of time. Thus, the fact that his housing litigation is now "heating up" fails to satisfy even the very light standard that applies to pro se litigants seeking an extension of time to file an appeal. See Johnson v. United States, 405 F.2d 1072, 1074 (D.C. Cir. 1968) (finding that lay litigants are to be held to less stringent standards when filing an appeal than those trained in law); cf. Alley v. Dodge Hotel,

501 F.2d 880 (D.C. Cir. 1974) (subsequent history omitted) (holding that, "in all cases where a civil litigant unaided by counsel files a motion for leave to appeal in forma pauperis beyond the initial deadline, but within the period of extension permitted by Rule 4, the District Court may not deny the appeal as untimely without first inquiring of the litigant whether the delay is due to excusable neglect.").

In short, the reasons that Buesgens cites for needing an enlargement of time--his mental illness and housing litigation--have not prevented him from actively litigating this case in the previous five months. Indeed, he has filed many documents that required far more time and effort than a fill-in-the-blanks notice of appeal form. See Form 1 (Rules of Appellate Procedure, Appendix of Forms). Accordingly, because Buesgens has not shown that his failure to file a timely notice of appeal should be excused, his motion for additional time to file an appeal must be denied.

For these reasons, defendant Kelley requests that Buesgens's motion for an enlargement of time be denied.

Respectfully submitted,

/s/ Gregory O'Duden

Gregory O'Duden
General Counsel
Bar No. 254862

/s/ L. Pat Wynns

_______________________

L. Pat Wynns
Associate General Counsel for
Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

_______________________

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C. 20006
(202) 572-5500

Counsel for defendant Kelley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL L. BUESGENS )
)
Plaintiff, )
)
v. ) Case No. 1:05CV02334
) Judge: Royce C. Lamberth
MARCIA H. COATES, et al., )
DIRECTOR, )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY )
)
and )
)
COLLEEN M. KELLEY, )
NATIONAL PRESIDENT, )
NATIONAL TREASURY EMPLOYEES UNION )
)
Defendants. )
)

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served, by commercial mail service (FedEx), a copy of DEFENDANT KELLEY'S OPPOSITION TO BUESGENS'S MOTION TO ENLARGE TIME on the following person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745

6-21-06
Date

MBernard
Myra Bernard
Legal Assistant